

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
www.legal-aid.org

Blaine (Fin) V. Fogg
*President*

Janet E. Sabel
*Attorney-in-Chief*

Justine M. Luongo
*Attorney–in–Charge*
Criminal Defense Practice

Mary Lynne Werlwas
*Project Director*
Prisoners' Rights Project

January 28, 2019

**VIA ECF ONLY:**
Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *M.G. v. Cuomo*, No. 19-CV-0639 (CS)
            Anticipated *ex parte* motion to proceed anonymously and for related relief

Your Honor:

    I am a staff attorney with The Legal Aid Society Prisoners' Rights Project. Along with Disability Rights New York, we represent the Plaintiffs -- six individuals and a putative class and subclass of individuals with serious mental illnesses who are currently held in New York State prisons past their open dates for parole release, approved conditional release dates, or maximum expiration dates. Pursuant to Part 2(A) of Your Honor's Individual Practices, we write to respectfully request an expedited pre-motion conference concerning Plaintiffs' anticipated *ex parte* motion to proceed anonymously in public filings by means of the pseudonyms reflected in the caption of the complaint, and for related relief. Because Defendants have not yet been served with process, and in light of the nature of the relief requested, we alternatively request that the Court waive the pre-motion conference and grant Plaintiffs leave to file the motion.

    Plaintiffs have filed a complaint, on behalf of themselves and a putative class and subclass, against Governor Andrew Cuomo, the New York State Office of Mental Health, OMH Commissioner Ann Marie T. Sullivan, the New York State Department of Corrections and Community Supervision, DOCCS Acting Commissioner Anthony J. Annucci, and DOCCS Associate Commissioner Anne Marie McGrath. Plaintiffs allege that Defendants are violating their rights to be provided services in the most integrated setting, in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. *See Olmstead v. L.C.*, 527 U.S. 581 (1999). Plaintiffs also allege, on behalf of the putative subclass, that Defendants are violating their rights under the Eighth and Fourteenth Amendments by depriving them of their fundamental liberty interests and their rights not to be subject to prolonged incarceration and criminalization of their status as individuals with mental illness who are homeless or at risk of homelessness.

Plaintiffs' request to proceed under pseudonyms is supported by controlling Second Circuit precedent. In *Sealed Plaintiff v. Sealed Defendant*, the Court of Appeals held that a district court, when evaluating whether to allow a plaintiff to maintain an action under a pseudonym, must weigh the plaintiff's interest in anonymity against the public interest in disclosure and any prejudice to the defendant. 537 F.3d 185, 189-90 (2d Cir. 2008). In so doing, the Second Circuit set forth a non-exhaustive list of factors that district courts should consider in weighing a motion to proceed anonymously.[1] Nearly all of the factors strongly counsel in favor of granting Plaintiffs' motion.

First, Plaintiffs seek to proceed anonymously in order to maintain the privacy of their statutorily protected mental health information and shield themselves against harassment, social stigmatization, humiliation, embarrassment, and further discrimination. *See* N.Y. Mental Hygiene Law § 33.13(c); *Off. of Mental Retardation & Developmental Disabilities v. Mastracci*, 77 A.D.2d 473, 475 (4th Dep't 1980) ("Article 33 of the Mental Hygiene Law safeguards the rights of patients in State facilities for the mentally disabled."); *see also Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (permitting plaintiff with bipolar disorder to proceed anonymously because he had experienced embarrassment and anxiety when others learned he had bipolar disorder, and faced resulting stigma in his professional life); *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (holding plaintiff's use of pseudonym was justified because he feared he would be stigmatized if his mental illness were revealed to his friends and associates).[2] An order allowing Plaintiffs to proceed anonymously mitigates the risk of retaliation by Defendants' subordinates, who continue to keep Plaintiffs in their "custody and control," and upon whom Plaintiffs rely for survival. *See Plaintiffs # 1-21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264, 266 (E.D.N.Y. 2015) (finding that plaintiff's fear of retaliation was reasonable, counseling in favor of anonymity); *see also Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1072 (9th Cir. 2000) (noting plaintiffs'

---

[1] Those factors include: [1] whether the litigation involves matters that are highly sensitive and of a personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously; [3] whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; [4] whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; [5] whether the suit is challenging the actions of the government or that of private parties; [6] whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; [7] whether the plaintiff's identity has thus far been kept confidential; [8] whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; [9] whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and [10] whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Sealed Plaintiff*, 537 F.3d at 190 (citations omitted).

[2] For a survey of decisions granting plaintiffs' applications to proceed under pseudonym due to mental health implications, *see generally* Sara Orme, *Justice or Mental Health . . . Should Litigants Have to Choose? Mental Health as a Reason to Proceed Anonymously*, 44 Ind. L. Rev. 605, 614-16 (2011).

vulnerability due to their status as non-resident foreign workers who were at-will employees and resided in company housing).

Second, Defendants will not be prejudiced if Plaintiffs proceed under pseudonyms. In determining whether defendants will be prejudiced, courts assess "the damage to a defendant's reputation caused by the anonymous proceedings, the difficulties in conducting discovery, as well as the fundamental fairness of proceeding in this manner." *E.W. v. New York Blood Ctr.*, 213 F.R.D. 112 (E.D.N.Y. 2003). In cases "where a plaintiff attacks a governmental activity, . . . the plaintiff's interest in proceeding anonymously is considered particularly strong . . . [in part because] the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* at 111. Further, if the proposed order is entered, Plaintiffs will make their identities known to Defendants, subject to a protective order. *See id*. at 112 (holding that where defendant knew plaintiff's identity, there was "no prejudice to its ability to conduct discovery or try the matter"). Permitting Plaintiffs to proceed anonymously will therefore have no adverse effect on Defendants' ability to defend this case.

Third, the public interest is best served by allowing Plaintiffs to proceed anonymously. This litigation necessarily involves the disclosure of highly sensitive psychiatric information,[3] and Plaintiffs may choose to discontinue participation in this lawsuit if their identities are publicly revealed and their psychiatric information exposed. The practices at issue here -- Defendants' failure to provide services in community-based mental health housing and their decision to hold Plaintiffs in punitive prison conditions instead -- are of great importance to the public and pose a tremendous fiscal cost to taxpayers. *See Does I through XXIII*, 214 F.3d at 1072-73 (noting the case had widespread implications of interest to the public and permitting pseudonyms would serve the public interest by enabling the lawsuit to go forward); *see also U.S. ex rel. Taxpayers Against Fraud v. Singer Co.*, 889 F.2d 1327, 1335 (4th Cir. 1989) (in affirming grant of preliminary injunction, noting that the public interest is served by deterring "exploitation of the public fisc"). The public interest is served by ensuring that this case may proceed.

Accordingly, Plaintiffs request an expedited pre-motion conference concerning their anticipated *ex parte* motion to proceed with pseudonyms and for related relief, or in the alternative, waiver of the pre-motion conference. We thank the Court for its consideration.

Respectfully submitted,

/s/

Robert M. Quackenbush

---

[3] To prove the claims under the Americans with Disabilities Act and Rehabilitation Act, Plaintiffs must adduce information regarding their mental health diagnoses, treatment needs, and eligibility for mental health services.

cc: Chambers
*via email*

    Department of Correctional and Community Supervision
*via first class mail*

    Office of Mental Health
*via first class mail*

    N.Y. Attorney General
*via first class mail*