UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

M.G., P.C., C.J., M.J., J.R., and D.R., individually and on behalf of all similarly situated,

                                                  Plaintiffs,

              -against-

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, ANNE MARIE MCGRATH, in her official capacity as Associate Commissioner of the New York State Department of Corrections and Community Supervision,

7:19-cv-0639 (CS)

                                                 Defendants.
------------------------------------------------------------------------ x

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION TO PROCEED ANONYMOUSLY

| | |
|---|---|
| Stefen R. Short | Elena Landriscina |
| Robert M. Quackenbush | Joshua Rosenthal |
| Veronica Vela | Betsy Sterling |
| Mary Lynne Werlwas | DISABILITY RIGHTS NEW YORK |
| THE LEGAL AID SOCIETY | 25 Chapel Street, Suite 1005 |
| PRISONERS' RIGHTS PROJECT | Brooklyn, New York 11201 |
| 199 Water Street, 6th Floor | (518) 432-7861 |
| New York, New York 10038 | |
| (212) 577-3530 | |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |

# TABLE OF CONTENTS

BACKGROUND ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 4

   A. The Legal Standard ........................................................................................................... 4

   B. Plaintiffs Have a Compelling Interest in Proceeding Anonymously (*Sealed Plaintiff* Factors One, Two, and Three) ........................................................................................... 5

   C. Defendants Will Not be Prejudiced if Plaintiffs are Permitted to Proceed Anonymously (*Sealed Plaintiff* Factors Five and Six) ............................................................................. 8

   D. The Public Interest is Best Served by Permitting Plaintiffs to Proceed Anonymously (*Sealed Plaintiff* Factors Seven and Eight) ........................................................................ 9

   E. There are no Alternative Mechanisms for Plaintiffs to Protect their Confidentiality (*Sealed Plaintiff* Factor Ten) ........................................................................................... 10

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) ................................... 5, 6

*Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997)......................................... 6

*Doe v. Syracuse School Dist.*, 508 F. Supp. 333 (N.D.N.Y. 1981) ................................................ 6

*Doe v. Univ. of St. Thomas*, No. 16-CV-1127, 2016 WL 9307609 (D. Minn. May 25, 2016) ...... 9

*Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000).................. 6, 7, 9

*E.W. v. New York Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003) ......................................... 8, 9, 10

*Free Speech v. Reno*, No. 98-CV-2680, 1999 WL 47310 (S.D.N.Y. Feb. 1, 1999)..................... 10

*Lozano v. City of Hazleton*, 496 F. Supp. 2d 477 (M.D. Pa. 2007), *aff'd in part, vacated in part on other grounds*, 620 F.3d 170 (3d Cir. 2010) ........................................................................ 6

*Plaintiffs # 1-21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264 (E.D.N.Y. 2015)................................... 6

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008)........................................... 4, 5

**Statutes**

29 U.S.C. § 794................................................................................................................................ 1

42 U.S.C. § 12132............................................................................................................................ 1

42 U.S.C. § 1320d *et seq.*............................................................................................................... 5

N.Y. Mental Hyg. Law § 33.13 ...................................................................................................... 5

**Other Authorities**

CALLOUS & CRUEL: USE OF FORCE AGAINST INMATES WITH MENTAL DISABILITIES IN U.S. JAILS AND PRISONS, HUMAN RIGHTS WATCH (2015)......................................................................... 7

Sara Orme, *Justice or Mental Health . . . Should Litigants Have to Choose? Mental Health as a Reason to Proceed Anonymously*, 44 Ind. L. Rev. 605, 614-16 (2011)....................................... 6

iii

*The Burden of Mental Illness Behind Bars*, VERA INSTITUTE OF JUSTICE,
 https://www.vera.org/the-human-toll-of-jail/inside-the-massive-jail-that-doubles-as-chicagos-largest-mental-health-facility/the-burden-of-mental-illness-behind-bars ................................... 7

Tom Robbins, *Why is Karl Taylor Dead?* THE MARSHALL PROJECT (Nov. 7, 2018, 6:00 AM),
 https://www.themarshallproject.org/2018/11/27/why-is-karl-taylor-dead ................................. 7

Plaintiffs M.G., P.C., C.J., M.J., J.R., and D.R. (collectively, "Plaintiffs") move the Court to proceed anonymously in this case by means of the pseudonyms reflected in the caption of this motion and seek an order that directs Defendants to keep Plaintiffs' identities from any public disclosure.

## BACKGROUND

Plaintiffs are six individuals who have been held in state prison past their open dates for parole release, approved conditional release dates, or maximum expiration dates because Defendants have not made available the community-based mental health housing and supportive services that Plaintiffs require upon release. Plaintiffs allege that there are a large number of additional individuals in the same situation as the named Plaintiffs.

On January 23, 2019, Plaintiffs filed a Complaint, on behalf of themselves and a putative class and subclass, against Governor Andrew Cuomo, the New York State Office of Mental Health ("OMH"), OMH Commissioner Ann Marie T. Sullivan, the New York State Department of Corrections and Community Supervision ("DOCCS"), DOCCS Acting Commissioner Anthony J. Annucci, and DOCCS Associate Commissioner Anne Marie McGrath (collectively "Defendants") alleging that Defendants have violated their rights to be provided services in the most integrated setting in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). Plaintiffs also allege, on behalf of a putative subclass, that Defendants have violated their rights under the Eighth and Fourteenth Amendments to the United States Constitution by depriving them of their fundamental liberty interests and their rights not to be subject to prolonged incarceration and criminalization of their status as individuals with serious mental illness who are homeless or at risk of homelessness.

Plaintiffs seek to proceed anonymously in this litigation to maintain the privacy of their statutorily protected mental health information and shield themselves against harassment, social stigmatization, humiliation, embarrassment, and further discrimination. Defendants will not be prejudiced by permitting Plaintiffs to proceed anonymously since Plaintiffs will provide Defendants with their real identities and will file confidential documents under seal when necessary, subject to a protective order. Additionally, the Court will not harm the public interest by permitting Plaintiffs to proceed anonymously. On the contrary, the public interest is best served by an adjudication of the systemic harm to which Defendants have exposed people with serious mental illness whose release dates have passed -- an adjudication that would be undermined by revealing to the public the names of the people whom Defendants have exposed to this harm.

Plaintiffs' allegations, fully detailed in the Complaint, are briefly summarized below:

- M.G. is a 56-year-old man with serious mental illness who is held at Auburn Correctional Facility. The New York Parole Board granted him an open date for parole release of May 10, 2017 and approved him for release to Dutchess County. M.G. remains in a correctional facility over twenty months past his open date for parole release because he requires community-based mental health housing and supports that Defendants have not made available.

- P.C. is a 48-year-old man with serious mental illness who is held at Sullivan Correctional Facility. The New York Parole Board granted him an open date for parole release of December 19, 2017 and approved him for release to Nassau County. P.C. remains in a correctional facility over one year past his open date for parole release because he

requires community-based mental health housing and supports that Defendants have not made available.

- C.J. is a 31-year-old man with serious mental illness who is held at Green Haven Correctional Facility. C.J.'s maximum expiration date -- which signals the end of his court-imposed prison sentence -- was September 28, 2017, as calculated by DOCCS. He is approved for release to Orange County. C.J. remains in a correctional facility sixteen months past his maximum expiration date because he requires community-based mental health housing and supports that Defendants have not made available.

- M.J. is a 32-year-old man with serious mental illness who is held at Green Haven Correctional Facility. M.J.'s maximum expiration date -- which signals the end of his court-imposed prison sentence -- was June 18, 2018, as calculated by DOCCS. He is approved for release to Orange County. M.J. remains in a correctional facility over seven months past his maximum expiration date because he requires community-based mental health housing and supports that Defendants have not made available.

- J.R. is a 35-year-old man with serious mental illness who is held at Fishkill Correctional Facility. J.R.'s maximum expiration date -- which signals the end of his court-imposed prison sentence -- was June 7, 2018 as calculated by DOCCS. He is approved for release to Dutchess County. J.R. remains in a correctional facility over seven months past his maximum expiration date because he requires community-based mental health housing and supports that Defendants have not made available.

- D.R. is a 36-year-old man with serious mental illness who is held at Fishkill Correctional Facility. D.R.'s maximum expiration date -- which signals the end of his court-imposed prison sentence -- was December 29, 2017, as calculated by DOCCS. He is approved for

release to Nassau County. D.R. remains in a correctional facility over one year past his maximum expiration date because he requires community-based mental health housing and supports that Defendants have not made available.

## ARGUMENT

### A. The Legal Standard

The Court should grant Plaintiffs' motion to proceed anonymously in all public filings. Plaintiffs make their application based on the decision of the United States Court of Appeals for the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). In *Sealed Plaintiff*, the Second Circuit held that a district court, when evaluating whether to allow a plaintiff to maintain an action under a pseudonym, must weigh the plaintiff's interest in anonymity against the public interest in disclosure and any prejudice to the defendant. *Id.* at 189. The Second Circuit set forth a non-exhaustive list of factors that district courts should consider in making such a determination: [1] whether the litigation involves matters that are highly sensitive and of a personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously; [3] whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; [4] whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; [5] whether the suit is challenging the actions of the government or that of private parties; [6] whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; [7] whether the plaintiff's identity has thus far been kept confidential; [8] whether the public's interest in the

litigation is furthered by requiring the plaintiff to disclose his identity; [9] whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and [10] whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Id.* at 190 (citations omitted). Here, each of the factors relevant to this case -- the first, second, third, fifth, sixth, seventh, eighth, and tenth -- weigh heavily in favor of granting Plaintiffs' motion to proceed anonymously.

**B.     Plaintiffs Have a Compelling Interest in Proceeding Anonymously (*Sealed Plaintiff* Factors One, Two, and Three)**

Plaintiffs satisfy *Sealed Plaintiff* factors one, two, and three, demonstrating their compelling interest in proceeding anonymously. This litigation involves matters that are highly sensitive and personal to Plaintiffs. As detailed in the Complaint, Plaintiffs are people with serious mental illness who are homeless or at risk of homelessness. The Complaint includes detailed information about Plaintiffs' psychiatric diagnoses, functional limitations, treatment history, treatment needs, and indigence. Due to the nature of their claims, Plaintiffs are required to plead this information to support their *prima facie* case. Both the United States Congress and the New York State Legislature have recognized the sensitivity and personal nature of this mental health information and have passed statutes to prevent inadvertent and unauthorized disclosure. *See* The Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.*; N.Y. Mental Hyg. Law § 33.13.

The disclosure of protected mental health information in connection with Plaintiffs' real names may expose Plaintiffs to the possibility of stigma related to mental illness. Federal district courts have held that Plaintiffs are justified in proceeding anonymously in mental health cases, where disclosure of a mental health condition may result in stigma. *See Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) (permitting Plaintiff with bipolar disorder to proceed

5

anonymously, reasoning that Plaintiff had experienced embarrassment and anxiety when others learned he had bipolar disorder, and faced resulting stigma in his professional life); *Doe v. Syracuse School Dist.*, 508 F. Supp. 333, 334 n.1 (N.D.N.Y. 1981) (noting order granting anonymity to protect privacy of plaintiff who alleged discrimination in employment due to his mental illness); *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (holding Plaintiff's use of pseudonym was justified because he had revealed his mental illness only to family, doctors, and his lawyer, and feared he would be stigmatized if his mental illness were revealed to his friends and associates).[1] Courts have also recognized the judiciary's interest in ensuring people with mental illness may have their rights adjudicated without fear of stigmatization. *See Hartford Life and Acc. Ins. Co.*, 237 F.R.D. at 550; *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 468.

Public identification may also expose Plaintiffs to a significant risk of retaliatory physical and mental harm. *Plaintiffs # 1-21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264, 273 (E.D.N.Y. 2015) (citing *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477 (M.D. Pa. 2007), *aff'd in part, vacated in part on other grounds*, 620 F.3d 170 (3d Cir. 2010)). *See also Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000) (holding Plaintiffs satisfied their burden to show that their fears of retaliation were reasonable where Plaintiffs were warned against making complaints about working conditions and threatened with blacklisting, deportation, arrest, and imprisonment). Plaintiffs remain in state custody and have a reasonable fear of retaliation by DOCCS or OMH staff for complaining about mistreatment. Plaintiffs' situation is confirmed by

---

[1] For a survey of decisions granting Plaintiffs' applications to proceed under pseudonym due to mental health implications, *see generally* Sara Orme, *Justice or Mental Health . . . Should Litigants Have to Choose? Mental Health as a Reason to Proceed Anonymously*, 44 Ind. L. Rev. 605, 614-16 (2011).

6

public reports about the physically and emotionally dangerous conditions prevalent in state prisons, and the prison environment's disproportionately negative impact upon people with mental illness. *See generally* CALLOUS & CRUEL: USE OF FORCE AGAINST INMATES WITH MENTAL DISABILITIES IN U.S. JAILS AND PRISONS, HUMAN RIGHTS WATCH (2015); *The Burden of Mental Illness Behind Bars*, VERA INSTITUTE OF JUSTICE, https://www.vera.org/the-human-toll-of-jail/inside-the-massive-jail-that-doubles-as-chicagos-largest-mental-health-facility/the-burden-of-mental-illness-behind-bars (last visited Jan 28, 2019); Tom Robbins, *Why is Karl Taylor Dead?* THE MARSHALL PROJECT (Nov. 7, 2018, 6:00 AM), https://www.themarshallproject.org/2018/11/27/why-is-karl-taylor-dead.

Plaintiffs are uniquely at risk of exposure to physical and mental harm as they remain in the "custody and control" of the very entities they have named as Defendants in this litigation. Defendants and their staff control Plaintiffs' schedules, living conditions, ability to form and maintain relationships, and even their access to medical and mental health treatment. This unique danger is even more pronounced for subclass members, who may have their post-release supervision status revoked during an internal disciplinary hearing over which Defendants' staff preside and during which Plaintiffs have no assistance of counsel. Courts have recognized that Plaintiffs are uniquely vulnerable in this situation, where they are entirely within the control of Defendants and have no opportunity to remove themselves from their present situation. *See Does I through XXII,* 214 F.3d at 1072 (noting named plaintiffs' vulnerability due to their status as non-resident foreign workers who were at-will employees and resided in company housing).

Once Plaintiffs are released to the community, disclosure of their diagnoses of mental illness may also pose a retaliatory physical or mental harm because the public may target and harass those individuals on the basis of their disabilities.

7

Identification would also risk other, non-physical and non-emotional harm to Plaintiffs. Defendant's decision to hold Plaintiffs in prison past their release dates has already damaged Plaintiffs' educational and career prospects and their chance at seamless reintegration into society. Publishing Plaintiffs' identities will only exacerbate those harms by exposing Plaintiffs to potential disability-based discrimination by employers, educational institutions, public accommodations, and other entities that might learn of Plaintiffs' role in this action if their names are revealed. Upon release, Plaintiffs intend to apply for jobs and educational opportunities. Plaintiffs' public association with this lawsuit may undermine those efforts. Additionally, public awareness of Plaintiffs' diagnoses of mental illness may elicit negative attention and mistreatment and may further impede their ability to integrate into their communities.

## C.   Defendants Will Not be Prejudiced if Plaintiffs are Permitted to Proceed Anonymously (*Sealed Plaintiff* Factors Five and Six)

In determining whether Defendants will be prejudiced, courts assess "the damage to a defendant's reputation caused by the anonymous proceedings, the difficulties in conducting discovery, as well as the fundamental fairness of proceeding in this manner." *E.W. v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003). Here, such concerns are unavailing. *See id.* at 111 ("[W]here a plaintiff attacks governmental activity, for example a governmental policy . . . the plaintiff's interest in proceeding anonymously is considered particularly strong . . . [in part because] the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant."). Plaintiffs bring this case to challenge a governmental policy that must be publicly exposed, questioned, and eliminated. Absent sufficient protection of their identities, Plaintiffs will be chilled from publicly

8

exposing and challenging this governmental policy and would be forced to consider abandoning this litigation.

Further, Defendants will not be prejudiced if the Court allows Plaintiffs to proceed anonymously. Plaintiffs will make their identities known to Defendants, subject to a protective order under which Defendants are directed to keep such identifying information confidential. *See E.W.*, 213 F.R.D. at 112 (holding that because defendant knew plaintiff's true identity, there was no "prejudice to its ability to conduct discovery or try the matter if plaintiff were to proceed under a pseudonym").

Therefore, permitting Plaintiffs to proceed anonymously will have no adverse effect on Defendants' ability to litigate this case.

### D.   The Public Interest is Best Served by Permitting Plaintiffs to Proceed Anonymously (*Sealed Plaintiff* Factors Seven and Eight)

The public has a strong interest in the subject matter of Plaintiffs' Complaint, and the public interest weighs in favor of permitting Plaintiffs to proceed anonymously so that this civil action may proceed. Plaintiffs challenge a governmental policy, so the public's interest is limited to the subject matter of the litigation, not the identities of the litigants themselves. *See Doe v. Univ. of St. Thomas*, No. 16-CV-1127, 2016 WL 9307609, at *3 (D. Minn. May 25, 2016) (holding that the public interest was limited to the university's response to sexual violence, which the litigants challenged, not the identity of the litigants themselves). Plaintiffs' allegations also involve the expenditure of public monies to incarcerate Plaintiffs past their release dates when re-integrating them into the community. Plaintiffs' allegations are a matter of public interest and the prosecution of their claims could potentially save New York taxpayer funds. Courts have recognized that where Plaintiffs challenge government action, their claims are a matter of public interest. *See Does I through XXIII*, 214 F.3d at 1072-73 (noting the case had

9

widespread implications of interest to the public and permitting Plaintiffs' anonymity would serve the public interest by enabling the lawsuit to go forward). Federal District Courts in New York have held that the interest in anonymity is particularly strong where plaintiffs represent a minority interest and seek to challenge a governmental policy or statute. This is undoubtedly the case here, where incarcerated people with mental illness seek to challenge a governmental policy that has further marginalized them, despite -- in the case of the subclass -- their nominal status as free men. *E.W.*, 213 F.R.D. at 111. In fact, the public has an even stronger interest in the claims advanced by the subclass, as those claims challenge the very constitutionality of governmental policy. *Free Speech v. Reno*, No. 98-CV-2680, 1999 WL 47310, at *3 (S.D.N.Y. Feb. 1, 1999).

### E. There are no Alternative Mechanisms for Plaintiffs to Protect their Confidentiality (*Sealed Plaintiff* Factor Ten)

Finally, there are no alternative mechanisms to protect Plaintiffs' confidentiality, as this litigation necessarily involves the disclosure of highly sensitive psychiatric information. As stated above, to properly plead the Americans with Disabilities Act and Rehabilitation Act claims in this matter, Plaintiffs must introduce information regarding their mental health diagnoses and treatment needs and eligibility for mental health services. Plaintiffs can mitigate the danger of this disclosure only by proceeding anonymously.

## CONCLUSION

For the foregoing reasons, the factors outlined in *Sealed Plaintiff* weigh heavily in favor of allowing Plaintiffs to proceed anonymously at this time. Plaintiffs therefore respectfully request that the Court permit them to proceed anonymously by means of the pseudonyms reflected in the caption of this motion.

Dated: January 28, 2019
   New York, New York

| | |
|---|---|
| THE LEGAL AID SOCIETY<br>PRISONERS' RIGHTS PROJECT<br><br>By: _____<br>Stefen R. Short<br>Robert M. Quackenbush<br>Veronica Vela<br>Mary Lynne Werlwas<br>199 Water Street, 6th Floor<br>New York, New York 10038<br>(212) 577-3530<br>sshort@legal-aid.org<br>rquackenbush@legal-aid.org<br>vvela@legal-aid.org<br>mlwerlwas@legal-aid.org<br><br>*Attorneys for Plaintiffs* | DISABILITY RIGHTS NEW YORK<br><br><br>Elena Landriscina<br>Joshua Rosenthal<br>Betsy Sterling<br>25 Chapel Street, Suite 1005<br>Brooklyn, New York 11201<br>(518) 432-7861<br>elena.landriscina@drny.org<br>joshua.rosenthal@drny.org<br>betsy.sterling@drny.org<br><br><br>*Attorneys for Plaintiffs* |