STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

April 19, 2019

**By ECF and Email (Courtesy Copy)**
The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    *M.G., et al. v. Cuomo, et al.*, 19 CV 00639 (CS) (LMS)

Dear Judge Seibel:

      This Office represents the Defendants[1] in this action, who respectfully request a pre-motion conference in anticipation of filing a partial motion to dismiss. For the reasons outlined below, (1) all claims against Governor Cuomo and Deputy Commissioner McGrath should be dismissed; (2) Plaintiffs' first, third, and fourth causes of action should be dismissed in their entirety; and (3) Plaintiffs' second cause of action should be dismissed against the official capacity Defendants. Defendants do not intend to move against Plaintiffs' second cause of action as brought against the state agency Defendants.

**I.**      **Parties and Claims**

      Plaintiffs, on behalf of themselves and a putative class and subclass of individuals with serious mental illness, allege that they are being confined in state correctional facilities or residential treatment facilities beyond their open parole, conditional release, or maximum expiration dates because Defendants have not provided sufficient community-based mental health housing. Compl. ¶¶ 1-2. Specifically, Plaintiffs M.G. and P.C., the General Class representatives, are DOCCS inmates with open parole dates, while the four General Class and Subclass representatives, Plaintiffs C.J., M.J., J.R., and D.R., have reached their maximum expiration dates. *Id.* ¶¶ 2-3. Plaintiffs seek declaratory and injunctive relief against all Defendants under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; and, solely on behalf of the Subclass, against the Commissioners and Deputy Commissioner under the Eighth and Fourteenth Amendments.[2]

---

[1] Defendants are Andrew M. Cuomo, in his official capacity as Governor of the State of New York; the New York State Office of Mental Health ("OMH"); Ann Marie T. Sullivan, in her official capacity as OMH Commissioner; the New York State Department of Corrections and Community Supervision ("DOCCS"); Anthony J. Annucci, in his official capacity as Acting Commissioner of DOCCS; and Anne Marie McGrath, in her official capacity as Deputy Commissioner of DOCCS.

[2] Plaintiffs define the General Class as "all persons (1) housed or who will be housed in a state prison,

Hon. Cathy Seibel
April 19, 2019
Page 2

## II. Argument

### A. Governor Cuomo Is Not a Proper Party.

Governor Cuomo should be dismissed because he is not a proper defendant. Plaintiffs allege that Governor Cuomo is "responsible for supervising and controlling DOCCS and OMH, seeking and expending funds to implement the programs and deliver the services of those agencies, and taking care that the laws of the State of New York are faithfully executed." Compl. ¶ 146. These general duties are an insufficient basis for the claims brought against him. *Wang v. Pataki*, 164 F. Supp. 2d 406, 410 (S.D.N.Y. 2001). Further, Plaintiffs do not allege that Governor Cuomo has any direct involvement with the alleged violations of federal law. Therefore, he is not a proper party. *Warden v. Pataki*, 35 F. Supp. 2d 354, 359 (S.D.N.Y. 1999), *aff'd sub nom., Chan v. Pataki*, 201 F.3d 430 (2d Cir. 1999).

### B. The Claims Against Deputy Commissioner McGrath Are Duplicative.

All claims against Deputy Commissioner McGrath should be dismissed because they are duplicative of the claims against Acting Commissioner Annucci, and her presence is unnecessary for the relief Plaintiffs seek. The Commissioner, not the Deputy Commissioner, would have the authority to order the injunctive relief sought in this case. *See, e.g., Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018) (Acting Commissioner Annucci was automatically substituted as defendant after Commissioner retired and therefore there was no effect on prisoner's ability to obtain injunctive relief).

### C. The Claims Brought by Plaintiffs C.J., M.J., J.R., and D.R Are Moot.

Plaintiffs C.J., M.J., J.R., and D.R.—the four General Class and Subclass representatives—are now living in community-based transitional residences. Therefore, their claims should be dismissed as moot. *See Shannon v. Venettozzi*, 749 F. App'x 10, 13 (2d Cir. 2018) (plaintiff's release "mitigates concern that, absent injunctive relief, he will be subject to such unconstitutional conduct in the future.") (citing *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials at that facility)). Accordingly, the ADA (Count 1) and Section 504 (Count 2) claims should be dismissed as asserted by these Plaintiffs, and the Section 1983 claims (Counts 3 and 4) should be dismissed in their entirety.

### D. Sovereign Immunity Bars the ADA Title II Claim Brought by the Representatives of the General Class.

DOCCS and OMH are immune from the ADA Title II claim asserted by Plaintiffs M.G. and P.C., the General Class representatives. Title II validly abrogates the States' sovereign immunity only with respect to claims alleging (1) a Title II violation; **and** (2) conduct that actually violated the Fourteenth Amendment. *See Bolmer v. Oliveira*, 594 F.3d 134, 148 (2d Cir. 2010) (emphasis added) (citing *United States v. Georgia*, 546 U.S. 158-159 (2006)). Plaintiffs M.G. and P.C.—both DOCCS inmates with open parole dates—allege only that they have not been paroled because appropriate community-based housing is unavailable. Compl. ¶¶ 24, 43.

---

(2) with serious mental illness, (3) whose open dates for parole release, approved conditional release dates, or maximum expiration dates have passed, (4) who are not subject to residency restrictions under the Sexual Assault Reform Act, and (5) who are appropriate for integrated, community-based housing programs." Compl. ¶ 332. The Subclass consists of "members of the General Class whom Defendants incarcerate past their maximum expiration date in 'residential treatment facilities' pursuant to Penal Law § 70.45 or Correction Law § 73." *Id.* ¶ 333.

There is no general federal constitutional right to community placement. *See Soc'y for Good Will to Retarded Children, Inc. v. Cuomo*, 737 F.2d 1239, 1247–49 (2d Cir. 1984). Additionally, Plaintiffs have "no liberty interest in parole, and the protections of the Due Process Clause are inapplicable." *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001). Certainly, parole grantees may not have parole rescinded without due process, *see Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016), but Plaintiffs M.G. and P.C. do not base their claim on a revocation of parole. Instead, they claim only that their parole release has been delayed, pending the availability of appropriate mental health housing. It remains an open question whether a delay in parole implicates a liberty interest. *See Doe v. Simon*, 221 F.3d 137, 139 (2d Cir. 2000) (where plaintiff objected to a three-month delay in his release from his conditional release date due to locating a suitable residence, court refused to "reach the thorny question of whether a liberty interest exist[s]" in conditional release). *See also Hayes v. Annucci*, No. 14 CV 8845, 2016 WL 1746109, at *3 (S.D.N.Y. Apr. 29, 2016) ("[T]he Second Circuit has declined to opine on whether New York recognizes a liberty interest in conditional release."). This "open question" is relevant here because Plaintiffs do not (and cannot) allege conduct against the State that *actually violates* the Fourteenth Amendment. Accordingly, since Plaintiffs M.G. and P.C. are unable to state a claim for both a Title II violation and a violation of the Fourteenth Amendment, DOCCS and OMH retain sovereign immunity from suit.

### E. The Official Capacity Rehabilitation Act Claims Are Redundant.

Since Rehabilitation Act suits for prospective injunctive relief may proceed directly against a state agency, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the claims against the individual defendants in their official capacity should be dismissed. *See, e.g., Frantti v. New York*, No. 16 CV 810, 2017 WL 922062, at *4 (W.D.N.Y. May 8, 2017) (dismissing official capacity Rehabilitation Act claim as redundant against claim asserted directly against the State); *Freeman v. Kirisits*, No. 16 CV 6668, 2017 WL 475679, at *6 (W.D.N.Y. Feb. 6, 2017) ("Since plaintiff is able to assert his Rehabilitation Act claim against the state agency itself, there is no justification for allowing plaintiff to also assert the same claims against the Governor in his official capacity.")(citing *Hallett v. N.Y. State Dep't of Corr. Servs.*, 109 F. Supp. 2d 190, 200 (S.D.N.Y. 2000)).

Thank you for your consideration of this request.

Respectfully submitted,

LETITIA JAMES
*Attorney General*
*State of New York*

By: /s/ Jane R. Goldberg
    JANE R. GOLDBERG
    Assistant Attorney General
    (212) 416-6133
    Jane.Goldberg@ag.ny.gov

cc: Counsel of Record (By ECF)