UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
M.G., P.C., C.J., M.J., J.R., and D.R., individually and on
behalf of all similarly situated,

                                                                            Plaintiffs,

                -against-

ANDREW CUOMO, in his official capacity as the Governor
of the State of New York, the NEW YORK STATE OFFICE    7:19-cv-0639 (CS)
OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in
her official capacity as the Commissioner of the New York
State Office of Mental Health, the NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, ANTHONY J.
ANNUCCI, in his official capacity as the Acting
Commissioner of the New York State Department of
Corrections and Community Supervision, ANNE MARIE
MCGRATH, in her official capacity as Associate
Commissioner of the New York State Department of
Corrections and Community Supervision,

                                                                  Defendants.
------------------------------------------------------------------------ x

## [PROPOSED] STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties intend to seek documents, information, and materials through discovery in this case that will contain sensitive and confidential information, including mental health information; and

WHEREAS, the parties seek to ensure the confidentiality of this information and have agreed to the terms below; and,

WHEREAS, good cause exists pursuant to Federal Rule of Civil Procedure 26(c) for this Order,

IT IS HEREBY ORDERED:

1

1. This Protective Order shall govern the handling of all documents, information, and materials that are produced or disclosed in the course of this litigation, whether by the parties or by non-parties, that are designated confidential as defined in paragraph 2 below. This includes, without limitation, produced documents, answers to requests for admission, answers to interrogatories, and deposition transcripts.

2. "Confidential Information" shall include the following categories of information:[1]

    a. The mental health, psychiatric, medical, substance abuse, educational, and disability records of (i) the Named Plaintiffs, (ii) individuals currently incarcerated by or under the community supervision of the New York State Department of Corrections and Community Supervision ("DOCCS"), regardless of whether the individual is a member of the putative class or subclass, (iii) individuals formerly incarcerated by or under the community supervision of DOCCS, and (iv) such individuals' family members; and,

    b. Correctional, parole, and disciplinary records of the persons referenced in subparagraph 2(a) above, to the extent they reveal the identity of the person or reference mental health, psychiatric, medical, substance abuse, educational, or disability records/information; and,

    c. DOCCS and the New York State Office of Mental Health ("OMH") documents and the information contained therein, for which DOCCS or OMH have an

---

[1] Any documents that contain Confidential Information, including but not limited to personnel records, may be publicly disclosed in the course of this litigation if the personal identifying information (including, but not limited to, mental health, psychiatric, medical, substance abuse, educational, or disability records/information) is redacted in whole, provided that documents defined in subparagraphs 2(a) and 2(c) may not be so disclosed.

2

articulable belief that public disclosure may jeopardize institutional safety, security, or orderly operations at DOCCS or OMH facilities; and,

d. DOCCS and OMH records that contain personal or identifying information regarding the Named Plaintiffs or other individuals listed in subparagraph 2(a) and/or which contain information that is confidential under state or federal law; and,

e. Any other documents, information, or materials from which the identity of an individual listed in subparagraph 2(a) may be determined; and,

f. Personnel records of OMH and DOCCS staff.

3. Determinations as to the designation of documents, information, or materials as Confidential Information shall be made in good faith by the party producing the information. The producing party shall stamp "CONFIDENTIAL" on each page and on each thing to which the designation applies in accordance with the terms of this Protective Order. With respect to information produced in electronic form, substantially the same designation shall be affixed to the medium on which the information is provided. If a party inadvertently fails to mark a document "CONFIDENTIAL," the party may correct the designation within sixty (60) days of production by reproducing to the other parties the materials in question. To the extent there is a dispute as to the proper designation, the provisions in subparagraph 6(a) shall apply.

4. Any party may designate deposition exhibits, deposition transcripts, or any portions thereof "CONFIDENTIAL" to the extent these materials contain or reveal Confidential Information. The party may do so by (a) indicating on the record during the deposition that the testimony or exhibits in question contain Confidential Information or (b) by

3

notifying the reporter and all counsel of record, in writing within 30 days after receipt of the deposition transcripts, of the specific transcript lines or exhibit portions that contain Confidential Information. The designated exhibits and portions of the transcript shall be bound separately and marked "CONFIDENTIAL" on each page so designated.

5. Depositions involving Confidential Information shall be conducted only in the presence of the parties, their counsel (including in-house counsel), their counsel's agents or employees, outside consultants or experts retained in this litigation, the person from whom discovery is sought, her or his legal counsel, a stenographic reporter, and videographer.

6. A party may object to the designation of materials as "CONFIDENTIAL" or the failure by the producing party to designate materials as "CONFIDENTIAL."

    a. The parties will endeavor in good faith to raise any objections within sixty (60) days of the objecting party's receipt of the materials at issue. The objecting party shall state the objection in writing to counsel for the opposing parties, after which the parties shall attempt in good faith to resolve the dispute. If the parties are unable to resolve the dispute, within thirty (30) days of the initial objection, the objecting party shall submit the matter for Court resolution.

    b. If a party later discovers materials of a confidential nature that have not been so designated, that party may object to the producing party's failure to designate those materials "CONFIDENTIAL" more than sixty (60) days after receipt of the materials at issue. Within seven (7) days of the discovery, the objecting party shall state the objection in writing to counsel for the opposing parties, after which the parties shall attempt in good faith to resolve any such dispute. If the parties are

unable to resolve the dispute, within seven (7) days of the initial objection, the objecting party shall submit the matter for Court resolution.

    c. The information subject to dispute shall be treated as Confidential Information and subject to this Protective Order until the dispute is resolved by agreement of the parties or by the Court.

7. Documents, information, records, transcripts, and other materials that contain Confidential Information may be disclosed only to the following individuals:

    a. The Court and its personnel;

    b. The parties' counsel and their staff, including but not limited to paralegals, clerical staff, law clerks, and other assistants;

    c. The Named Plaintiffs in this litigation, provided that they would otherwise have access under the law or DOCCS or OMH regulations to the Confidential Information to be disclosed and subject to the provisions in paragraph 14;

    d. Defendants Cuomo, Annucci, Sullivan, and McGrath;

    e. In-house counsel employed by DOCCS and OMH;

    f. Staff of DOCCS and OMH, provided that such staff would otherwise have lawful access to the Confidential Information to be disclosed and would have access to and review such information in the normal course of their employment, or are designated by Defendants Cuomo, Annucci, Sullivan, or McGrath to review such information;

    g. Experts or consultants retained by the parties in this litigation;

    h. Persons noticed with depositions or designated as trial witnesses to the extent reasonably necessary to prepare them to testify or to conduct the deposition or

       trial and, with respect to DOCCS and OMH staff so noticed or designated, subject to the limitations in subparagraph 7(f) above;

    i. Outside photocopying, graphic production services, litigation support, or information technology services acting under the direction of the parties' counsel; and,

    j. Court reporters, stenographers, and videographers.

8. Before any Confidential Information is disclosed to any person listed in subparagraphs 7(c), (f), (g), and (h), counsel for the party seeking to make the disclosure shall provide that person with a copy of this Protective Order and the person shall agree to abide by its terms by executing the non-disclosure agreement attached as Exhibit A. Counsel for the party disclosing the Confidential Information shall retain the signed non-disclosure agreement.

9. Any person granted access to Confidential Information shall not further disclose such information other than to the individuals listed in paragraph 7 and only as authorized in this Protective Order.

10. Confidential Information and any materials containing Confidential Information shall be disclosed and used only for purposes of the prosecution, defense, or settlement of this action.

11. A party who seeks to disclose Confidential Information during trial or during a hearing before the Court may do so only after giving notice to the other parties and providing them with an opportunity to contest disclosure of the Confidential Information.

    a. Nothing in this order shall affect a party's right to dispute the admissibility of any document in accordance with applicable legal standards, rules, and Court requirements.

12. The designation of materials as Confidential Information shall not mean that any party has agreed that such materials also meet the standard for filing information under seal in a court submission. Any request seeking to file materials under judicial seal shall be governed by the appropriate legal standards, applicable Local Rules, and requirements of the Court.

13. Any party who seeks to file any papers with the Court that are marked "CONFIDENTIAL" or that otherwise contain or reveal Confidential Information shall first make an application to the Court for permission to file under seal any portion of those papers that disclose Confidential Information. The filing party shall first meet and confer with the opposing parties, by telephone or otherwise, not less than three (3) business days prior to the filing thereof and, when seeking leave to file under seal, shall indicate to the Court whether any party objects to the request. If all parties agree in any instance that Confidential Information can be protected from disclosure by redaction, the use of initials, or other means, then the papers need not be filed under seal.

14. If any party's counsel, or their employees, agents, or experts, wish to disclose clinical records received in discovery that are covered by New York Mental Hygiene Law ("MHL") § 33.16 to a Named Plaintiff or a qualified individual listed in MHL § 33.16(b)(4), the following procedures shall apply:

    a. If Plaintiffs' counsel, or their employees, agents, or experts, wish to so disclose these records, they shall first transmit to Defendants a list containing sufficient

information to enable the identification of the patient and records in question, as well as the individual to whom disclosure is intended. Upon receipt of such a list, Defendants shall contact the entity that created such records and shall reply within fourteen (14) days with written documentation from the patient's treating practitioner indicating if any portion of such records (and, if so, which) the patient's practitioner believes should not be disclosed to the individual in accordance with the standards set forth in MHL § 33.16. If Defendants do not reply within 14 days, Plaintiffs may proceed with the disclosure.

b. If Defendants' counsel, or their employees, agents, or experts, wish to so disclose these records, they shall provide Plaintiffs' counsel with written notice of this intent at least fourteen (14) days before any such disclosure. This notice shall include sufficient information to enable the identification of the patient and records in question, as well as the individual to whom disclosure is intended, and shall include documentation from the patient's treating practitioner indicating that the records may be disclosed to the individual in accordance with the standards set forth in MHL § 33.16.

c. Any party may contest the treating practitioner's determination by providing the opposing parties notice of their objection, after which the parties shall attempt in good faith to resolve the dispute. If the parties are unable to do so, the objecting party may seek a determination by the Court. Until such a determination is rendered, the party seeking to make the disclosure will not show to the Named Plaintiff or other individual any clinical records so designated, or any

memorandum, affidavit, exhibit, or other information submitted to the Court or among the parties in connection with the dispute.

    d. Nothing in this paragraph shall be read to expand the individuals to whom Confidential Information may be disclosed beyond those individuals listed in paragraph 7 above.

    e. The notice provision of this paragraph shall apply only to disclosure of Confidential Information to the persons listed in subparagraph 7(c) and, where applicable, subparagraph 7(h).

15. Statistical information, compilations, and analyses based in whole or in part on Confidential Information may be released to the public or press without violating this Protective Order, provided that such disclosures shall not reveal Confidential Information absent further order by the Court.

16. In the event of an inadvertent disclosure of Confidential Information not authorized by this Protective Order, the party who made such inadvertent disclosure shall upon learning of the disclosure:

    a. Promptly notify the person or entity to whom the disclosure was made that it contains Confidential Information that is subject to this Protective Order;

    b. Promptly make all reasonable efforts to retrieve such Confidential Information from, and to seek the destruction of any copies of such Confidential Information by, the person or entity to whom the inadvertent disclosure was made, and to preclude dissemination and use of the Confidential Information by such person or entity; and,

    c. Promptly notify the other parties of the identity of the person or entity to whom the inadvertent disclosure was made, the circumstances of the disclosure, and the steps taken pursuant to subparagraph 16(b).

17. This Protective Order shall survive the termination of the litigation and shall continue to be binding upon all persons to whom Confidential Information is produced or disclosed. All Confidential Information, as defined in this Protective Order and regardless of the format, shall remain confidential for all time.

**For Plaintiffs:**

Date: 5/13/2019

*[signature]*

Joshua Rosenthal
(joshua.rosenthal@drny.org)
Elena Landriscina
(elena.landriscina@drny.org)
Betsy Sterling
(betsy.sterling@drny.org)
DISABILITY RIGHTS NEW YORK
25 Chapel Street, Suite 1005
Brooklyn, NY 11201
(518) 432-7861

Stefen R. Short
(sshort@legal-aid.org)
Robert Quackenbush
(rquackenbush@legal-aid.org)
Veronica Vela
(vvela@legal-aid.org)
Mary Lynne Werlwas
(mlwerlwas@legal-aid.org)
THE LEGAL AID SOCIETY
Prisoners' Rights Project
199 Water Street, 6th Floor
New York, NY 10038
(212) 577-3530

Walter G. Ricciardi
(wricciardi@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3350

**For Defendants:**

LETITIA JAMES

*Attorney General*
*State of New York*

Date: 5/14/2019

*[signature]*

Jane R. Goldberg
Assistant Attorney General
(Jane.Goldberg@ag.ny.gov)
Jeb Harben
(Jeb.Harben@ag.ny.gov)
NEW YORK STATE OFFICE OF THE
ATTORNEY GENERAL
28 Liberty Street, 15th Floor
New York, NY 10005
(212) 416-6133

11

SO ORDERED

Dated: _____, 2019
   New York, New York

Hon. Cathy Seibel, U.S.D.J.

## Exhibit A

The undersigned hereby acknowledges that she or he has received and read the Protective Order issued in *M.G., et al. v. Cuomo, et al.*, No. 7:19-0639(CS) and understands the terms thereof. The undersigned agrees to be bound by the terms of the Protective Order and not to disclose or use Confidential Information, as defined in that order, except as authorized therein.

_____     _____
Name                             Date


_____
Signature