

# DISABILITY RIGHTS NEW YORK

 www.drny.org     mail@drny.org     518-432-7861

May 29, 2019

**<u>VIA ECF and Email</u>**
Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   Re: *M.G. v. Cuomo*, No. 19-CV-0639 (CS), Access to Named Plaintiffs P.C. and M.G.

Dear Judge Seibel:

  I respectfully write in response to Defendants' letter regarding Plaintiffs' request for confidential legal calls with Plaintiffs M.G. and P.C. (ECF No. 44). M.G. and P.C. have been granted parole but remain institutionalized in state prisons in violation of federal law. As Plaintiffs allege, Defendants themselves recognize that they should be released. Notwithstanding the needless delay, expense, and prejudice it will cause, Defendants now rely on a DOCCS directive to refuse requests for confidential legal calls with these Plaintiffs.

  In the morning of May 24, 2019, Plaintiffs' counsel submitted requests with Sullivan Correctional Facility and Auburn Correctional Facility to schedule confidential legal calls with P.C. and M.G. In these requests, Plaintiffs' counsel noted that there were legal matters that could not be addressed adequately through privileged correspondence, that legal visits would be unduly burdensome under the circumstances, and that confidential telephone calls were necessary. The request further noted that these facilities are approximately 100 miles (Sullivan) and 250 miles (Auburn) away from counsel's office in New York City. Plaintiffs requested that these calls be scheduled on Wednesday (May 29), Thursday (May 30), or Friday (May 31).

  Defendants have denied these requests. Yesterday morning, Plaintiffs' counsel received an email from Sullivan denying the request for a legal call with P.C. that reasoned as follows:

> We are unable to approve your request for a phone call. Your last legal call was held on May 1, 2019. Per NYS DOCCS Directive #4423 "Inmate Telephone Calls," legal phone call requests are only accommodated every thirty (30) days. Please resubmit your request with dates that fall after June 1, 2019.[1]

This morning, Plaintiffs' counsel similarly received an email from Auburn denying our request for a legal call with M.G.:

---

[1] June 1, 2019 is a Saturday. Pursuant to DOCCS Directive 4423, legal calls must be scheduled on week days.

> I have received your request for phone call with the above mentioned inmate here at this facility. I am sorry but your call cannot be approved at this time, as your last call with this inmate was two weeks ago on May 15, 2019 at 10:00 am. Per directive I can only give you one call in any 30 day period. You will not be eligible for another call until June 15, 2019. However since this day falls on a Saturday, I could give you a call as early as Friday, the 14th.

DOCCS's Deputy Counsel Cathy Sheehan was copied on both emails.

The undersigned raised the matter with Defendants' counsel yesterday in an attempt to resolve the matter without the Court's intervention. Unfortunately, the parties were unable to do so. Defendants' counsel informed us that DOCCS would not approve the legal call requests, citing the 30-day limitation. Defendants' counsel instead suggest two options: (a) that Plaintiffs' counsel visit Plaintiffs in person, trips involving hours of driving each way to prisons for what will be half-hour client interviews or (b) that Plaintiffs' counsel schedule non-legal calls, namely calls that prison staff can monitor and record.

Other than mere recitation of the DOCCS directive, Defendants have not offered any compelling reason to deny these calls. Instead, they have expended the time of counsel, DOCCS staff, and now the Court to defend these denials. Their position is not tenable.

<u>First</u>, Defendants' proposed alternatives would add needless delay and expense to this litigation. Defendants propose delaying Plaintiffs' deadline to amend their complaint. Yet Plaintiffs had purposefully proposed the three-week deadline to amend, desiring to conduct this case as efficiently and expeditiously as possible. Plaintiffs are prepared to meet the June 3, 2019 deadline provided they can speak briefly with these clients. Defendants offer no reason to create additional delays in this litigation. Further, the alternative means of communication that Defendants propose would either (a) strip Plaintiffs of their right to speak with counsel confidentially about this federal class action or (b) result a needless expenditure of attorney time and resources.

<u>Second</u>, Plaintiffs' counsel have critical matters to discuss with their clients. Since counsel's last legal call with P.C., for example, the parties conducted a pre-motion conference before the Court on May 13, 2019. As Defendants note in their letter, Defendants' counsel represented at this conference that there had been a change in the status of Named Plaintiffs P.C. and M.G. and that both men had been placed on "residential treatment facility" status. After the conference, the parties conferred and Defendants' counsel informed us that this representation was made in error. We appreciate opposing counsel's follow up. Nonetheless, Plaintiffs' counsel need to address this matter directly with their clients.[2]

<u>Finally</u>, Defendants misrepresent DOCCS Directive 4423. It is true that, in relevant part, the directive states that "[t]he attorney [requesting a legal call] must not have had a legal call

---

[2] In their letter, Defendants' counsel represent that M.G. was "granted conditional release." On information and belief, this is not true.

Page **3** of **3**

with the inmate in the last 30 days." This protocol is not a hard-and-fast rule, however, applying only "[i]n the absence of specific court order or written direction from the Department's Office of Counsel to the contrary." Defendant DOCCS not only has the ability to approve these calls, it can approve them without violating the plain language of its own directive. For reasons that remain unclear, DOCCS Counsel's Office has chosen not to do so.

At this stage, Plaintiffs' counsel need two, 30-minute confidential phone calls with their clients. It is our understanding that M.G. and P.C. are not subject to heightened security escort procedures that would impose significant administrative burdens. These calls pose little burden to Defendants or DOCCS staff. For the reasons above, Plaintiffs respectfully request that the Court order Defendants to produce M.G. and P.C. for confidential legal calls this week.

                                                                         Respectfully submitted,

                                                                         /s/

                                                                         Joshua Rosenthal

CC: Counsel of Record (Via ECF)