

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

*The Court appreciates the reasons for the general rule, but in order to avoid undue delay in these proceedings and the unnecessary expenditure of counsel's time and resources, an exception just this once is warranted. Essentially for the reasons stated by Plaintiff's counsel, DOCCS is directed to allow Plaintiff's counsel one 30-minute legal call with M.G. and one with P.C. on May 30 or May 31.*

**By ECF and Email (Courtesy Copy)**
The Honorable Cathy Seibel
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

SO ORDERED.

*Cathy Seibel* 5/29/19
CATHY SEIBEL, U.S.D.J.

Re: *M.G., et al. v. Cuomo, et al.*, 19 CV 00639 (CS) (LMS)

Dear Judge Seibel:

    This Office represents the Defendants in this action. I write with the Court's permission in opposition to Plaintiffs' request for an order directing the New York State Department of Corrections and Community Supervision ("DOCCS") to produce Plaintiffs M.G. and P.C. for legal phone calls this week.[1] Plaintiffs' counsel have had access to their clients: under DOCCS's policy, counsel may visit, write to, or have non-confidential phone calls with clients. Opposing counsel may schedule a legal visit with their clients with twenty-four hours' notice to the facility, and/or communicate by mail.

    Plaintiffs' counsel spoke with P.C. on May 1 and with M.G. on May 14. Yesterday Plaintiffs' counsel asked DOCCS to arrange legal calls with M.G. and P.C. in connection with the June 3 deadline to amend the complaint. Plaintiffs' counsel rejected Defendants' offer to consent to a request to extend the filing deadline, which could resolve this issue by enabling counsel to have legal calls with their clients in accordance with DOCCS's policy.

    DOCCS limits legal phone calls to once every thirty days because confidential, legal calls pose a significant administrative burden. Courts have long recognized the complex problems of prison life that require prison administrators to establish rules and regulations to address them. *See*

---

[1] M.G. is presently incarcerated at Auburn's Intermediate Care Program, and P.C. is at Sullivan's Special Needs Unit. At the pre-motion conference on May 13, I mistakenly stated that M.G. and P.C. had RTF status, meaning that their prison terms had expired. In fact, both were sentenced to life sentences following convictions for murder in the second degree. Therefore, their terms will not expire. M.G. was granted conditional release and P.C. was found eligible for parole.

*e.g. Pino v. Dalsheim*, 558 F. Supp. 673, 675 (S.D.N.Y. 1983) (citing *Procunier v. Martinez*, 416 U.S. 396, 405 (1974)). In this case, DOCCS's Directive #4423, paragraph IX, sets forth DOCCS's policy regarding attorney legal calls and noted that "[g]enerally, attorneys are expected to communicate with their inmate clients through privileged correspondence . . . or during legal visits." Inmates also are able to receive calls from their attorneys on phones that are generally available, but these calls are not made in a secure area. When these means of communication are impractical or inadequate, an attorney can request a confidential legal call. Legal calls are permitted once every thirty days and must not exceed thirty minutes because they impose significant administrative burdens on the facilities in terms of attendant administrative tasks and staffing of correction officers to escort inmates to and from the area where the phones are located. In addition, more frequent calls interfere with the ability of other inmates to have legal calls and could threaten security by giving the impression that Plaintiffs are receiving preferential treatment. Indeed, there are only four phones for legal calls at Auburn, two of which are in general population; and only two phones for legal calls at Sullivan.

Plaintiffs' counsel has spoken with each client within the last thirty days and has shown no reason why Plaintiffs should receive the preferential treatment they request. There is no emergency and Plaintiffs' counsel has other well-established means of access to their clients. It is well settled that DOCCS may "restrict inmates' access to counsel by telephone as long as inmates have some other avenue of access." *U.S. v. Khan*, 540 F. Supp. 2d 344, 353 n.7 (E.D.N.Y. 2000) (citing *Beyah v. Putman*, 885 F. Supp. 371, 374 (N.D.N.Y. 1995)). *See also Lowery v. Westchester Cnty. Dep't of Correction*, No. 15-CV- 4577 (KMK), 2017 WL 564674, at *3 (S.D.N.Y. Feb 10, 2017) (collecting cases); *Albritton v. Morris, et al.*, No. 13 Civ. 3708 (KMK), ECF No. 216 (S.D.N.Y. Mar. 19, 2019) ("The Court will not tell prison officials how to run a prison in the absence of evidence that Plaintiff's rights are being violated."); *Henry v. Davis*, No. 10-CV-7575 (PAC)(JLC), 2011 WL 3295986, at *2 (S.D.N.Y. Aug. 1, 2011) ("Phone restrictions do not impinge on a prisoner's constitutional rights where an inmate has alternative means of communicating with the outside world, and particularly with counsel"), *adopted by* 2011 WL 5006831 (S.D.N.Y. Oct. 20, 2011); *Davidson v. Dean*, No. 97 Civ. 0202, 2000 WL 257148, at **2-3 (S.D.N.Y. Mar. 7, 2000); *Bellamy v. McMickens*, 692 F. Supp. 205, 214 (S.D.N.Y. 1988). Moreover, "[t]he fact that such restrictions may be inconvenient to an inmate is not determinative; convenience is not a right of constitutional magnitude." *Khan*, 540 F. Supp. 2d at 353, n.7.

For all the foregoing reasons, Defendants request that the Court deny Plaintiffs' counsel's request to produce Plaintiffs M.G. and P.C. for legal phone calls this week.

Respectfully submitted,

LETITIA JAMES
Attorney General of the
State of New York

By: /s/ Jane R. Goldberg
JANE R. GOLDBERG
Assistant Attorney General
(212) 416-6133
Jane.Goldberg@ag.ny.gov

Cc: Counsel of Record (By ECF)