**DISABILITY RIGHTS NEW YORK**

 www.drny.org    mail@drny.org

August 2, 2019

**VIA ECF and Email**
Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *M.G. v. Cuomo*, No. 19-CV-0639 (CS), Request for Informal Conference on Discovery

Dear Judge Seibel:

    Plaintiffs' counsel, attorneys at Disability Rights New York, the Legal Aid Society's Prisoners' Rights Project, and Paul, Weiss, Rifkind, Wharton & Garrison LLP, respectfully write to request an informal pre-motion discovery conference. The parties met and conferred, but have been unable to resolve the dispute. Plaintiffs seek the Court's intervention.

    **A.  Background**

    On behalf of themselves and a putative class and subclass, Plaintiffs filed this lawsuit to challenge Defendants' practice of institutionalizing indigent people in state prisons because they need disability-related services in the community. On April 19, 2019, after Defendants released four Named Plaintiffs to transitional housing, Defendants filed a pre-motion letter concerning their intention to move for partial dismissal of Plaintiffs' claims. In their letter and at the pre-motion conference on May 13, 2019, Defendants argued that some of Plaintiffs' claims were moot due to their release from prison. At the conference, the Court set a motion to dismiss briefing schedule and ordered that the parties proceed with discovery. Plaintiffs served Interrogatories on Defendants Annucci and Sullivan on June 20, 2019, and their First Request for Production on June 21, 2019. Plaintiffs' discovery requests include specific requests related to mootness. As of today, Defendants have not produced any documents either as part of their Initial Disclosures or in response to Plaintiffs' discovery requests.[1] Defendants served their motion to dismiss on July 26, 2019, in which they continue to argue that some Plaintiffs' claims are moot.

    **B.  The Parties' Conferences on Discovery**

---

[1] By contrast, Plaintiffs produced over 1,000 documents as part of their Initial Disclosures.

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614


Voice: **518-432-7861**
Fax: **518-427-6561**
Toll Free: **1-800-993-8982**

Defendants contacted Plaintiffs on July 11, 2019 to request a six-week extension of their July 22, 2019 discovery response deadline and initially offered to produce "several thousand pages of documents" in July and August 2019. Defendants' counsel explained they were unable to meet the deadline because of scheduled vacations, staff turnover within Defendant DOCCS's counsel's office, and the volume of Plaintiffs' requests. Plaintiffs' counsel proposed that the parties meet and confer. The parties conferred by phone on July 18, 2019, after which Plaintiffs proposed a two-part extension of Defendants' deadline: that Defendants produce discovery in response to a narrow set of 19 priority discovery requests, including requests relevant to mootness, by August 5, 2019 and the remaining requests by August 26, 2019. Plaintiffs also narrowed the scope of several requests to the time period in which Defendants released the Plaintiffs from prison after Plaintiffs filed this case. Plaintiffs also provided custodian names to assist Defendants' production of certain communications requested. On July 22, 2019, Defendants stated that they would not meet either of the proposed August deadlines. Defendants provided only written responses and objections to Plaintiffs' discovery requests without producing any documents.

On July 23, 2019, Plaintiffs requested a second meet and confer, which was held on July 29, 2019. Plaintiffs shared a revised two-part extension proposal. Plaintiffs again narrowed the proposed set of priority requests (to 10) and asked that Defendants produce documents and data in response to those requests by August 5, 2019 and that they fully respond to the remaining requests by September 5, 2019. Plaintiffs explained the need for this information, namely that the prioritized requests were relevant to Defendants' mootness arguments. Defendants again raised vacation and staffing concerns. On July 30, 2019, Defendants responded that they "hope[d]" to provide partial responses to only four of the 10 requests by August 5, 2019. Plaintiffs informed Defendants on July 31, 2019 that a complete response to all 10 requests was necessary to avoid seeking the Court's intervention. On August 1, 2019, Defendants responded that they could not describe precisely what records would be produced on August 5, 2019. Defendants offered to consent to an extension of Plaintiffs' deadline to oppose their motion, but did not provide a date certain for production of priority discovery.

### C. **Plaintiffs Are Entitled to the Priority Discovery**

Plaintiffs request the Court's assistance in resolving the parties' dispute as to the targeted discovery in the priority discovery requests.[2] Defendants continue to argue that various Named Plaintiffs' claims are moot. As argued in Plaintiffs' response to Defendants' pre-motion letter, however, Plaintiffs' claims fall within three exceptions to mootness. *See* ECF No. 39 at 2-3. The information requested in Plaintiffs' narrow set of 10 priority requests is necessary for opposing Defendants' mootness arguments.

Plaintiffs are entitled to discovery that is "relevant to [their] claims . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Further, as the Second Circuit has recognized, when faced with a motion to dismiss under Rule 12(b)(1), "plaintiffs are permitted to present evidence (by affidavit or otherwise) of the facts on which jurisdiction rests" and should "be

---

[2] Plaintiffs will continue to meet and confer with Defendants in good faith to address the remaining discovery requests.

given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004).

Plaintiffs tailored their priority discovery requests to facts "peculiarly within" Defendants' knowledge and related to the jurisdictional issues Defendants raise. Attached as an exhibit are verbatim quotations of the discovery requests. In summary, Plaintiffs requested (a) the named Plaintiffs' records, including discharge planning documents; (b) a census of people in DOCCS's Residential Treatment Facilities, since 1/1/2016; (c) total numbers of people held in prison past their conditional release dates and open dates for parole release, since 1/1/2016, delineated by month; (d) a total number of people for whom Defendants submitted Single Point of Access (mental health housing and services) applications since 1/1/2016, but who remain in DOCCS prisons as of the present date; and (e) documents and communications related to the Named Plaintiffs' placement on RTF status, their release from prison, revised discharge plans, housing applications, and discharge locations, generated since Plaintiffs filed this case.

As alleged in Plaintiffs' First Amended Complaint ("FAC"), Defendants incarcerated Plaintiffs for months past their lawful release dates, only to release five of the six Plaintiffs shortly after the class action complaint was filed. FAC ¶¶ 84, 113, 141, 171.[3] Plaintiffs allege that after the complaint was filed, Defendants revised Plaintiffs' discharge plans, FAC ¶¶ 78, 80, 110-11, and high-level officials suddenly became involved in Plaintiffs' discharge planning, FAC ¶¶ 52, 83. Plaintiffs allege that, in response to the lawsuit, Defendants reversed their earlier decision to hold Plaintiffs in prison pending the availability of community-based mental health housing, instead releasing them to inappropriate, short-term placements. FAC ¶¶ 331-36.

Plaintiffs are entitled to the discovery requested in the priority requests. These documents and data are particularly relevant to the inherently transitory and picking off exceptions to mootness, which apply to Plaintiffs' claims. For example, these materials will show the circumstances and timing of Plaintiffs' release, the uncertainty surrounding the periods of Plaintiffs' prolonged incarceration, the fluid nature of the population held past their release dates, the change in Defendants' discharge practices after Plaintiffs filed this case, and the ongoing institutionalization of the putative class and subclass members.

Plaintiffs respectfully request a conference to address this discovery dispute. Defendants' failure to commit to dates for production of priority discovery places Plaintiffs in the unwelcome position of considering the need for an extension of their August 16, 2019 deadline to oppose Defendants' motion, but without the necessary information to make an informed decision as to the length of the extension.

Respectfully submitted,
                                                              /s/
                                                              Elena Landriscina

Encl:   Exhibit
CC:     Counsel of Record (Via ECF)

---

[3] Defendants released Plaintiff M.G. on June 18, 2019, after Plaintiffs filed their FAC.