**Exhibit**

**Discovery Requests and Correspondence**

Plaintiffs' First Request for the Production of Documents (7, 8, 12, 14, 21, 22, 23)

Plaintiffs' First Set of Interrogatories on Defendant Anthony J. Annucci (3, 4)

Plaintiffs' First Set of Interrogatories on Defendant Ann Marie T. Sullivan (4)

Correspondence, July 11, 2019-August 1, 2019, Regarding Plaintiffs' Discovery Requests

**Plaintiffs' First Request for the Production of Documents (7, 8, 12, 14, 21, 22, 23)**

7.  Without regard to date, all DOCCS Documents concerning Named Plaintiffs, including but not limited to crime and sentence information; legal date computations; chronological histories; transfer histories; chronological entry sheets; parole board decisions; parolee chrono or progress reports; community prep investigation reports; memoranda regarding Special Condition 37 pursuant to Penal Law 70.45; RTF Designations pursuant to Correction Law 73(10); RTF "Programs" as referenced in Correction Law 73(1); all documents related to Parole Board special conditions regarding residency 29 and 30, including underlying documents, requests, and proposals; complete disciplinary histories, including print-outs, hearing packets, deprivation orders, and time-cut documents; all documents from prior incarceration(s); grievances; grievance responses; probation, parole, and legal documents; temporary release documents; Alcohol and Substance Abuse Treatment ("ASAT") and Comprehensive Alcohol and Substance Abuse Treatment ("CASAT") documents; Aggression Replacement Therapy ("ART") documents; counseling documents; case plans; risk assessments; release documents; special conditions of release; special conditions of supervision; correspondence, telephone, and visiting documents; all exceptional circumstances, security exception and heightened level of care documents; classification documents; psychiatric and medical documents, including but not limited to health screening forms, ambulatory health record progress notes, infirmary admission and discharge summaries, progress notes from infirmary watches, requests and reports of consultation, and patient referral forms; unusual incident reports; and use of force reports.

8.  All Documents reflecting the Census of individuals admitted to RTFs from 1/1/2014 to the present.

. . .

12. Without regard to date, all OMH Documents concerning Named Plaintiffs, including but not limited to treatment needs and mental health service level designations; admission and screening forms; diagnosis record; core history (including but not limited to history of treatment, education, and employment); psychiatric evaluation and psychiatric progress notes; primary therapy progress notes; RCTP observation/dorm progress notes; RCTP admission and discharge notes; interview notes; comprehensive suicide risk assessments; transfer documents (including but not limited to termination transfer notes); exceptional circumstances, security exception, and heightened level of care documents; discharge planning documents; SPOA Applications; documents generated or relied upon in preparing SPOA Applications; responses to SPOA Applications from county agencies; responses to SPOA Applications from Service Providers; CNYPC CBO chronological records; chronological history reports; all inpatient psychiatric records; CNYPC evaluations, progress notes, discharge summaries, treatment recommendations; mental health reports for parole; and all discharge recommendations.

. . .

14. Without regard to date, all Documents and Communications (including emails, memoranda, notes, and messages) concerning Named Plaintiffs' incarceration past their Lawful Release Dates, RTF Status, continuation of RTF Status, transfer to a correctional facility following RTF Status, and/or the suitability of an anticipated release location (including approval or lack of approval of any residence by You or the New York State Parole Board).

. . .

21. All Communications (including emails, memoranda, notes, and messages) generated since 1/23/2019 regarding Defendants' revisions to Named Plaintiffs' discharge plans.

22. All Communications (including emails, memoranda, notes, and messages) generated since 1/23/2019 regarding Defendants' revisions to Named Plaintiffs' applications for mental health housing and services.

23. All Communications (including emails, memoranda, notes, and messages) generated since 1/23/2019 between DOCCS and OMH concerning the discharge of the Named Plaintiffs to Transitional Residences, Crisis Residences, and/or any location other than Community-Based Mental Health Housing.

**Plaintiffs' First Set of Interrogatories on Defendant Anthony J. Annucci (3, 4)**

**INTERROGATORY NO. 3:**

Provide the Census of people held in DOCCS Custody beyond their Approved Conditional Release Date, from 1/1/2014 to the present, including the person's Approved Conditional Release Date, the date of the person's discharge (if applicable), the facility at which the person is held, and the reason for the person's Prolonged Incarceration *(e.g.,* awaiting Community-Based Mental Health Housing, awaiting admission to an inpatient psychiatric center, awaiting residential or facility placement through OPWDD, awaiting nursing home placement, awaiting SARA-compliant housing).

**INTERROGATORY NO. 4:**

Provide the Census of people held in DOCCS Custody beyond their Open Date for Parole Release, from 1/1/2014 to the present, including the person's Open Date for Parole Release, the date of the person's discharge (if applicable), the facility at which the person is held, and the reason for the person's Prolonged Incarceration *(e.g.,* awaiting Community-Based Mental Health Housing, awaiting admission to an inpatient psychiatric center, awaiting residential or facility placement through OPWDD, awaiting nursing home placement, awaiting SARA-compliant housing).

**Plaintiffs' First Set of Interrogatories on Defendant Ann Marie T. Sullivan (4)**

**INTERROGATORY NO. 4:**

Provide a Census of all individuals in DOCCS custody for whom OMH prepared a SPOA application on or after 1/1/2016, who remain in custody as of the present date.

**Elena Landriscina**

| | |
|---|---|
| **From:** | Elena Landriscina |
| **Sent:** | Thursday, August 01, 2019 7:34 PM |
| **To:** | 'Goldberg, Jane'; Harben, Jeb |
| **Cc:** | Joshua Rosenthal; Betsy Sterling; 'Ricciardi, Walter G'; 'Witte, Jamie'; Vance, Emily A; Zuraw, Lane B; 'Stefen Short'; 'Quackenbush, Robert'; 'Vela, Veronica' |
| **Subject:** | RE: M.G. v. Cuomo |

Counsel--

Plaintiffs will raise this dispute with the Court given the Defendants' failure to commit to the necessary production of priority discovery requested by Plaintiffs.

Your email indicates that Defendants "hope" to produce some Named Plaintiff documents, but Defendants have not offered any commitment that records will in fact be produced. In addition, Plaintiffs have asked for clarity as to what Plaintiff records specifically will be produced, which your email does not provide. We note that in your July 30 email, Defendants offered to produce "certain information responsive to Request 8 and Sullivan Interrogatory No. 4." In our July 31 email, we requested, but did not receive, clarity on what "certain" information means. Finally, with respect to the documents, data, and communications in RFP 14, 21, 22, 23, and Annucci Interrogatories No. 3 and 4, we have, prior to yesterday, explained our need for this information given the relevance to Defendants' jurisdictional arguments. Defendants have offered to consent to an extension for Plaintiffs' opposition, but still offer no date by which we can expect to receive the requested discovery. Defendants, therefore, have failed to provide the necessary information for Plaintiffs to even consider what extension would be required to accommodate the continued failure to produce.

Sincerely,
Elena

---

**From:** Goldberg, Jane [mailto:Jane.Goldberg@ag.ny.gov]
**Sent:** Thursday, August 01, 2019 5:29 PM
**To:** Elena Landriscina <Elena.Landriscina@drny.org>; Joshua Rosenthal <Joshua.Rosenthal@drny.org>; Betsy Sterling <Betsy.Sterling@drny.org>
**Cc:** Harben, Jeb <Jeb.Harben@ag.ny.gov>; Goldberg, Jane <Jane.Goldberg@ag.ny.gov>
**Subject:** M.G. v. Cuomo

Counsel:

I write in response to your email last night concerning the production of documents, which incorporates your July 29th email. As set forth in our July 30 response to your July 29 email, we are unlikely to be able to produce documents concerning "communications" (Requests 14, 21, 22, and 23), as that requires searching the emails of the numerous custodians listed in your document requests. As we previously stated, we hope to produce by August 5 information concerning the named plaintiffs. However, the scope of documents that plaintiffs requested concerning the named plaintiffs is extremely broad and since the review is ongoing, I cannot say precisely what will be ready for production by August 5. It appears from your email dated July 31 that plaintiffs are particularly concerned about addressing the jurisdictional issue raised in defendants' motion to dismiss. In light of this concern, Defendants will consent to plaintiffs' request for an extension of time in which to respond to defendants' motion to dismiss, provided of course that defendants' time to reply is similarly

extended. Judge Seibel indicated that if we bundled the motion, as we have, she would be open to such requests. Nothing herein constitutes a waiver of any objection raised in our response to plaintiffs' document requests.

Yours truly,

Jane R. Goldberg
Assistant Attorney General
Litigation Bureau
Office of Attorney General
28 Liberty Streeet
New York, NY  10005
(212) 416-6133
jane.goldberg@ag.ny.gov

Please be advised that our 120 Broadway office has moved. Please update your records to our new address:
　 New York State Office of the Attorney General
　 28 Liberty Street | New York, NY 10005
Email addresses and telephone numbers will remain the same.


**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

# Elena Landriscina

| | |
|---|---|
| **From:** | Elena Landriscina |
| **Sent:** | Wednesday, July 31, 2019 6:03 PM |
| **To:** | 'Goldberg, Jane'; Harben, Jeb |
| **Cc:** | Joshua Rosenthal; Betsy Sterling; 'Ricciardi, Walter G'; Vance, Emily A; 'Witte, Jamie'; Zuraw, Lane B; Stefen Short; Robert Quackenbush; 'Vela, Veronica' |
| **Subject:** | RE: M.G. v. Cuomo |

Jane,

I write in response to your email dated July 30, 2019, which provided Defendants' response to Plaintiffs' revised proposal on discovery deadlines and requests.

Plaintiffs maintain that complete responses to Plaintiffs' proposed priority discovery list, set forth in Plaintiffs' email dated July 29, 2019, is necessary to avoid going to the court for resolution. Defendants raise mootness arguments in their motion to dismiss. Plaintiffs need jurisdictional discovery to respond to Defendants' motion, which is contained in the priority requests. Plaintiffs have been highly responsive to Defendants' concerns by significantly narrowing the number and scope of the priority requests.

Defendants indicated that they can produce "certain" responses to four of the priority discovery requests. However, we lack clarity regarding what exactly Defendants are committed to producing by August 5, 2019. It is unclear whether by "certain" documents or information, Defendants are providing a partial response, and if so, what is being provided and/or excluded from the production.

Please advise us by COB tomorrow, August 1, about whether Defendants will reconsider their response to Plaintiffs' proposal as to the ten priority discovery requests. If the parties are unable to resolve the matter by then, Plaintiffs will need to raise this dispute with the court.

Sincerely,
Elena

# Elena Landriscina
Staff Attorney

**DISABILITY RIGHTS NEW YORK**
25 Chapel Street, Suite 1005
Brooklyn, NY 11201

Voice: 518-512-4873
Cell: 347-677-3021
Fax: 718-797-1161

www.drny.org

*This email may contain privileged or confidential information. If you receive it in error, do not read it. Please delete it and advise me of the error. Thank you.*

# Elena Landriscina

| | |
|---|---|
| **From:** | Goldberg, Jane <Jane.Goldberg@ag.ny.gov> |
| **Sent:** | Tuesday, July 30, 2019 2:48 PM |
| **To:** | Elena Landriscina |
| **Cc:** | Harben, Jeb; Goldberg, Jane |
| **Subject:** | M.G. v. Cuomo |

Elena,

I write in response to your email dated July 29 at 12:15 p.m. concerning the production of documents. We hope to produce certain documents concerning the named plaintiffs as requested in Plaintiffs' Requests 7 and 12 by August 5, and certain information responsive to Request 8 and Sullivan Interrogatory No. 4. However, given the scope of the other information sought (particularly for communications, i.e. emails), it is unlikely that we will be able to produce by August 5 the remainder of the information requested that you deem a priority.  It is not unreasonable for us to produce documents on a rolling basis considering the number of document requests (75) and the number of documents sought within many of the requests.  Please let me know if you want discuss further. Nothing herein constitutes the waiver of any objection raised in our responses to plaintiffs' document requests.

Yours truly,

Jane R. Goldberg
Assistant Attorney General
Litigation Bureau
Office of Attorney General
28 Liberty Streeet
New York, NY  10005
(212) 416-6133
jane.goldberg@ag.ny.gov

Please be advised that our 120 Broadway office has moved. Please update your records to our new address:
    New York State Office of the Attorney General
    28 Liberty Street | New York, NY 10005
Email addresses and telephone numbers will remain the same.

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

# Elena Landriscina

| | |
|---|---|
| **From:** | Elena Landriscina |
| **Sent:** | Monday, July 29, 2019 12:15 PM |
| **To:** | 'Goldberg, Jane'; Harben, Jeb |
| **Cc:** | Betsy Sterling; wricciardi@paulweiss.com; Vance, Emily A; Witte, Jamie; Zuraw, Lane B; Short, Stefen; Quackenbush, Robert; Vela, Veronica; Joshua Rosenthal; 'Ricciardi, Walter G' |
| **Subject:** | RE: M.G. |

Dear Counsel –

I write to follow up on our phone call this morning regarding Plaintiffs' proposal in response to Defendants' request for an extension and concerns raised by Defendants. As we discussed, Plaintiffs have considered Defendants' concerns and now propose a revised 2-part extension:

- First, Defendants provide documents responsive to a significantly narrowed list of priority discovery requests (described below) by August 5, 2019.

- Second, Defendants respond to the remaining discovery requests by September 5, 2019.

Plaintiffs condition this proposal on receiving an extension until September 5 for Plaintiffs' deadline to respond to Defendants' discovery requests.

As discussed during the call, Plaintiffs have significantly narrowed the number and scope of priority discovery requests to the following:

- Named Plaintiff records, as requested in Request for Production 7 and 12;

- Census information:
    - Request for Production 8. This is a request for the RTF census. For the purposes of the priority production due by 8/5/2019, we offer to limit the request to census information from 1/1/2016 to the present, with the understanding that the remaining census information would be produced by 9/5/2019. We note that Defendants offered to produce only numbers and have raised a burden objection. However, we call Defendants' attention to testimony of Defendant McGrath indicating that the RTF census is updated on a weekly basis (Bates MG-Class00000650). Further, we note that even prior to litigation, Plaintiffs' counsel obtained the RTF census via FOIL from DOCCS counsel, further indicating that this document is regularly kept (See Bates MG-Class00000854).

    - Interrogatories on Annucci 3 and 4. These interrogatories seek census information for people in DOCCS custody past a conditional release date and open date for parole. Here, to facilitate Defendants' response by 8/5/2019, we will accept total numbers, rather than a census, provided that the numbers are organized by month. We also offer to limit the request to 1/1/2016 for the purpose of the priority discovery deadline.

    - Interrogatories on Sullivan 4. This interrogatory concerns people with SPOA applications since 1/1/2016 who remain in DOCCS custody. We offer to accept just numbers, delineated by month, for the purpose of the priority discovery due by 8/5/2019.

- Documents and Communications

1

- o Request for Production 14. This request concerns named plaintiffs' RTF status and release. For the 8/5/2019 deadline, Plaintiffs request documents from 1/23/2019 to the present only.
- o Requests for Production 21, 22, 23. This request concerns revisions to named plaintiffs' discharge plans, housing applications, and discharge locations and were limited to those generated since 1/23/2019. We note that Defendants asked for more specificity on which employees' files to check. However, Plaintiffs provided names of custodians by email dated 7/18/2019. Plaintiffs provided custodians' facility locations in their Initial Disclosures, which provides Defendants with information to identify which custodians are associated with each named plaintiff. (For example, a discharge planner at Auburn is associated with named plaintiff M.G. who was held at Auburn). Consistent with Plaintiffs' obligations under Rule 26, Plaintiffs provided names of people with discoverable information, but there may be other individuals who had responsibility for discharge planning for the named plaintiffs, whose files Defendants have an obligation to check.

We note that the requests for documents and communications (14, 21, 22, 23) are highly relevant to the mootness argument that Defendants advance in their motion to dismiss.

While we have narrowed the scope of these requests for the purposes of the priority discovery request deadline of 8/5/19, Plaintiffs will require a complete response to Plaintiffs' original requests to be provided by 9/5/2019.

We understand that you are reviewing named plaintiff documents that your clients have provided to you and will be in touch with us on Tuesday. As noted during our call, Plaintiffs will need a response about the Defendants' position with respect to Plaintiffs' proposed deadlines and all the priority discovery requests identified on the call and in this email.

Sincerely,
Elena


# Elena Landriscina
Staff Attorney

**DISABILITY RIGHTS NEW YORK**
25 Chapel Street, Suite 1005
Brooklyn, NY 11201

Voice: 518-512-4873
Cell: 347-677-3021
Fax: 718-797-1161

www.drny.org

*This email may contain privileged or confidential information. If you receive it in error, do not read it. Please delete it and advise me of the error. Thank you.*

---

**From:** Goldberg, Jane [mailto:Jane.Goldberg@ag.ny.gov]
**Sent:** Wednesday, July 24, 2019 4:33 PM
**To:** Joshua Rosenthal <Joshua.Rosenthal@drny.org>; Harben, Jeb <Jeb.Harben@ag.ny.gov>
**Cc:** Elena Landriscina <Elena.Landriscina@drny.org>; Betsy Sterling <Betsy.Sterling@drny.org>; wricciardi@paulweiss.com; Vance, Emily A <evance@paulweiss.com>; Witte, Jamie <jwitte@paulweiss.com>; Zuraw, Lane B <lzuraw@paulweiss.com>; Short, Stefen <SShort@legal-aid.org>; Quackenbush, Robert <RQuackenbush@legal-aid.org>; Vela, Veronica <VVela@legal-aid.org>
**Subject:** RE: M.G.

9:00 on Monday July 29. Please provide call-in number

# Elena Landriscina

| | |
|---|---|
| **From:** | Harben, Jeb <Jeb.Harben@ag.ny.gov> |
| **Sent:** | Monday, July 22, 2019 7:34 PM |
| **To:** | Joshua Rosenthal; Goldberg, Jane |
| **Cc:** | Elena Landriscina; Betsy Sterling; wricciardi@paulweiss.com; Vance, Emily A; Witte, Jamie; Zuraw, Lane B; Short, Stefen; Quackenbush, Robert; Vela, Veronica; Goldberg, Jane |
| **Subject:** | RE: M.G. |
| **Attachments:** | Response First Request for the Production of Documents.7.22.19.FINAL.pdf; Sullivan_responses to interrogatories.7.22.19.final.pdf; hall.verification.pdf; 19CV639 First Set of Interrogatory Responses Defendant Anthony J. Annucci.final.pdf |

Josh,

For the reasons already discussed, we are not in a position to provide the complete discovery you are seeking by August 5, and likely will not be able to provide the complete additional discovery you seek later in August. Plaintiffs' discovery demands go far beyond discovery appropriate for this action.

Regardless, as per my earlier e-mail, we were not seeking to "pause" discovery, just the deadline to provide formal responses to Plaintiffs' demands. As I previously indicated, we have been receiving documents and we are expecting to produce them on a rolling basis in the coming weeks when their review is completed and they are bates numbered, and expect to continue to produce additional documents as collected.

We have been collecting information in order to respond to your interrogatories, but are continuing to investigate them in order to be more certain of the accuracy of the responses. One complicating matter is that the definition of "Serious Mental Illness" differs between the Mental Health Law and the Correction Law and the populations are not exactly the same. Another complicating matter is that some sex offenders placed in RTFs also suffer from Serious Mental Illness and difficulties in assisting them in finding housing may not be related to their mental health status.

Attached please find are Commissioner Sullivan's and Acting Commissioner Annucci's responses to Plaintiffs' Interrogatories and Defendants' Response to Plaintiffs' First Set of Document Requests. It is expected that these responses will be updated and amended in the future.


Jeb Harben
Assistant Attorney General
State of New York Office of the Attorney General
28 Liberty St.
New York, New York 10005
Phone: (212) 416-6185
Fax: (212) 416-6075/6009
E-Mail: jeb.harben@ag.ny.gov

# Elena Landriscina

| | |
|---|---|
| **From:** | Joshua Rosenthal |
| **Sent:** | Thursday, July 18, 2019 3:47 PM |
| **To:** | Harben, Jeb; Goldberg, Jane |
| **Cc:** | Elena Landriscina; Betsy Sterling; wricciardi@paulweiss.com; Vance, Emily A; Witte, Jamie; Zuraw, Lane B; Short, Stefen; Quackenbush, Robert; Vela, Veronica |
| **Subject:** | RE: M.G. |

Counsel,

Following our call this morning, I write regarding your request for a six-week extension to respond to Plaintiffs' discovery requests.

As we discussed, Plaintiffs are willing to agree to an extension of time. But a blanket, six-week extension is too long. In your email, you mentioned your ability to have rolling production in July and August. While we cannot agree to an open-ended deadline for production, we propose as follows:

First, Defendants respond to a select set of priority discovery requests no later than August 5, 2019—in other words, a two-week extension on the 30 days you have had already to respond. The priority requests we propose are,

- Requests for Production:
    - The Named Plaintiff records, requested in 7 and 12; and
    - Requests 8, 14 (but for 14, for the priority deadline, limited to 1/23/2019 to the present), 21-23, 47, 55 and 56 (but for 55 and 56, for the priority deadline, limited to documents and not communications), 57, 71, 74
- Annucci Interrogatories: 1, 3, 4 (but for 1, 3, and 4, for the priority deadline, limited to 1/1/2016 to the present)
- Sullivan Interrogatories: 4, 5 (but for 5, for the priority deadline, limited to 1/1/2017 to the present)

For the priority deadline, Plaintiffs are further willing to limit the communications requested in requests for production 14 and 21-23 to the following custodians: Defendants Cuomo, Annucci, McGrath, and Sullivan; Wendy Vogel, Director, CNYPC Pre-Release Services; Meghan Hill, Assistant Director of Pre-Release Services; Karin Rohs, Forensic Unit Chief, Pre-Release Services; Named Plaintiffs' OMH discharge planners or pre-release coordinators (listed on page 8 of Plaintiffs' initial disclosures); Ashley Bartlett, DOCCS Coordinator of Inmate Movement; superintendents of correctional facilities in which the Named Plaintiffs were held prior to their discharge (namely, Superintendents McCarthy, Fields, LaManna, Capra, and Keyser); Named Plaintiffs' assigned parole officers (see pages 13-14 of Plaintiffs' initial disclosures); Bridget Sullivan, Program Supervisor, Middletown Transitional Residence; Alan Stippa, House Manager, Rockland Psychiatric Center – Alliance House; Kevin Kaleita, Director, Pilgrim Crisis Residence. We propose these custodians for Defendants' priority responses only. The parties can then meet and confer on custodians for these and the remaining discovery requests at a later date.

Second, Defendants respond to the remaining discovery requests (including any non-prioritized portions of the requests listed above) no later than August 26, 2019—a five-week extension.

If Defendants similarly consent to a five-week extension for a response to your discovery requests, Plaintiffs will agree to the above deadlines.

We are available for a call to discuss this further.

Please advise on your position.

Sincerely,

**Joshua Rosenthal**
Staff Attorney, PAIMI Program

**DISABILITY RIGHTS NEW YORK**
25 Chapel Street, Suite 1005
Brooklyn, NY 11201

Voice: 518-512-4950
TTY: 518-512-3448
Toll Free: 800-993-8982
Fax: 718-797-1161

Joshua.Rosenthal@drny.org
www.drny.org

     

*This email may contain privileged or confidential information. If you receive it in error, do not read it. Please delete it and advise me of the error. Thank you.*

---

**From:** Harben, Jeb <Jeb.Harben@ag.ny.gov>
**Sent:** Thursday, July 11, 2019 2:56 PM
**To:** evance@paulweiss.com; wricciardi@paulweiss.com; Joshua Rosenthal <Joshua.Rosenthal@drny.org>
**Cc:** Goldberg, Jane <Jane.Goldberg@ag.ny.gov>
**Subject:** M.G.

Counselors:

At the last conference, the Court encouraged "bundling" of our motion if the parties consented. We request your consent to do so.

Also, Defendants responses to Plaintiff's discovery demands are currently due July 22, 2019. Plaintiff's demands are extensive and the attorney at DOCCS who has been assisting us is leaving, so a new attorney is getting up to speed. In addition to scheduled vacations in July and August impacting both us and contacts at DOCCS and OMH, we both have other significant deadlines we are dealing with. We request a six week extension to September 5, 2019, to provide written responses to Plaintiff's discovery demands. It is anticipated that before then, during July and August, we will be producing several thousand pages of documents. Of course, we consent to a similar extension for Plaintiff's responses to Defendants' requests.

Finally, please provide releases so that we can provide HIPPA protected materials to Paul Weiss attorneys contemporaneously with DRNY (who previously provided releases, I believe).

Best regards,


Jeb Harben
Assistant Attorney General
State of New York Office of the Attorney General
28 Liberty St.

New York, New York 10005
Phone: (212) 416-6185
Fax: (212) 416-6075/6009
E-Mail: jeb.harben@ag.ny.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.