

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUN
LITIGATION BUREAU

August 5, 2019

By ECF
The Honorable Lisa Margaret Smith, U.S.M.J.
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      RE:  *M.G. v. Cuomo*, No. 19-CV-0639 (CS) (LMS)

Dear Magistrate Judge Smith:

  This Office represents the Defendants in this matter. We write in response to Plaintiffs' letter dated August 2, 2019 (ECF No. 51). This putative class action lawsuit was brought by six individuals. It concerns inmates with serious mental illness who have either open parole dates, conditional release dates, or have served their maximum sentences, but who have not been released to the community because of the need to secure appropriate approved housing, and a subclass of individuals who are subject to post-release supervision and given RTF ("Residential Treatment Facility") status under state law. Five of the Named Plaintiffs were placed in community housing following the filing of this lawsuit, although one has since returned to prison. Defendants dispute Plaintiffs' characterization of their placements as "inappropriate." At a pre-motion conference on May 13, 2019, the Court ordered paper discovery, granted Plaintiffs leave to amend their Complaint, and suggested that Plaintiffs make a settlement demand. Plaintiffs amended their Complaint, served paper discovery, but have made no settlement demand.

  Plaintiffs served Interrogatories on Defendants Annucci and Sullivan, and their First Request for Production of Documents on June 20, 2019, ahead of the July 8 deadline for service of

discovery, and while Defendants were preparing their motion to dismiss, which was served on July 26, 2019. Defendants have been collecting documents for review and production. Given the number (**75**) of Requests for Production, many of which seek multiple items (i.e., Request No. 7 seeks 42 separate items for each Named Plaintiff), Defendants' request for additional time is more than reasonable. Defendants served timely responses to both the Interrogatories and Requests, produced over 4,000 pages of documents responsive to Plaintiffs' "priority" Requests Nos. 7 and 12 yesterday, and have thousands more documents to review. Both OMH and DOCCS are collecting emails from the approximately 48 custodians designated by Plaintiffs for their priority Requests Nos. 14, 21, 22, 23. These documents will be reviewed and redacted as needed, and we expect to be able to produce a significant number of documents responsive to Plaintiffs' priority requests as well as other Requests, including Nos. 15, 36, 37, and 60 by the end of the month. The same is true for the information sought for outstanding Interrogatories, although OMH has already stated that it has no data responsive to Sullivan Interrogatory No. 4. The Office has assigned an additional paralegal to assist in the production over the next several weeks, but the scope of Plaintiffs' Requests will still require flexibility and a rolling production of documents, possibly over the next few months. As to Plaintiffs' concerns about responding to Defendants' motion to dismiss, Defendants have already stated that they would consent to an extension of time for Plaintiffs' to respond to the motion. Plaintiffs has chosen a different course, stating that they cannot make an "informed decision" as to the length of any extension they might request without a time table that Defendants are presently unable to give.

Respectfully submitted,

*Jane R. Goldberg*
Jane R. Goldberg
Assistant Attorney General
(212) 416-6133
Jane.goldberg@ag.ny.gov

Cc: Counsel of Record (via ECF)