

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

August 19, 2019

By ECF
Honorable Lisa Margaret Smith
United States Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

RE:    *M.G. v. Cuomo*, No. 19-CV-0639 (CS) (LMS)

Dear Magistrate Judge Smith:

This Office represents the Defendants in this action. We write pursuant to the Court's Order dated

August 5, 2019 (ECF No. 53) to ask the Court's assistance in resolving a dispute concerning the scope and

adequacy of Plaintiffs' Initial Disclosures, which are marked "Confidential - Subject to Protective Order" (ECF

No. 42), and will be e-mailed to the Court.

This is a putative class action brought by six individuals. It concerns inmates with serious mental illness

who have either open parole dates, conditional release dates, or have served their maximum sentences, but who

have not been released to the community because of the need to secure appropriate approved housing, and a

subclass of individuals who have been discharged to residential treatment facilities and are subject to post-

release supervision. Five of the named plaintiffs were placed in community housing following the filing of this

lawsuit, although one has since returned to prison and another is in a county jail.

The Dispute Concerning Plaintiffs' Initial Disclosures

Plaintiffs identified over 300 individuals, 10 categories of other individuals, and served more than

25,000 pages of documents in their Initial Disclosures. Defendants requested that (1) Plaintiffs narrow the

number of individuals named in their Disclosures; (2) identify specific people where there are simply

placeholders or descriptions; and (3) describe the subject of information for each individual identified in the Disclosures, as required by Fed. R. Civ. P. 26(a)(1)(A)(i). The parties have met and conferred concerning Defendants' request. Although Plaintiffs represent that they will supplement the subject-matter descriptions by September 6, 2019, they will not reduce the number of individuals named, and maintain that they have given Defendants enough information to determine which individuals Plaintiffs mean to identify as having discoverable information.

Naming 300 individuals, and failing to identify others, upon whom Plaintiffs may rely to support their claims or defenses, violates the letter and spirit of Rule 26(a)(1)(A)(i). One of the principal purposes of the Rule is to expedite the exchange of discoverable information to enable the parties to investigate the facts and prepare for litigation or negotiate a settlement. It is unreasonable for Plaintiffs to expect Defendants to interview or seek information from 300 individuals and to attempt to determine the identity of other individuals by description only. By naming 300 individuals and failing to identify others Plaintiffs are impeding Defendants' ability to ascertain information relevant to the claims and defenses, conduct discovery, and assess the case for possible settlement.

Thank you for your consideration of this request.

Respectfully submitted,

Jane R. Goldberg
Assistant Attorney General
(212) 416-6133
Jane.goldberg@ag.ny.gov

Cc: Counsel of Record (via ECF)

2