PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS    NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3350

WRITER'S DIRECT FACSIMILE
(212) 492-0350

WRITER'S DIRECT E-MAIL ADDRESS
wricciardi@paulweiss.com

December 10, 2019

**VIA ECF & ELECTRONIC MAIL**
Hon. Cathy Seibel, U.S.D.J.
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601
chambersnysdseibel@nysd.uscourts.gov

  Re: *M.G.* v. *Cuomo*, No. 7:19-CV-639 (CS) (LMS)
    **Letter Motion to Seal – Filed With Defendants' Consent**

Your Honor:

  Along with The Legal Aid Society's Prisoners' Rights Project and Disability Rights New York; Paul, Weiss, Rifkind, Wharton and Garrison LLP represents Plaintiffs in the above-referenced matter. Please accept this letter brief in lieu of a more formal motion requesting permission for Plaintiffs to file under seal a declaration and exhibits to Plaintiffs' Opposition to Defendants' Motion to Dismiss.

### BACKGROUND

  On May 15, 2019, your Honor executed the parties' "Stipulation and Protective Order" ("Protective Order") and entered the order on the docket (Dkt. No. 42). The Protective Order states, in relevant part:

> 12. The designation of materials as Confidential Information shall not mean that any party has agreed that such materials also meet the standard for filing information under seal in a court submission. Any request seeking to file materials under judicial seal shall be governed by the appropriate legal standards, applicable Local Rules, and requirements of the Court.

> 13. Any party who seeks to file any papers that are marked "CONFIDENTIAL" or that otherwise reveal Confidential Information shall first make an application to the Court for permission to file under seal any portion of those papers that disclose Confidential Information. The filing party shall first meet and confer with the opposing parties, by telephone or otherwise, not less than three (3) business days prior to the filing thereof and, when seeking leave to file under seal, shall indicate to the Court whether any party objects to the request. If all parties agree in any instance that Confidential Information can be protected from disclosure by redaction, the use of initials, or other means, then the papers need not be filed under seal.

(Dkt. No. 42 p. 7). It also states:

> Any documents that contain Confidential Information, including but not limited to personnel records, may be publicly disclosed in the course of this litigation if the personal identifying information (including, but not limited to, mental health, psychiatric, medical, substance abuse, educational, or disability records/information) is redacted in whole, provided that documents defined in subparagraphs 2(a) and 2(c) may not be so disclosed.

(Dkt. No. 42 p. 2 n. 1).

During the course of discovery to date, the parties produced documents that were designated as "CONFIDENTIAL."

On November 18, 2019, Plaintiffs served Defendants with their Opposition to Defendants' Motion to Dismiss and mailed the Court a courtesy hard copy of the same. Plaintiffs marked the documents that they believed should be filed under seal as "Confidential – To Be Filed Under Seal." Out of an abundance of caution, Plaintiffs also marked their memorandum of law, the Declaration of Robert M. Quackenbush, and Plaintiffs' declarations as "Confidential Subject To Meet and Confer" because they contained or described the contents of documents marked "Confidential" but did not, in Plaintiffs' view, reveal "Confidential Information" as defined in Paragraph 2 of the Protective Order. Plaintiffs also raised with Defendants several exhibits Plaintiffs believed had been marked "Confidential" but did not contain Confidential Information.

On November 20, 2019, the parties had a telephonic meet and confer to discuss which documents should be filed under seal in accordance with the Protective

3

Order. During the meet and confer, and in subsequent emails, Defendants agreed to remove the "Confidential" marking on Exhibits 9, 12, 18, 88, 93, 94, 98, and 99 to the declarations of Plaintiffs' counsel. Defendants further agreed that Plaintiffs' memorandum of law, the Declaration of Robert M. Quackenbush, and Plaintiffs' declarations need not be filed under seal, and that the Declaration of Joshua M. Rosenthal should be redacted to the extent that it reveals personal identifying information concerning Plaintiffs.

Plaintiffs, with Defendants' consent, now move to file the following documents under seal, which all parties agree contain Confidential Information:

- Exhibits 1-8, 10-11, 13-17, 19-33, 35-42, 44-55, 57-70, 72, 77-86, 89-90, and 92 to Declaration of Joshua M. Rosenthal in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss
- Exhibits 97, 101 and 102 to Declaration of Robert M. Quackenbush in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss
- Exhibits 1 and 2 to Declaration of D.R.
- Exhibits 1-3 to Declaration of P.C.
- Exhibits 1-6 to Declaration of C.J.
- Exhibit 1 to Declaration of M.J.

Additionally, because the Declaration of Joshua M. Rosenthal contains Confidential Information, Plaintiffs, with Defendants' consent, move to file the un-redacted declaration under seal, and file a redacted declaration via ECF.

## ARGUMENT

Following the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), New York federal district courts have summarized the legal standard in sealing materials as follows:

> First, a court must determine whether the documents are judicial documents. To qualify as a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process. If the documents are deemed non-judicial, then there is no presumption of public access, and the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order. If, however, the court determines that the documents are judicial in nature, there is a presumption of public access.
>
> Second, the court determines the weight of the presumption. The weight of the presumption is governed by the role of the

> material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts. The material at issue will fall somewhere on a continuum from matters that directly affect the adjudication to matters that come within a court's purview solely to insure their irrelevance.
>
> Finally, after the court has determined the weight of the presumption of access, the court must balance competing considerations against it. These competing considerations include, inter alia, the privacy interests of those resisting disclosure.

*Elloh v. Singh*, 531 F. Supp. 2d 552, 582-84 (S.D.N.Y. 2007) (citations and internal quotation marks omitted).

While the documents at issue here are judicial documents, it is clear that the Protective Order requires that the parties file them under seal. Among other things, these exhibits contain mental health, correctional, and parole records of the Named Plaintiffs and records that contain personal or identifying information for Named Plaintiffs and other individuals currently or formerly incarcerated by the Department of Corrections and Community Supervision. As the parties agree, these documents must be filed under seal to protect these interests.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the above-listed declaration and exhibits under seal.

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

/s/ Walter Ricciardi
Walter Ricciardi
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:   (212) 373-3000
Email:   wricciardi@paulweiss.com

CC: Counsel of Record (via ECF)