UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
M.G., P.C., C.J., M.J., J.R., and D.R., individually
and on behalf of all similarly situated,

               Plaintiffs,

               -against-

ANDREW CUOMO, in his official capacity as the     19-cv-00639 (CS) (LMS)
Governor of the State of New York, the NEW
YORK STATE OFFICE OF MENTAL HEALTH,
ANN MARIE T. SULLIVAN, in her official
capacity as the Commissioner of the New York
State Office of Mental Health, the NEW YORK
STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,
ANTHONY J. ANNUCCI, in his official capacity
as the Acting Commissioner of the New York State
Department of Corrections and Community
Supervision, ANNE MARIE MCGRATH, in her
official capacity as Associate Commissioner of the
New York State Department of Corrections and
Community Supervision,

               Defendants.
-------------------------------------------------------------x

## DECLARATION OF RACHAEL SEGUIN

**RACHAEL SEGUIN**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.     I am the Assistant Director of the Inmate Grievance Program at the New York State Department of Corrections and Community Supervision ("DOCCS"). In that capacity, I am a custodian of the records maintained by the Central Office Review Committee ("CORC"), which is the body that renders final administrative decisions under DOCCS' Inmate Grievance Program. I

make this declaration in support of Defendants' Motion to Dismiss the Amended Complaint based upon my review of those records.

2.  DOCCS Directive #4040 requires that grievance files and logs be maintained for at least the current year plus the previous 4 calendar years. CORC maintains files of grievance appeals to CORC in accordance with this Directive. In fact, the CORC computer database contains records of appeals received from the facility Inmate Grievance Program offices which were heard and decided by CORC since the 1990's. This database also contains a great deal of historical data with respect to appeals to CORC dating back to 1986, including data on many of the individual appeals.

3.  The inmate grievance process established by 7 N.Y.C.R.R. § 701.5 involves three steps: (1) the inmate must file a complaint with the Inmate Grievance Resolution Committee ("IGRC") within 21 calendar days of an alleged incident at the individual facility where the inmate is housed, even if the alleged incident occurred at another facility. The IGRC has 16 calendar days in which to attempt to informally resolve the complaint or hold a hearing; (2) if dissatisfied with the IGRC recommendation, the inmate may appeal it to the Superintendent of the facility within 7 calendar days after receipt of the IGRC's written response. The request to appeal must be submitted directly to the IGRC at the facility where the grievance was filed. The Superintendent has 20 calendar days to render a response; and (3) if dissatisfied with the Superintendent's response, the inmate may appeal the decision to CORC within 7 calendar days after receipt of the Superintendent's written response. The request to appeal to CORC must also be submitted directly to the IGRC at the facility where the grievance was filed, for forwarding to CORC.

4.  CORC is the final appellate level of the Inmate Grievance Program.

5. DOCCS also provides an expedited procedure for the review of grievances alleging harassment or misconduct by DOCCS' employees. See 7 N.Y.C.R.R. § 701.8. A grievance that falls under this category will be directly forwarded to the Superintendent, who has 25 calendar days to render a response. While the expedited procedure allows for direct forwarding of such a grievance to the Superintendent of the facility, the inmate must still initiate the grievance process by filing a grievance in accordance with § 701.5. See § 701.8(a). If the inmate disagrees with the Superintendent's response, he or she must still appeal the decision to CORC to exhaust their administrative remedies. See § 701.8(h). Further, if the inmate fails to receive a response from the Superintendent to an expedited grievance within the specified time period, the failure to respond may be construed as a denial, and the inmate must still appeal to CORC to exhaust their administrative remedies. See § 701.8(g).

6. I have been advised that Plaintiffs have complained that they were either placed in a Residential Treatment Program ("RTF") within a DOCCS correctional facility rather than being released from DOCCS custody after reaching the maximum expiration dates of their sentences of incarceration (Plaintiffs C.J., M.J., J.R., and D.R.), or that they were not released from DOCCS custody after their open parole release dates had passed (Plaintiffs M.G. and P.C.). Each of the Plaintiffs has also complained that their programming while in prison was not appropriate for their mental health needs. Plaintiffs may grieve all of these issues through the Inmate Grievance Program under the procedures described above. Three of the inmates (D.R., J.R., and C.J.) did grieve these issues and ultimately properly appealed their grievances to CORC, but it is my understanding that C.J. did not properly appeal to CORC until after the filing of this lawsuit. The grievance appeals in question related to the issues raised in this lawsuit are currently pending CORC dispositions.

3

7. I have conducted a search of the CORC database for records of appeals received by CORC of grievances filed by Plaintiffs. Attached as Exhibit A are printouts of the results of this search, as of July 26, 2019. The names of the Plaintiffs have been redacted. A review of this search result indicates that no grievance appeals relating to the claims presented in this case against any DOCCS defendants were received by CORC for Plaintiffs M.G., M.J., and P.C.

Executed on July 26th, 2019
Albany, New York

RACHAEL SEGUIN
Assistant Director
Inmate Grievance Program