# Exhibit 71

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
M.G., P.C., C.J., M.J., J.R., and D.R., individually
and on behalf of all similarly situated,

                Plaintiffs,

                -against-

ANDREW CUOMO, in his official capacity as the
Governor of the State of New York, the NEW YORK
STATE OFFICE OF MENTAL HEALTH,
ANN MARIE T. SULLIVAN, in her official capacity
as the Commissioner of the New York State Office of
Mental Health, the NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, ANTHONY J.
ANNUCCI, in his official capacity as the Acting
Commissioner of the New York State Department of
Corrections and Community Supervision, ANNE
MARIE MCGRATH, in her official capacity as
Associate Commissioner of the New York State
Department of Corrections and Community
Supervision,

                Defendants.
-------------------------------------------------------------x

19-cv-00639 (CS) (LMS)

## DEFENDANT ANTHONY J. ANNUCCI'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES NOS. 3 AND 4

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern District of New York, Defendant ANTHONY J. ANNUCCI, by his attorney, LETITIA JAMES, the Attorney General of the State of New York, responds to Plaintiffs' First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

1.     The responses set forth herein constitute the best information presently available to Defendant based on reasonable searches proportional to the needs of the litigation. Defendant reserves the right to supplement the responses with additional information should such information

or documents become available to counsel for Defendant. Defendant also reserves the right to object to the further disclosure of any such information.

2.	By providing the information below, Defendant does not in any way waive, or intend to waive and is preserving, (a) all objections to competency, relevance, materiality and admissibility of the responses or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden; (c) all rights to object on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and (d) all right to object on any ground to any request for further responses to these or any discovery requests involving or relating to the subject matter of the request.

3.	By referring Plaintiffs to documents, Defendant does not concede the admissibility or relevance of any document produced or referred to or that the document is original, true, accurate, complete, or authentic. Defendant reserves the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

4.	The inadvertent disclosure of any information that is privileged, was prepared in anticipation of litigation, or is otherwise excludable from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that information, or any document, its subject matter, the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

5.	Defendant objects to the Interrogatories to the extent that they seek documents or information in the possession, custody or control of the New York State Office of Mental Health ("OMH"), or any governmental entity that is not a party to this action.

6. Defendant objects to the Interrogatories to the extent that they are not sufficiently limited in time and/or scope.

7. Defendant objects to the Interrogatories insofar as they incorporate definitions of words or terms that are inconsistent with, contrary to, broader than, or narrower than the definition of such words or terms by the New York State Department of Corrections and Community Supervision ("DOCCS").

8. These responses are being provided by Defendant in his official capacity and any response herein shall not be deemed to be based on Defendant's personal knowledge. Without waiving the foregoing, Defendant responds as follows:

**INTERROGATORY NO. 3:**

Provide the Census of people held in DOCCS Custody beyond their Approved Conditional Release Date, from 1/1/2014 to the present, including the person's Approved Conditional Release Date, the date of the person's discharge (if applicable), the facility at which the person is held, and the reason for the person's Prolonged Incarceration *(e.g.,* awaiting Community-Based Mental Health Housing, awaiting admission to an inpatient psychiatric center, awaiting residential or facility placement through OPWDD, awaiting nursing home placement, awaiting SARA-compliant housing).

**RESPONSE TO INTERROGATORY NO. 3**

Defendant Annucci objects to this interrogatory as outside the scope of S.D.N.Y. Local Rule 33.3 to the extent it does not seek the names of witnesses with knowledge of information relevant to the subject matter of the action or the existence, custodian, location and general description of relevant documents.

Defendant objects to this interrogatory because it contains four sub-parts and has been

labeled as a single interrogatory. As a result, Plaintiffs' First Set of Interrogatories contain more than 25 interrogatories and violate Fed. R. Civ. P. 33 (a)(1).

Defendant also objects to the interrogatory as overbroad and because the burden of responding outweighs the likely benefit. See FRCP 26(b)(1). Defendant further objects to the extent the interrogatory (a) does not pertain to the claims in this action, which only concern inmates designated with Serious Mental Illness who are not subject to SARA, and is thus not relevant, see FRE 401-404; (b) is not proportional to the needs of the case, see FRCP 26(b)(1); and (c) may violate non-parties' right to privacy. This interrogatory requires the review of individual data of hundreds of offenders.

Defendant further objects to the extent Plaintiffs' request for information concerns persons who do not suffer from Serious Mental Illness or inmates subject to SARA and seeks information irrelevant to the claims in this case.

Defendant further objects because listing names of non-parties may violate their right to privacy under the Health Insurance Portability and Accountability Act of 1996, N.Y. Mental Health Law § 33.13, and potentially other law by disclosure of their names and is unduly burdensome.

Defendant further objects to the extent that naming non-parties who are suffering from Serious Mental Illness or medical conditions may violate their privacy rights under the Health Insurance Portability and Accountability Act of 1996, N.Y. Mental Health Law § 33.13, and potentially other law.

Subject to the above objections, the attached exhibits provide information responsive to this request:

Attached as Exhibit A is a spreadsheet created by DOCCS based on information available in DOCCS's Case Management System ("CMS") as of August 12, 2019. This spreadsheet is a list

of all inmates with an approved release date (open date or conditional release date) who have remained in DOCCS custody beyond the approved release date. The spreadsheet contains information regarding 365 individuals who remained in DOCCS custody past an approved release date who have not yet reached the maximum expiration date of their determinate or indeterminate sentence. They remain in DOCCS custody for a variety of reasons, including, but not limited being:

- Sex Offender in need of SARA compliant residence
- Nursing Home or other medical facility placement needed
- Mental Health facility or supportive housing placement needed
- Homeless, appropriate for a shelter – on waiting list
- Homeless, not appropriate for a shelter
- Developmentally disabled and in need of supportive OPWDD housing placement
- Seriously Mentally Ill and a danger to the community, awaiting civil confinement

The following key applies to Exhibit A:

"67 / SC29" = Parole Board imposed special condition that states in sum and substance that the inmate will propose and assist in efforts to develop an approved residence

"68 / SC30" = Parole Board imposed special condition that states in sum and substance that the inmate will only reside in approved residence

"69 / SC28" = Parole Board imposed special condition that states in sum and substance that the inmate will abide by SARA

"A6 / SC37" = Parole Board imposed special condition that states in sum and substance that the inmate is being civilly confined for mental health purposes

"F1 / FC01" = SOH220 Sex Offender Housing condition.

"F2 / FC02" =  RTF

"PAR ME Date" = The maximum expiration date for any period of supervised release

"CMS REL DT" = The earliest approved release date listed on CMS

5

Attached as Exhibit B is an updated spreadsheet listing all non-SARA restricted inmates who were in RTF status from January 1, 2016 to August 26, 2019. Exhibit B lists each inmate's previously scheduled release date, the date of their placement in RTF status, the mechanism of their placement in RTF status (Penal Law § 70.45 or Correction Law § 73.10), and their ultimate date of release from custody. The list is limited to OMH inmate-patients (OMH Level 1, 1S, 2, and 2S). As of August 26, 2019, there were no non-SARA OMH inmate-patients placed in RTF status.

Attached as Exhibit C is a spreadsheet showing OMH inmate-patients (OMH Level 1S and 2S) who have remained in DOCCS custody past their initial scheduled release date. Exhibit C also shows OMH inmate-patients who will remain in DOCCS custody past their original conditional release date due to revised sentencing due to loss of good time or other factors.

**INTERROGATORY NO. 4:**

Provide the Census of people held in DOCCS Custody beyond their Open Date for Parole Release, from 1/1/2014 to the present, including the person's Open Date for Parole Release, the date of the person's discharge (if applicable), the facility at which the person is held, and the reason for the person's Prolonged Incarceration *(e.g.,* awaiting Community-Based Mental Health Housing, awaiting admission to an inpatient psychiatric center, awaiting residential or facility placement through OPWDD, awaiting nursing home placement, awaiting SARA-compliant housing).

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant Annucci objects to this interrogatory as outside the scope of S.D.N.Y. Local Rule 33.3 to the extent it does not seek the names of witnesses with knowledge of information relevant to the subject matter of the action or the existence, custodian, location and general description of relevant documents.

Defendant objects to this interrogatory because it contains five sub-parts and has been labeled as a single interrogatory. As a result, Plaintiffs' First Set of Interrogatories contain more

6

than 25 interrogatories and violate Fed. R. Civ. P. 33 (a)(1).

Defendant also objects to the interrogatory as overbroad and because the burden of responding outweighs the likely benefit. See FRCP 26(b)(1). Defendant further objects to the extent the interrogatory (a) does not pertain to the claims in this action, which only concern inmates designated with Serious Mental Illness who are not subject to SARA, and is thus not relevant, see FRE 401-404; (b) is not proportional to the needs of the case, see FRCP 26(b)(1); and (c) may violate non-parties' right to privacy. This interrogatory requires the review of individual data of hundreds of offenders.

Defendant further objects to the extent Plaintiffs' request for information concerns persons who do not suffer from Serious Mental Illness or who are subject to SARA and seeks information irrelevant to the claims in this case.

Defendant further objects because listing names of non-parties may violate their right to privacy under the Health Insurance Portability and Accountability Act of 1996, N.Y. Mental Health Law § 33.13, and potentially other law by disclosure of their names and is unduly burdensome.

Defendant further objects to the extent that naming non-parties who are suffering from Serious Mental Illness or medical conditions may violate their privacy rights under the Health Insurance Portability and Accountability Act of 1996, N.Y. Mental Health Law § 33.13, and potentially other law.

Subject to the above objections, see Exhibits A, B, and C referenced in Response to Interrogatory 3.

Dated: New York, New York
       October 2, 2019

                LETITIA JAMES
                Attorney General of the State of New York
                <u>Attorney for Defendants</u>
                By:

                   */s/ Jeb Harben*
                JANE R. GOLDBERG
                JEB HARBEN
                Assistant Attorneys General
                28 Liberty Street
                New York, New York  10005
                (212) 416-6133
                (212) 416-6185
                Jane.Goldberg@ag.ny.gov
                Jeb.Harben@ag.ny.gov

To:

Elena Landriscina
Joshua Rosenthal
Betsy Sterling
Disability Rights New York
25 Chapel Street, Suite 1005
Brooklyn, New York  11201

Stefen R. Short
Robert Quackenbush
Veronica Vela
Mary Lynne Werlwas
Prisoners' Rights Project
The Legal Aid Society
199 Water St., 6th Fl.
New York, NY  10038

Walter G. Ricciardi
Emily A. Vance
Paul, Weiss, Rifkind, Wharton
& Garrison, LLP
1285 Avenue of the Americas
New York, New York  10019-6064

Attorneys for Plaintiffs