# Exhibit 91

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
M.G., P.C., C.J., M.J., J.R., and D.R., individually    :
and on behalf of all similarly situated,    :
    :
    :
            Plaintiffs,    :
    :
        -against-    :
    :    19-cv-00639 (CS) (LMS)
ANDREW CUOMO, in his official capacity as the    :
Governor of the State of New York, the NEW YORK    :
STATE OFFICE OF MENTAL HEALTH,    :
ANN MARIE T. SULLIVAN, in her official capacity as :
the Commissioner of the New York State Office of    :
Mental Health, the NEW YORK STATE    :
DEPARTMENT OF CORRECTIONS AND    :
COMMUNITY SUPERVISION, ANTHONY  J.    :
ANNUCCI, in his official capacity as the Acting    :
Commissioner of the New York State Department of    :
Corrections and Community Supervision, ANNE    :
MARIE MCGRATH, in her official capacity as    :
Associate Commissioner of the New York State    :
Department of Corrections and Community Supervision, :
    :
            Defendants.    :
-------------------------------------------------------------X

### DEFENDANT ANN MARIE T. SULLIVAN'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORY NO. 4

Pursuant to Rules 26 and 33 of the Fed. R. Civ. P. and the Local Civil Rules for the Southern

District of New York, Defendant ANN MARIE T. SULLIVAN, sued in her official capacity as the

Commissioner of the New York State Office of Mental Health, by her attorney, LETITIA JAMES,

the Attorney General of the State of New York, supplements her Response to Plaintiffs'

Interrogatory No. 4 as set forth in Plaintiffs' First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

1.      The responses set forth herein constitute the best information presently available to

Commissioner Sullivan based on reasonable searches proportional to the needs of the litigation.

Commissioner Sullivan reserves the right to supplement the responses with additional information

should such information or documents become available to counsel for Commissioner Sullivan.

1

Commissioner Sullivan also reserves the right to object to the further disclosure of any such information or documents.

2.      By providing the information below, Commissioner Sullivan does not in any way waive, or intend to waive and is preserving, (a) all objections to competency, relevance, materiality and admissibility of the responses or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden; (c) all rights to object on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and (d) all right to object on any ground to any request for further responses to these or any discovery requests involving or relating to the subject matter of the request.

3.      By referring Plaintiffs to documents, Commissioner Sullivan does not concede the admissibility or relevance of any document produced or referred to or that the document is original, true, accurate, complete, or authentic. Commissioner Sullivan reserves the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

4.      The inadvertent disclosure of any information and/or document that is privileged, was prepared in anticipation of litigation, or is otherwise excludable from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that information, document or any other document, its subject matter, the information contained therein, or of Commissioner Sullivan's or OMH's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

5.      Commissioner Sullivan objects to Interrogatory No. 4 to the extent that it seeks documents or information in the possession, custody or control of the New York State Department of Corrections and Community Supervision ("DOCCS"), or any governmental entity that is not a

party to this action.

6.    This supplemental response to Interrogatory No. 4 is being provided by Commissioner Sullivan in her official capacity and any response herein shall not be deemed to be based on Commissioner Sullivan's personal knowledge.

Without waiving the foregoing, Commissioner Sullivan responds as follows:

## INTERROGATORIES

## INTERROGATORY NO. 4:

Provide a Census of all individuals in DOCCS custody for whom OMH prepared a SPOA application on or after 1/1/2016, who remain in custody as of the present date.

## RESPONSE TO INTERROGATORY NO. 4:

Defendant Sullivan objects to Interrogatory No. 4 as outside the scope of S.D.N.Y. Local Rule 33.3 to the extent it does not seek the names of witnesses with knowledge of information relevant to the subject matter of the action or the existence, custodian, location and general description of relevant documents.

Defendant Sullivan further objects to Interrogatory No. 4 on the grounds that it is overbroad, over burdensome, not proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1), seeks information that does not pertain to the claims in this action, and seeks information concerning individuals who are non-parties to this action and whose right to privacy would be violated under the Health Insurance Portability and Accountability Act of 1996, N.Y. Mental Health Law § 33.13, and potentially other law by disclosure of their names.

Subject to the above objections, Commissioner Sullivan responds that OMH does not maintain a census, or document or keep a record, of individuals who remain in DOCCS custody for whom a SPOA application was prepared. Nonetheless, in an effort to provide information responsive to Interrogatory No. 4, OMH obtained information from its data management system concerning

3

"Earliest Release Dates" between 1/1/16 and 7/31/19 of individuals who were still in DOCCS custody as of 8/1/19. 179 individuals met this criteria. Of the 179, 51 individuals were previously scheduled to have been released before 8/1/19, but were not. Of these 51 individuals, 29 had an indicator in OMH's data management system that a SPOA application had been submitted. OMH's data management system may undercount submitted SPOA applications. Some of these individuals are subject to SARA. The other 128 individuals were given an "earliest release date" between 1/1/16 and 8/1/19, but were subsequently given a new "earliest release date" that was on or after 8/1/19. Some of these individuals are subject to SARA. A new "earliest release date" could be the result of various factors that OMH is not involved with such as a loss of "good time" or a sentence computation revision. Of these individuals, 33 had an indicator in OMH's data management system that a SPOA application had been submitted. OMH cannot confirm the reasons why any of the individuals referenced above were not released from DOCCS custody as of 8/1/19.

Dated:  New York, New York
        October 2, 2019

                                        LETITIA JAMES
                                        Attorney General of the State of New York
                                        Attorney for Defendants
                                        By:
                                        ____/s/ Jeb Harben_____
                                        JANE R. GOLDBERG
                                        JEB HARBEN
                                        Assistant Attorneys General
                                        28 Liberty Street
                                        New York, New York 10005
                                        (212) 416-6133/6185
                                        (212) 416-6185
                                        Jane.Goldberg@ag.ny.gov
                                        Jeb.Harben@ag.ny.gov

To:

Elena Landriscina
Joshua Rosenthal
Betsy Sterling
Disability Rights New York
25 Chapel Street, Suite 1005
Brooklyn, New York 11201

Stefen R. Short
Robert Quackenbush
Veronica Vela
Mary Lynne Werlwas
Prisoners' Rights Project
The Legal Aid Society
199 Water St., 6th Fl.
New York, NY  10038

Walter G. Ricciardi
Emily A. Vance
Paul, Weiss, Rifkind, Wharton
& Garrison, LLP
1285 Avenue of the Americas
New York, New York  10019-6064

Attorneys for Plaintiffs