UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

M.G., P.C., C.J., M.J., J.R., and D.R., individually and on behalf of all similarly situated,

                                    Plaintiffs,

-against-

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, ANNE MARIE MCGRATH, in her official capacity as Associate Commissioner of the New York State Department of Corrections and Community Supervision,

                                    Defendants.

7:19-cv-0639 (CS)

**DECLARATION OF P.C.**

---------------------------------------------------------------------- x

        I, P.C., being competent to make this declaration and having personal knowledge of the matters stated herein, hereby declare pursuant to 28 U.S.C. § 1746, that the following is true and correct:

        1.     I am a named plaintiff in the above-captioned action. I respectfully submit this declaration in support of Plaintiffs' opposition to Defendants' Motion to Dismiss the First Amended Class Action Complaint.

        2.     My open parole date was December 19, 2017.

        3.     I worked with a discharge planner at Sullivan Correctional Facility to find housing.

4.      Discharge staff told me I should be released to Nassau County but that I am being held in prison because of a need for mental health housing and a lack of available beds.

5.      DOCCS and OMH staff have not given me an estimate of when I will be released from prison.

6.      On October 29, 2018, while inside of Sullivan, I filed my initial grievance by placing it in the prison mail system for delivery to the grievance clerk. *See* Exhibit 1, Discrimination Grievance dated October 29, 2018.

7.      My grievance alleged discrimination on the basis of disability, so I believed it would be treated as an "unlawful discrimination grievance" as defined in the prison's grievance directive. Therefore, upon information and belief, my grievance correctly skipped over the Inmate Grievance Resolution Committee and went directly to the Superintendent for disposition.

8.      On or around December 3, 2018, I received the Superintendent's denial of my initial discrimination grievance.

9.      On or around December 4, 2018, I wrote an appeal of the Superintendent's denial to the Central Office Review Committee ("CORC"). That same day, I signed the appeal and placed it in the prison mail system for delivery to the grievance clerk. *See* Exhibit 2, CORC Appeal dated December 4, 2018.

10.     Grievance staff never requested from me, and I never granted to them (in writing or otherwise), an extension of time for them to respond to my CORC appeal.

11.     On or about January 18, 2019, after far more than 30 days had elapsed since I submitted my CORC appeal, I submitted a letter to the grievance clerk asking for

confirmation that my appeal was transmitted to the CORC. *See* Exhibit 3, Letter from P.C. to Sullivan Grievance Clerk dated January 18, 2019. I have not received a response to that letter.

12. I believe that CORC has not yet adjudicated my appeal. And if it has adjudicated my appeal, it has not sent the disposition to me.

13. In November 2018, I was told that my discharge planner, Ms. Herbert, put in a housing request for me. I understand that housing is being sought for me in Suffolk County because they were unable to find housing for me in Nassau County.

14. Sometime after January 23, 2019, during one of my meetings with Ms. Herbert, I was told that "Albany" had taken over my housing search and that she was no longer responsible for finding me housing.

15. In May 2019, OMH told me that they had found housing for me and that I'd have a housing interview. I was not told the name of the housing provider, the kind of housing, or its location.

16. I was interviewed in May 2019 by a temporary housing provider in Suffolk County. I was told that I would be living with 29 other people for approximately three to six months until permanent housing in Nassau County could be found.

17. As of the date of this declaration, I have not been released from prison.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29 of August, 2019.

                                                                                      _____PC_____
                                                                                      P.C.