UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
M.G., P.C., C.J., M.J., J.R., and D.R., individually　:
and on behalf of all similarly situated,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　Plaintiffs,:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　-against-　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　7:19-cv-00639 (CS) (LMS)
ANDREW CUOMO, in his official capacity as the　:
Governor of the State of New York, the NEW　　:
YORK STATE OFFICE OF MENTAL HEALTH,　:
ANN MARIE T. SULLIVAN, in her official　　　:
capacity as the Commissioner of the New York　:
State Office of Mental Health, the NEW YORK　:
STATE DEPARTMENT OF CORRECTIONS　　:
AND COMMUNITY SUPERVISION, ANTHONY:
J. ANNUCCI, in his official capacity as the Acting　:
Commissioner of the New York State Department　:
of Corrections and Community Supervision, ANNE :
MARIE MCGRATH, in her official capacity as　　:
Deputy Commissioner of the New York State　　:
Department of Corrections and Community　　　:
Supervision,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　Defendants.:
--------------------------------------------------------------X

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

　　　　　　　　　　　　　　　　　　LETITIA JAMES
　　　　　　　　　　　　　　　　　　Attorney General, State of New York
　　　　　　　　　　　　　　　　　　*Attorney for Defendants*
　　　　　　　　　　　　　　　　　　28 Liberty Street
　　　　　　　　　　　　　　　　　　New York, NY 10005
　　　　　　　　　　　　　　　　　　Tel.: (212) 416-6133/6185

JANE R. GOLDBERG
JEB HARBEN
Assistant Attorneys General
　　of Counsel

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

I.     THE CLAIMS OF PLAINTIFFS ARE MOOT ............................................... 1

II.    PLAINTIFFS HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE
       REMEDIES AS REQUIRED BY THE PLRA .................................................. 5

III.   GOVERNOR CUOMO IS NOT A PROPER PARTY .................................... 6

IV.    PLAINTIFFS FAIL TO STATE AN EIGHTH AMENDMENT CLAIM
       AGAINST DEFENDANTS ANNUCCI, SULLIVAN, AND MCGRATH ................ 8

       A.  The Complaint Does Not Allege That Defendants Have a Sufficiently
           Culpable State of Mind ........................................................................... 8

       B.  The Complaint Does Not State a Criminalization of Status Claim ...................... 10

V.     PLAINTIFFS FAIL TO STATE A SUBSTANTIVE DUE PROCESS
       CLAIM ............................................................................................................... 12

VI.    SOVEREIGN IMMUNITY BARS PLAINTIFF P.C.'S ADA TITLE II
       CLAIM ............................................................................................................... 12

VII.   DEFENDANTS' REQUEST TO DISMISS REDUNDANT AND
       DUPLICATIVE CLAIMS SHOULD BE GRANTED .............................................. 13

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

CASES                                                                                                    Page(s)

*Albright v. Oliver*,
   510 U.S. 266 (1994) (plurality opinion) ...............................................................12

*Am. Freedom Defense Initiative v. Metro. Transp. Auth.*,
   815 F.3d 105 (2d Cir. 2016).................................................................................4

*Bennett v. Wesley*,
   No. 11 Civ. 8715, 2013 WL 1798001 (S.D.N.Y. April 29, 2013)...........................................5

*Board of Sch. Comm'rs of Indianapolis v. Jacobs*,
   420 U.S. 128 (1975)........................................................................................2

*Cnty. of Sacramento v. Lewis*,
   523 U.S. 833 (1998)........................................................................................12

*Comer v. Cisneros*,
   37 F.3d 775 (2d Cir. 1994).................................................................................3

*County of Riverside v. McLaughlin*,
   500 U.S. 44 (1991) .........................................................................................2

*Disability Advocates, Inc. v. New York Coalition for Quality Assisted Living, Inc., et al.*,
   675 F.3d 149 (2d Cir. 2012)...............................................................................6

*Disability Advocates, Inc. v. Paterson*,
   598 F. Supp. 2d 289 (E.D.N.Y. 2009) ..................................................................6

*Disability Rights New York v. New York State*,
   No. 17-CV-6965, 2019 WL 2497907 (E.D.N.Y. June 14, 2019) .........................................6-7

*Ex Parte Young*,
   209 U.S. 123 (1908)........................................................................................7, 12

*Farmer v. Brennan*,
   511 U.S. 825 (1994)........................................................................................8

*Francis v. Fiacco*,
   942 F.3d 126 (2d Cir. 2019)...............................................................................8-10

*Fuentes v. Furco*,
   No. 13 Civ. 6846, 2014 WL 4792110 (S.D.N.Y. Sept. 25, 2014) .........................................5-6

*Gardner v. Daddezio*,
   No. 07 Civ. 7201, 2008 WL 4826025 (S.D.N.Y. Nov. 5, 2008) ............................................5

*Gerstein v. Pugh*,
    420 U.S. 103 (1975)........................................................................................................4

*Granite State Outdoor Advert., Inc. v. Town of Orange, Conn.*,
    303 F.3d 450 (2d Cir. 2002)..........................................................................................4

*Hathaway v. Coughlin*,
    37 F.3d 63 (2d Cir. 1994)..............................................................................................8

*Hathaway v. Coughlin*,
    99 F.3d 550 (2d Cir. 1996)............................................................................................9

*Helling v. McKinney*,
    509 U.S. 25 (1993)........................................................................................................8

*Holland v. City of New York*,
    197 F. Supp. 3d 529 (S.D.N.Y. 2016)........................................................................12

*Jaros v. Ill. Dept. of Corr.*,
    684 F.3d 667 (7th Cir. 2012) ......................................................................................13

*Jobie O. v. Spitzer*,
    No. 03 Civ. 8331, 2007 WL 4302921 (S.D.N.Y. Dec. 5, 2007)............................... 2-3

*Kravtsov v. Town of Greenburgh*,
    No. 10-CV-3141, 2014 WL 2719663 (S.D.N.Y. July 9, 2012) ..................................13

*Manning v. Caldwell for City of Roanoke*,
    930 F.3d 264 (4th Cir. 2019) ......................................................................................11

*Mary Jo C. v. New York State & Local Ret. Sys.*,
    707 F.3d 144 (2d Cir. 2013)................................................................................... 12-13

*Mateo v. O'Connor*,
    No. 10 Civ. 8426, 2012 WL 45740 (S.D.N.Y. March 29, 2012)..................................5

*Murphy v. Raoul*,
    380 F. Supp. 3d 731 (N.D. Ill. 2019) .........................................................................11

*Nolan v. Cuomo*,
    No. 11 CV 5827, 2013 WL 168674 (E.D.N.Y. Jan. 16, 2013)....................................7

*Olson v. Brown*,
    594 F.3d 577 (7th Cir. 2010) ........................................................................................4

*Richardson v. City of New York*,
    No. 17-CV-9447, 2018 WL 4682224 (S.D.N.Y. Sept. 28, 2018)................................3

*Robinson v. California*,
    370 U.S. 660 (1962)..........................................................................................10

*Salazar v. King*,
    822 F.3d 61 (2d Cir. 2016)................................................................................4

*Sample v. Diecks*,
    885 F.2d 1099 (3d Cir. 1989)..........................................................................10

*Spiteri v. Russo*,
    No. 12-CV-2780, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013), *aff'd sub nom*,
    *Spiteri v. Camacho*, 622 F. App'x 9 (2d Cir. 2015).......................................7

*U. S. Parole Comm'n v. Geraghty*,
    445 U.S. 388 (1980)..........................................................................................2

*Unan v. Lyon*,
    853 F.3d 279 (6th Cir. 2017) ...........................................................................4

## CONSTITUTIONS

Eighth Amendment ............................................................................................ *passim*

N.Y. Constitution
    Article VII......................................................................................................7

## FEDERAL STATUTES

Americans with Disabilites Act, Title II, 42 U.S.C.
    § 12131, *et* <u>seq</u>................................................................................... 12-13

Prison Litigation Reform Act (PLRA), 42 U.S.C.
    § 1997e(a) ................................................................................................ 1, 5-6

Rehabilitation Act, 29 U.S.C.
    § 701 <u>et</u> <u>seq</u>........................................................................................ 12-13

## STATE STATUTES

N.Y. Correction Law
    § 73(10).........................................................................................................10
    § 112...............................................................................................................7

N.Y. Mental Hygiene Law
    § 7.09.............................................................................................................7

N.Y. Penal Law
    § 70.45(3).......................................................................................................10

Sexual Assault Reform Act (SARA) ............................................................................4, 8

**STATE REGULATIONS**

7 N.Y.C.R.R.
   § 701.5(d)(3)(ii) .................................................................................................5

**OTHER AUTHORITY**

Rubenstein, 1 Newberg on Class Actions
   (5th Ed.) .........................................................................................................2

Defendants, Andrew Cuomo, in his official capacity as the Governor of the State of New York, the New York State Office of Mental Health ("OMH"), Ann Marie T. Sullivan, in her official capacity as the Commissioner of OMH, the New York State Department of Corrections and Community Supervision ("DOCCS"), Anthony J. Annucci, in his official capacity as the Acting Commissioner of DOCCS, and Anne Marie McGrath in her official capacity as Deputy Commissioner of DOCCS, by their attorney, LETITIA JAMES, Attorney General of the State of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the First Amended Class Action Complaint ("Am. Compl."). Defendants also annex the Declaration of Ana Enright, Deputy Commissioner for DOCCS's Parole Operations and Reentry Services, dated December 16, 2019 ("Enright Decl."), and the Declaration of Wendy Vogel, Director of OMH's Central New York Psychiatric Center's Pre-Release Services and Community Reentry, dated December 13, 2019, in further support of their motion to dismiss.

## PRELIMINARY STATEMENT

For the reasons set forth below and in Defendants' opening memorandum, Plaintiffs' First Amended Complaint should be dismissed. The claims of five of the six named plaintiffs are moot and no exception to mootness applies because there is no continuing class of individuals subject to the alleged wrongful conduct. Plaintiffs' claims should be dismissed for the additional reason that they failed to exhaust their administrative remedies under the Prison Litigation Reform Act ("PLRA"). Their constitutional claims fail, first because Plaintiffs do not allege that the individual Defendants had a sufficiently culpable state of mind to establish violations of the Eighth Amendment; and second, because their substantive due process claims are duplicative of their Eighth Amendment claim. Plaintiffs' claims against the individual defendants, sued in their official capacities, are redundant and should be dismissed.

## I.    THE CLAIMS OF PLAINTIFFS ARE MOOT

In opposition to Defendants' argument that the named plaintiffs' claims are moot, Plaintiffs rely on various exceptions to mootness in the context of class action litigation. Their reliance on this precedent is misguided. These plaintiffs no longer have a legally cognizable interest in the resolution of this matter and there is no certified class or pending class certification. Indeed, the Defendants' policies have changed for all inmates, as DOCCS is no longer holding individuals in the putative classes past their respective release dates. *See* Enright Decl. ¶¶ 4, 14, 16.

As a general rule, "mooting of the named plaintiff's claims before a ruling on class certification usually moots the class action." *Board of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129-30 (1975); Rubenstein, 1 Newberg on Class Actions § 2:11 at 111 (5th Ed. 2011). This is the "dominant approach." *Id*. While exceptions to mootness, such as those claimed to apply in this case, may require an intensely factual and situational inquiry, *see Jobie O. v. Spitzer*, No. 03 Civ. 8331, 2007 WL 4302921, at *6 (S.D.N.Y. Dec. 5, 2007), such is not the case here. One relevant fact distinguishes this case from the cases cited by Plaintiffs that have addressed exceptions to mootness: in the ten months since Plaintiffs commenced this action, they have not filed a motion for class certification. This fact is significant because in most cases, it is either class certification, the pendency of a motion for class certification, the court's delay in deciding a motion for class certification, or the pendency of an appeal from denial of a motion for class certification, upon which courts rely when applying one of the exceptions to mootness that Plaintiffs argue should apply here. *See*, e.g., *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991) (certification of class prior to mootness preserved merits of controversy for review); *U. S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980) (action on behalf of a proposed class does not become moot on expiration of named plaintiff's substantive claim, even though class certification was

denied); *Comer v. Cisneros,* 37 F.3d 775, 779 (2d Cir. 1994) (two-year delay in deciding class certification motion warranted relation back to the original filing despite mootness of named plaintiffs' claims).

The crux of Plaintiffs' complaint is that they were being held unlawfully, yet all but one of the named plaintiffs were released to community settings months ago, including the four proposed residential treatment facility ("RTF") subclass representatives. Plaintiff P.C., the only plaintiff who has not been released, has refused a placement with his relatives. DOCCS and OMH continue to try to locate appropriate mental health housing for him that he deems acceptable. *See* Enright Decl. ¶ 12. Under these circumstances, where there is no pending motion for class certification, the claims of the five plaintiffs who have been discharged into the community should be dismissed as moot. *See Jobie O.*, 2007 WL 4302921, at **4, 10 (distinguishing cases in which plaintiffs still had live personal claims when they moved for class certification from plaintiff, whose position had changed between his intervention in the case and the filing of a motion for class certification thirteen months later). *See also Richardson v. City of New York*, No. 17-CV-9447, 2018 WL 4682224, at *1, n. 2 (S.D.N.Y. Sept. 28, 2018) (dismissing as moot potential class claims, as sole plaintiff had voluntarily dismissed claims nine months earlier and no other plaintiff was substituted).

The exceptions to the mootness doctrine do not apply to this case for the additional reason that DOCCS has discontinued placing individuals with serious mental illness in RTF status beyond their expiration date and has also discontinued holding individuals with an open parole date or final conditional release date past that date solely because of an unmet need for mental health housing. Enright Decl. ¶ 14. Because of this development, none of the three mootness exceptions cited by Plaintiffs apply. First, the inherently transitory exception does not apply as there is no

3

"'constant class of persons suffering the deprivation complained of in the complaint.'" *Salazar v. King*, 822 F.3d 61, 73 (2d Cir. 2016) (quoting *Olson v. B*rown, 594 F.3d 577, 582 (7th Cir. 2010)); *see also Gerstein v. Pugh*, 420 U.S. 103, 110 n. 11 (1975) (noting that the requirement of "the constant existence of a class of persons suffering the deprivation is certain"). There is no such "constant class of persons" here because DOCCS has discontinued the complained of practice. *See* Enright Decl. ¶¶ 4, 14. Therefore, the "transitory" nature of Plaintiffs' claims is no longer relevant.

Second, the voluntary cessation exception does not apply because DOCCS has committed to discontinue the practices complained of in the amended complaint. DOCCS has shown that this conduct has, "in fact, ceased," as required by the Second Circuit. *See Am. Freedom Defense Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016). And, given DOCCS's commitment, there is "no reasonable expectation that the alleged violation will recur." *Id*. As to the requirement that the effects of a defendant's actions should be completely and irrevocably eradicated, *see Granite State Outdoor Advert., Inc. v. Town of Orange, Conn.*, 303 F.3d 450, 451 (2d Cir. 2002), DOCCS has issued a policy memorandum advising responsible supervisory staff state-wide that inmates within the definitions of the putative classes here will not be held past their respective release dates because of an unmet need for mental health housing. *See* Enright Decl. ¶ 4, and Ex. "A" annexed thereto.

Third, the narrow "picking off" exception does not apply. That exception applies only where a defendant "strategically seek[s] to avoid litigation by *selectively* resolving" the claims of individual class representatives. *Unan v. Lyon*, 853 F.3d 279, 286 (6th Cir. 2017) (emphasis added). Defendants here have not "picked off" Plaintiffs, while leaving other similarly situated inmates in RTFs. On the contrary, DOCCS has discontinued retaining in custody *all* individuals with Serious Mental Illness who are not subject to New York's Sexual Assault Reform Act

4

("SARA") beyond their scheduled release solely because of an unmet need for mental health housing. *See* Enright Decl. ¶¶ 4, 14. Therefore, the mootness exceptions cited by Plaintiffs do not apply to their claims. Accordingly, five of the six Plaintiffs' claims are moot because they have been released and the claims of P.C. are moot because he has refused to be released and live with family members who have offered to house him.

## II.    PLAINTIFFS HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES AS REQUIRED BY THE PLRA

Plaintiffs fail to show why the Court should not follow the authority cited by Defendants holding that after an appeal to the Central Office Review Committee ("CORC"), 42 U.S.C. § 1997e(a) requires plaintiff inmates to wait until they have received a decision from CORC on their grievance appeal to file a lawsuit. *See, e.g., Fuentes v. Furco*, No. 13 Civ. 6846, 2014 WL 4792110, at ** 2-4 (S.D.N.Y. Sept. 25, 2014) ("the overwhelming weight of authority in this Circuit holds that, however inefficient it may be, the proper course remains a dismissal of Plaintiff's claims without prejudice"); *Bennett v. Wesley*, No. 11 Civ. 8715, 2013 WL 1798001, at *5 (S.D.N.Y. April 29, 2013) (collecting additional cases so holding); *Mateo v. O'Connor*, No. 10 Civ. 8426, 2012 WL 45740, at *5 (S.D.N.Y. March 29, 2012) ("A final decision by CORC is required in order to exhaust administrative remedies."); *Gardner v. Daddezio*, No. 07 Civ. 7201, 2008 WL 4826025, at * 2 (S.D.N.Y. Nov. 5, 2008) ("[T]he final step in the grievance procedure always remains the appeal to CORC. Thus, only after CORC has reviewed the appeal and rendered a decision are New York's grievance procedures exhausted.").

While Plaintiffs argue that CORC is taking longer to decide appeals than a decade ago and, on average is taking longer than the thirty days to decide appeals suggested by 7 N.Y.C.R.R. § 701.5(d)(3)(ii), this assertion does not render Defendants' cited authority inapposite. *See* Pls.' Mem. at 19, n. 42. Indeed, even when the above-cited cases were decided, between 2008 and 2014,

CORC was taking longer than the suggested 30 days to decide appeals. For example, the *Fuentes* court specifically noted that, at the time of the decision, CORC had not decided the appeal in question until a year after it was filed, but still dismissed the action for failure to exhaust. *See Fuentes*, 2014 WL 4792110, at * 3. The same result is required here.

Even assuming, *arguendo,* that all named Plaintiffs appealed to CORC shortly before this lawsuit was filed and waited at least 30 days before filing suit (Pls.' Mem. at 17),[1] Plaintiffs still did not fully exhaust pursuant to 42 U.S.C. § 1997e(a), as none of them waited until receiving a decision from CORC before filing suit as required by the decisions cited herein. *See, e.g., Fuentes*, 2014 WL 4792110, at * 3.

Accordingly, because of their failure to exhaust, Plaintiffs' claims concerning events that occurred prior to their release from DOCCS custody must be dismissed.

## III.    GOVERNOR CUOMO IS NOT A PROPER PARTY

Plaintiffs fail to address Defendants' argument that the mere recital of the Governor's responsibilities to faithfully execute the law[2] has been found by most district courts in the Second Circuit to be an insufficient basis upon which to sue the Governor,[3] including, most notably, *Disability Rights New York v. New York Stat*e, No. 17-CV-6965, 2019 WL 2497907, at **23-24

---

[1] Plaintiffs' Opposition raises questions that cannot be decided on this motion regarding whether the appeals of Plaintiffs were submitted prior to filing the lawsuit.

[2] Defs.' Mem. at 8.

[3] Plaintiffs also rely on *Disability Advocates, Inc. v. Paterson*, 598 F. Supp. 2d 289 (E.D.N.Y. 2009), a case that was reversed on appeal on standing grounds. *See Disability Advocates, Inc. v. New York Coalition for Quality Assisted Living, Inc., et al.*, 675 F.3d 149 (2d Cir. 2012). Disability Advocates, Inc. is the predecessor organization of Plaintiffs' counsel, Disability Rights New York ("DRNY").

(E.D.N.Y. June 14, 2019).[4] Significantly, Plaintiffs fail to distinguish or even discuss any of the many cases cited by Defendants in which the Governor was dismissed as a party because he lacked direct involvement in the alleged illegal conduct. *See*, *e.g.*, *Spiteri v. Russo*, No. 12-CV-2780, 2013 WL 4806960, at *18 (E.D.N.Y. Sept. 7, 2013), *aff'd sub nom, Spiteri v. Camacho*, 622 F. App'x 9 (2d Cir. 2015) (Governor had no direct involvement in plaintiff's classification as a sex offender) and *Nolan v. Cuomo*, No. 11-CV-5827, 2013 WL 168674, at *9 (E.D.N.Y. Jan. 16, 2013) (holding that the governor's duty to ensure that the law is enforced is not sufficient to make the governor a proper party). Here, Plaintiffs argue that they have alleged sufficient "active involvement" by the Governor through his alleged efforts to "address[] the putative class's community-based housing needs"[5] to withstand the Governor's dismissal. Notwithstanding Plaintiffs' recitation of specific responsibilities attributable to the Governor in the discharge of his office, they do not allege that the Governor had direct involvement in any of the conduct that forms the basis for their claims, *i.e.*, their continued incarceration. *See* Am. Compl. ¶¶ 179-187. Governor Cuomo has no statutory authority to incarcerate individuals. He also does not make decisions regarding appropriate housing for inmates with Serious Mental Illness who are released from prison, or unilaterally make budget decisions concerning the allocation of funding for housing for individuals with mental illness.[6] In sum, the exception to immunity created by *Ex parte Young* does not apply and the Governor should be dismissed as a party.

---

[4] In that case, which also involved a housing issue, DRNY did not file any objection to the recommendation that the Governor be dismissed. *See* 17-cv-6965 (E.D.N.Y.), Docket No. 53.
[5] Pls.' Mem. at 23.

[6] *See*, *e.g.* N.Y. Corr. Law § 112; N.Y. Mental Hygiene Law ¶ 7.09; N.Y. Constitution Article VII (State Finances).

## IV.    PLAINTIFFS FAIL TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS ANNUCCI, SULLIVAN, AND MCGRATH

### A.  The Complaint Does Not Allege That Defendants Have a Sufficiently Culpable State of Mind

A plaintiff asserting a prolonged incarceration claim under the Eighth Amendment must show that "the alleged deprivation" is "in objective terms, 'sufficiently serious,'" and that subjectively, "the charged official [] act[ed] with a sufficiently culpable state of mind." *Francis v. Fiacco*, 942 F.3d 126, 150 (2d Cir. 2019) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)). The complaint does not allege facts showing that Defendants Annucci, Sullivan, and McGrath have a sufficiently culpable state of mind, nor does Plaintiffs' Opposition offer any evidence demonstrating a culpable state of mind.

Where a plaintiff asserts an Eighth Amendment claim seeking injunctive relief, "'the subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct': their attitudes and conduct at the time suit is brought and persisting thereafter." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). To win an injunction, the plaintiff "must demonstrate the continuance of [defendants'] disregard [for the alleged deprivation] during the remainder of the litigation and into the future." *Id*. at 846. Therefore, "developments that postdate the pleadings and pretrial motions" may "establish that the inmate is not entitled to an injunction." *Id*.[7] As discussed previously in Point I, *supra*, the First Amended Complaint concedes that Defendants have discharged Plaintiffs

---

[7] *See also id*. ("a district court should approach issuance of injunctive orders with the usual caution, and may, for example, exercise its discretion if appropriate by giving prison officials time to rectify the situation before issuing an injunction") (internal citation omitted).

C.J., M.J., J.R., and D.R. from RTFs.[8] Defendants have also confirmed that going forward DOCCS will not place individuals with serious mental illness who are not subject to SARA in RTF status. *See* Enright Decl. ¶ 14. Under these circumstances, Plaintiffs do not have a valid Eighth Amendment claim for injunctive relief.

Moreover, Defendants did not have the requisite culpable state of mind, even at the time of the events discussed in the complaint. While Plaintiffs correctly point to *Francis* as the Second Circuit's most recent discussion of the standard, that decision merely confirms that the Eighth Amendment claim here should be dismissed. In *Francis*, a prisoner alleged an Eighth Amendment violation when he served four months in state prison following completion of a longer federal sentence, even though the state sentencing court directed the state and federal sentences to run concurrently. 942 F.3d at 131. DOCCS officials declined to implement the order of concurrency because they concluded that the state sentencing court lacked authority under New York law to direct concurrent sentences under the specific circumstances presented. *Id*. The Second Circuit noted that "an Eighth Amendment violation typically requires 'a state of mind that is the equivalent of criminal recklessness.'" *Id*. at 150 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). *See also id*. ("[T]his standard requires that only the deliberate infliction of punishment, and not an ordinary lack of due care for prisoner interests or safety, lead to liability."). In holding that the plaintiff's Eighth Amendment claim failed on qualified immunity grounds, the court found that "[n]o case has found [the culpability] standard met under circumstances like these, where the State Defendants weighed the proper course of action, acted in accordance with a reasonable

---

[8] While *Farmer* anticipates that defendants would normally present evidence of subsequent developments at summary judgment, dismissal on the pleadings is appropriate here because the Amended Complaint itself concedes that Defendants have released C.J., M.J., J.R., and D.R. *See* Am. Compl. ¶¶ 84, 113, 141, 171. The other two named plaintiffs, P.C. and M.G., have not asserted an Eighth Amendment claim.

understanding of a complicated area of state law, and relayed the legal basis for their actions to" the plaintiff. *Id*.

Likewise here, even accepting the allegations as true, Defendants Annucci, Sullivan, and McGrath did not have the requisite culpable state of mind because they did not seek to "deliberate[ly] inflict[] punishment" on Plaintiffs when they facilitated RTF placements. Rather, Plaintiffs allege that these Defendants acted in accordance with multiple provisions of New York law authorizing RTF placement for individuals subject to post-release supervision. *See* Am. Compl. ¶¶ 260-264 & 430 (citing N.Y. Penal Law § 70.45(3) & N.Y. Corr. Law § 73(10)). Just as in *Francis*, the Defendants here relayed the legal basis of their actions to Plaintiffs. *Id*. ¶ 371. And the complaint further concedes that Defendants were motivated to take these actions for the purpose of maintaining continuity of critically important mental health services while the State located a permanent community placement, *id*. ¶ 1, making these acts completely unlike the "class of unnecessary and wanton wrongs" that are "totally without penological justification." *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989). Because the actions were penologically justified, the named defendants could not have had sufficiently culpable states of mind to meet the Eighth Amendment standard. Under these circumstances, the complaint does not allege that Defendants had the "culpable state of mind" required to state an Eighth Amendment claim.

### B.  The Complaint Does Not State a Criminalization of Status Claim

Nor does the complaint state an Eighth Amendment "criminalization of status" claim. Plaintiffs cite no cases in which the conduct alleged here—temporary placement in an RTF as a condition of post-release supervision while State agencies actively work to secure critical community mental health services—was found to criminalize status. *Robinson v. California*, 370 U.S. 660 (1962), and its progeny are distinguishable because those cases largely involve statutes

10

that impermissibly criminalize status or involuntary conduct related to that status, whether or not the person charged otherwise engaged in substantive criminal conduct. The Fourth Circuit case cited by Plaintiffs, *Manning v. Caldwell for City of Roanoke*, 930 F.3d 264 (4th Cir. 2019), makes this distinction clear. There, the court found that the plaintiffs stated an Eighth Amendment claim where a Virginia statute made it a criminal offense for "habitual drunkards" to possess, consume, or purchase alcohol. *Id*. at 284. But the Fourth Circuit stressed the "narrow" impact of its holding, noting that the plaintiffs did "not challenge the constitutionality of any restrictions imposed after conviction of a crime" because "[u]nquestionably, courts may restrict an individual's liberty pursuant to a criminal sentence, and (in some cases) may continue to do so after his formal sentence has concluded." *Id*. By contrast, Plaintiffs here allege only that they are subject to temporary restrictions imposed after conviction of a crime.

The only criminalization of status case cited by Plaintiffs that deals with post-conviction restrictions is a distinguishable out-of-circuit case: *Murphy v. Raoul*, 380 F. Supp. 3d 731 (N.D. Ill. 2019). There, Illinois imposed a rule requiring inmates to secure housing before being released from prison, which made it effectively impossible for homeless incarcerated individuals to *ever* gain freedom, no matter how long their original sentence. *See id*. at 764 ("for someone who is homeless, it is virtually impossible to comply with the . . . host site requirement"). Plaintiffs' allegations here are much different, as they concede that RTF placement is temporary, lasting only until such time as the State is able to secure needed community mental health housing. *See* Am. Compl.¶ 8. Such allegations do not amount to the criminalization of status.

## V.    PLAINTIFFS FAIL TO STATE A SUBSTANTIVE DUE PROCESS CLAIM

Plaintiffs concede that claims of prolonged incarceration are routinely analyzed under the Eighth Amendment. *See* Pls.' Mem. at 24-25 (citing Eighth Amendment cases). That concession defeats their claim for substantive due process because, "if a constitutional claim is covered by a specific constitutional provision, such as the. . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). "This is so because . . . 'the guideposts for responsible decisionmaking' in the 'unchartered area' of substantive due process 'are scarce and open-ended,'" causing the Supreme Court to "limit[] the availability of [substantive due process] claims to those which are not covered under other amendments." *Holland v. City of New York*, 197 F. Supp. 3d 529, 547 (S.D.N.Y. 2016) (quoting *Albright v. Oliver*, 510 U.S. 266, 271–72 (1994) (plurality opinion)).

Plaintiffs have offered no rebuttal to this fundamental principle, other than to vaguely assert that the "Second Circuit has not settled whether substantive due process applies to claims of prolonged incarceration." Pls.' Mem. at 28. There is no need for the Second Circuit to "settle" that question, given the Supreme Court's clear guidance and the fact that courts analyze such claims under the Eighth Amendment.

## VI.    SOVEREIGN IMMUNITY BARS PLAINTIFF P.C.'S ADA TITLE II CLAIM

Defendants argue in their opening brief that Plaintiff P.C.'s Title II claim is barred by sovereign immunity.  However, Defendants agree with Plaintiffs that the Court need not reach the constitutional argument implicated by the question of sovereign immunity, as Plaintiff P.C. has asserted a claim under Section 504 of the Rehabilitation Act. *Id*. (citing *Mary Jo C. v. New York*

*State & Local Ret. Sys.*, 707 F.3d 144, 166 (2d Cir. 2013)).[9] Although Plaintiffs suggest that the Court should decline to address the issue of sovereign immunity at the pleading stage, Pls.' Mem. at 29 n. 31, dismissal of the redundant ADA claim at this stage avoids the entire issue. As Plaintiffs acknowledge, Plaintiff P.C. has a remedy under the Rehabilitation Act that is coextensive with his ADA claims. Dismissal of his ADA claim causes him no prejudice and allows the court to avoid addressing the question of sovereign immunity altogether. *Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) (affirming dismissal of ADA claim and "the thorny question of sovereign immunity" since plaintiff could have but one recovery). Therefore, for the reasons set forth in Defendants' opening memorandum concerning the unsettled issue of the Court's jurisdiction, Plaintiff P.C.'s claim under the ADA should be dismissed.

## VII.    DEFENDANTS' REQUEST TO DISMISS REDUNDANT AND DUPLICATIVE CLAIMS SHOULD BE GRANTED

Plaintiffs argue that their allegations of involvement by the individual defendants, who are named only in their official capacities, require their retention as parties. However, official capacity claims against individuals are claims against the State, and as this court has stated, "are properly dismissed as duplicative of claims against the public entity itself, if named as a defendant. . . ." *Kravtsov v. Town of Greenburgh*, No. 10-CV-3141, 2014 WL 2719663, at * 9 (S.D.N.Y. July 9, 2012) (citations omitted). Plaintiffs' argument that the official-capacity defendants "must remain in this action to defend against other claims" (Pls.' Mem. at 30), erroneously assumes that those claims can survive Defendants' motion to dismiss. As demonstrated in Points IV and V, *supra*, those claims should be dismissed. Finally, while courts may permit ADA and Rehabilitation Act

---

[9] Plaintiffs incorrectly rely on *Mary Jo C.* to argue that they can obtain relief under Title II from the official capacity defendants. Pls.' Mem. at 28. In *Mary Jo C.*, the Second Circuit merely remanded the case "with instructions to the district court to allow the plaintiff leave to amend her complaint in an attempt to invoke the doctrine of *Ex Parte Young*." *Id.*

claims to proceed together, generally without considering the redundancy issue, they need not do so, particularly when the court would then be required to address the issue of sovereign immunity. *See* Point VI *supra*.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' First Amended Class Action Complaint with prejudice.

Dated: New York, New York
        December 16, 2019

LETITIA JAMES
Attorney General, State of New York
*Attorney for Defendants*

By:    /s/ Jane R. Goldberg
        Jane R. Goldberg
        Jeb Harben
        Assistant Attorneys General
        28 Liberty Street
        New York, NY 10005
        Tel.: 1-(212) 416-6133
               1-(212) 416-6185
        Fax: 1-(212) 416-6009
        Jane.Goldberg@ag.ny.gov
        Jeb.Harben@ag.ny.gov