

# DISABILITY RIGHTS NEW YORK

www.drny.org   mail@drny.org   518-432-7861

December 20, 2019

**<u>VIA ECF and Email</u>**
Hon. Lisa Margaret Smith
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

     Re:    *M.G. v. Cuomo*, No. 19-CV-0639 (CS) (LMS), December 23, 2019 Conference

Your Honor,

In advance of the conference on December 23, 2019, I write to advise the Court of Plaintiffs' positions regarding depositions. On November 6, 2019, Your Honor ordered that discovery would not be stayed while Defendants' Motion to Dismiss the First Amended Class Action Complaint remains pending before Judge Seibel. In addition, Your Honor stayed depositions pending the upcoming conference.

Plaintiffs believe that a continued stay on depositions is not necessary at this stage. Plaintiffs have yet to notice any depositions. The parties need to meet and confer on discovery responsive to Plaintiffs' requests for production and interrogatories—the vast majority of which remains outstanding—as well as on the appropriate number of depositions in this case. It is therefore premature to assess whether depositions would in fact impose any material burden on Defendants or otherwise impede the progress of paper discovery while Defendants' motion is outstanding. It may be that Plaintiffs become ready to notice depositions while the motion to dismiss is pending. At that time, the parties can meet and confer and, if Defendants believe that those specific depositions should be stayed, the parties can approach the Court as necessary. In



Page **2** of **2**

the meantime, the parties can make use of this period to push significantly forward with paper discovery.

Plaintiffs would, however, note one topic in particular on which depositions may be required in the coming months. Defendants have taken a new position in this case that requires clarification. On December 16, 2019, Defendants filed their Reply in which they state—for the first time in this litigation—that DOCCS has "discontinued" the practice of refusing to release Plaintiffs and putative class members from prison "solely because of an unmet need for mental health housing."[1] ECF No. 90. In support, Defendants rely on a new DOCCS policy (issued the same day as their reply brief), which indicates only that DOCCS will allow the release of certain individuals with mental illness to homeless shelters. ECF No. 92-1. Defendants' position contains numerous ambiguities and potential operational caveats. Plaintiffs intend to serve Requests for Production regarding this new policy. Depositions, however, will be necessary to clarify how this policy was developed, what it requires of Defendants' staff, and how it will be implemented. Because it appears that this policy was enacted in response to the instant litigation, documentary discovery will likely not suffice to provide Plaintiffs with all relevant information.

For the reasons above, Plaintiffs respectfully request that depositions not be stayed at this stage.

Respectfully submitted,

/s/

Elena Landriscina

CC:   Counsel of Record (Via ECF)

---

[1] For the reasons addressed in Plaintiffs' opposition brief, ECF No. 82, Defendants' professed about-face does not moot or otherwise warrant dismissal of any claim.