

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

December 23, 2019

**By ECF and Email**
Hon. Lisa Margaret Smith
United States Magistrate Judge
300 Quarropas Street
White Plains, NY 10601

    Re:    *M.G. v. Cuomo*, 19-cv-0639 (CS) (LMS)

Dear Judge Smith:

    I write in response to Plaintiffs' letter dated December 20, 2019, regarding this afternoon's status conference. Defendants oppose Plaintiffs' request to lift the stay on depositions and propose an alternative path forward in which the parties accept Your Honor's invitation, made at the August 9, 2019 status conference, to assist the parties in resolving this case without further litigation.

    There have been substantial developments in this case since the parties last appeared before Your Honor. As Plaintiffs note, the New York State Department of Corrections and Community Supervision ("DOCCS") has discontinued placing individuals with serious mental illness in RTF status beyond their expiration date and has also discontinued holding individuals with an open parole date or final conditional release date past that date solely because of an unmet need for mental health housing. DOCCS has issued and distributed a policy memorandum to this effect, which Defendants have filed as an attachment to their reply memorandum in support of the motion to dismiss. *See* ECF No. 92-1.

Hon. Lisa Margaret Smith
December 23, 2019
Page 2

This development eliminates the practice that Plaintiffs complain about in their lawsuit, and, as explained in Defendants' reply brief, represents an additional basis for the Court to dismiss this action on mootness grounds. However, even if the Court were to deny the motion to dismiss, at a minimum, Defendants believe that the new DOCCS policy substantially changes the need for further protracted discovery and litigation. Because Plaintiffs seek only injunctive relief, and Defendants have already discontinued the practice that was the basis of this lawsuit, it would be most efficient for all sides to discuss whether an agreement can be reached that would further memorialize Defendants' revised practice and resolve this action.

Plaintiffs' letter indicates that they have questions about the new DOCCS policy. If so, the settlement process that Your Honor previously suggested would provide a full opportunity for Defendants to answer those questions. That path forward would be far more efficient and productive for the parties and the Court than Plaintiffs' suggestion to enter full-blown discovery, including depositions and even more requests for production.

We look forward to discussing these issues with Your Honor at today's status conference. Thank you for your consideration of this request.

Respectfully submitted,

/s/ Jane R. Goldberg
Jane R. Goldberg
Jeb Harben
Assistant Attorneys General

cc: All counsel of record (via ECF)