

# DISABILITY RIGHTS NEW YORK

 www.drny.org     mail@drny.org     518-432-7861

February 26, 2020

**VIA ECF and Email**
Hon. Lisa Margaret Smith
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *M.G.* v. *Cuomo*, 19-CV-639 (CS) (LMS) – February 27, 2020 Conference

Dear Judge Smith:

    I write in advance of tomorrow's conference to inform the Court of the status of discovery and several discrete disputes that have arisen. On January 17, 2020, per the Court's order, Plaintiffs served interrogatories directed to the issue of DOCCS' December 16, 2019 Memorandum that Defendants included with their reply brief. ECF No. 92-1. Defendants served their responses on February 18, 2020. Enclosed are the definitions and instructions from Plaintiffs' interrogatories (Exhibit A), as well as the interrogatories themselves and the responses thereto from Defendants Annucci (Exhibit B) and Sullivan (Exhibit C). Plaintiffs raised deficiencies regarding these responses on February 21, 2020, the parties conferred on Monday, and Defendants' counsel provided an update regarding their position this afternoon. Defendants agreed to supplement responses to certain interrogatories by March 6, 2020.

    There are, however, disputes regarding four interrogatories for which Defendants have refused to provide responsive answers:

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: **518-512-3448**
Fax: **518-427-6561**
Toll Free: **1-800-993-8982**

- <u>Annucci Interrogatory 39</u> (pages 20-21 of Exhibit B) seeks information on putative class members who are dually diagnosed and whom Defendants may continue to hold past their release dates, as they are excluded from the policy outlined in the Memorandum.

- <u>Annucci Interrogatory 40</u> (page 21 of Exhibit B) seeks information regarding putative class members who are not determined appropriate for release to a homeless shelter and who are therefore excluded from the policy outlined in the Memorandum.

- <u>Sullivan Interrogatory 9</u> (page 5 of Exhibit C) seeks information relevant to the experience of putative class members now subject to release to homeless shelters—a practice Defendants have stated poses "safety risks" to those individuals. ECF No. 92 ¶ 9.

- <u>Sullivan Interrogatory 22</u> (page 14 of Exhibit C) is directed to a caveat regarding the impact of the Memorandum (namely "unforeseen circumstances"). Defendant Sullivan's response is inadequate as the interrogatory merely seeks clarity on language an OMH official herself used in her declaration in support of Defendants' reply. ECF No. 91 ¶ 6.

Separately, after a thorough review of discovery to date, Plaintiffs informed Defendants that the majority of Plaintiffs' discovery requests (served on June 20 and 21, 2019) remain outstanding. As the Court may remember, Plaintiffs had prioritized certain requests for purposes of the motion to dismiss, as well as class certification. Still eager to proceed to class certification, Plaintiffs recently prioritized again certain outstanding discovery requests relevant to Rule 23 and the parties conferred. But Defendants have needed more time to advise Plaintiffs of their position. Plaintiffs still hope to resolve this matter with further discussion.

                                                Respectfully submitted,

                                                /s/
                                                Joshua Rosenthal

CC: Counsel of Record (Via ECF)