PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS        NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

WRITER'S DIRECT DIAL NUMBER
(212) 373-3350

WRITER'S DIRECT FACSIMILE
(212) 492-0350

WRITER'S DIRECT E-MAIL ADDRESS
wricciardi@paulweiss.com

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

March 13, 2020

**VIA ECF & ELECTRONIC MAIL**
Hon. Cathy Seibel, U.S.D.J.
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601
chambersnysdseibel@nysd.uscourts.gov

    Re:    *M.G.* v. *Cuomo*, No. 7:19-CV-639 (CS) (LMS)
           <u>Letter Motion Concerning Sealing Request and the Parties'</u>
           <u>Objections Pursuant to the Protective Order</u>

Your Honor:

        Along with The Legal Aid Society's Prisoners' Rights Project and
Disability Rights New York; Paul, Weiss, Rifkind, Wharton and Garrison LLP represents
Plaintiffs in the above-referenced matter. Please accept this letter brief in lieu of a more
formal motion **(i)** requesting permission for Plaintiffs to file under seal certain exhibits
to the Declaration of Joshua M. Rosenthal in Support of Plaintiffs' Sur-Reply in Opposition
to Defendants' Motion to Dismiss, and **(ii)** seeking resolution of the parties' dispute
concerning whether certain exhibits should be filed completely under seal.

                            **BACKGROUND**

        On May 15, 2019, Your Honor executed the parties' "Stipulation and
Protective Order" ("Protective Order") and entered the order on the docket (Dkt. No. 42).
The Protective Order states, in relevant part:

        2. "Confidential Information" shall include the following categories of
        information:

        a. The mental health, psychiatric, medical, substance abuse, educational,
        and disability records of (i) the Named Plaintiffs, (ii) individuals currently

incarcerated by or under the community supervision of the New York State Department of Corrections and Community Supervision ("DOCCS"), regardless of whether the individual is a member of the putative class or subclass, (iii) individuals formerly incarcerated by or under the community supervision of DOCCS, and (iv) such individuals' family members; and,

b. Correctional, parole, and disciplinary records of the persons referenced in subparagraph 2(a) above, to the extent they reveal the identity of the person or reference mental health, psychiatric, medical, substance abuse, educational, or disability records/information; and,

c. DOCCS and the New York State Office of Mental Health ("OMH") documents and the information contained therein, for which DOCCS or OMH have an articulable belief that public disclosure may jeopardize institutional safety, security, or orderly operations at DOCCS or OMH facilities . . . .

(Dkt. No. 42 at 2–3.)  It also states:

12.  The designation of materials as Confidential Information shall not mean that any party has agreed that such materials also meet the standard for filing information under seal in a court submission.  Any request seeking to file materials under judicial seal shall be governed by the appropriate legal standards, applicable Local Rules, and requirements of the Court.

13.  Any party who seeks to file any papers that are marked "CONFIDENTIAL" or that otherwise reveal Confidential Information shall first make an application to the Court for permission to file under seal any portion of those papers that disclose Confidential Information.  The filing party shall first meet and confer with the opposing parties, by telephone or otherwise, not less than three (3) business days prior to the filing thereof and, when seeking leave to file under seal, shall indicate to the Court whether any party objects to the request.  If all parties agree in any instance that Confidential Information can be protected from disclosure by redaction, the use of initials, or other means, then the papers need not be filed under seal.

(*Id.* at 7.)  It also states:

Any documents that contain Confidential Information, including but not limited to personnel records, may be publicly disclosed in the course of this litigation if the personal identifying information (including, but not limited to, mental health, psychiatric, medical, substance abuse, educational, or

Case 7:19-cv-00639-CS-AEK    Document 112    Filed 03/13/20    Page 3 of 6

3

disability records/information) is redacted in whole, provided that documents defined in subparagraphs 2(a) and 2(c) may not be so disclosed.

(*Id.* at 2 n.1.)  It further states that a party may object to the designation of materials as "CONFIDENTIAL," and provides:

> The parties will endeavor in good faith to raise any objections within sixty (60) days of the objecting party's receipt of the materials at issue.  The objecting party shall state the objection in writing to counsel for the opposing parties, after which the parties shall attempt in good faith to resolve the dispute.  If the parties are unable to resolve the dispute, within thirty (30) days of the initial objection, the objecting party shall submit the matter for Court resolution.

(*Id.* at 4.)

During the course of discovery to date, the parties have produced documents containing such Confidential Information, and Plaintiffs intend to file certain of those as exhibits in support of their Sur-Reply.  Plaintiffs sent Defendants copies of the exhibits they intend to file under seal or exhibits with redacted Confidential Information, which the parties discussed during a March 12, 2020 telephonic meet and confer and again via email on March 12 and 13, 2020.  During the course of these conversations, Plaintiffs also objected to Defendants' designation of certain document as "Confidential" on the basis that the documents do not contain Confidential Information as delineated in the Protective Order.  As discussed further below, the parties reached an agreement that five documents should be sealed completely or filed publicly with redactions, but were unable to reach an agreement on three other documents.

*Exhibits the Parties Agree Should Be Sealed Completely or Redacted In Part*

Plaintiffs, with Defendants' consent, move to file the following documents either under seal or with redactions, each of which all parties agree contain Confidential Information as defined in the Protective Order:

- Exhibit 106 to the Declaration of Joshua M. Rosenthal in Support of Plaintiffs' Sur-Reply in Opposition to Defendants' Motion to Dismiss, to be filed under seal.
- Exhibits 105, 107, 113 and 117 to the Declaration of Joshua M. Rosenthal in Support of Plaintiffs' Sur-Reply in Opposition to Defendants' Motion to Dismiss, to be filed with redactions.

*Exhibits in Dispute*

Plaintiffs move to file Exhibits 108 and 109 to the Declaration of Joshua M. Rosenthal in Support of Plaintiffs' Sur-Reply in Opposition to Defendants' Motion to Dismiss with the proposed redactions of Confidential Information as defined in the Protective Order. Defendants object to this request and contend that these documents should be filed completely under seal.

Plaintiffs object to Defendants' "Confidential" designation of Exhibit 112 to the Declaration of Joshua M. Rosenthal in Support of Plaintiffs' Sur-Reply in Opposition to Defendants' Motion to Dismiss on the basis that it does not contain Confidential Information as defined in the Protective Order. Defendants disagree with this request and maintain that this document should be filed completely under seal.

This afternoon, Defendants stated that their objection is as follows:

[O]ur position [is] that public disclosure of Exhibits 108, 109, and 112 may jeopardize institutional safety, security, or orderly operations at DOCCS facilities (Protective Order ¶ 2 (c)) and potentially subject those named in those e-mails to harassment and potential violence from current and former inmates beyond the named Plaintiffs (many of who [sic] are violent and have serious mental illness) who may believe they were impacted by the issues discussed in those e-mails (including any unintentional errors by DOCCS staff). As things stand, DOCCS officials are routinely threatened and this public disclosure may make this worse. Indeed, Plaintiff R.J. [sic] threatened, in writing, to murder one of his DOCCS counselors. Filing these documents under seal is not a burden on Plaintiffs as this is already being done for other documents being submitted. Furthermore, the public filing of these documents, which do not reflect current practices, does not further the public interest. Accordingly, in an abundance of caution, we request that these documents be filed under seal.[1]

## ARGUMENT

Following the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), New York federal district courts have summarized the legal standard for sealing materials as follows:

First, a court must determine whether the documents are judicial documents. To qualify as a judicial document, the item filed must be relevant to the

---

[1] Plaintiffs note Defendants requested that Plaintiffs redact email addresses of DOCCS and OMH officials identified in some of the exhibits. Plaintiffs consented to this request and have proposed such redactions accordingly.

performance of the judicial function and useful in the judicial process. If the documents are deemed non-judicial, then there is no presumption of public access, and the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order. If, however, the court determines that the documents are judicial in nature, there is a presumption of public access.

Second, the court determines the weight of the presumption. The weight of the presumption is governed by the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts. The material at issue will fall somewhere on a continuum from matters that directly affect the adjudication to matters that come within a court's purview solely to insure their irrelevance.

Finally, after the court has determined the weight of the presumption of access, the court must balance competing considerations against it. These competing considerations include, *inter alia*, the privacy interests of those resisting disclosure.

*Ello v. Singh*, 531 F. Supp. 2d 552, 582-84 (S.D.N.Y. 2007) (citations and internal quotation marks omitted).

While the documents at issue here are judicial documents, the parties do not dispute that the Protective Order requires that the parties file Exhibits 105, 106, 107, 113, and 117 under seal or with redactions. Among other things, these exhibits contain mental health, correctional, and parole records of the Named Plaintiffs and records that contain personal or identifying information concerning Named Plaintiffs and other individuals currently or formerly incarcerated by DOCCS. As the parties agree, these documents must be filed under seal or redacted to protect these interests.

Applying the same standard to the disputed exhibits, Plaintiffs contend that Exhibits 108 and 109 should be filed publicly with the proposed redactions for personal or identifying information concerning Named Plaintiffs, and that there is no basis for filing Exhibit 112 under seal. Plaintiffs disagree with Defendants' assertion that these three documents should be sealed completely. The unredacted contents of these exhibits do not plausibly give rise to "an articulable belief that public disclosure may jeopardize institutional safety, security, or orderly operations at DOCCS or OMH facilities," as Paragraph 2(c) of the Protective Order requires. The generalized safety concerns that Defendants raised—which sounds in bias that individuals with serious mental illness are inherently violent—would shield any admission of failures by Defendants' staff from public court filings. This is a far cry from the type of documents, such as prison schematics, that the parties contemplated in Paragraph 2(c) of the Protective Order. Moreover, Defendants have not identified a risk of specific and serious

injury, which is required to demonstrate good cause for sealing these documents.  *See, e.g.*, *Sampel v. Livingston County*, 2019 WL 6695916, at *3 (W.D.N.Y. Dec. 9, 2019). Setting aside that the fact that there is no Named Plaintiff named "R.J.," Defendants articulate no connection between their unsubstantiated contention concerning "Plaintiff R.J." and the contents of the exhibits at issue.  Finally, Defendants' arguments concerning the minimal burden to Plaintiffs and the absence of a "public interest" are irrelevant given the presumption that court filings must be filed publicly absent good cause, which Defendants have not articulated here.  *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).  In any case, the public has an interest in the sound functioning of public agencies.

Because the unredacted contents of Exhibits 108, 109, and 112 do not fall within any category of "Confidential Information" enumerated in Paragraph 2 of the Protective Order, these documents should be filed publicly with the proposed redactions that Plaintiffs have submitted in connection with this request.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant Plaintiffs' uncontested request for leave to file Exhibits 105, 106, 107, 113, and 117 under seal to the extent described above and as proposed in the exhibits accompanying Plaintiffs' letter motion.  Plaintiffs further request that the Court grant Plaintiffs leave to file Exhibits 108 and 109 under seal, grant Plaintiffs' objection to Defendants' "CONFIDENTIAL" designation of Exhibit 112, and authorize Plaintiffs to file Exhibits 108, 109, and 112 publicly to the extent discussed herein and proposed via the documents accompanying this letter motion.

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

/s/ Walter Ricciardi
Walter Ricciardi
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:     (212) 373-3000
Email:          wricciardi@paulweiss.com

CC: Counsel of Record (via ECF)