

# DISABILITY RIGHTS NEW YORK

 www.drny.org    mail@drny.org    518-432-7861

March 18, 2020

**VIA ECF and Email**
Hon. Lisa Margaret Smith
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *M.G. v. Cuomo*, No. 19-CV-0639 (CS) (LMS), March 23, 2020 Conference

Your Honor,

      In advance of the conference on March 23, 2020, I write to advise the Court of a discrete discovery dispute related to Plaintiffs' Requests for Production. Since the last conference, the parties conferred regarding several discovery requests, served on June 20 and 21, 2019, which Plaintiffs identified as priorities for proceeding to class certification. The parties were able to reach agreement, or are continuing to confer in an effort to do so, on all but one of these requests: RFP 30. Plaintiffs request that the Court direct production in response to this request.

      **RFP 30** seeks documents and communications "related to the use of a homeless shelter as housing for Persons with Serious Mental Illness leaving DOCCS Custody."[1] Defendants initially objected based on relevance and burden. During phone calls on March 10 and 12, 2020, Plaintiffs repeatedly offered to narrow the scope of the request and to discuss the timing of production. Defendants refused, however, to produce any responsive discovery and stated that further discussion would not resolve their blanket objection.

---

[1] Enclosed as Exhibit 1 is an excerpt of the definitions and instructions for Plaintiffs' requests, the text of Request 30, and Defendants' initial response.

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: **518-512-3448**
Fax: **518-427-6561**
Toll Free: **1-800-993-8982**

  Defendants' relevance objection lacks merit in light of the broad discovery permitted by Rule 26(b)(1). Defendants have often rejected homeless shelters as housing for indigent people with serious mental illness and held such individuals in prison pending availability in community-based mental health housing, and Defendants have failed to develop adequate capacity in community-based mental health housing for which hundreds of people each year are eligible, leading to violations of the Americans with Disabilities Act and Rehabilitation Act. *See, e.g.*, Dkt. 47 ("FAC") ¶¶ 254-55, 388. Defendants have argued, incongruously, that information about shelters is not relevant because Defendants will find transitional housing for a subset of the putative class for whom housing is "clinically necessary." Dkt. 110-3 at 9. In the last year alone, however, 334 people were released from prison to a homeless shelter despite being eligible and appropriate for community-based mental health housing. Dkt. 113 at 2; Dkt. 114-13. Defendants' reliance on the crowded shelter system, in lieu of mental health housing, is relevant to the challenged inadequacy of housing. Moreover, Defendants placed their use of shelters directly at issue, via DOCCS' December 16, 2019 Memorandum that authorizes shelter releases for some putative class members, which Defendants cite in defending against Plaintiffs' claims. Dkts. 90, 103. The discovery sought is relevant to the claims and defenses at issue.

  Plaintiffs remain willing to discuss reasonable limits to this request. For the reasons above, Plaintiffs respectfully request that the Court direct Defendants to respond to RFP 30.

                 Respectfully submitted,

                 /s/

                 Elena Landriscina

CC:  Counsel of Record (Via ECF)