UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

M.G., P.C., C.J., M.J., J.R., and D.R., individually and on behalf of all similarly situated,

                          Plaintiffs,

          -against-                        7:19-CV-639 (CS) (LMS)

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, and ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision,

                          Defendants.
------------------------------------------------------------------------ x

## **PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2, 26.3, and 26.4 of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), and in accordance with the definitions and instructions set forth below, Plaintiffs M.G., P.C., C.J., M.J., J.R., and D.R., individually and on behalf of all those similarly situated, hereby request that each and every Defendant produce for inspection and copying all documents and things designated below within their possession, custody, or control, no later than thirty (30) days after service of these requests. Production of these documents and things shall be at the offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of

the Americas, New York, New York 10019-6064, or at another time and place as may be mutually agreed upon by counsel for the parties.

## DEFINITIONS

Plaintiffs hereby incorporate the Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules in addition to the following definitions:

1. "Approved Conditional Release Date" means the date that a Time Allowance Committee approved for an individual's conditional release from Department of Corrections and Community Supervision custody, as set forth in New York Penal Law § 70.40.

2. "Capacity" means the maximum number of people that can be accommodated in a given model of housing.

3. "CNYPC" means Central New York Psychiatric Center as referred to in the 9/26/2016 Memorandum of Understanding between DOCCS and OMH.

4. "CNYPC CBO" means Central New York Psychiatric Center Corrections-Based Operations as referred to in the 9/26/2016 Memorandum of Understanding between DOCCS and OMH.

5. "Census" means an enumeration of specific people by name and, where applicable, DOCCS Department Identification Number.

6. "Community-Based Mental Health Housing" means programs that provide housing and care to Persons With Serious Mental Illness pursuant to a license, authorization, or operating certificate issued by OMH, pursuant to a contract with OMH, or pursuant to a contract with a local government using OMH funding, including but not limited to scattered-site supportive housing, apartment programs, single room occupancy residences, and community residences. This term does not mean a Transitional Residence or Crisis Residence.

7. "Complaint" means the Class Action Complaint filed in this case on 1/23/2019 (Dkt. No. 1).

8. "Crisis Residence" means the residential program referred to in 14 NYCRR Part 589.

9. "DOCCS" means Defendant New York State Department of Corrections and Community Supervision, and each of its current or former officers, directors, employees, staff members, agents, representatives, attorneys, advisors, affiliates, divisions, successors, predecessors, and any other related entities, departments, and all persons and entities acting or purporting to act on its behalf.

10. "DOCCS Custody" means held in a "correctional facility" as defined in New York Correction Law § 2, including but not limited to a state prison and an Residential Treatment Facility.

11. The terms "including," "include," or "includes" are used in their broadest sense and are not meant to be limiting. Any list following these terms contains illustrative examples, but such lists are without limitation and do not constitute exclusive, all-encompassing, or exhaustive listings.

12. "Lawful Release Date" means Maximum Expiration Date, Approved Conditional Release Date, or Open Date for Parole Release.

13. "Maximum Expiration Date" means the date upon which an individual's legal obligation to serve a custodial sentence ends.

14. "OMH" means Defendant New York State Office of Mental Health, and each of its current or former officers, directors, employees, staff members, agents,

representatives, attorneys, advisors, affiliates, divisions, successors, predecessors, and any other related entities, departments, and all persons and entities acting or purporting to act on its behalf.

15. "Open Date for Parole Release" means the parole status granted by the Board of Parole, granting parole release, and reflecting the incarcerated person's earliest possible release date.

16. "Person with Serious Mental Illness" means "Persons with Serious Mental Illness" as defined in New York Mental Hygiene Law § 1.03(52).

17. "RTF" means a facility designated a "Residential Treatment Facility" pursuant to New York Correction Law § 70.

18. "RTF Status" means having been admitted to, transferred to, being placed in, assigned to, or otherwise given the status of placement in an RTF (regardless of physical location), including the status of being subject to "Special Condition of Release for a Determinately Sentenced Offender Being Released to Post-Release Supervision (SC37)" and a "Residential Treatment Facility Designation Pursuant to Correction Law 73(10)" memorandum.

19. "RCTP" means Residential Crisis Treatment Program as referred to in CNYPC CBO Policy # 4.0, RCTP Observation Cells & Dormitory Beds.

20. "Reflecting," "regarding," "referring to," "related to," and "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, reflecting, evidencing, explaining, summarizing, mentioning, concerning, and referring to, directly or indirectly.

21. "SPOA" means "Single Point of Access" and refers to the process of coordinating community-based mental health services, as referenced in the New York State Consolidated Fiscal Reporting and Claiming Manual.

22. "SPOA Application" means a standardized form (*e.g.*, OMH 270 form) or system used to apply for community-based mental health services.

23. "Service Provider" means an entity providing mental health services, including housing, case management, and care coordination.

24. "Transitional Residence" means a residential program for individuals with serious mental illness licensed by OMH and located on a psychiatric center campus.

25. "You" and "Your" refer to Defendants and all of Defendants' predecessors in interest, successors in interest, divisions, departments, subsidiaries, branches, affiliates, and its present and former officers, directors, executives, employees, partners, agents, principals, attorneys, trustees, representatives, contractors, and subcontractors, and other persons acting or purporting to act on his, her, or its behalf, unless otherwise specified.

## INSTRUCTIONS

1. Unless otherwise stated, these requests seek responsive information, Documents, and things authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed, for the period of 1/1/2014 through the present.

2. In responding to these requests, You shall produce all responsive Documents and things which are in Your possession, custody, or control or control of Your employees, agents, attorneys, representatives, affiliates, or any other person acting under Your control or on Your behalf. A Document or thing shall be deemed to be within Your control if You have the right to secure the Document or thing or a copy of the Document or thing from another person having possession, custody, or control of the Document or thing.

3. These requests are continuing in nature under Federal Rule of Civil Procedure 26(e). Any Document or thing created or identified after service of any response to these requests that would have been produced in response had the Document or thing then

5

existed or been identified shall promptly be produced whenever You or those in privity with You find, locate, acquire, create, or become aware of such Documents or things, up until the resolution of this action.

4.  In accordance with Federal Rule of Civil Procedure 26 and Local Rule 26.2, where a claim of privilege is asserted in objecting to any request or part thereof and information is not provided on the basis of such assertion, the following information should be provided in a privilege log served with the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information: (a) the type of Document or thing for which the privilege is claimed; (b) the date of the Document or thing; (c) the author(s), addressee(s), custodian(s), and any other recipient of the Document or thing, and, where not apparent, the relationships of the author(s), addressee(s), custodian(s), and any other recipient to each other; (d) the subject matter of the information requested or the Document withheld; and (e) the nature of the privilege asserted and the basis upon which it is claimed.  In all other respects, all claims of privilege (including the attorney-client privilege and the attorney work-product doctrine) must conform to the requirements of Local Rule 26.2 and Federal Rule of Civil Procedure 26(b)(5).

5.  To the extent a requested Document or thing contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the Document or thing produced.

6.  The Documents or things produced shall be produced as they are kept in the usual course of business.

7.  In accordance with Federal Rule of Civil Procedure 34(b)(2), each request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for

the objection shall be stated with specificity, and the objection must state whether any responsive materials are being withheld on the basis of that objection. If an objection pertains only to a portion of a request, or to a word, phrase, or clause contained in a request, You shall state Your objection to that portion only and respond to the remainder of the request.

8. Each requested Document or thing shall be produced in its entirety, along with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings. If a Document or thing responsive to these requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders and notebooks with tabs or labels identifying such Documents are to be produced intact together with such file folders, loose-leaf binders or notebooks. All labels identifying such Documents, files, folders, or binders shall be copied. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

9. Any ambiguity as to any request shall be construed so as to require the production of the greater number of Documents or things.

10. If, in responding to these requests, You claim any ambiguity in interpreting a request, or any applicable definition or instruction, You may not use that claim as a basis for refusing to respond. Rather, You shall set forth as part of Your response the language deemed ambiguous and the interpretation You used in responding to that request.

11. If any documents or things are no longer in Your possession, custody, or control, or otherwise are not available or accessible to the full extent requested, state whether the documents were lost, destroyed, or otherwise disposed of.

12. If any Document or thing in response to these requests has been destroyed, discarded, or lost, or is otherwise not capable of being produced, identify each such Document or thing and set forth the following information: (a) the date of the Document or thing; (b) a description of the subject matter of the Document or thing; (c) the name and address of each person who prepared, received, viewed, or had possession, custody, or control of the Document or thing; (d) the date when the Document or thing was destroyed, discarded, or lost; (e) the identity of the person who directed that the Document or thing be destroyed, who directed that the Document or thing be discarded, or who lost the Document or thing; and (f) a statement of the reasons for and circumstances under which the Document or thing was destroyed, discarded, or lost.

13. If no Documents or things exist that are responsive to a particular paragraph of these requests, so state in writing.

14. No request shall be read as limiting any other request.

## REQUESTS FOR PRODUCTION

1. All current organizational charts for DOCCS, OMH, and their respective offices, divisions, and bureaus.

2. All Documents concerning the roles and responsibilities of all DOCCS and OMH staff responsible for providing transitional services and discharge planning for people in DOCCS Custody.

3. All Documents reflecting the number of Persons with Serious Mental Illness in DOCCS Custody from 1/1/2014 to the present.

4. All Documents prepared by DOCCS titled "Under Custody Report," and underlying data used in developing and preparing these reports, from 1/1/2014 to the present.

**RESPONSE:**

Defendants object to the request as overbroad and because the burden of responding outweighs the likely benefit and the request is not proportional to the needs of the case. See FRCP 26(b)(1).

Defendants object to Plaintiffs' definition of "Serious Mental Illness" as defined in New York Mental Hygiene Law § 1.03(52) as DOCCS and OMH do not classify inmates with mental illness pursuant to Mental Hygiene Law § 1.03(52), but rather use the Correction Law § 137(6)(e) definition of serious mental illness. OMH uses the MHL §1.03 (52) definition only for pre-release services.

Defendants object to this request to the extent it seeks documents protected by any applicable privilege, including the attorney client privilege and/or work product doctrines.

Defendants object to this request to the extent that it does not relate to the claims in this action.

Defendants further object because producing documents concerning non-party offenders may violate their privacy rights and is unduly burdensome.

Subject to and without waiving and without waiving the above objections, Defendants are collecting responsive documents concerning Named Plaintiffs for production.

30.     All Documents and Communications (including emails, memoranda, notes, and messages) to, from, and among, Defendants Cuomo, Annucci, Sullivan and McGrath; DOCCS and OMH Central Office Staff; DOCCS and OMH Facility Executive Staff and their designees; and Parole Staff, from 1/1/2009 to the present, related to the use of a homeless shelter as housing for Persons with Serious Mental Illness leaving DOCCS Custody.

**RESPONSE:**

Defendants object to the request as overbroad and because the burden of responding outweighs the likely benefit. See FRCP 26(b)(1). Defendants further object to the extent the

24

request (a) does not pertain to the claims in this action and is thus not relevant, see FRE 401-404; and (b) is not proportional to the needs of the case, see FRCP 26(b)(1).

Defendants object to Plaintiffs' definition of "Serious Mental Illness" as defined in New York Mental Hygiene Law § 1.03(52) as DOCCS and OMH do not classify inmates with mental illness pursuant to Mental Hygiene Law § 1.03(52), but rather use the Correction Law § 137(6)(e) definition of serious mental illness. OMH uses the MHL §1.03 (52) definition only for pre-release services.

Defendants object to Plaintiffs' request to the extent it seeks documents from prior to 2016 that are irrelevant to the claims in this action as this was more than three years prior to the filing of this lawsuit.

Defendants further object because producing documents concerning non-party offenders may violate their privacy rights and is unduly burdensome.

31. All Documents related to criteria for admission to Community-Based Mental Health Housing for Persons with Serious Mental Illness, including those leaving DOCCS Custody, applicable from 1/1/2014 to the present.

**RESPONSE:**

Defendants object to the request as overbroad and because the burden of responding outweighs the likely benefit. See FRCP 26(b)(1). Defendants further object to the extent the request (a) does not pertain to the claims in this action and is thus not relevant, see FRE 401-404; and (b) is not proportional to the needs of the case, see FRCP 26(b)(1).

Defendants object to Plaintiffs' definition of "Serious Mental Illness" as defined in New York Mental Hygiene Law § 1.03(52) as DOCCS and OMH do not classify inmates with mental illness pursuant to Mental Hygiene Law § 1.03(52), but rather use the Correction Law § 137(6)(e) definition of serious mental illness. OMH uses the MHL §1.03 (52) definition only for pre-release services.