

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES                                                      DIVISION OF STATE COUNSEL
ATTORNEY GENERAL                                                    LITIGATION BUREAU

By ECF and Email                                              March 20, 2020
Honorable Lisa Margaret Smith
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

RE: *M.G. v. Cuomo*, 19 Civ. 0639 (CS) (LMS)

Dear Magistrate Judge Smith:

We write in response to Plaintiffs' March 18, 2020 letter (ECF No. 118) concerning Plaintiffs'

RFP 30, which seeks "all Documents and communications. . . related to the use of a homeless

shelter as housing for Persons with Serious Mental Illness ["SMI"] leaving DOCCS Custody."

Defendants objected to RFP 30 on several grounds, including that it does not pertain to the

claims in this action and is, therefore, not relevant.[1] This is because this case is not about placing

individuals with SMI in homeless shelters. The Court agreed with Defendants on this issue at the

February 27, 2020 conference when, for example, it declined to require Defendant Sullivan to respond

to Plaintiffs' Interrog. No. 9 (ECF Nos. 110 and 2/27/2020 Minute Entry). During the instant meet-

and-confer, Plaintiffs' counsel acknowledged the Court's position, but argued that it was limited to

the interrogatories the Court ruled on. But the Court did not so limit its analysis.

Indeed, the FAC (at ¶¶ 252-4) and Plaintiff's opposition (ECF No. 82 at 25-26) complain that

---

[1] RFP 30 also demands a vast amount of material (including e-mails), which will require months to locate
and produce, as it seeks every document (which may be in the possession of 1,000 or more custodians)
concerning placement in a shelter for this population, which, as Plaintiffs' acknowledge, numbers
thousands of people over the requested period as several hundred SMI inmates are released to shelters
each year. This is an undue burden under normal circumstances, it is impossible during a public health
emergency where all non-essential workers are expected to work from home.

shelter placement is often rejected as an option (thus delaying release), which makes their current position particularly incongruous. This case was brought by six people, five of whom were placed in community-based housing, none of whom were placed in shelters.[2] The harm alleged in the FAC is that some inmates with SMI were <u>held past their release dates</u> in violation of the ADA and/or § 1983, not that they were <u>released</u> to a shelter. While the FAC alleges that TLRs and crisis centers may be too restrictive under the ADA, this description clearly does not apply to shelters.

DOCCS and OMH begin pre-release planning several months prior to each inmate's scheduled release. For SMI inmates, OMH files a housing application ("SPOA") with the county where they will be released. Contrary to Plaintiffs' assertions, submitting a SPOA application does not mean that the inmate clinically <u>requires</u> mental health housing or that it is "appropriate"[3] at the time of release. Those who are psychiatrically stable and <u>do not clinically</u> require mental health housing are released to the community, which may include a shelter. Vogel Decl. ¶¶ 3-6 (ECF No. 114-2 at 6-7). Accordingly, there is no basis for Plaintiffs' argument that Defendants rely on the "crowded shelter system" in lieu of mental health housing. OMH has stated that since 2014, it has provided mental health housing to all inmates who are found to <u>clinically</u> need such housing. ECF No. 114-2 at 9. These clinical determinations control. *Olmstead v. Zimring*, 527 U.S. 581, 602, 607 (1999). As such, individuals released to shelters are not within the putative class that named Plaintiffs seek to represent (nor can they be, as none were released to shelters). Plaintiffs' attempt to conflate the preparation of a housing application with an entitlement to mental health housing is, therefore, unavailing.

Respectfully submitted,

/s/ Jane R. Goldberg
Jane R. Goldberg
Assistant Attorney General

---

[2] Two of these plaintiffs violated the conditions of their post release supervision within weeks of their release. One is in prison; the other, in a psychiatric facility.

[3] Plaintiffs continue to utilize the undefined term "eligible and appropriate for community-based mental health housing," however an individual's "appropriateness" for community-based mental health housing is a clinical determination. *Olmstead*, 527 U.S. at 602, 607.

Cc:    Counsel of record
       (via ECF)