PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS   NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WALTER G. RICCIARDI

TELEPHONE    (212) 373-3350
FACSIMILE    (212) 492-0350

E-MAIL: wricciardi@paulweiss.com

August 10, 2020

**VIA ECF**

Hon. Lisa Margaret Smith
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *M.G. v. Cuomo*, 19-cv-639 (CS) (LMS) – Motion for Leave to Amend

Dear Judge Smith:

    We represent Plaintiffs in the above-captioned case and submit this pre-motion letter regarding Plaintiffs' anticipated motion to amend their First Amended Complaint ("FAC") to add new claims and Plaintiffs in light of recent developments in this litigation. Earlier today, Plaintiffs asked Defendants whether they consent to the amendment.[1]

    Plaintiffs first amended their Complaint on June 3, 2019. In light of discovery taken to date and other developments in this litigation—including a policy change by Defendants made in an effort to moot this action—Plaintiffs seek to file a Second Amended Complaint ("SAC").[2] The proposed SAC adds claims under the Americans with Disabilities Act and the Rehabilitation Act on behalf of a putative class of people with serious mental illness whom Defendants unnecessarily segregate or place at serious risk of institutionalization upon their release from prison because of Defendants' failure to make available adequate community-based mental health housing and supportive services (the "Discharge Class"). *See* Ex. A (SAC). Additionally, Plaintiffs seek to add three additional Named Plaintiffs as proposed class representatives for the Discharge Class. Because the SAC does not substantively alter the claims of the original Named Plaintiffs, the General Class, or the

---

[1]     Out of an abundance of caution, Plaintiffs filed this letter and the proposed SAC soon after providing a copy of the proposed SAC to Defendants to avoid potential standing issues that may result from Defendants' response. From the inception of this litigation, Defendants have taken action in direct response to this litigation in an effort to moot Plaintiffs' claims. *See, e.g.*, ECF. No. 37 at 2 (asserting that Defendants' release of 4 Plaintiffs moots their claims); ECF. No. 82 at 9–10 (further discussing Defendants' attempts to "pick off" Plaintiffs); ECF No. 100, at 4–6 (same). Plaintiffs remain concerned that these efforts will continue.

[2]     As discussed in Plaintiffs' Sur-Reply in support of their Opposition to Defendants' Motion to Dismiss, this policy change does not moot Plaintiffs' claims. *See* ECF No. 113. Rather, the policy change is a textbook example of where the voluntary cessation exception to mootness applies, as Defendants have not actually ceased the challenged conduct, failed to show that there is a reasonable expectation that the challenged conduct will not recur, and have not completely and irrevocably eradicated the effects of the alleged violations. *See id*.

2

RTF Subclass, the proposed amendment does not impact the Court's resolution of the pending motion to dismiss (ECF No. 79). *See* Ex. B (redline comparing FAC and SAC). Plaintiffs respectfully request that the Court set a pre-motion conference on this issue or grant Plaintiffs leave to amend.

Plaintiffs' proposed amendment satisfies the liberal standard embodied in Federal Rule of Civil Procedure 15, which requires courts to freely grant leave to amend when justice so requires, and Rule 21, which allows the court to add parties "on just terms." *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 94, 97 (S.D.N.Y. 2010); *Junior Gallery Ltd. v. Neptune Orient Line, Ltd.*, 1997 WL 26293, at *2 (S.D.N.Y. Jan. 22, 1997). Absent a good reason—such as undue delay, bad faith, undue prejudice to the opposing party, or futility of the amendment—leave to amend should be granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014); *see also Duling*, 265 F.R.D. at 97–98 ("[E]ven vague or 'thin' reasons are sufficient [to excuse delay] in the absence of prejudice or bad faith."); 6 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1484 (3d ed.) ("If no prejudice is found, then leave normally will be granted."). The burden of establishing undue delay, bad faith, prejudice, or futility falls to Defendants. *Usoz v. Lazar*, 2014 WL 4354691, at *1 (S.D.N.Y. Sept. 2, 2014); *New York SMSA Ltd. P'ship v. Town of Hempstead*, 2013 WL 1148898, at *5 (E.D.N.Y. Mar. 19, 2013). Defendants cannot meet this burden.[3]

There has been no delay. On December 16, 2019, almost a year after Plaintiffs initiated this action and on the day Defendants' reply brief in support of their motion to dismiss was due, DOCCS issued a memorandum stating that it will no longer confine certain putative class members past their scheduled release dates based on its determination that they may be only be released into mental health housing or an appropriate residential setting. ECF No. 92, ¶¶ 4–5; ECF No. 92-1. This memorandum, however, did not address the underlying *Olmstead* violation at issue in this case: Defendants' failure to administer adequate services in appropriate and integrated settings when Plaintiffs reach their lawful release dates from state prison. *See* ECF No. 113. In fact, the memorandum simply creates new *Olmstead* violations by further authorizing the release of hundreds of individuals with serious mental illness to homeless shelters, DOCCS parole housing, Transitional Living Residences, or other non-integrated settings where they do not receive the support for which Defendants have deemed them eligible and appropriate.

---

[3] Additionally, Plaintiffs satisfy the liberal joinder standard for motions to add parties under Rule 20. *See Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003). Rule 20 may be satisfied where, as here, the plaintiffs separately experience harms arising from the same root cause, *see Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826–27 (S.D.N.Y. 2008), or where the facts significantly overlap, *see Barnhart v. Town of Parma*, 252 F.R.D. 156, 161 (S.D.N.Y. 2008). Plaintiffs from each putative class experience harms which arise from the same cause, the State's failure to develop adequate community-based mental health housing and supportive services; involve the same actors, especially at the state-wide level; and present a number of common facts regarding relevant DOCCS and OMH policies and a common question of whether Transitional Living Residences and Transitional Placement Programs constitute adequate community-based mental health housing. Accordingly, joinder is proper under Rule 20.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

After Defendants issued this memorandum, Plaintiffs promptly asked for permission to take discovery tailored to the memorandum, engaged in multiple meet and confers, diligently located potential Named Plaintiffs, and obtained documents necessary to support amendment notwithstanding the challenges posed by an ongoing global pandemic. Defendants cannot legitimately argue that Plaintiffs should have pursued the proposed new claims from the inception of the case or that Plaintiffs are now altering the subject matter of the case. First, from this case's inception, Plaintiffs have sought relief requiring Defendants to promptly make available enough community-based care and treatment opportunities. The proposed new claims are part and parcel to seeking that relief. Second, in supposedly eradicating the practice of holding people past their lawful release dates, Defendants have put their practice of releasing individuals to shelters and other inappropriate settings—in a clear attempt to moot this case—directly at issue. In so doing, Defendants have all but invited Plaintiffs to seek leave to amend to add the claims Plaintiffs now wish to assert.

For similar reasons, Defendants cannot show undue prejudice or bad faith. Defendants have not been prejudiced as this case is still in its infancy: the parties are still at the pleading stage, no scheduling order has been entered, and discovery is still ongoing. *See Panoe v. Microsoft Corp.*, 2008 WL 11449300 (E.D.N.Y. Oct. 1, 20018); Wright, § 1488 at 652–57. Additionally, much of the discovery exchanged to date is relevant to the claims of the Discharge Class. Further, there is no bad faith here. Defendants put the release of incarcerated individuals with serious mental illness to homeless shelters squarely at issue. The proposed claims reflect the progression of this litigation. *See S.E.C. v. DCI Telecomm., Inc.*, 207 F.R.D. 32, 34 (S.D.N.Y. 2002).

Finally, the proposed SAC claims are not futile. Amendment is not futile where the plaintiff has "'at least colorable grounds for relief.'" *Sullivan v. W. N.Y. Residential, Inc.*, 2003 WL 21056888, at *2 (E.D.N.Y. Mar. 5, 2003) (quoting *Ryder Energy Distrib. Corp. v. Merrill Lunch Commods., Inc.*, 748 F.2d 774, 783 (2d Cir. 1984)). The proposed SAC presents more than colorable grounds for relief, as Defendants have subjected the Discharge Class to *Olmstead* violations by releasing them to a revolving door of non-integrated settings, starting with homeless shelters and state-operated institutions, and then cycling them through hospitals, jails, and prisons, all as a result of the State's failure to make available the necessary community-based mental health housing and supportive services for which OMH has determined Plaintiffs eligible. *See Olmstead v. L.C.*, 527 U.S. 581, 604–05 (1999) (integration mandate not satisfied by "mov[ing] institutionalized patients into an inappropriate setting, such as a homeless shelter"). The new Named Plaintiffs have been released to segregated settings that do not afford adequate supportive services, placing them at risk of reinstitutionalization in jails, prisons, or hospitals. *E.g., Davis v. Shah*, 821 F.3d 231, 259 (2d Cir. 2016); *see United States v. Mississippi*, 400 F. Supp. 3d 546, 553 (S.D. Miss. 2019) (collecting relevant decisions). The new claims therefore are far from futile.

Accordingly, the Court should grant Plaintiffs' request for leave to amend.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

Respectfully submitted,

/s/ Walter G. Ricciardi
Walter G. Ricciardi

CC: Counsel of Record (Via ECF)