PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WALTER G. RICCIARDI

TELEPHONE (212) 373-3350
FACSIMILE   (212) 492-0350

E-MAIL: wricciardi@paulweiss.com

August 24, 2020

**VIA ECF**

Hon. Lisa Margaret Smith
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *M.G. v. Cuomo*, 19-cv-639 (CS) (LMS) – Reply in Support of Motion for Leave to Amend

Dear Judge Smith:

We write in further support of Plaintiffs' motion for leave to amend. The Court should grant leave to amend because Defendants apply the wrong standard, mischaracterize Plaintiffs' claims, and fail to meet their burden to establish undue delay, prejudice, or futility.

***Rule 15 applies.*** Rule 16's "good cause" standard governs only where the Court has entered a scheduling order, which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b); *see Villante v. VanDyke*, 93 F. App'x 307, 309 (2d Cir. 2004). The Court has neither held a Rule 16 conference nor entered a scheduling order. Therefore, good cause is not required and the authority Defendants cite is inapplicable. Even still, having acted diligently in amending, Plaintiffs have satisfied Rule 16's "good cause" requirement.

***Plaintiffs' amendments are permissible.*** While a change in litigation strategy is a legitimate reason to amend, *e.g.*, *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 98 (S.D.N.Y. 2010), the SAC and FAC challenge the same conduct: Defendants' failure to provide adequate community-based services to people with serious mental illness who are eligible for such services upon release from prison. The State's unlawful acts—subjecting Plaintiffs to prolonged incarceration or discharging them to other non-integrated settings that also pose a serious risk of institutionalization—are merely symptoms of the conduct Plaintiffs challenge. Allowing claims arising from the same underlying violation to proceed together promotes judicial economy and conserves the parties' resources. *Id.* at 102 n.5.

***Plaintiffs have not delayed, much less unduly, in seeking leave to amend.*** Plaintiffs diligently located new Plaintiffs. (ECF 125 at 2–3.) The time needed before Plaintiffs sought amendment is explained by the difficulties inherent in locating and contacting individuals with serious mental illness released into the shelter system—complications exacerbated by the pandemic. Any delay is not undue. *E.g.*, *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 385 (D. Conn. 2008) (seven-month delay not undue). Moreover, "delay is rarely fatal to a Rule 15 motion if it can be explained." *Duling*, 265 F.R.D. at 97. "Although *some* explanation must be provided to excuse a delay, even vague or 'thin' reasons are sufficient in the absence of prejudice or bad

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

faith." *Id*. at 97–98 (citations omitted). Plaintiffs' explanation meets this liberal standard, just as their diligence satisfies Rule 16's "good cause" requirement. *See Villante*, 93 F. App'x at 309.

***Defendants have not established undue prejudice.*** Amendment would not significantly expand the scope of discovery. Discovery previously sought pertains to *both* the existing and proposed claims, "thereby minimizing the need for significant additional discovery [and] the legal issues raised by the proposed amendment and likely defenses are quite similar to those involved in the original claims." *Ginsberg v. Gov't Props. Tr., Inc.*, 2008 WL 3833876, at *2 (S.D.N.Y. Aug. 13, 2008). Moreover, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend." *United States v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989). Amendment also would not significantly delay resolution of this case, which is in its infancy. The case is at the pleading stage, no scheduling order has been entered, depositions have not commenced, experts have not been disclosed, and many of Plaintiffs' discovery requests remain outstanding.[1] Defendants' contentions are therefore overblown and fail to establish undue prejudice—"the most important factor" in determining whether to permit amendment. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

***Defendants' futility arguments are meritless.*** "To overcome objections of futility, the moving party must merely show that it has 'at least colorable grounds for relief.'" *Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (quoting *Ryder Energy Distrib. Corp. v. Merrill Lynch Commods., Inc.*, 748 F.2d 774, 783 (2d Cir. 1984)). Plaintiffs made that showing, and Defendants fail to meet their burden to prove otherwise. *See Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137–38 (E.D.N.Y. 1998) (party asserting futility bears burden of proof). Defendants point to no defects in Plaintiffs' proposed pleading. They argue, without merit, there is "no controlling law," ignoring that *Olmstead*'s protections "extend[] to persons at serious risk of institutionalization or segregation," *Davis v. Shah*, 821 F.3d 231, 262 (2d Cir. 2016), including Plaintiffs in shelters. Further, because Plaintiffs met their *prima facie* burden—which is "not a heavy one"—to show they can be reasonably accommodated (ECF 125-1 ¶¶ 657–60), the burden has shifted to defendants to show the accommodation is a fundamental alteration. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 280 (2d Cir. 2003). Counsel's unsworn and unsubstantiated assertions of budget concerns is not a basis for denying leave to amend. *See Disability Advocates, Inc. v. Paterson*, 598 F. Supp. 2d 289, 334 (E.D.N.Y. 2009) (denying summary judgment on fundamental alteration given fact-intensive inquiry); *Joseph S. v. Hogan*, 561 F. Supp. 2d 280, 293 (E.D.N.Y. 2008) (denying motion to dismiss, noting defendants' burden to establish fundamental alteration). Defendants also invite the Court to resolve a factual dispute concerning clinicians' determinations of the proposed Plaintiffs' needs. Such arguments cannot be resolved on a Rule 12(b)(6) motion and thus cannot be considered to assess futility. *See Cano v. DPNY, Inc.*, 287 F.R.D. 251, 257 (S.D.N.Y. 2012) (collecting cases). Because Defendants have failed to establish "to a certainty" that the proposed claims are futile, the Court should grant leave to amend. *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 760 F.2d 1347, 1366 (2d Cir. 1985).

---

[1] Defendants' reliance on just the pendency of this case also ignores that, since well before the pandemic, much of the last year has been marked by discovery delays. *E.g.*, ECF 51 (describing Defendants' discovery delay); August 9, 2019 Minute Entry (staying briefing pending discovery issues); August 20, 2019 Minute Entry (same); ECF 59 (noting Defendants' failure to produce discovery); ECF 63 (Defendants seeking extension for discovery); ECF 69 (same).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

Respectfully submitted,


/s/ Walter G. Ricciardi
Walter G. Ricciardi


CC: Counsel of Record (Via ECF)