

199 Water Street
New York, NY 10038
(212) 577-3300
www.legal-aid.org

John K. Carroll
*President*

Janet E. Sabel
*Attorney-in-Chief*
*Chief Executive Officer*

Justine M. Luongo
*Attorney-in-Charge*
Criminal Practice

Mary Lynne Werlwas
*Director*
Prisoners' Rights Project

September 4, 2020

**VIA ECF AND FIRST CLASS MAIL**

Hon. Lisa M. Smith
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *M.G. v. Cuomo*, No. 19-CV-0639 (CS) (LMS)
              Proposed Order Granting New Plaintiffs Permission to Proceed Anonymously

Your Honor:

      Along with Disability Rights New York and Paul, Weiss, Rifkind, Wharton & Garrison, LLP, we represent Plaintiffs and the putative Discharge Class, General Class, and RTF Subclass in the above-referenced matter. We write to respectfully request that the Court enter the attached proposed order regarding Plaintiffs' request to proceed anonymously (the "Proposed Order"). Defendants consent to this request.

      On January 23, 2019, Plaintiffs filed their initial complaint in this matter. (Dkt. #1, Complaint). Shortly thereafter, Plaintiffs moved to proceed anonymously. (Dkt. # 22, Plaintiffs' *Ex Parte* Motion to Proceed Anonymously). On February 7, 2020 Your Honor entered an order granting Plaintiffs' motion. (Dkt. # 35, Order on Plaintiffs' *Ex Parte* Motion to Proceed Anonymously). This order covers the six original Plaintiffs in this action – M.G., P.C., C.J., M.J., J.R., and D.R. Plaintiffs' Second Amended Complaint, however, adds three new Plaintiffs to this action – S.D., D.H., and W.P. These Plaintiffs allege, on behalf of a putative "Discharge Class," that Defendants fail to provide them services in the most integrated setting upon their release from prison, in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. *See Olmstead v. L.C.*, 527 U.S. 581 (1999). The Proposed Order would extend anonymous status to these three new Plaintiffs.

      Like the original Plaintiffs' request to proceed anonymously, this request is supported by controlling Second Circuit precedent. In *Sealed Plaintiff v. Sealed Defendant*, the Court of Appeals held that a district court, when evaluating whether to allow a plaintiff to maintain an action under a pseudonym, must weigh the plaintiff's interest in anonymity against the public interest in disclosure and any prejudice to the defendant. 537 F.3d 185, 189-90 (2d Cir. 2008). In so doing, the Second Circuit set forth a non-exhaustive list of factors that district courts should consider in weighing a

motion to proceed anonymously.[1] Nearly all the factors strongly counsel in favor of granting Plaintiffs' motion.

First, Plaintiffs seek to proceed anonymously in order to maintain the privacy of their statutorily protected mental health information and shield themselves against harassment, social stigmatization, humiliation, embarrassment, and further discrimination. *See* N.Y. Mental Hygiene Law § 33.13(c); *Off. of Mental Retardation & Developmental Disabilities v. Mastracci*, 77 A.D.2d 473, 475 (4th Dep't 1980) ("Article 33 of the Mental Hygiene Law safeguards the rights of patients in State facilities for the mentally disabled."); *see also Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (permitting plaintiff with bipolar disorder to proceed anonymously because he had experienced embarrassment and anxiety when others learned he had bipolar disorder, and faced resulting stigma in his professional life); *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) (holding plaintiff's use of pseudonym was justified because he feared he would be stigmatized if his mental illness were revealed to his friends and associates).[2] An order allowing Plaintiffs to proceed anonymously mitigates the risk of retaliation by Defendants' subordinates, upon whom Plaintiffs rely for survival and delivery of vital services. *See Plaintiffs # 1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 266 (E.D.N.Y. 2015) (finding that plaintiff's fear of retaliation was reasonable, counseling in favor of anonymity); *see also Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1072 (9th Cir. 2000) (noting plaintiffs' vulnerability due to their status as non-resident foreign workers who were at-will employees and resided in company housing).

Second, Defendants will not be prejudiced if Plaintiffs proceed under pseudonyms. In determining whether defendants will be prejudiced, courts assess "the damage to a defendant's reputation caused by the anonymous proceedings, the difficulties in conducting discovery, as well as

---

[1] Those factors include: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Sealed Plaintiff*, 537 F.3d at 190 (citations omitted).

[2] For a survey of decisions granting plaintiffs' applications to proceed under pseudonym due to mental health implications, *see generally* Sara Orme, *Justice or Mental Health . . . Should Litigants Have to Choose? Mental Health as a Reason to Proceed Anonymously*, 44 Ind. L. Rev. 605, 614-16 (2011).

Page 3

the fundamental fairness of proceeding in this manner." *E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 112 (E.D.N.Y. 2003). In cases "where a plaintiff attacks a governmental activity, . . . the plaintiff's interest in proceeding anonymously is considered particularly strong . . . [in part because] the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* at 111. Further, if the proposed order is entered, Plaintiffs will make their identities known to Defendants, subject to a protective order. *See id*. at 112 (holding that where defendant knew plaintiff's identity, there was "no prejudice to its ability to conduct discovery or try the matter"). Permitting Plaintiffs to proceed anonymously will therefore have no adverse effect on Defendants' ability to defend this case.

Third, the public interest is best served by allowing Plaintiffs to proceed anonymously. This litigation necessarily involves the disclosure of highly sensitive psychiatric information,[3] and Plaintiffs may choose to discontinue participation in this lawsuit if their identities are publicly revealed and their psychiatric information exposed. The practices at issue here – Defendants' failure to provide services in community-based mental health housing and their decision to hold Plaintiffs in punitive prison conditions instead – are of great importance to the public and pose a tremendous fiscal cost to taxpayers. *See Does I through XXIII*, 214 F.3d at 1072-73 (noting the case had widespread implications of interest to the public and permitting pseudonyms would serve the public interest by enabling the lawsuit to go forward); *see also U.S. ex rel. Taxpayers Against Fraud v. Singer Co.*, 889 F.2d 1327, 1335 (4th Cir. 1989) (in affirming grant of preliminary injunction, noting that the public interest is served by deterring "exploitation of the public fisc"). The public interest is served by ensuring that this case may proceed.

Accordingly, we respectfully request that the Court enter the attached Proposed Order. We thank the Court for its consideration.

                                        Respectfully submitted,

                                        /s/

                                        Robert M. Quackenbush

cc:      Counsel of record (via ECF)

---

[3] To prove the claims under the Americans with Disabilities Act and Rehabilitation Act, Plaintiffs must adduce information regarding their mental health diagnoses, treatment needs, and eligibility for mental health services.

**Justice in Every Borough.**