STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

**By ECF and Email (Courtesy Copy)**                    October 16, 2020
The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

                    Re:    *M.G., et al. v. Cuomo, et al.*, 19 CV 00639 (CS) (LMS)

Dear Judge Seibel:

    This Office represents the Defendants[1] in this action, who respectfully request a pre-motion conference in anticipation of filing a partial motion to dismiss several claims in the Second Amended Complaint ("SAC"), ECF No. 134. For the reasons outlined below, Defendants seek to dismiss (1) all claims against Governor Cuomo; (2) Plaintiffs' substantive due process claims under their third cause of action; and (3) Plaintiffs' fifth and sixth causes of action for violations of the American with Disabilities Act and the Rehabilitation Act as alleged by plaintiffs S.D., W.P., and D.H., on behalf of the proposed "Discharge Class."

**I.    Parties and Claims**

    As in the First Amended Complaint ("FAC"), Plaintiffs, on behalf of themselves and a putative class and subclass of individuals with serious mental illness, claim that they are being confined in state correctional facilities or residential treatment facilities beyond their open parole, conditional release, or maximum expiration dates because Defendants allegedly have not provided sufficient community-based mental health housing. SAC ¶¶ 1-2. Plaintiffs seek declaratory and injunctive relief against all Defendants under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; and, solely on behalf of the proposed Subclass, against the Commissioners and Deputy Commissioner under the Eighth and Fourteenth Amendments.[2]

---

[1] Defendants are Andrew M. Cuomo, in his official capacity as Governor of the State of New York, the New York State Office of Mental Health ("OMH"); Ann Marie T. Sullivan, in her official capacity as OMH Commissioner; the New York State Department of Corrections and Community Supervision ("DOCCS"); Anthony J. Annucci, in his official capacity as Acting Commissioner of DOCCS; and Anne Marie McGrath, in her official capacity as Deputy Commissioner of DOCCS.

[2] Plaintiffs define the General Class as "all persons (1) housed or who will be housed in a state prison, (2) with serious mental illness, (3) whose open dates for parole release, approved conditional release dates, or maximum expiration dates have passed, (4) who are not subject to residency restrictions under the Sexual Assault Reform Act, and (5) who are appropriate for integrated, community-based housing programs."    FAC ¶ 332. The Subclass consists of "members of the General Class whom

Hon. Cathy Seibel
October 16, 2020
Page 2

Plaintiffs S.P., W.P., and D.H. now purport to assert additional claims on behalf of a proposed "Discharge Class"[3] as part of the SAC. These new claims assert that Defendants are "responsible for making available adequate community-based mental health housing programs and supportive services for this population." *See* SAC ¶ 384.  The "Discharge Class" seeks declaratory and injunctive relief against all Defendants under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act

## II.    Argument

### A.    <u>Governor Cuomo Is Not a Proper Party.</u>

As the Court found in its September 25, 2020 Opinion and Order on Defendants' motion to dismiss the FAC ("Opinion and Order"), Governor Cuomo should be dismissed because he is not a proper defendant.  Plaintiffs once again "fail to allege that the governor had a direct enforcement role of any kind in any of the conduct that forms the basis for their lawsuit. *See* Hearing Tr. p. 13 L. 25 - p. 14, L. 1-2 (Sept. 25, 2020). Plaintiffs' additional allegations as alleged in the SAC do not save their doomed claims against Governor Cuomo. *See* SAC ¶¶ 487, 759, 770.  Plaintiffs once again do not allege that Governor Cuomo has any direct involvement with the alleged violations of federal law. *Warden v. Pataki*, 35 F. Supp. 2d 354, 359 (S.D.N.Y. 1999), *aff'd sub nom., Chan v. Pataki*, 201 F.3d 430 (2d Cir. 1999).  As previously recognized by this Court, these general duties are an insufficient basis for the claims brought against him. *Wang v. Pataki*, 164 F. Supp. 2d 406, 410 (S.D.N.Y. 2001). Therefore, he is not a proper party.

### B.    <u>Plaintiffs' Fourteenth Amendment Claims Fail Because Plaintiffs Cannot Allege A Substantive Due Process Violation</u>

Plaintiffs' substantive due process claims must also be dismissed because as the Court found in its Opinion and Order they are subsumed under Plaintiffs' Eighth Amendment claims for deliberate indifference and cruel and unusual punishment.  *See* Hearing Tr. p. 61 L. 1-5 (Sept. 25, 2020); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (Constitutional claims "must be analyzed under the standard appropriate for that specific provision, not under the rubric of substantive due process."). Plaintiffs have provided no additional allegations in the SAC that would support an independent substantive due process claim.  As such, this claim must be dismissed.

### C.    <u>Plaintiffs Allegations Are Too Speculative To Establish Standing For A "Risk Of Institutionalization" Claim Under the ADA and Rehabilitation Act</u>

To establish Article III standing, ... a plaintiff must show "(1) an 'injury in fact,' (2) a sufficient

---

Defendants incarcerate past their maximum expiration date in 'residential treatment facilities' pursuant to Penal Law § 70.45 or Correction Law § 73." *Id.* ¶ 333.

[3] Plaintiffs define the Discharge Class as "a class of people with serious mental illness whom Defendants unnecessarily segregate or place at serious risk of institutionalization upon their release from prison because Defendants fail to provide the community-based mental health housing and supportive services that Plaintiffs need." SAC ¶ 13.

Hon. Cathy Seibel
October 16, 2020
Page 3

'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision." *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 383 (2d Cir. 2015) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014)). "[The] injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)).

In the SAC, Plaintiffs S.P., W.P., and D.H., on behalf of the "Discharge Class" allege that "[b]y releasing Plaintiffs in the Discharge Class without community-based mental health housing and supportive services, Defendants create serious risks that these individuals will suffer psychiatric harms and, as a result, face unnecessary segregation in psychiatric hospitals or units, Transitional Living Residences, or other institutional settings." SAC ¶ 601. "This hypothetical chain of events falls short of demonstrating a 'certainly impending' risk of injury." *E.B. ex rel. M.B. v. Cuomo*, No. 16-CV-735, 2020 WL 3893928, at *6 (W.D.N.Y. July 11, 2020) (finding plaintiffs' "risk of institutionalization" claims under the ADA and Rehab Act too tenuous to establish standing when they argued that "[r]esidents must wait until their own circumstances have devolved to the point where they are at imminent risk of hurting themselves or others . . . at which point they will likely have to be institutionalized due to the state's failure to appropriately plan for the expected transition." (internal quotations omitted)). As such, Plaintiffs are unable to establish standing to bring this claim.

**D.   Plaintiffs S.P., W.P., and D.H., On Behalf Of The Discharge Class, Do Not Plausibly Allege Violations of the ADA or Rehabilitation Act**

Plaintiff's "risk of institutionalization claim" relies on the Supreme Court's holding in *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999). However, "*Olmstead* does not . . . stand for the proposition that states must provide disabled individuals with the opportunity to remain out of institutions. Instead, it holds only that 'States must adhere to the ADA's nondiscrimination requirement with regard to the services they *in fact* provide."' *Rodriguez v. City of New York*,197 F.3d 611, 616 (*quoting Olmstead*, 119 S. Ct. at 2181 n.14 (emphasis in original)). The Second Circuit, as well as district courts within the Circuit, have repeatedly held that "a claim that challenges the adequacy . . . or the substance . . . of services that are being provided to a disabled individual is not a valid claim under either the ADA or the Rehabilitation Act." *Maccharulo v. New York State Dep't of Corr. Servs.*, 2010 WL 2899751, at *10 (S.D.N.Y. July 21, 2010) (citing cases) "Neither the ADA nor the Rehabilitation Act establish an obligation to meet a disabled person's particular needs vis-a-vis the needs of other [disabled] individuals, but mandate only that the services provided by [covered entities] to non-[disabled] individuals not be denied to a disabled person because he is [disabled]." *Forziano v. Indep. Grp. Home Living Program, Inc.*, 2014 WL 1277912, at *9 (E.D.N.Y. Mar. 26, 2014), aff'd, 613 F. App'x 15 (2d Cir. 2015) (*quoting Doe v. Pfrommer*, 148 F.3d 73, 84 (2d Cir. 1998).

Here, Plaintiffs seek to have Defendants provide them with particularized housing and services based on their status as "released prisoners" as compared to other mentally ill individuals living in the community. "Accordingly, what Plaintiffs ultimately seek to challenge 'is not illegal discrimination against the disabled, but the substance of the services provided to them through Defendants."' *Forziano*, 2014 WL 1277912, at *9 (E.D.N.Y. Mar. 26, 2014) (*quoting Pfrommer*, 148 F.3d at 84. Such a cause of action does not lie under the ADA or the Rehabilitation Act. *See Wright v. Guiliani*, 230 F.3d 543, 548 (2d Cir. 2000).

Hon. Cathy Seibel
October 16, 2020
Page 4

Thank you for your consideration of this request.

Respectfully submitted,

LETITIA JAMES
*Attorney General*
*State of New York*

By: /s/ Jane R. Goldberg
       JANE R. GOLDBERG
       Assistant Attorney General
       (212) 416-6133
       Jane.Goldberg@ag.ny.gov

cc: Counsel of Record (By ECF)