

# DISABILITY RIGHTS NEW YORK

 www.drny.org     mail@drny.org     518-432-7861

**Via ECF and Email**                                                                 November 5, 2020
Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *M.G. v. Cuomo*, No 19-CV-0639 (CS) (AEK), Response to ECF No. 141

Dear Judge Seibel,

      Plaintiffs' counsel respectfully write in response to Defendants' request for a pre-motion conference. As an initial matter, Plaintiffs intend to voluntarily dismiss Governor Cuomo as a Defendant. Defendants' remaining arguments in support of the forthcoming motion to dismiss the Fifth and Sixth Causes of Action in the Second Amended Complaint ("SAC") are without merit.[1]

**A. Background**

      This case is about disability discrimination. Plaintiffs are people with serious mental illness who, upon reaching their prison release dates, are warehoused in prisons, shelters, institutions, and hospitals due to Defendants' failure to make available disability-related services in the community. With leave of the Court, Plaintiffs filed the SAC on August 27, 2020, joining S.D., W.P., and D.H. as representatives of the putative Discharge Class: people with serious mental illness who are unnecessarily segregated or placed at serious risk of institutionalization upon their release from prison because of Defendants' failure to make available community-based mental health housing and supportive services, in violation of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("§ 504"). ECF No. 134.

**B. Plaintiffs S.D., W.P., and D.H. State Claims for Unlawful Disability Discrimination.**

      Defendants misunderstand *Olmstead*. The ADA and § 504 require states to administer their mental health programs in the most integrated setting appropriate to the needs of qualified individuals with disabilities. *Olmstead v. L.C.*, 527 U.S. 581, 592-93 (1999). Therefore, unjustified segregation of people with disabilities is, in itself, unlawful discrimination. *Id.* at 597; *Davis v. Shah*, 821 F.3d 231, 260 (2d Cir. 2016). Plaintiffs state an *Olmstead* claim when they allege that (1) treatment professionals have determined that community-based services are appropriate; (2) the plaintiffs do not oppose such services, and (3) the services can be reasonably accommodated. *Id.* "[N]o comparator class is necessary." *E.B. ex rel. M.B. v. Cuomo*, 2020 WL 3893928, at *10

---

[1] The Court has already dismissed Plaintiffs' Third Cause of Action.

**ALBANY**
725 Broadway, Suite 450
Albany, NY 12207-5001

**BROOKLYN**
25 Chapel St, Suite 1005
Brooklyn, NY 11201

**ROCHESTER**
44 Exchange Blvd, Suite 110
Rochester, NY 14614

TTY: **518-512-3448**
Fax: **518-427-6561**
Toll Free: **1-800-993-8982**

Page **2** of **3**

(W.D.N.Y. July 11, 2020); *see Davis*, 821 F.3d at 260-61. Public entities also violate the ADA and § 504 when their actions pose "a serious risk of institutionalization for disabled persons." *Davis*, 821 F.3d at 263; *see, e.g.*, *United States v. Mississippi*, 400 F. Supp. 3d 546, 553 (S.D. Miss. 2019). Plaintiffs need not show that institutionalization is imminent, but rather only that the "public entity's failure to provide community services . . . will likely cause a decline in health, safety, or welfare that would lead to the individual's eventual placement in an institution." *Davis*, 821 F.3d at 262-63 (ellipsis in original) (internal quotation marks and emphasis omitted).

Defendants outright ignore the detailed allegations that W.P., S.D., and D.H. assert on behalf of themselves and the putative Discharge Class, which support claims for both unjustified isolation and serious risks of institutionalization:

- Plaintiffs are people with disabilities who desire and have been determined eligible for community-based mental health housing and supportive services upon their release from prison (*e.g.*, SAC ¶¶ 217-32, 277, 279-96, 322, 324-34, 353, 629-35, 646-52);
- Plaintiffs can be reasonably accommodated in integrated settings (*e.g.*, *id.* ¶¶ 653-60);
- Due to woefully inadequate capacity, however, Defendants do not make these community-based services available for Plaintiffs (*e.g.*, *id.* ¶¶ 233, 260, 299, 320, 333, 340, 348, 415-19, 474-95, 636, 651-52);
- Defendants instead isolate Plaintiffs in segregated settings, such as state-operated institutions, homeless shelters, and parole housing facilities (*e.g.*, *id.* ¶¶ 234-50, 257-68, 297-315, 330-31, 334-38, 345-46, 533-71, 602-25);
- Plaintiffs released to shelters, hotels, motels, parole housing, and even the community are also placed at serious risks of institutionalization as they will likely decline in mental health, safety, and welfare due to the absence of mental health housing and supportive services (*e.g.*, *id.* ¶¶ 225, 239-41, 244-75, 288, 295, 298-305, 310, 316-21, 330-31, 338-43, 350-51, 403-05, 572-79, 584-601, 626-27).

Contrary to Defendants' assertions, Plaintiffs neither seek new benefits nor challenge the substance of services.[2] New York State has developed a continuum of community-based services. *Id.* ¶¶ 392-414. It is Defendants' failures in *administering* this mental health system—and the resulting, unjustified segregation and risks of institutionalization—that violate federal law and are the subject of this case. *See Mississippi*, 400 F. Supp. 3d at 557 (finding violations where "the descriptions [of the state's mental health system] do not match the reality of service delivery").

### C. Defendants' Standing Argument Is Meritless.

To establish Article III standing, Plaintiffs must demonstrate "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v.*

---

[2] The cases Defendants rely on are thus inapposite. *See Wright v. Guiliani*, 230 F.3d 543, 548 (2d Cir. 2000) (affirming denial of preliminary injunction due to inadequate record on whether relief would amount to new benefits); *Rodriguez v. City of New York*, 197 F.3d 611, 619 (2d Cir. 1999) ("Appellees want New York to provide a new benefit . . . ."); *Forziano v. Indep. Grp. Home Living Program, Inc.*, 2014 WL 1277912 (E.D.N.Y. Mar. 26, 2014) (challenging group home's refusal to authorize cohabitation); *Maccharulo v. NYS DOCCS*, 2010 WL 2899751 (S.D.N.Y. July 21, 2010) (holding that deficient quality of prison-based care cannot be challenged under disability statutes).

*Driehaus*, 573 U.S. 149, 157-58 (2014) (alteration omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). General factual allegations may suffice at the pleading stage. *See Lujan*, 504 U.S. at 561. Defendants challenge only the first prong, arguing that the SAC does not allege an injury-in-fact because it does not "demonstrate" a "certainly impending" risk of institutionalization. Defendants' argument must be rejected.

To plead injury-in-fact in an *Olmstead* case, Plaintiffs must allege that they are subject to segregation or that Defendants' conduct poses a "serious risk" of institutionalization. Here, Plaintiffs allege both.[3] With respect to "at risk" claims, Plaintiffs need only allege that institutionalization is *likely*, not imminent. *Davis*, 821 F.3d at 262-63; *see also Ball by Burba v. Kasich*, 244 F. Supp. 3d 662, 681 (S.D. Ohio 2017) (holding that plaintiffs need not allege imminent institutionalization to establish standing). Under *Olmstead* and its progeny, Defendants' insufficient provision of services is itself an injury-in-fact because it creates a serious risk institutionalization. *See, e.g.*, *Guggenberger v. Minnesota*, 198 F. Supp. 3d 973, 991-92 (D. Minn. 2016) (alleged lack of services and supports necessary to live independently in the community is sufficient to establish injury-in-fact); *Parrales v. Dudek*, 2015 WL 13373978, at *4 (N.D. Fla. Dec. 24, 2015) (alleged "arbitrary delays, denials, or insufficient provision of services" are sufficient to establish injury-in-fact to support ADA claim). That is, Plaintiffs placed at a serious risk of institutionalization experience current, unlawful, and actionable injuries.

These are precisely the injuries that D.H., S.D., and W.P. allege in painstaking detail. *See, e.g.*, SAC ¶¶ 15, 234-61, 298-306, 316-17, 330-31, 335-43. Accordingly, Plaintiffs have sufficiently alleged an injury-in-fact to establish standing. These allegations show that the risk Plaintiffs face is neither "conjectural" nor "hypothetical." *Driehaus*, 573 U.S. at 158 (internal quotation marks omitted). Plaintiffs D.H. and S.D. already have been re-institutionalized and are at serious risk of continued institutionalization if they are not provided with the services and supports for which Defendants have determined them eligible and appropriate. *E.g.*, SAC ¶¶ 252-61, 269, 330-31, 335-41, 350-51. Additionally, W.P.'s mental health has deteriorated while residing at a shelter alongside people who cannot manage their mental health or perform activities of daily living. *Id.* ¶¶ 316-17. In *E.B.*, the plaintiffs failed to allege that a current risk had materialized. *See* 2020 WL 3893928, at *6 (allegations too tenuous where plaintiffs asserted their caregivers may become unable to provide care, that, if so, they may not receive community-based placements, and that their health may then severely deteriorate). By contrast, D.H., S.D., and W.P. assiduously allege the risks they currently face as a direct result of Defendants' insufficient provision of services. Plaintiffs have therefore met their burden to allege an injury-in-fact. Defendants' standing argument must be rejected.

                                                Respectfully submitted,
                                                /s/
                                                Joshua Rosenthal

CC: Counsel of Record (Via ECF)

---

[3] Defendants do not, and cannot, challenge Plaintiffs' allegations that demonstrate standing as to segregation. *See Murphy v. Minn. Dep't of Human Servs.*, 260 F. Supp. 3d 1084, 1101 (D. Minn. 2017) (particular and personal allegations of segregation are sufficient to establish an injury-in-fact to support claims under the ADA and § 504).