UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and D.H.,
individually and on behalf of all similarly situated,

                                        Plaintiffs,

                -against-                                    7:19-cv-00639 (CS) (AEK)

ANDREW CUOMO, in his official capacity as the Governor
of the State of New York, the NEW YORK STATE OFFICE
OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in
her official capacity as the Commissioner of the New York
State Office of Mental Health, the NEW YORK STATE
DEPARTMENT     OF     CORRECTIONS      AND
COMMUNITY      SUPERVISION,     ANTHONY     J.
ANNUCCI, in his official capacity as the Acting
Commissioner of the New York State Department of
Corrections and Community Supervision, ANNE MARIE
MCGRATH, in her official capacity as Deputy
Commissioner of the New York State Department of
Corrections and Community Supervision,

                                        Defendants.
---------------------------------------------------------------------- X

## DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants New York State Office of Mental Health ("OMH"), OMH Commissioner

Ann Marie T. Sullivan, in her official capacity, New York State Department of Corrections and

Community Supervision ("DOCCS"), DOCCS Acting Commissioner Anthony J. Annucci, in his

official capacity, and DOCCS Deputy Commissioner Anne Marie McGrath, in her official

capacity, (collectively, "Defendants")[1], as and for their answer to the Second Amended Class

Action Complaint dated August 27, 2020 (ECF No. 134) ("Second Amended Complaint"),

---
[1] All claims against former Governor Andrew M. Cuomo, sued in his official capacity, were
voluntarily dismissed, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), on December 7, 2020 (ECF No.
149).

respond as follows:[2]

## AS TO THE INTRODUCTION

1.      Defendants deny the allegations set forth in paragraph "1" of the Second Amended Complaint, except admit that Plaintiffs are individuals with serious mental illness and that they purport to bring this action for the reasons stated therein.

2.      Defendants deny the allegations set forth in paragraph "2" of the Second Amended Complaint.

3.      Defendants deny the allegations set forth in paragraph "3" of the Second Amended Complaint.

4.      Defendants deny the allegations set forth in paragraph "4" of the Second Amended Complaint.

5.      Defendants deny the allegations set forth in paragraph "5" of the Second Amended Complaint, except admit that Plaintiffs purport to bring this action for the reasons stated therein.

6.      Defendants deny the allegations set forth in paragraph "6" of the Second Amended Complaint, except admit that Plaintiffs purport to bring this action for the reasons stated therein.

7.      Defendants deny the allegations set forth in paragraph "7" of the Second Amended Complaint.

---

[2] To the extent Defendants Sullivan, Annucci and McGrath are sued solely in their official capacities, see Second Amended Complaint ¶¶ 371, 379 and 382, together with OMH and DOCCS, this Answer accordingly represents the cumulative institutional knowledge at the time of this Answer of OMH and DOCCS, as ascertained through review of records maintained in the ordinary course of its business and discussions with knowledgeable OMH and DOCCS officials and employees. The paragraph numbers in the Answer follow the numbers in the Second Amended Complaint.

8.      No response is required to paragraph "8" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations.

9.      Defendants deny the allegations set forth in paragraph "9" of the Second Amended Complaint.

10.      Defendants deny the allegations set forth in paragraph "10" of the Second Amended Complaint.

11.      Defendants deny the allegations set forth in paragraph "11" of the Second Amended Complaint.

12.      Defendants deny the allegations set forth in paragraph "12" of the Second Amended Complaint.

13.      Defendants deny the allegations set forth in paragraph "13" of the Second Amended Complaint, except admit that Plaintiffs purport to proceed as stated therein.

14.      Defendants deny the allegations set forth in paragraph "14" of the Second Amended Complaint.

15.      Defendants deny the allegations set forth in paragraph "15" of the Second Amended Complaint.

16.      Defendants deny the allegations set forth in paragraph "16 "of the Second Amended Complaint.

17.      Defendants deny the allegations set forth in paragraph "17" of the Second Amended Complaint.

18.     Defendants deny the allegations set forth in paragraph "18" of the Second Amended Complaint, except admit that there is a continuum of mental health housing and supportive services.

19.     Defendants deny the allegations set forth in paragraph "19" of the Second Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

20.     Defendants deny the allegations set forth in paragraph "20" of the Second Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

21.     Defendants deny the allegations set forth in paragraph "21" of the Second Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

22.     With respect to paragraph "22" of the Complaint, the allegations therein set forth the nature and bases of Plaintiffs' claims without making factual allegations and, accordingly, no response is necessary. To the extent a response is deemed required, Defendants deny the allegations.

23.     With respect to paragraph "23" of the Complaint, the allegations therein set forth the nature and bases of Plaintiffs' claims without making factual allegations and, accordingly, no response is necessary. To the extent a response is deemed required, Defendants deny the allegations.

24.     With respect to paragraph "24" of the Complaint, the allegations therein set forth the nature and bases of Plaintiffs' claims without making factual allegations and, accordingly, no response is necessary. To the extent a response is deemed required, Defendants deny the allegations.

## AS TO JURISDICTION AND VENUE

25.     No response is required to paragraph "25" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

26.     No response is required to paragraph "26" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

27.     No response is required to paragraph "27" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

## AS TO THE PARTIES

28.     Defendants deny the allegations set forth in paragraph "28" of the Second Amended Complaint, except admit that Plaintiff M.G.'s records list his year of birth as 1962.

29.     Defendants admit the allegations set forth in paragraph "29" of the Second Amended Complaint.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Second Amended Complaint.

31.     Defendants admit the allegations set forth in paragraph "31" of the Second Amended Complaint.

32.     Defendants admit the allegations set forth in paragraph "32" of the Second Amended Complaint.

33.     Defendants deny the allegations set forth in paragraph "33" of the Second Amended Complaint.

34.     Defendants admit the allegations set forth in paragraph "34" of the Second Amended Complaint.

35.     Defendants deny the allegations set forth in paragraph "35" of the Second Amended Complaint.

36.     Defendants deny the allegations set forth in paragraph "36" of the Second Amended Complaint.

37.     Defendants deny the allegations set forth in paragraph "37" of the Second Amended Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Second Amended Complaint.

39.     Defendants deny the allegations set forth in paragraph "39" of the Second Amended Complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Second Amended Complaint.

41.     Defendants deny the allegations set forth in paragraph "41" of the Second Amended Complaint.

42.     Defendants deny the allegations set forth in paragraph "42" of the Second Amended Complaint.

43.     Defendants deny the allegations set forth in paragraph "43" of the Second Amended Complaint.

44.     Defendants deny the allegations set forth in paragraph "44" of the Second Amended Complaint.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Second Amended Complaint.

46.     Defendants deny the allegations set forth in paragraph "46" of the Second Amended Complaint and respectfully refer the Court to the document referred to therein for a complete and accurate statement of its content.

47.     Defendants deny the allegations set forth in paragraph "47" of the Second Amended Complaint.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Second Amended Complaint.

49.     Defendants deny the allegations set forth in paragraph "49" of the Second Amended Complaint.

50.     Defendants deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph "50" of the Second Amended Complaint.

51.     Defendants deny the allegations set forth in paragraph "51" of the Second Amended Complaint, except DOCCS Defendants admit that Plaintiff M.G. was released on June 18, 2019.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Second Amended Complaint.

53.     Defendants deny the allegations set forth in paragraph "53" of the Second Amended Complaint

54.     OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth therein

55.     OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth therein.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Second Amended Complaint.

57.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Second Amended Complaint.

58.     OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Second Amended Complaint.  DOCCS Defendants deny the allegations set forth in paragraph "58" of the Second Amended Complaint.

59.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Second Amended Complaint.

60.     Defendants deny the allegations set forth in paragraph "60" of the Second Amended Complaint.

61.     Defendants deny the allegations set forth in paragraph "61" of the Second Amended Complaint.

62.     Defendants deny the allegations set forth in paragraph "62" of the Second Amended Complaint.

63.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Second Amended Complaint.

64.    Defendants deny the allegations set forth in in paragraph "64" of the Second Amended Complaint.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Second Amended Complaint.

66.    Defendants deny the allegations set forth in paragraph "66" of the Second Amended Complaint, except admit that Plaintiff P.C.'s records list his year of birth as 1970.

67.    Defendants admit the allegations set forth in paragraph "67" of the Second Amended Complaint.

68.    Defendants admit the allegations set forth in paragraph "68" of the Second Amended Complaint.

69.    Defendants admit the allegations set forth in paragraph "69" of the Second Amended Complaint.

70.    Defendants admit the allegations set forth in paragraph "70" of the Second Amended Complaint.

71.    Defendants admit the allegations set forth in paragraph "71" of the Second Amended Complaint.

72.    Defendants deny the allegations set forth in paragraph "72" of the Second Amended Complaint, except admit that incarcerated individuals with lower intellectual functioning are eligible to be housed in the SNU.

73.    Defendants admit the allegations set forth in paragraph "73" of the Second Amended Complaint.

74.    Defendants admit the allegations set forth in paragraph "74" of the Second Amended Complaint.

75.    Defendants admit the allegations set forth in paragraph "75" of the Second Amended Complaint.

76.    Defendants deny the allegations set forth in paragraph "76" of the Second Amended Complaint.

77.    Defendants deny the allegations set forth in paragraph "77" of the Second Amended Complaint.

78.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Second Amended Complaint, except admit Plaintiff P.C.'s case was transferred to Suffolk County Area Parole Office.

79.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Second Amended Complaint.

80.    Defendants deny the allegations set forth in paragraph "80" of the Second Amended Complaint.

81.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Second Amended Complaint.

82.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Second Amended Complaint.

83.    Defendants deny the allegations set forth in paragraph "83" of the Second Amended Complaint, except DOCCS Defendants admit that Plaintiff P.C. was released on April 28, 2020.

84.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Second Amended Complaint.

85.    Defendants deny the allegations set forth in paragraph "85" of the Second Amended Complaint.

86. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Second Amended Complaint.

87. Defendants deny the allegations set forth in paragraph "87" of the Second Amended Complaint.

88. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Second Amended Complaint.

89. Defendants deny the allegations set forth in paragraph "89" of the Second Amended Complaint.

90. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Second Amended Complaint.

91. Defendants deny the allegations set forth in paragraph "91" of the Second Amended Complaint, except admit that Plaintiff C.J.'s records list his year of birth as 1987.

92. Defendants admit the allegations set forth in paragraph "92" of the Second Amended Complaint.

93. Defendants admit the allegations set forth in paragraph "93" of the Second Amended Complaint.

94. DOCCS Defendants deny the allegations set forth in paragraph "94" of the Second Amended Complaint, except admit that the Maximum Expiration of Plaintiff C.J.'s sentence including Post Release Supervision is October 04, 2022. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

95. Defendants deny the allegations set forth in paragraph "95" of the Second Amended Complaint.

96.     Defendants deny the allegations set forth in paragraph "96" of the Second Amended Complaint.

97.     DOCCS Defendants deny the allegations set forth in paragraph"97" of the Second Amended Complaint, except admit that Plaintiff C.J. was sentenced to a determinate term of ten-years with five-years of Post Release Supervision. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

98.     Defendants deny the allegations set forth in paragraph "98" of the Second Amended Complaint.

99.     Defendants deny the allegations set forth in paragraph "99" of the Second Amended Complaint except admit that CORP provides treatment and discharge planning to OMH Mental Health Service Level 1 and 2 individuals.

100.    Defendants deny the allegations set forth in paragraph "100" of the Second Amended Complaint and respectfully refer the Court to the applicable document for a complete and accurate statement of its content.

101.    Defendants deny the allegations set forth in paragraph "101" of the Second Amended Complaint and respectfully refer the Court to the applicable document for a complete and accurate statement of its content.

102.    Defendants deny the allegations set forth in paragraph "102" of the Second Amended Complaint and respectfully refer the Court to the applicable document for a complete and accurate statement of its content.

103.    Defendants deny the allegations set forth in paragraph "103" of the Second Amended Complaint, except admit that Plaintiff C.J. was enrolled in CORP.

104.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "104" of the Second Amended Complaint.

105.    Defendants deny the allegations set forth in paragraph "105" of the Second Amended Complaint.

106.    Defendants deny the allegations set forth in paragraph "106" of the Second Amended Complaint.

107.    Defendants deny the allegations set forth in paragraph "107" of the Second Amended Complaint.

108.    Defendants deny the allegations set forth in paragraph "108" of the Second Amended Complaint.

109.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Second Amended Complaint.

110.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Second Amended Complaint.

111.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Second Amended Complaint.

112.    Defendants deny the allegations set forth in paragraph "112" of the Second Amended Complaint.

113.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Second Amended Complaint.

114.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Second Amended Complaint.

115.    Defendants deny the allegations set forth in paragraph "115" of the Second Amended Complaint.

116.    Defendants deny the allegations set forth in paragraph "116" of the Second Amended Complaint, except admit that the Middletown Transitional Residence is operated by OMH and is located on the campus of Rockland Psychiatric Center.

117.    Defendants deny the allegations set forth in paragraph "117" of the Second Amended Complaint.

118.    Defendants deny the allegations set forth in paragraph "118" of the Second Amended Complaint.

119.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "119" of the Second Amended Complaint, except admit that parole staff approved Plaintiff C.J.'s discharge.

120.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Second Amended Complaint.

121.    Defendants admit the allegations set forth in paragraph "121" of the Second Amended Complaint.

122.    Defendants deny the allegations set forth in paragraph "122" of the Second Amended Complaint.

123.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Second Amended Complaint.

124.    Defendants deny the allegations set forth in paragraph "124" of the Second Amended Complaint.

125.    Defendants deny the allegations set forth in paragraph "125" of the Second Amended Complaint.

126.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Second Amended Complaint.

127.    Defendants deny the allegations set forth in paragraph "127" of the Second Amended Complaint, except admit that Plaintiff M.J.'s records list his year of birth as 1986.

128.    Defendants admit the allegations set forth in paragraph "128" of the Second Amended Complaint.

129.    Defendants admit the allegations set forth in paragraph "129" of the Second Amended Complaint.

130.    DOCCS Defendants deny the allegations set forth in paragraph "130" of the Second Amended Complaint, except admit that the Maximum Expiration of Plaintiff M.J.'s sentence including Post Release Supervision is June 18, 2023. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

131.    Defendants deny the allegations set forth in paragraph "131" of the Second Amended Complaint.

132.    Defendants deny the allegations set forth in paragraph "132" of the Second Amended Complaint.

133.    DOCCS Defendants deny the allegations set forth in paragraph "133" of the Second Amended Complaint, except admit that Plaintiff M.J. was sentenced to a determinate term of three-

years with five-years of Post Release Supervision. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

134.    Defendants admit the allegations set forth in paragraph "134" of the Second Amended Complaint.

135.    Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "135" of the Second Amended Complaint.

136.    Defendants deny the allegations set forth in paragraph "136" of the Second Amended Complaint.

137.    Defendants deny the allegations set forth in paragraph "137" of the Second Amended Complaint, except OMH Defendants admit that a Single Point of Access ("SPOA") application was submitted for Plaintiff M.J. on May 2, 2018.

138.    Defendants deny the allegations set forth in paragraph "138" of the Second Amended Complaint and respectfully refer the Court to the referenced application for a complete and accurate statement of its content.

139.    Defendants deny the allegations set forth in paragraph "139" of the Second Amended Complaint.

140.    Defendants deny the allegations set forth in paragraph "140" of the Second Amended Complaint.

141.    Defendants deny the allegations set forth in paragraph "141" of the Second Amended Complaint.

142.    Defendants deny the allegations set forth in paragraph "142" of the Second Amended Complaint.

143.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Second Amended Complaint.

144.    Defendants deny the allegations set forth in paragraph "144" of the Second Amended Complaint.

145.    Defendants deny the allegations set forth in paragraph "145" of the Second Amended Complaint.

146.    Defendants deny knowledge or inf6ormation sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Second Amended Complaint.

147.    Defendants deny the allegations set forth in paragraph "147" of the Second Amended Complaint.

148.    Defendants deny the allegations set forth in paragraph "148" of the Second Amended Complaint.

149.    Defendants deny the allegations set forth in paragraph "149" of the Second Amended Complaint and respectfully refer the Court to the alleged referenced application for a complete and accurate statement of its content.

150.    Defendants admit that Plaintiff M.J. was sent to Middletown Transitional Residence on February 19, 2019.

151.    Defendants deny the allegations set forth in paragraph "151" of the Second Amended Complaint.

152.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Second Amended Complaint.

153.    Defendants deny the allegations set forth in paragraph "153" of the Second Amended Complaint.

154.    Defendants deny the allegations set forth in paragraph "154" of the Second Amended Complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Second Amended Complaint.

156.    OMH Defendants deny that OMH holds anyone in State prison. DOCCS Defendants deny the allegations set forth in paragraph "156" of the Second Amended Complaint, except admit that Plaintiff J.R.'s records list his year of birth as 1983.

157.    Defendants admit the allegations set forth in paragraph "157" of the Second Amended Complaint.

158.    Defendants admit the allegations set forth in paragraph "158" of the Second Amended Complaint.

159.    Defendants admit the allegations set forth in paragraph "159" of the Second Amended Complaint.

160.    DOCCS Defendants deny the allegations set forth in paragraph "160" of the Second Amended Complaint, except admit that the Maximum Expiration of J.R.'s sentence including Post Release Supervision was June 07, 2021. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Second Amended Complaint.

161.    DOCCS Defendants deny the allegations set forth in paragraph "161" of the Second Amended Complaint, except admit that Plaintiff J.R. was sentenced to a determinate term of four-years with three-years of Post Release Supervision. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Second Amended Complaint.

162.    DOCCS Defendants deny the allegations set forth in paragraph "162" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Second Amended Complaint.

163.    Defendants deny the allegations set forth in paragraph "163" of the Second Amended Complaint, except admit that Plaintiff J.R. was housed with other individuals serving their sentences.

164.    Defendants admit the allegations set forth in paragraph "164" of the Second Amended Complaint.

165.    DOCCS Defendants deny the allegations set forth in paragraph "165" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Second Amended Complaint.

166.    OMH Defendants deny the allegations set forth in paragraph "166" of the Second Amended Complaint, except admit that a SPOA application was submitted on Plaintiff J.R.'s behalf to Dutchess County and respectfully refer the Court to the application for a complete and accurate statement of its content. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Second Amended Complaint

167.    Defendants the allegations set forth in paragraph "167" of the Second Amended Complaint.

168.    DOCCS Defendants deny the allegations set forth in paragraph "168" of the Second Amended Complaint, except admit that upon reaching the maximum expiration of Plaintiff J.R.'s custodial sentence without providing a suitable residence, J.R. began to serve his term of Post

Release Supervision. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Second Amended Complaint.

169.    DOCCS Defendants deny the allegations set forth in paragraph "169" of the Second Amended Complaint." OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Second Amended Complaint.

170.    DOCCS Defendants deny the allegations set forth in paragraph "170" of the Second Amended Complaint." OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the Second Amended Complaint.

171.    DOCCS Defendants deny the allegations set forth in paragraph "171" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Second Amended Complaint.

172.    Defendants deny the allegations set forth in paragraph "172" of the Second Amended Complaint.

173.    Defendants deny the allegations set forth in paragraph "173" of the Second Amended Complaint.

174.    DOCCS Defendants deny the allegations set forth in paragraph "174" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Second Amended Complaint.

175.    Defendants admit the allegations set forth in paragraph "175" of the Second Amended Complaint.

176.    Defendants deny the allegations set forth in paragraph "176" of the Second Amended Complaint, except admit that Plaintiff J.R. reported being admitted to several housing programs and being told he had to wait for bed availability.

177.    Defendants deny the allegations set forth in paragraph "177" of the Second Amended Complaint.

178.    Defendants admit the allegations set forth in paragraph "178" of the Second Amended Complaint.

179.    Defendants deny the allegations set forth in paragraph "179" of the Second Amended Complaint.

180.    Defendants deny the allegations set forth in paragraph "180" of the Second Amended Complaint and respectfully refer the Court to the referenced website for a complete and accurate statement of its content.

181.    Defendants deny the allegations set forth in paragraph "181" of the Second Amended Complaint.

182.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Second Amended Complaint.

183.    Defendants deny the allegations set forth in paragraph "183" 0f the Second Amended Complaint.

184.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Second Amended Complaint.

185.    Defendants deny the allegations set forth in paragraph "185" of the Second Amended Complaint, except admit that Plaintiff D.R.'s records list his year of birth as 1982.

186.    Defendants admit the allegations set forth in paragraph "186" of the Second Amended Complaint.

187.    Defendants admit the allegations set forth in paragraph "187" of the Second Amended Complaint.

188.    DOCCS Defendants deny the allegations set forth in paragraph "188" of the Second Amended Complaint, except admit that Plaintiff D.R. was sentenced to a determinate term of five-years with five-years of Post Release Supervision. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Second Amended Complaint.

189.    DOCCS Defendants deny the allegations set forth in paragraph "189" of the Second Amended Complaint, except admit that the Maximum Expiration of Plaintiff D.R.'s sentence with Post Release Supervision was March 4, 2021.  OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the Second Amended Complaint.

190.    DOCCS Defendants deny the allegations set forth in paragraph "190" of the Second Amended Complaint, except admit that upon reaching the maximum expiration of Plaintiff D.R.'s custodial sentence without providing a suitable residence, D.R. began to serve his term of Post Release Supervision. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "'190" of the Second Amended Complaint.

191.    DOCCS Defendants deny the allegations set forth in paragraph "191" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "'191" of the Second Amended Complaint.

192.     DOCCS Defendants deny the allegations set forth in paragraph "192" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the Second Amended Complaint.

193.     DOCCS Defendants deny the allegations set forth in paragraph "193" of the Second Amended Complaint.  OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the Second Amended Complaint.

194.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "194" of the Second Amended Complaint.

195.     Defendants deny the allegations set forth in paragraph "195" of the Second Amended Complaint.

196.     DOCCS Defendants deny the allegations set forth in paragraph "196" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "'196" of the Second Amended Complaint."

197.     DOCCS Defendants deny the allegations set forth in paragraph "197" of the Second Amended Complaint, except admit that Plaintiff D.R. met with individuals responsible for discharge planning. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the Second Amended Complaint.

198.     Defendants deny the allegations set forth in paragraph "198" of the Second Amended Complaint and respectfully refer the Court to the alleged referenced application for a complete and accurate statement of its content.

199.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the Second Amended Complaint.

200.    Defendants deny the allegations set forth in paragraph "200" of the Second Amended Complaint.

201.    DOCCS Defendants deny the allegations set forth in paragraph "201" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "'201" of the Second Amended Complaint.

202.    DOCCS Defendants deny the allegations set forth in paragraph "202" of the Second Amended Complaint, except admit that Plaintiff D.R.'s proposed address was determined to be unstable and therefore not suitable. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the Second Amended Complaint.

203.    Defendants deny the allegations set forth in paragraph "203" of the Second Amended Complaint.

204.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "204" of the Second Amended Complaint.

205.    Defendants deny the allegations set forth in paragraph "205" of the Second Amended Complaint.

206.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the Second Amended Complaint.

207.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the Second Amended Complaint.

208.    Defendants admit the allegation set forth in paragraph "208" of the Second Amended Complaint.

209.    OMH Defendants deny the allegations set forth in paragraph "209" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "209" of the Second Amended Complaint.

210.    OMH Defendants deny the allegations set forth in paragraph "210" of the Second Amended Complaint and respectfully refer the Court to the referenced website for a complete and accurate statement of its content. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "210" of the Second Amended Complaint.

211.    Defendants deny the allegations set forth in paragraph "211" of the Second Amended Complaint.

212.    Defendants deny the allegations set forth in paragraph "212" of the Second Amended Complaint.

213.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Second Amended Complaint.

214.    Defendants deny the allegations set forth in paragraph "214" of the Second Amended Complaint.

215.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the Second Amended Complaint.

216.    DOCCS Defendants deny the allegations set forth in paragraph "216" of the Second Amended Complaint, except admit that Plaintiff S.D.'s records list his year of birth as 1972. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "216" of the Second Amended Complaint.

217.    Defendants admit the allegations set forth in paragraph "217" of the Second Amended Complaint.

218.    Defendants admit the allegations set forth in paragraph "218" of the Second Amended Complaint.

219.    Defendants admit the allegations set forth in paragraph "219" of the Second Amended Complaint.

220.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the Second Amended Complaint.

221.    Defendants deny the allegations set forth in paragraph "221" of the Second Amended Complaint.

222.    Defendants deny the allegations set forth in paragraph "222" of the Second Amended Complaint.

223.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "223" of the Second Amended Complaint, except admit that Plaintiff S.D. has been in ICP.

224.    DOCCS Defendants deny the allegations set forth in paragraph "224" of the Second Amended Complaint, except admit that Plaintiff S.D. was housed at Auburn Correctional Facility prior to being transferred to Downstate Correctional Facility immediately preceding his release. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "224" of the Second Amended Complaint.

225.    Defendants deny the allegations set forth in paragraph "225" of the Second Amended Complaint.

226.    Defendants deny the allegations set forth in paragraph "226" of the Second Amended Complaint.

227.    Defendants deny the allegations set forth in paragraph "227" of the Second Amended Complaint.

228.    Defendants deny the allegations set forth in paragraph "228" of the Second Amended Complaint.

229.    Defendants deny the allegations set forth in paragraph "229" of the Second Amended Complaint.

230.    Defendants deny the allegations set forth in paragraph "230" of the Second Amended Complaint.

231.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "231" of the Second Amended Complaint, except admit that Plaintiff S.D. was placed on a waitlist for Promesa.

232.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "232" of the Second Amended Complaint, except admit that Plaintiff S.D. was placed on a waitlist for Promesa.

233.    Defendants deny the allegations set forth in paragraph "233" of the Second Amended Complaint.

234.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "234" of the Second Amended Complaint, except DOCCS Defendants admit that Plaintiff S.D. was discharged on May 17, 2019 to a shelter.

235.    Defendants deny the allegations set forth in paragraph "235" of the Second Amended Complaint.

236.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the Second Amended Complaint.

237.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the Second Amended Complaint.

238.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "238" of the Second Amended Complaint.

239.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the Second Amended Complaint.

240.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "240" of the Second Amended Complaint.

241.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "241" of the Second Amended Complaint.

242.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "242" of the Second Amended Complaint.

243.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "243" of the Second Amended Complaint.

244.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "244" of the Second Amended Complaint.

245.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "245" of the Second Amended Complaint.

246.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "246" of the Second Amended Complaint.

247.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "247" of the Second Amended Complaint.

248.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "248" of the Second Amended Complaint.

249.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "249" of the Second Amended Complaint.

250.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "250" of the Second Amended Complaint.

251.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "251" of the Second Amended Complaint.

252.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "252" of the Second Amended Complaint.

253.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "253" of the Second Amended Complaint.

254.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "254" of the Second Amended Complaint.

255.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "255" of the Second Amended Complaint.

256.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "256" of the Second Amended Complaint.

257.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "257" of the Second Amended Complaint.

258.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "258" of the Second Amended Complaint.

259.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "259" of the Second Amended Complaint.

260.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "260" of the Second Amended Complaint.

261.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "261" of the Second Amended Complaint.

262.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "262" of the Second Amended Complaint.

263.    No response is required as to paragraph "263" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

264.    No response is required as to paragraph "264" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

265.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "265" of the Second Amended Complaint.

266.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "266" of the Second Amended Complaint.

267.    Defendants deny the allegations set forth in paragraph "267" of the Second Amended Complaint.

268.     Defendants deny the allegations set forth in paragraph "268" of the Second Amended Complaint.

269.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "269" of the Second Amended Complaint.

270.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "270" of the Second Amended Complaint.

271.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "271" of the Second Amended Complaint.

272.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "272" of the Second Amended Complaint.

273.     No response is required as to paragraph "273" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent a response may be required, Defendants deny the allegations set forth in paragraph "273" of the Second Amended Complaint.

274.     No response is required as to paragraph "274" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

275.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "275" of the Second Amended Complaint.

276.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "276" of the Second Amended Complaint.

277.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "277" of the Second Amended Complaint.

278.     DOCCS Defendants deny the allegations set forth in paragraph "278" of the Second Amended Complaint, except admit that Plaintiff W.P.'s records list his year of birth as 1970.  OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "278" of the Second Amended Complaint.

279.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "279" of the Second Amended Complaint, except OMH Defendants admit Plaintiff W.P. has been diagnosed with schizophrenia.

280.     Defendants admit the allegations set forth in paragraph "280" of the Second Amended Complaint.

281.     Defendants admit the allegations set forth in paragraph "281" of the Second Amended Complaint.

282.     Defendants admit the allegations set forth in paragraph "282" of the Second Amended Complaint.

283.     Defendants deny knowledge or information sufficient to form a belie as to the truth of the allegations set forth in paragraph "283" of the Second Amended Complaint.

284.     Defendants admit the allegations set forth in paragraph "284" of the Second Amended Complaint.

285.     Defendants deny the allegations set forth in paragraph "285" of the Second Amended Complaint.

286.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "286" of the Second Amended Complaint, except admit that Plaintiff W.P. has been in ICP.

287.    DOCCS Defendants admit the allegations set forth in paragraph "287" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "287" of the Second Amended Complaint.

288.    Defendants deny the allegations set forth in paragraph "288" of the Second Amended Complaint.

289.    Defendants deny the allegations set forth in paragraph "289" of the Second Amended Complaint.

290.    Defendants deny the allegations set forth in paragraph "290" of the Second Amended Complaint.

291.    Defendants deny the allegations set forth in paragraph "291" of the Second Amended Complaint.

292.    Defendants deny the allegations set forth in paragraph "292" of the Second Amended Complaint.

293.    Defendants deny the allegations set forth in paragraph "293" of the Second Amended Complaint.

294.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "294" of the Second Amended Complaint.

295.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "295" of the Second Amended Complaint.

296.    Defendants deny the allegations set forth in paragraph "296" of the Second Amended Complaint, except OMH Defendants admit that OMH attempted to secure Plaintiff W.P. a placement with Project Renewal.

297.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "297" of the Second Amended Complaint.

298.     Defendants deny the allegations set forth in paragraph "298" of the Second Amended Complaint.

299.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "299" of the Second Amended Complaint.

300.     Defendants deny the allegations set forth in paragraph "300" of the Second Amended Complaint.

301.     DOCCS Defendants admit the allegations set forth in paragraph "301" of the Second Amended Complaint.  OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "301" of the Second Amended Complaint.

302.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "302" of the Second Amended Complaint.

303.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "303" of the Second Amended Complaint.

304.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "304" of the Second Amended Complaint.

305.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "305" of the Second Amended Complaint.

306.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "306" of the Second Amended Complaint.

307.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "307" of the Second Amended Complaint and respectfully refer the Court to the referenced website for a complete and accurate statement of its content.

308.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "308" of the Second Amended Complaint.

309.    Defendants deny the allegations set forth in paragraph "309" of the Second Amended Complaint, except admit that Plaintiff W.P. is in a shelter.

310.    No response is required as to paragraph "310" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

311.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "311" of the Second Amended Complaint.

312.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "312" of the Second Amended Complaint.

313.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "313" of the Second Amended Complaint.

314.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "314" of the Second Amended Complaint.

315.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "315" of the Second Amended Complaint.

316.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "316" of the Second Amended Complaint.

317.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "317" of the Second Amended Complaint.

318.    DOCCS Defendants deny the allegations set forth in paragraph "318" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "318" of the Second Amended Complaint.

319.    Defendants deny the allegations set forth in paragraph "319" of the Second Amended Complaint.

320.    Defendants deny the allegations set forth in paragraph "320" of the Second Amended Complaint.

321.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "321" of the Second Amended Complaint.

322.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "322" of the Second Amended Complaint.

323.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "323" of the Second Amended Complaint, except admit that Plaintiff D.H.'s records list his year of birth as 1991.

324.    Defendants admit the allegations set forth in paragraph "324" of the Second Amended Complaint.

325.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "325" of the Second Amended Complaint.

326.    Defendants admit the allegations set forth in paragraph "326" of the Second Amended Complaint.

327.    Defendants admit the allegations set forth in paragraph "327" of the Second Amended Complaint.

328.    Defendants admit the allegations set forth in paragraph "328" of the Second Amended Complaint.

329.    Defendants deny the allegations set forth in paragraph "329" of the Second Amended Complaint.

330.    Defendants deny the allegations set forth in paragraph "330" of the Second Amended Complaint.

331.    No response is required as to paragraph "331" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

332.    Defendants deny the allegations set forth in paragraph "332" of the Second Amended Complaint.

333.    Defendants deny the allegations set forth in paragraph "333" of the Second Amended Complaints, except OMH Defendants admit that OMH submitted SPOA applications on behalf of Plaintiff D.H. on March 29, 2018, December 11, 2018, April 11, 2019, August 14, 2019, and May 7, 2020.

334.    Defendants deny the allegations set forth in paragraph "334" of the Second Amended Complaint, except DOCCS Defendants admit that Plaintiff D.H. was released on December 19, 2018 and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to Orange County's highest priority categories for housing.

335.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "335" of the Second Amended Complaint.

336.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "336" of the Second Amended Complaint.

337.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "337" of the Second Amended Complaint.

338.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "338" of the Second Amended Complaint.

339.    Defendants deny the allegations set forth in paragraph "339" of the Second Amended Complaint, except DOCCS Defendants admit that Plaintiff D.H. was released to his grandmother's house.

340.    Defendants deny the allegations set forth in paragraph "340" of the Second Amended Complaint.

341.    Defendants deny the allegations set forth in paragraph "341" of the Second Amended Complaint.

342.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "342" of the Second Amended Complaint.

343.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "343" of the Second Amended Complaint.

344.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "344" of the Second Amended Complaint.

345.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "345" of the Second Amended Complaint, except admit that OMH submitted a SPOA application on behalf of Plaintiff D.H. on May 7, 2020.

346.    Defendants deny the allegations set forth in paragraph "346" of the Second Amended Complaint, except admit that Plaintiff D.H. was released from DOCCS custody on June 22, 2020.

347.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "347" of the Second Amended Complaint.

348.    Defendants deny the allegations set forth in paragraph "348" of the Second Amended Complaint.

349.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "349" of the Second Amended Complaint.

350.    No response is required as to paragraph "350" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

351.    No response is required as to paragraph "351" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

352.    Defendants deny the allegations set forth in paragraph "352" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiff D.H. may have said.

353.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "353" of the Second Amended Complaint.

354.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "354" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case.

355.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "355" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case.

356.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "356" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case.

357.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "357" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case.

358.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "358" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case.

359.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "359" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case.

360.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "360" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case.

361.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "361" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case.

362.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "362" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case.

363.    Defendants deny the allegations set forth in paragraph "363" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

364.    Defendants deny the allegations set forth in paragraph "364" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

365.    Defendants deny the allegations set forth in paragraph "365" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

366.    No response is required as to paragraph "366" of the Second Amended Complaint to the extent that it states a conclusion of law.

367.    No response is required as to paragraph "367" of the Second Amended Complaint to the extent that it states a conclusion of law, except admit that Ann Marie T. Sullivan is the Commissioner of OMH.

368.    Defendants deny the allegations set forth in paragraph "368" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

369.    Defendants deny the allegations set forth in paragraph "369" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

370.    Defendants deny the allegations set forth in paragraph "370" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

371.    Defendants deny the allegations set forth in paragraph "371" of the Second Amended Complaint, except admit that Plaintiffs purport to proceed as stated therein.

372.    Defendants deny the allegations set forth in paragraph "372" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

373.    Defendants deny the allegations set forth in paragraph "373" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

374.    Defendants deny the allegations set forth in paragraph "374" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

375.    No response is required as to paragraph "375" of the Second Amended Complaint to the extent that it states a conclusion of law.

376.    No response is required to paragraph "376" of the Second Amended Complaint to the extent that it states a conclusion of law, except admit that Defendant Annucci is the Acting Commissioner of DOCCS.

377.    Defendants deny the allegations set forth in paragraph "377" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

378. Defendants deny the allegations set forth in paragraph "378" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

379. Defendants deny the allegations set forth in paragraph "379" of the Second Amended Complaint, except admit that Plaintiffs purport to proceed as stated therein.

380. No response is required to paragraph "380" of the Second Amended Complaint to the extent that it states a conclusion of law, except Defendants deny that Defendant McGrath is an Associate Commissioner of DOCCS and affirmatively state that Defendant McGrath is a Deputy Commissioner of DOCCS.

381. Deny the allegations set forth in paragraph "381" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

382. Defendants deny the allegations set forth in paragraph "382" of the Second Amended Complaint, except admit that Plaintiffs purport to proceed as stated therein..

## AS TO THE FACTUAL ALLEGATIONS

383. No response is required as to paragraph "383" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

384. No response is required as to paragraph "384" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

385.    Defendants deny the allegations set forth in paragraph "385" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

386.    Defendants deny the allegations set forth in paragraph "386" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

387.    Defendants deny the allegations set forth in paragraph "387" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

388.    Defendants deny the allegations set forth in paragraph "388" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

389.    Defendants deny the allegations set forth in paragraph "389" of the Second Amended Complaint and respectfully refer the Court to the applicable judicial opinions pertaining thereto for a complete and accurate statement of their content.

390.    Defendants deny the allegations set forth in paragraph "390" of the Second Amended Complaint and respectfully refer the Court to the referenced judicial opinions pertaining thereto for a complete and accurate statement of their content.

391.    Defendants deny the allegations set forth in paragraph "391" of the Second Amended Complaint and respectfully refer the Court to the referenced judicial opinions pertaining thereto for a complete and accurate statement of their content.

392.    OMH Defendants deny the allegations set forth in paragraph "392" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph "392" of the Second Amended Complaint.

393.    OMH Defendants deny the allegations set forth in paragraph "393" of the Second Amended Complaint, except admit that community-based mental health housing is safe and stable housing combined with individualized supportive services that promote health and independence. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "393" of the Second Amended Complaint.

394.    OMH Defendants deny the allegations set forth in paragraph "394" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "394" of the Second Amended Complaint.

395.    Defendants deny the allegations set forth in paragraph "395" of the Second Amended Complaint, except admit that more service-intense housing models are available as appropriate.

396.    Defendants deny the allegations set forth in paragraph "396" of the Second Amended Complaint.

397.    Defendants deny the allegations set forth in paragraph "397" of the Second Amended Complaint, except admit that single room occupancy residence and scattered-site supported housing is considered permanent housing.

398.    OMH Defendants deny the allegations set forth in paragraph "398" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "398" of the Second Amended Complaint.

399.    OMH Defendants deny the allegations set forth in paragraph "399" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "399" of the Second Amended Complaint.

400.    OMH Defendants deny the allegations set forth in paragraph "400" of the Second Amended Complaint.  DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "400" of the Second Amended Complaint.

401.    Defendants deny the allegations set forth in paragraph "401" of the Second Amended Complaint, except admit that paragraph "401" refers to services at community-based mental health supportive providers.

402.    OMH Defendants deny the allegations set forth in paragraph "402" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "402" of the Second Amended Complaint.

403.    OMH Defendants deny the allegations set forth in paragraph "403" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "403" of the Second Amended Complaint.

404.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "404" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "404" of the Second Amended Complaint, except admit that society changes.

405.    Defendants deny the allegations set forth in paragraph "405" of the Second Amended Complaint.

406.    Defendants deny the allegations set forth in paragraph "406" of the Second Amended Complaint, except admit that New York has intensive care coordination services for people with complex needs.

407.    OMH Defendants deny the allegations set forth in paragraph "407" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "407" of the Second Amended Complaint.

408.    OMH Defendants deny the allegations set forth in paragraph "408" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "408" of the Second Amended Complaint.

409.    OMH Defendants deny the allegations set forth in paragraph "409" of the Second Amended Complaint.  DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "409" of the Second Amended Complaint.

410.    Defendants deny the allegations set forth in paragraph "410" of the Second Amended Complaint, except admit that ACT services are designed to promote an individual's recovery.

411.    OMH Defendants deny the allegations set forth in paragraph "411" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph "411" of the Second Amended Complaint.

412.    OMH Defendants deny the allegations set forth in paragraph "412" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "412" of the Second Amended Complaint.

413.    OMH Defendants deny the allegations set forth in paragraph "413" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "413" of the Second Amended Complaint.

414.    OMH Defendants deny the allegations set forth in paragraph "414" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "414" of the Second Amended Complaint.

415.    OMH Defendants deny the allegations set forth in paragraph "415" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "415" of the Second Amended Complaint.

416.    OMH Defendants deny the allegations set forth in paragraph "416" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "416" of the Second Amended Complaint.

417.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "417" of the Second Amended Complaint.

418.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "418" of the Second Amended Complaint.

419.    Defendants deny the allegations set forth in paragraph "419" of the Second Amended Complaint.

420.    No response is required as to paragraph "420" of the Second Amended Complaint to the extent that it states a conclusion of law. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

421.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "421" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "421" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

422.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "422" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "422" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

423.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "423" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "423" of the Second Amended

Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

424.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "424" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "424" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

425.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "425" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "425" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

426.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "426" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "426" of the Second Amended Complaint, except admit that the Time Allowance Committees meet to review for approval where warranted.

427.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "427" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "427" of the Second Amended Complaint, except admit that in order to be released to community supervision an incarcerated individual must have a suitable approved residence.

428.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "428" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "428" of the Second Amended Complaint, except admit that individuals who have not been released to community supervision past an eligible release date may remain incarcerated with the Department unless there is another jurisdiction that has lodged a detainer for their custody.

429.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "429" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "429" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

430.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "430" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "430" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

431.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "431" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "431" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

432.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "432" of the Second Amended Complaint.

DOCCS Defendants deny the allegations set forth in paragraph "432" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

433.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "433" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "433" of the Second Amended Complaint, and respectfully refer the Court to its legislative history for a complete and accurate statement of its content.

434.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "434" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "434" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

435.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "435" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "435" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

436.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "436" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "436" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

437.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "437" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "437" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

438.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "438" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "438" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

439.    To the extent that paragraph "439" of the Second Amended Complaint states a legal conclusion, no response is required. To the extent that an answer may be required, Defendants deny the allegations set forth in paragraph "439" of the Second Amended Complaint, except admit that both agencies hare responsibility for discharge planning for individuals with a serious mental illness.

440.    OMH Defendants deny the allegations set forth in Paragraph "440" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "440" of the Second Amended Complaint.

441.    OMH Defendants deny the allegations set forth in Paragraph "441" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "441" of the Second Amended Complaint.

442.    Defendants deny the allegations set forth in paragraph "442" of the Second Amended Complaint, except admit that OMH conducts discharge planning for inmates with "serious mental illness" as defined by OMH.

443.    OMH Defendants deny the allegations set forth in paragraph "443" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "443" of the Second Amended Complaint.

444.    OMH Defendants deny the allegations set forth in paragraph "444" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "444" of the Second Amended Complaint.

445.    Defendants deny the allegations set forth in Paragraph "445" of the Second Amended Complaint.

446.    Defendants deny the allegations set forth in Paragraph "446" of the Second Amended Complaint.

447.    Defendants deny the allegations set forth in paragraph "447" of the Second Amended Complaint.

448.    Defendants deny the allegations set forth in paragraph "448" of the Second Amended Complaint.

449.    Defendants deny the allegations set forth in paragraph "449" of the Second Amended Complaint, except admit that DOCCS and OMH collaborate to develop a release plan.

450.    Defendants admit the allegations set forth in paragraph "450" of the Second Amended Complaint.

451.    Defendants deny the allegations set forth in paragraph "451" of the Second Amended Complaint, except admit that community supervision staff investigate proposed addresses for individuals who are not being released to mental health supported housing.

452.    DOCCS Defendants deny the allegations set forth in paragraph "452" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "452" of the Second Amended Complaint.

453.    Defendants deny the allegations set forth in paragraph "453" of the Second Amended Complaint.

454.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "454" of the Second Amended Complaint.

455.    Defendants deny the allegations set forth in paragraph "455" of the Second Amended Complaint.

456.    Defendants deny the allegations set forth in paragraph "456" of the Second Amended Complaint.

457.    DOCCS Defendants deny the allegations set forth in paragraph "457" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "457" of the Second Amended Complaint.

458.    Defendants deny the allegations set forth in paragraph "458" of the Second Amended Complaint.

459.    Defendants deny the allegations set forth in paragraph "459" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

460.    Defendants deny the allegations set forth in paragraph "460" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

461.    DOCCS Defendants deny the allegations set forth in paragraph "461" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "461" of the Second Amended Complaint.

462.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "462" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "462" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

463.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "463" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "463" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

464.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "464" of the Second Amended Complaint.

DOCCS Defendants deny the allegations set forth in paragraph "464" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

465.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "465" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "465" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

466.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "466" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "466" of the Second Amended Complaint and respectfully refer the Court to the applicable statutes and regulations pertaining thereto for a complete and accurate statement of their content.

467.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "467" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "467" of the Second Amended Complaint, except admit that individuals are only placed into RTF status if their conditions of release set by the Board have not been met.

468.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "468" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph 468" of the Second Amended Complaint.

469.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "469" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "469" of the Second Amended Complaint as to the meaning of "majority of facilities."

470.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "470" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "470" of the Second Amended Complaint.

471.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "471" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "471" of the Second Amended Complaint.

472.    Defendants deny the allegations set forth in paragraph "472" of the Second Amended Complaint.

473.    Defendants deny the allegations set forth in paragraph "473" of the Second Amended Complaint.

474.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "474" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. OMH Defendants deny the allegations set forth in paragraph "474" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "474" of the Second Amended Complaint.

475.    OMH Defendants admit the allegations set forth in paragraph "475" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "475" of the Second Amended Complaint.

476.    OMH Defendants deny the allegations set forth in paragraph "476" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "476" of the Second Amended Complaint.

477.    Defendants deny the allegations set forth in paragraph "477" of the Second Amended Complaint.

478.    Defendants deny the allegations set forth in paragraph "478" of the Second Amended Complaint.

479.    Defendants deny the allegations set forth in paragraph "479" of the Second Amended Complaint.

480.    OMH Defendants deny the allegations set forth in paragraph "480" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "480" of the Second Amended Complaint.

481.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "481" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "481" of the Second Amended Complaint.

482.     No response on behalf of the Governor is required as to the allegations set forth in paragraph "482" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "482" of the Second Amended Complaint.

483.     No response on behalf of the Governor is required as to the allegations set forth in paragraph "483" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "483" of the Second Amended Complaint.

484.     Defendants deny the allegations set forth in paragraph "484" of the Second Amended Complaint.

485.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "485" of the Second Amended Complaint.

486.     OMH Defendants deny the allegations set forth in paragraph "486" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "486" of the Second Amended Complaint.

487.     No response on behalf of the Governor is required as to the allegations set forth in paragraph "487" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. Defendants deny the allegations set forth in paragraph "487" of the Second Amended Complaint.

488.     Defendants deny the allegations set forth in paragraph "487" of the Second Amended Complaint.

489.    Defendants deny the allegations set forth in paragraph "489" of the Second Amended Complaint.

490.    Defendants deny the allegations set forth in paragraph "490" of the Second Amended Complaint.

491.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "491" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "491" of the Second Amended Complaint.

492.    Defendants deny the allegations set forth in paragraph "492" of the Second Amended Complaint.

493.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "493" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. Defendants deny the allegations set forth in paragraph "493" of the Second Amended Complaint, except admit that OMH has announced initiatives to develop housing for vulnerable populations including scattered-site supported housing specifically for people released from prison.

494.    Defendants deny the allegations set forth in paragraph "494" of the Second Amended Complaint.

495.    Defendants deny the allegations set forth in paragraph "495" of the Second Amended Complaint.

496.    No response is required to paragraph "496" of the Second Amended Complaint to the extent that it states a legal conclusion.  To the extent that a response is required Defendants deny the allegations set forth in paragraph "496" of the Second Amended Complaint.

497.    Defendants deny the allegations set forth in paragraph "497" of the Second Amended Complaint.

498.    Defendants deny the allegations set forth in paragraph "498" of the Second Amended Complaint.

499.    Defendants deny the allegations set forth in paragraph "499" of the Second Amended Complaint.

500.    Defendants deny the allegations set forth in paragraph "500" of the Second Amended Complaint.

501.    Defendants deny the allegations set forth in paragraph "501" of the Second Amended Complaint.

502.    Defendants deny the allegations set forth in paragraph "502" of the Second Amended Complaint.

503.    OMH Defendants deny the allegations set forth in paragraph "503" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "503" of the Second Amended Complaint.

504.    Defendants admit the allegations set forth in paragraph "504" of the Second Amended Complaint.

505.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "505" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "505" of the Second Amended Complaint.

506.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "506" of the Second Amended Complaint.

DOCCS Defendants deny the allegations set forth in paragraph "506" of the Second Amended Complaint, except admit that incarcerated individuals housed in a dormitory setting are assigned a cube.

507.    Defendants admit the allegations set forth in paragraph "507" of the Second Amended Complaint.

508.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "508" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "508" of the Second Amended Complaint.

509.    DOCCS Defendants deny the allegations set forth in paragraph "509" of the Second Amended Complaint, except admit that individuals are required to wear uniforms while incarcerated within the facility. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "509" of the Second Amended Complaint.

510.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "510" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "510" of the Second Amended Complaint.

511.    Defendants admit the allegations set forth in paragraph "511" of the Second Amended Complaint.

512.    DOCCS Defendants deny the allegations set forth in paragraph "512" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "512" of the Second Amended Complaint.

513.    DOCCS Defendants deny the allegations set forth in paragraph "513" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "513" of the Second Amended Complaint.

514.    DOCCS Defendants deny the allegations set forth in paragraph "513" of the Secod Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "514" of the Second Amended Complaint.

515.    DOCCS Defendants deny the allegations set forth in paragraph "515" of the Second Amended Complaint, except admit incarcerated individuals are placed into restraints when necessary to maintain security or the prevention of self-harm. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "515" of the Second Amended Complaint.

516.    DOCCS Defendants deny the allegations set forth in paragraph "516" of the Second Amended Complaint, except admit incarcerated individuals are placed into restraints when necessary to maintain security or the prevention of self-harm. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "516" of the Second Amended Complaint.

517.    Defendants deny the allegations set forth in paragraph "517" of the Second Amended Complaint.

518.    Defendants deny the allegations set forth in paragraph "518" of the Second Amended Complaint.

519.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "519" of the Second Amended Complaint.

DOCCS Defendants deny the allegations set forth inparagraph"519" of the Second Amended Complaint.

520.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "520" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth inparagraph"520" of the Second Amended Complaint.

521.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "521" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth inparagraph"521" of the Second Amended Complaint.

522.    DOCCS Defendants deny the allegations set forth in paragraph"522" of the Second Amended Complaint.  OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "522" of the Second Amended Complaint.

523.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "523" of the Second Amended Complaint.

524.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "524" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph"524" of the Second Amended Complaint.

525.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "525" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph"525" of the Second Amended Complaint.

526.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "526" of the Second Amended Complaint.

527.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "527" of the Second Amended Complaint.

528.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "528" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "528" of the Second Amended Complaint.

529.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "529" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "529" of the Second Amended Complaint.

530.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "530" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "530" of the Second Amended Complaint.

531.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "531" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "531" of the Second Amended Complaint, except admit that Plaintiffs would be required to utilize the resources and services afforded to them.

532.    Defendants deny the allegations set forth in paragraph "532" of the Second Amended Complaint.

533.    Defendants deny the allegations set forth in paragraph "533" of the Second Amended Complaint.

534.    Defendants deny the allegations set forth in paragraph "534" of the Second Amended Complaint.

535.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "535" of the Second Amended Complaint.

536.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "536" of the Second Amended Complaint.

537.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "537" of the Second Amended Complaint.

538.    Defendants deny the allegations set forth in paragraph "538" of the Second Amended Complaint.

539.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "539" of the Second Amended Complaint and respectfully refer the Court to the report for a complete and accurate statement of its content.

540.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "540" of the Second Amended Complaint and respectfully refer the Court to the report for a complete and accurate statement of its content.

541.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "541" of the Second Amended Complaint and respectfully refer the Court to the report for a complete and accurate statement of its content.

542.     Defendants deny the allegations set forth in paragraph "542" of the Second Amended Complaint, except admit that DOCCS releases individuals with serious mental illness from state prisons to homeless shelters, hotels, motels and DOCCS parole housing.

543.     Defendants deny the allegations set forth in paragraph "543" of the Second Amended Complaint.

544.     Defendants deny the allegations set forth in paragraph "544" of the Second Amended Complaint.

545.     Defendants deny the allegations set forth in paragraph "545" of the Second Amended Complaint.

546.     Defendants deny the allegations set forth in paragraph "546" of the Second Amended Complaint.

547.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "547" of the Second Amended Complaint.

548.     OMH Defendants deny the allegations set forth in paragraph "548" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "548" of the Second Amended Complaint.

549.     Defendants deny the allegations set forth in paragraph "549" of the Second Amended Complaint.

550.     Defendants deny the allegations set forth in paragraph "550" of the Second Amended Complaint.

551.     OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "551" of the Second Amended Complaint.

DOCCS Defendants deny the allegations set forth in paragraph "551" of the Second Amended Complaint.

552.     Defendants deny the allegations set forth in paragraph "552" of the Second Amended Complaint.

553.     OMH Defendants deny the allegations set forth in paragraph "553" of the Second Amended Complaint.  DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "553" of the Second Amended Complaint.

554.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "554" of the Second Amended Complaint.

555.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "555" of the Second Amended Complaint.

556.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "556" of the Second Amended Complaint.

557.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "557" of the Second Amended Complaint.

558.     Defendants deny the allegations set forth in paragraph "558" of the Second Amended Complaint.

559.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "559" of the Second Amended Complaint.

560.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "560" of the Second Amended Complaint.

561.    Defendants deny the allegations set forth in paragraph "561" of the Second Amended Complaint.

562.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "562" of the Second Amended Complaint.

563.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "563" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "563" of the Second Amended Complaint.

564.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "564" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "564" of the Second Amended Complaint.

565.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "565" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "565" of the Second Amended Complaint.

566.    Defendants deny the allegations set forth in paragraph "566" of the Second Amended Complaint.

567.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "567" of the Second Amended Complaint.

568.    Defendants deny the allegations set forth in paragraph "568" of the Second Amended Complaint.

569.    Defendants deny the allegations set forth in paragraph "569" of the Second Amended Complaint.

570.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "570" of the Second Amended Complaint, except admit that Plaintiff M.G. was initially released from a prison mental health program to Hillcrest House, a DOCCS parole housing facility.

571.    Defendants deny the allegations set forth in paragraph "571" of the Second Amended Complaint.

572.    Defendants deny the allegations set forth in paragraph "572" of the Second Amended Complaint.

573.    Defendants deny the allegations set forth in paragraph "573" of the Second Amended Complaint and respectfully refer the Court to the report referred to therein for a complete and accurate statement of its content.

574.    Defendants deny the allegations set forth in paragraph "574" of the Second Amended Complaint.

575.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "575" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "575" of the Second Amended Complaint and refer the Court to the guidance referred to therein for a complete and accurate statement of its content.

576.    Defendants deny the allegations set forth in paragraph "576" of the Second Amended Complaint and respectfully refer the Court to the declaration referred to therein for a complete and accurate statement of its content.

577.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "577" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "577" of the Second Amended Complaint.

578.    Defendants deny the allegations set forth in paragraph "578" of the Second Amended Complaint and respectfully refer the Court to the memorandum referred to therein for a complete and accurate statement of its content.

579.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "579" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "579" of the Second Amended Complaint.

580.    DOCCS Defendants deny the allegations set forth in paragraph "580" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "580" of the Second Amended Complaint.

581.    Defendants deny the allegations set forth in paragraph "581" of the Second Amended Complaint.

582.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "582" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "582" of the Second Amended complaint.

583.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "583" of the Second Amended Complaint.

DOCCS Defendants deny the allegations set forth in paragraph"583" of the Second Amended Complaint.

584.    No response is required to paragraph "584" of the Second Amended Complaint to the extent that it states a legal conclusion.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph "584" of the Second Amended Complaint.

585.    Defendants deny the allegations set forth in paragraph "585" of the Second Amended Complaint.

586.    OMH Defendants deny the allegations set forth in paragraph "586" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "586" of the Second Amended Complaint.

587.    Defendants admit the allegations set forth in paragraph "587" of the Second Amended Complaint.

588.    Defendants deny the allegations set forth in paragraph "588" of the Second Amended Complaint as this does not all occur during the admission process, except OMH does assess the nature of an individual's treatment needs upon admission to DOCCS custody and continues such assessment throughout the individual's incarceration.

589.    Defendants deny the allegations set forth in paragraph "589" of the Second Amended Complaint, except admit that different correctional facilities have a greater capacity to provide mental health services.

590.    Defendants deny the allegations set forth in paragraph "590" of the Second Amended Complaint, except admit that the ICP program is a joint program between the agencies.

591.    Defendants deny the allegations set forth in paragraph "591" of the Second Amended Complaint, except admit that prison based residential programs are not exclusive to those individuals with a serious mental illness.

592.    Defendants deny the allegations set forth in paragraph "592" of the Second Amended Complaint.

593.    OMH Defendants deny the allegations set forth in paragraph "593" of the Second Amended Complaint to the extent it alleges that OMH solely operates these programs. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "593" of the Second Amended Complaint.

594.    OMH Defendants deny the allegations set forth in paragraph "594" of the Second Amended Complaint, except admit that the program is for release to the counties named therein. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "594" of the Second Amended Complaint.

595.    OMH Defendants deny the allegations set forth in paragraph "595" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "595" of the Second Amended Complaint.

596.    OMH Defendants deny the allegations set forth in paragraph "596" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "596" of the Second Amended Complaint.

597.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "597" of the Second Amended Complaint and respectfully refer the Court to the studies for a complete and accurate statement of its content.

598.    OMH Defendants deny the allegations set forth in paragraph "598" of the Second Amended Complaint and respectfully refer the Court to the article referred to therein for a complete and accurate statement of its content.   DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "598" of the Second Amended Complaint.

599.    OMH Defendants deny the allegations set forth in paragraph "599" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "599" of the Second Amended Complaint.

600.    OMH Defendants deny the allegations set forth in paragraph "600" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "600" of the Second Amended Complaint.

601.    Defendants deny the allegations set forth in paragraph "601" of the Second Amended Complaint.

602.    Defendants deny the allegations set forth in paragraph "602" of the Second Amended Complaint.

603.    Defendants deny the allegations set forth in paragraph "603" of the Second Amended Complaint, except DOCCS Defendants admit that individuals are released to these

settings only when appropriate and when the individual does not have resources or family to reside with.

604.    OMH Defendants deny the allegations set forth in paragraph "604" of the Second Amended Complaint.  DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "604" of the Second Amended Complaint.

605.    Defendants deny the allegations set forth in paragraph "605" of the Second Amended Complaint and respectfully refer the Court to the document referred to therein for a complete and accurate statement of its content.

606.    Defendants deny the allegations set forth in paragraph "606" of the Second Amended Complaint.

607.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "607" of the Second Amended Complaint.

608.    OMH Defendants deny the allegations set forth in paragraph "608" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "608" of the Second Amended Complaint.

609.    Defendants deny the allegations set forth in paragraph "609" of the Second Amended Complaint, except admit that OMH pre-release coordinators are instructed to continue to seek more integrated mental health housing.

610.    OMH Defendants deny the allegations set forth in paragraph "610" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph "610" of the Second Amended Complaint.

611.    OMH Defendants deny the allegations set forth in paragraph "611" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "611" of the Second Amended Complaint.

612.    Defendants deny the allegations set forth in paragraph "612" of the Second Amended Complaint, except OMH Defendants admit that between August 1, 2019 and January 29, 2020, at least 20 individuals with serious mental illness were released from prison to a Transitional Living Residence.

613.    Defendants deny the allegations set forth in paragraph "613" of the Second Amended Complaint.

614.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "614" of the Second Amended Complaint.

615.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "615" of the Second Amended Complaint.

616.    Defendants deny the allegations set forth in paragraph "616" of the Second Amended Complaint.

617.    OMH Defendants deny the allegations set forth in paragraph "617" of the Second Amended Complaint, except admit that Transitional Living Residences exclusively serve individuals with serious mental illness. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "617" of the Second Amended Complaint.

618.    Defendants deny the allegations set forth in paragraph "618" of the Second Amended Complaint.

619.    Defendants deny the allegations set forth in paragraph "619" of the Second Amended Complaint.

620.    Defendants deny the allegations set forth in paragraph "620" of the Second Amended Complaint.

621.    Defendants deny the allegations set forth in paragraph "621" of the Second Amended Complaint.

622.    Defendants deny the allegations set forth in paragraph "622" of the Second Amended Complaint.

623.    Defendants deny the allegations set forth in paragraph "623" of the Second Amended Complaint.

624.    Defendants deny the allegations set forth in paragraph "624" of the Second Amended Complaint.

625.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "625" of the Second Amended Complaint.

626.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "626" of the Second Amended Complaint.

627.    Defendants deny the allegations set forth in paragraph "627" of the Second Amended Complaint.

628.    No response is required to paragraph "628" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in paragraph "628" of the Second Amended Complaint.

629.    OMH Defendants deny the allegations set forth in paragraph "629" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "629" of the Second Amended Complaint.

630.    OMH Defendants deny the allegations set forth in paragraph "630" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "630" of the Second Amended Complaint.

631.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "631" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "631" of the Second Amended Complaint.

632.    OMH Defendants deny the allegations set forth in paragraph "632" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "632" of the Second Amended Complaint.

633.    Defendants deny the allegations set forth in paragraph "633" of the Second Amended Complaint.

634.    Defendants deny the allegations set forth in paragraph "634" of the Second Amended Complaint, except admit that OMH submitted Single Point of Access applications for each Plaintiff.

635.    Defendants deny the allegations set forth in paragraph "635" of the Second Amended Complaint, except admit that OMH continues to assess and treat Plaintiffs through their incarceration.

636.    OMH Defendants deny the allegations set forth in paragraph "636" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "636" of the Second Amended Complaint.

637.    Defendants deny the allegations set forth in paragraph "637" of the Second Amended Complaint.

638.    Defendants deny the allegations set forth in paragraph "638" of the Second Amended Complaint.

639.    Defendants deny the allegations set forth in paragraph "639" of the Second Amended Complaint.

640.    Defendants deny the allegations set forth in paragraph "640" of the Second Amended Complaint.

641.    Defendants deny the allegations set forth in paragraph "641" of the Second Amended Complaint.

642.    DOCCS Defendants deny the allegations set forth in paragraph "642" of the Second Amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "642" of the Second Amended Complaint.

643.    DOCCS Defendants deny the allegations set forth in paragraph "643" of the Second amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "643" of the Second Amended Complaint.

644.    DOCCS Defendants deny the allegations set forth in paragraph "644" of the Second amended Complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "644" of the Second Amended Complaint.

645.    OMH Defendants deny the allegations set forth in paragraph "645" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "645" of the Second Amended Complaint.

646.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "646" of the Second Amended Complaint.

647.    OMH Defendants deny the allegations set forth in paragraph "647" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "647" of the Second Amended Complaint.

648.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "648" of the Second Amended Complaint.

649.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "649" of the Second Amended Complaint.

650.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "650" of the Second Amended Complaint.

DOCCS Defendants deny the allegations set forth in paragraph "650" of the Second Amended Complaint, except admit that addresses were proposed but not approved.

651.    Defendants deny the allegations set forth in paragraph "651" of the Second Amended Complaint, except admit that people can be successful in their communities as long as the individuals utilize and participate with the resources and services offered.

652.    OMH Defendants deny the allegations set forth in paragraph "652" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "652" of the Second Amended Complaint.

653.    Defendants deny the allegations set forth in paragraph "653" of the Second Amended Complaint.

654.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "654" of the Second Amended Complaint.

655.    OMH Defendants deny the allegations set forth in paragraph "655" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "655" of the Second Amended Complaint.

656.    OMH Defendants deny the allegations set forth in paragraph "656" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "656" of the Second Amended Complaint.

657.    OMH Defendants deny the allegations set forth in paragraph "657" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph "657" of the Second Amended Complaint.

658.    OMH Defendants deny the allegations set forth in paragraph "658" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "658" of the Second Amended Complaint.

659.    OMH Defendants deny the allegations set forth in paragraph "659" of the Second Amended Complaint. DOCCS Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "659" of the Second Amended Complaint.

660.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "660" of the Second Amended Complaint.

661.    Defendants deny the allegations set forth in paragraph "661" of the Second Amended Complaint.

662.    Defendants deny the allegations set forth in paragraph "662" of the Second Amended Complaint.

663.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "663" of the Second Amended Complaint.

664.    Defendants deny the allegations set forth in paragraph "664" of the Second Amended Complaint.

665.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "665" of the Second Amended Complaint.

666.    Defendants deny the allegations set forth in paragraph "666" of the Second Amended Complaint.

667.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "667" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "667" of the Second Amended Complaint.

668.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "668" of the Second Amended Complaint. DOCCS Defendants admit the allegations set forth in paragraph "668" of the Second Amended Complaint.

669.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "669" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "669" of the Second Amended Complaint."

670.    Defendants deny the allegations set forth in paragraph "670" of the Second Amended Complaint.

671.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "671" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "671" of the Second Amended Complaint.

672.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "672" of the Second Amended Complaint.

DOCCS Defendants deny the allegations set forth in paragraph "672" of the Second Amended Complaint.

673.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "673" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "673" of the Second Amended Complaint.

674.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "674" of the Second Amended Complaint.

675.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "675" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "675" of the Second Amended Complaint and respectfully refer the Court to the statutory provision cited therein for a complete and accurate statement of its content.

676.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "676" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "676" of the Second Amended Complaint, except admit that DOCCS selects the residential treatment facility.

677.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "677" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "677" of the Second Amended Complaint.

678.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "678" of the Second Amended Complaint.

DOCCS Defendants deny the allegations set forth in paragraph "678" of the Second Amended Complaint.

679.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "679" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "679" of the Second Amended Complaint.

680.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "680" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "680" of the Second Amended Complaint.

681.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "681" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "681" of the Second Amended Complaint, except admit that the notice expressly states "until an approved suitable residence is proposed."

682.    DOCCS Defendants deny the allegations set forth in paragraph"682" of the Second Amended complaint. OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "682" of the Second Amended Complaint.

683.    Defendants deny the allegations set forth in paragraph "683" of the Second Amended Complaint.

684.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "684" of the Second Amended Complaint.

DOCCS Defendants deny the allegations set forth in paragraph"684" of the Second Amended complaint.

685.     OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "685" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph"685" of the Second Amended complaint.

686.     OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "686" of the Second Amended Complaint. DOCCS Defendants deny, except admit that correctional facilities are either medium or max, or work release.

687.     OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "687" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "687" of the Second Amended Complaint.

688.     Defendants deny the allegations set forth in paragraph "688" of the Second Amended Complaint.

689.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "689" of the Second Amended Complaint.

690.     OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "690" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph"690" of the Second Amended complaint.

691.    OMH Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "691" of the Second Amended Complaint. DOCCS Defendants deny the allegations set forth in paragraph "691" of the Second Amended Complaint.

692.    Defendants deny the allegations set forth in paragraph "692" of the Second Amended Complaint.

693.    Defendants deny the allegations set forth in paragraph "693" of the Second Amended Complaint.

694.    Defendants deny the allegations set forth in paragraph "694" of the Second Amended Complaint.

## AS TO CLASS ALLEGATIONS

695.    No response is required to paragraph "695" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations.

696.    No response is required to paragraph "696" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations, except admit that Plaintiffs purport to maintain this action on behalf of the class described therein.

697.    No response is required to paragraph "697" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph, except admit that Plaintiffs purport to maintain this action on behalf of the sub-class described therein.

698.     No response is required to paragraph "698" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph, except admit that Plaintiffs purport to maintain this action on behalf of the class described therein.

699.     No response is required to paragraph "699" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

700.     No response is required to paragraph "700" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

701.     No response is required to paragraph "701" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

702.     No response is required to paragraph "702" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph, except admit that Plaintiffs seek the relief that is stated therein.

703.     No response is required to paragraph "703" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

704.     No response is required to paragraph "704" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

705.     No response is required to paragraph "705" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

706.     No response is required to paragraph "706" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

707.     No response is required to paragraph "707" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

708.     No response is required to paragraph "708" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

709.     No response is required to paragraph "709" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

710.     No response is required to paragraph "710" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

## AS TO THE FIRST CAUSE OF ACTION

711.     No response is required to paragraph "711" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required,

Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the statute for a complete and accurate statement of its content.

712.    No response is required to paragraph "712" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its content.

713.    No response is required to paragraph "713" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

714.    No response is required to paragraph "714" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

715.    No response is required to paragraph "715" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

716.    No response is required to paragraph "716" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

717.    No response is required to paragraph "717" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

718.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "718" of the Second Amended Complaint because the Court dismissed the Governor as

a Defendant in this case. No response is required to paragraph "718" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

719.    No response is required to paragraph "719" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

720.    No response is required to paragraph "720" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

721.    No response is required to paragraph "721" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

## AS TO THE SECOND CAUSE OF ACTION

722.    No response is required to paragraph "722" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its content.

723.    No response is required to paragraph "723" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its content.

724.    No response is required to paragraph "724" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

725.    No response is required to paragraph "725" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

726.    No response is required to paragraph "726" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

727.    No response is required to paragraph "727" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations contained herein.

728.    No response is required to paragraph "728" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in paragraph "728" of the Second Amended Complaint, except admit receiving federal funding.

729.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "729" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. No response is required to paragraph "729" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants admit the allegations set forth in paragraph "729" of the Second Amended complaint.

730.    No response is required to paragraph "730" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

731.    No response is required to paragraph "731" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

732.    No response is required to paragraph "732" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

## AS TO THE THIRD CAUSE OF ACTION

733.    No response is required to paragraph "733" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the constitutional provision cited therein for a complete and accurate statement of its content.

734.    No response is required to paragraph "734" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the applicable constitutional provision for a complete and accurate statement of its content.

735.    No response is required to paragraph "735" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

736.    No response is required to paragraph "736" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

737.    No response is required to paragraph "737" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

738.    No response is required to paragraph "738" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

## AS TO THE FOURTH CAUSE OF ACTION

739.    No response is required to paragraph "739" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the Constitutional Amendment cited therein for a complete and accurate statement of its content.

740.    No response is required to paragraph "740" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

741.    No response is required to paragraph "741" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

742.    No response is required to paragraph "742" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

743.    No response is required to paragraph "743" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

744. No response is required to paragraph "744" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

745. No response is required to paragraph "745" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

746. No response is required to paragraph "746" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

## AS TO THE FIFTH CAUSE OF ACTION

752. No response is required to paragraph "752" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the statutory provision cited therein for a complete and accurate statement of its content.

753. No response is required to paragraph "753" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its content.

754. No response is required to paragraph "754" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

755.    No response is required to paragraph "755" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

756.    No response is required to paragraph "756" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

757.    No response is required to paragraph "757" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

758.    No response is required to paragraph "758" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in paragraph "758" of the Second Amended Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its content.

759.    No response on behalf of the Governor is required as to the allegations set forth in paragraph "759" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. No response is required to paragraph "759" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

760.    No response is required to paragraph "760" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

761.    No response is required to paragraph "761" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

762.    No response is required to paragraph "762" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

747.    No response is required to paragraph "747" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

## AS TO THE SIXTH CAUSE OF ACTION

763.    No response is required to paragraph "763" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its content.

764.    No response is required to paragraph "764" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its content.

765.    No response is required to paragraph "765" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

766.     No response is required to paragraph "766" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

767.     No response is required to paragraph "767" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

768.     No response is required to paragraph "768" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

769.     No response is required to paragraph "769" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph, except admit that Defendants receive federal funding.

770.     No response on behalf of the Governor is required as to the allegations set forth in paragraph "770" of the Second Amended Complaint because the Court dismissed the Governor as a Defendant in this case. No response is required to paragraph "770" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph, except admit that Defendants receive federal funding.

771.     No response is required to paragraph "771" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

772.    No response is required to paragraph "772" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph.

773.    No response is required to paragraph "773" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph, except admit that they receive federal funding.

774.    No response is required to paragraph "774" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny the allegations set forth in this paragraph, except admit that OMH and DOCCS receive federal funding.

## AS TO THE PRAYER FOR RELIEF

775.    No response is required to the paragraph entitled "Prayer for Relief" of the Second Amended Complaint to the extent that it states a legal conclusion. To the extent that a response may be required, Defendants deny that Plaintiffs are entitled to the relief that they seek.

## DEFENSES

## FIRST DEFENSE

776.    The Second Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

777.    One or more of the Named Plaintiffs lack standing to bring the asserted claims.

## THIRD DEFENSE

778.    Plaintiffs' claims are barred, in whole or in part, by sovereign immunity and the Eleventh Amendment of the United States Constitution.

## FOURTH DEFENSE

779.    The Second Amended Complaint is barred, in whole or in part, as to one or more Named Plaintiffs by their failure to exhaust administrative remedies.

## FIFTH DEFENSE

780.    The conduct complained of was properly within the discretionary authority of Defendants to perform their official functions and the relief prayed for would constitute an improper intrusion into said discretionary authority.

## SIXTH DEFENSE

781.    The relief sought by Plaintiffs under the Americans with Disabilities Act and/or the Rehabilitation Act would constitute a fundamental alteration of Defendants' programs and/or would constitute an undue burden on Defendants the care and treatment of a large and diverse population of persons with mental disabilities.

## SEVENTH DEFENSE

782.    Defendants have a comprehensive, effective plan for placing persons with mental disabilities in less restrictive settings at a reasonable pace.

## EIGHTH DEFENSE

783.    The Second Amended Complaint must be dismissed, in whole or in part, because some or all of the claims are moot.

## NINTH DEFENSE

784.    Plaintiffs have failed to name one or more necessary parties as defendants.

Dated:  New York, New York
        November 23, 2021

                        LETITIA JAMES
                        Attorney General of the State of New York
                        *Attorney for Defendants*

                        By:     /s/ Jane R. Goldberg
                                Jane R. Goldberg
                                Jeb Harben
                                Owen Conroy
                                Assistant Attorneys General
                                28 Liberty Street
                                New York, NY 10005
                                Tel.: 1-(212) 416-6133
                                        1-(212) 416-6185
                                         1-(212) 416-6382
                                Fax: 1-(212) 416-6009
                                Jane.goldberg@ag.ny.gov
                                Jeb.Harben@ag.ny.gov
                                Owen.Conroy@ag.ny.gov