<pre>
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2
    ------------------------------------x
 3  M.G., P.C., C.J., M.J., J.R., D.R.,
    S.D., W.P., and D.H., individually and
 4  on behalf of all similarly situated,

 5                          Plaintiffs,

 6                          Case No. 19-cv-00639(CS)(AEK)
        -vs-
 7
    ANDREW CUOMO, in his official capacity
 8  as the Governor of the State of New
    York, et al.,
 9
                            Defendants.
10
    ------------------------------------x
11
                            United States Courthouse
12                          White Plains, New York

13                          December 9, 2021

14                  ** VIA TELECONFERENCE **

15
    B e f o r e:
16                          HONORABLE ANDREW E. KRAUSE
                            United States Magistrate Judge
17

18  A P P E A R A N C E S:

19  PAUL WEISS RIFKIND WHARTON & GARRISON
        Attorneys for Plaintiffs
20  BY:  SAMUEL MARGOLIS

21
    NEW YORK STATE, OFFICE OF THE ATTORNEY GENERAL
22      Attorneys for Defendants
    BY:  OWEN T. CONROY
23

24

25  *Proceedings recorded via digital recording device*
</pre>

120921                          PROCEEDINGS                          2

```
 1                THE DEPUTY CLERK:  Good morning.  This is the matter
 2   of M.G. versus Cuomo, 19-cv-639, the Honorable Andrew Krause
 3   presiding.
 4                Counsel, please note your appearance for the record,
 5   starting with plaintiffs' counsel.
 6                THE COURT:  Let's do it this way, folks:  We will just
 7   have the one or two people who are most likely to handle the
 8   matters today identify yourselves.  I understand there's quite a
 9   few folks on the line, but let's just do it that way; and if
10   others have to speak to address certain issues, you can then
11   chime in, obviously, but then just identify yourselves for the
12   record before you do.
13                So with that said, on the plaintiffs' side?
14                MR. MARGOLIS:  Good morning, Your Honor.  This is Sam
15   Margolis from Paul Weiss for plaintiffs.
16                THE COURT:  Good morning, Mr. Margolis.  Anyone else
17   on the plaintiffs' side, Mr. Margolis, planning to participate?
18                MR. MARGOLIS:  I think primarily me this morning.
19                THE COURT:  Okay.  That's fine.  And as I said, others
20   may have to chime in, and I understand maybe different people
21   have covered different issues, and that's okay, but we don't
22   need to go through the entire group right now.
23                On the defense side, who is going to be the primary
24   speaker?
25                MR. CONROY:  Good morning, Your Honor.  This is Owen
```

1  Conroy from the Attorney General's Office on behalf of the

2  defendants.

3          THE COURT:  Good morning, Mr. Conroy.  We have had

4  many, many hours of proceedings in this case, but I don't

5  believe that we have actually met.  Are you new to this team?

6          MR. CONROY:  I am fairly new.  I was -- I was watching

7  in the last mediation session, so I was on, but I don't think we

8  had a chance to speak.  So --

9          THE COURT:  Okay.  I just wanted to make sure I wasn't

10 losing my mind.

11         MR. CONROY:  No, no.

12         THE COURT:  Good morning, Mr. Conroy, and nice to meet

13 you officially.

14         All right.  We are here for a status conference today.

15 It was largely scheduled to talk about discovery issues,

16 although I had been planning to ask for an update on where

17 things stood with settlement, but you all provided that update

18 in letters last night.  So I did review the letter that -- the

19 joint letter that you submitted, which is competing proposals on

20 the discovery for the Discharge Class Claims that was ECF Number

21 191, and then I also reviewed the two letters that came in

22 yesterday at ECF numbers 192 and 193.

23         I understand that the plaintiffs had submitted some

24 additional settlement proposals, and it seems from what I have

25 seen here that the defendants are not prepared to respond to

1 those proposals and seem to think that it's time to move forward

2 with discovery.  Although I do understand and appreciate that

3 the defendants will keep an open mind and consider potential

4 other settlement proposals as the case progresses, and maybe the

5 discovery on different issues will change the thinking on some

6 of these points, I do understand that the parties have devoted a

7 very significant amount of time to thinking about settlement and

8 the possibility of how to resolve at least some of the claims in

9 the case, and I am sorry that it's not going to be able to come

10 to fruition after all of that effort, but I do hope that

11 everybody will continue to keep an open mind and think about

12 ways forward that might allow for a resolution.

13          But for now, it seems like the plan is we are going to

14 move forward with discovery, and we are going to probably be

15 meeting fairly regularly to make sure things stay on track.

16 This is an early 2019 case.  It's been through two rounds of

17 briefing, and I understand that the discovery issues are

18 complicated, and in some ways a bit unwieldy, but it's time.  If

19 we are not going to be in the settlement posture any longer, it

20 is time to move forward as expeditiously and efficiently as

21 possible while still recognizing potential constraints that may

22 cause further delays.

23          So with all that said, I do anticipate setting regular

24 status conferences in this case as we go forward so that we can

25 at least have control dates to check in to see if we are falling

1  behind on the planned deadlines because, again, I don't really

2  want to let things linger given the age of this case and given

3  how long we have paused discovery for the settlement

4  negotiations, which now seem to have not been entirely fruitful.

5          So I take it there are a couple of different things,

6  and we can figure out which order to take them in.  There are

7  the issues and the proposed schedules with respect to the

8  Discharge Class Claims, and that was presented as a standalone

9  set of issues, as I understand it, based on the -- particularly

10  based on the plaintiffs' letter from last night because there

11  was no understanding until yesterday or not a clear

12  understanding, at least, that the settlement process was going

13  to be brought to a close for now.  So we have those handful of

14  issues that you have identified on the Discharge Class Claims

15  discovery.

16          There is also the question of what the schedule should

17  be now with respect to the discovery -- outstanding discovery on

18  the original claims, and there is some reference, I guess, at

19  least in the defendants' letter as to whether the entire

20  proposal with respect to the discharge class discovery should be

21  set aside so that a global plan for discovery on all claims can

22  be put together.

23          Now, we are not going to do that because it might have

24  made sense to do that before the conference if you could have

25  come to me with a proposal for that, and I strongly encourage

1    you to meet and confer after this conference in the next couple

2    of weeks to figure out if there is a way to have a global plan

3    for discovery, but we are going to have deadlines on the

4    discharge class discovery so that that can move forward because

5    I am not going to put all discovery on hold for a couple of

6    weeks while you go back to the drawing board to negotiate a

7    global plan.  So that I will just say that at the outset.

8              And then there is the third issue, which is something

9    that was referenced in the plaintiffs' letter is that the

10   plaintiffs ask that the Court direct defendants to re-produce

11   all discovery exchanged during the course of settlement

12   discussions within two weeks of the conference today.  That was

13   part of the plan that I had approved and that the parties had

14   agreed to, as part of the stay of the claims or stay of the

15   discovery from earlier during the settlement process.  My

16   understanding there is that what the plaintiffs are referring to

17   is documents that have already been produced, but that were

18   produced with, I think, special settlement Bates numbers, that

19   they would be re-produced as -- with Bates numbers that didn't

20   indicate that they were being produced for settlement purposes

21   only.

22             So those are the three sort of buckets of issues that

23   I have identified.  You may tell me that there are others, but

24   let's cover that just at the outset.

25             Mr. Margolis, from the plaintiffs' perspective, are

1  there any other categories of issues that I am overlooking in

2  that summary?

3            MR. MARGOLIS:  No, Your Honor.  Those are all the

4  issues plaintiffs wish to address today.

5            THE COURT:  Okay.  And Mr. Conroy, on the defendants'

6  side, are there any other categories of issues that I have

7  inadvertently overlooked?

8            MR. CONROY:  No, no other categories of issues, Your

9  Honor.  I mean, if I could briefly, just to respond to the --

10  you know, I understand from the plaintiffs' letter they were

11  concerned about the idea of putting some of the proposal we put

12  in on Monday on hold.  We weren't suggesting that.  We were --

13  you know, I thought the fairly uncontroversial point we were

14  trying to make is that now that we are doing discovery on

15  everything, you know, we are going to have to come up with a

16  plan to address everything.  And, you know, I will wait until

17  Your Honor would like to get into the details of the proposal,

18  but we think there is a way sort of fold in the additional stuff

19  in a way that makes sense and is consistent with the joint

20  proposal from Monday, and, you know, just given the timing, we

21  didn't have a chance to talk to plaintiffs about that before

22  this call.

23            THE COURT:  That's fine, Mr. Conroy.

24            And I am going to -- look, you could lay that out if

25  you have a particular idea in mind, but unless the plaintiffs

1  are going to say yes to that right away, which, frankly, they

2  are not going to be able to because they are in at least two,

3  maybe three, different offices, and they are going to need an

4  opportunity to talk to each other and figure out what they think

5  makes sense strategically.  I am happy to help you lay it out

6  here so that they can then -- basically to jump-start the

7  meet-and-confer process, but I think it's unlikely that we are

8  going to have a complete resolution on that proposal as we sit

9  here today because you haven't really had a chance to work

10  through it yet, which is fine; but I -- what I am going to do,

11  though, is set a schedule with respect to the Discharge Class

12  Claims.  If you then want to make modifications that are

13  mutually agreed upon as you fold in the other elements, that's

14  fine, too.  But in the event that you are not able to reach an

15  agreement, and we're getting to the holiday season, and we might

16  not be able to get another conference on the calendar until

17  early January, I am going to still have deadlines for the

18  Discharge Class Claims discovery so that certain things are

19  moving forward and are being produced even while you continue to

20  negotiate about a broader set of agreements with respect to a

21  global plan.

22        And again, you could come back to me and say, we have

23  reached a global agreement, which includes modification of some

24  of the deadlines for the discharged class discovery that I have

25  ordered today.  That's completely fine and acceptable to me.  So

1  I am going to order these deadlines; order the schedule to take

2  effect, but if you want to agree to modify that as part of a

3  global agreement, that's fine if you can agree to it.  But, you

4  know, there will be these deadlines which will be a minimum

5  threshold of what's going to start to happen so that we don't

6  lose a couple of weeks in the interim while the negotiations

7  continue.

8         So if you would like to, I guess, Mr. Conroy, if you

9  would like to lay out what your global suggestion is, again, I

10  don't even expect a response from the plaintiff, Mr. Margolis.

11  I will hear from you if you have preliminary thoughts, but we

12  are not going to have this negotiation live in court.

13         But, Mr. Conroy, if you have a set of proposals that

14  you want to lay out for the plaintiffs to consider, they can

15  either respond to them now or more likely respond to them

16  offline in meet-and-confer discussions as we go forward.

17         MR. CONROY:  Understood, Your Honor.  This is Owen

18  Conroy, and that all sounds fine.  And really, I mean, I think

19  we just wanted to push back against the sense that we were

20  trying to delay some of the deadlines that we had agreed to in

21  the Monday submission; but generally, just to speak to our

22  concept.  I mean, the proposal from Monday sort of -- it sort of

23  is a two-step process that in January, there are these deadlines

24  that give the parties a chance to update their disclosures,

25  update their responses and objections, provide some initial

1  discovery that the plaintiffs had asked for about the discharge

2  class plaintiffs, and all of that we certainly agree that that

3  can go forward as we had anticipated.

4          And then sort of the second step of the process is

5  that February involves these deadlines where the parties are

6  then meeting and conferring, you know, about sort of what bigger

7  issues regarding scope of discovery in this case, burden,

8  custodians, ESI search terms, that kind of thing and sort of

9  wrapping our arms around, you know, just how much discovery is

10 going to be taking place in this case, and how long that's going

11 to take, and what's an appropriate volume of discovery.

12         And so we think that sort of that, the discussion

13 about what discovery remains, the prolonged incarceration claim

14 that plaintiffs are looking for sort of folds pretty neatly into

15 the February discussion that we were already planning on having;

16 and so the idea that we had put in our Monday joint proposal is

17 that at some point we would discuss all of this and either reach

18 an agreement about how much discovery going to need to happen

19 and how long we need to accomplish those tasks or we would have

20 -- we would be able to identify certain disputes about the scope

21 of discovery and about issues like burden and proportionality,

22 and we would take those disputes back to the Court so that we

23 could resolve some of those issues and then move ahead with

24 review and production.

25         So we think that the sort of general concept kind of

1  stays the same.  We would just be folding in an additional

2  discussion about those other claims.

3          THE COURT:  Okay.  Thank you, Mr. Conroy.

4          Mr. Margolis, as I said, if you would like to respond

5  to that now, if you have any immediate thoughts that you are

6  prepared to share, I welcome that; but at the same time, I do

7  know that you have a large group of constituents with whom you

8  will want to consult, so if you would rather hold off and then

9  just respond to Mr. Conroy's remarks in a subsequent meet-and-

10  confer, that's also fine.  So let me give you that choice now.

11          MR. MARGOLIS:  Thank you, Your Honor.

12          As you guessed, plaintiffs are not ready to accept

13  that proposal yet.  We are certainly happy to meet and confer

14  over the coming weeks about it with defendants, and we look

15  forward to the opportunity to do so and to come up with one

16  global discovery plan and begin moving discovery forward on all

17  aspects of this case.

18          THE COURT:  Okay.  Fair enough.

19          So normally I leave this part until the end, so since

20  we are at this stage here, I think it makes sense for us to look

21  for a date for our next conference, and then what I will ask

22  that you do is submit a joint letter similar to what you

23  submitted at ECF number 191.  That was a very helpful document

24  for me, a short sort of statement of your positions, and then

25  the competing proposals set forth in the way you have them.  It

1  made it very digestible and understandable for me.  I

2  appreciated that.  So I will ask you to do something similar in

3  advance of the conference that we are going to set, and you will

4  meet and confer between now and this deadline that we are going

5  to set in advance of that conference, and you will submit the

6  proposal, and then by the next conference we will be in a place

7  to put that proposal into effect whether it's an agreed-upon

8  proposal or something that I have to rule on.

9          In the meantime, next we will turn to the Discharge

10 Class Claims proposal, and as I said, the deadlines that will

11 occur between now and our next conference will be in effect.  So

12 at least some things will be moving forward while you are at the

13 same time having a meet-and-confer discussion about the

14 potential global plan for all outstanding claims.

15          So I am looking for a conference on either

16 January 13th at 11:00 a.m. -- that's one time that would work

17 for me -- or January 14th also at 11:00 a.m.  Depending on how

18 -- well, I think at this point we probably can have this

19 conference on the phone because I expect that it will be a

20 relatively straightforward set of issues to discuss along the

21 lines of the issues that are presented with respect to the

22 Discharge Class Claims schedule.  That is something to be able

23 to resolve fairly quickly.  It's just not that complicated.

24          I have, as I have mentioned to you multiple times in

25 the past, for the last I would say four or five months I have

1  regularly been requiring parties to come in for in-person

2  conferences when we have substantive discovery disputes to

3  resolve.  That usually is not -- I don't usually, when I say

4  "substantive discovery disputes," I am not usually talking about

5  just scheduling, and at this point we are really in the realm of

6  scheduling, and so I think it's probably fine to continue to

7  proceed by telephone.  But I would expect that the next

8  conference after that, which will be probably in February, will

9  wind up being an in-person conference because I strongly suspect

10 we are going to have some level of substantive discovery

11 disputes to address in this case.  So I just want everyone to

12 kind of keep that in mind.

13         But for this conference in mid January I do think

14 probably a telephone conference would be sufficient because it

15 will really just be focused on making sure we have a schedule in

16 place.  If it turns out you notify me in advance of that

17 conference that you have substantive issues with whatever

18 discovery has taken place so far on the Discharge Class Claims,

19 then I might convert the mid January conference to an in-person

20 conference.  So please be prepared for that and think about that

21 as we talk about the dates and times, but it is possible that

22 this will turn into an in-person conference, depending on what,

23 if any, disputes you have between now and then.  So my proposed

24 dates, as I said, January 13th at 11:00 or January 14 at 11:00.

25         Mr. Margolis, on the plaintiffs' side, is there a

1  preference as to those two?

2        MR. MARGOLIS:  No preference for plaintiffs, Your

3  Honor.

4        THE COURT:  Okay.  And, Mr. Conroy, on the defense

5  side, any preference?

6        MR. CONROY:  No preference.  Both of those are fine,

7  Your Honor.

8        THE COURT:  All right.  So we will say Thursday,

9  January 13th at 11:00 a.m.  Again, we will plan for now to have

10  that be a telephone conference subject to change if necessary,

11  and I will ask that you submit your joint letter with your

12  either joint proposal or competing proposals on or before

13  January 10th, so that's the Monday before January 10th for the

14  joint letter.

15        And if it turns out that the letter you submit on

16  January 10 is a joint proposal where you have an agreed-upon

17  global plan, and you don't have any discovery issues that have

18  arisen with respect to any of the discovery that's taken place

19  on the Discharge Class Claims between now and January 10th, then

20  we will adjourn the January 13th conference.  There is no need

21  to take the time to get together if it's just to say, the plan

22  looks good, and I am going to sign it; and if it's an

23  agreed-upon plan, it's hard to imagine that I wouldn't sign it.

24  So keep that in mind as well.  We will plan to have that

25  conference on January 13th if there are issues to address; and

1  if not, then we will just bump that date back to an appropriate

2  date that fits within the plan and an appropriate milestone for

3  us to reconvene.

4          All right.  So that basically addresses the issue with

5  the global plan and how we're going to move forward on that.

6          The next issue, which I think should be pretty

7  straightforward is this question of re-producing the documents

8  that have been produced during the course of settlement

9  discussions.

10         Mr. Conroy, is there any issue on the defendants' side

11  with getting that production re-stamped and getting those

12  documents together and re-stamped as part of the production by

13  December 23rd?

14         MR. CONROY:  No.  There is no issue, Your Honor.  We

15  will get that done.

16         THE COURT:  Okay.  So that will be done by

17  December 23rd as contemplated in the prior orders.

18         And then it's just a matter then of turning to the

19  issue regarding the discharge class.  So I have reviewed the

20  competing proposals.  Again, I commend you for working together

21  as much as you have on this.  Obviously, you have agreed on many

22  of the different moving pieces here, and there are really just

23  three issues to be resolved.

24         As I see it, the first issue is the deadline for

25  defendants to supplement their Rule 26 disclosures.  The parties

1 have a two-week difference in their positions as to when that

2 should be done.  Plaintiffs are asking for it by December 31st

3 or December 30th, since December 31st is a holiday, and the

4 defendants are asking to have until January 13th to get that

5 done.  So that's issue number one.

6        Issue number two is with respect to plaintiffs'

7 request that defendants serve supplemental responses to

8 interrogatories that have been served on defendants Annucci and

9 Sullivan.  As I understand it, the plaintiffs have requested

10 that to be -- that that be provided by January 31st.  Defendants

11 have not, as far as I can tell, made a counterproposal there.  I

12 guess the counterproposal would be that that shouldn't be a

13 priority item here, but I will hear from Mr. Conroy on that in a

14 minute.

15        And then the third item is with respect to the

16 production of documents responsive to the named plaintiffs'

17 specific RFPs 7 and 12, with respect to the discharge class

18 plaintiffs, and supplemental responses to Sullivan

19 interrogatories 5 and 25 and Annucci interrogatories 27 and 38.

20        As far as I can tell, here the parties said they had

21 one week difference as to whether those should be produced by

22 January 31st or February 7th.

23        Mr. Margolis, have I summarized those correctly?  If

24 there's anything I've misstated there, please let me know, but

25 -- that's the first question to you, and the second question to

1  you is:  Why don't you walk me through plaintiffs' positions on

2  each of these things?

3        MR. MARGOLIS:  Thank you, Your Honor.  You have

4  summarized the issues correctly.  To start off with the issue of

5  the initial disclosures, plaintiffs actually supplemented their

6  initial disclosures with respect to the discharge class in

7  October 2020.  We think that December 31st -- sorry --

8  December 30th, as Your Honor mentioned, is a reasonable date for

9  this to occur.  Typically, initial disclosures are required

10 within 14 days of the Rule 26(f) conference regardless.  Today's

11 conference seems to be a substitute for that, which would put

12 the typical deadline at December 23rd.  There is no reason

13 plaintiffs see for any delay in responding -- in defendants'

14 responding on their Rule 26 initial disclosures.

15       THE COURT:  Okay.

16       MR. MARGOLIS:  Moving to the second issue -- do you

17 want to take the issues one by one, Your Honor, or --

18       THE COURT:  No.  That's fine.  You can give me all

19 three.  These issues don't seem terribly complicated, so I'll

20 just take all three of your positions, and then I will hear

21 Mr. Conroy, and then if I have followup questions on any of

22 them, I will come back to you.

23       MR. MARGOLIS:  Sure.  On the second issue of

24 defendants supplementing their responses and objections to

25 plaintiffs' interrogatories, I think there may have been some

1 confusion here on plaintiffs' proposal in the first place

2 between the parties.  Plaintiffs understood defendants to have

3 originally objected, at least in part, to plaintiffs'

4 interrogatories on the basis that some of the interrogatories

5 were outside the scope of the claims, specifically because they

6 asked questions regarding to what would become the Discharge

7 Class Claims.  Now that the Discharge Class Claims have become

8 solely integrated and a part of the case, plaintiffs believe it

9 is proper for defendants to serve supplemental responses and

10 objections on these interrogatories, and that leads well into

11 the third issue, which is providing substantive responses to

12 interrogatories and to specific named plaintiffs' requests for

13 production.

14          On the interrogatories there, plaintiffs are asking

15 that defendants produce sentences and the substantive responses

16 to these specific interrogatories, which we expected to be

17 separate from defendants simply serving supplemental responses

18 and objections to their interrogatories.

19          On the whole plaintiffs believe --

20          THE COURT:  Let me just stop you there one second,

21 Mr. Margolis.

22          So on these requests for production 7 and 12 and the

23 four interrogatories you have specified, your understanding --

24 if I -- just to clarify, your understanding is that whatever

25 responses and objections have already been served there will not

1  materially change and that you actually are going to receive

2  substantive responses, whether it's documents or written answers

3  to the interrogatories on those particular items?  Whereas for

4  the -- what you have described as supplemental responses and

5  objections to the first and second set of interrogatories for

6  defendants Annucci and Sullivan, you recognize that what you may

7  receive, in part at least, is just written responses and

8  objections; you might receive objections, you might not get

9  substantive responses to all of them, and then you would have to

10 meet and confer and see what's what with those as things

11 progress?

12          MR. MARGOLIS:  We will leave it to defendants as to

13 whether --

14          THE COURT:  Okay.

15          MR. MARGOLIS:  -- as to whether they will

16 substantively change their responses and objections, but under

17 plaintiffs' proposed schedule, by January 31st they would serve

18 these supplemental responses and objections, and plaintiffs

19 expect the defendants can contemporaneously make these limited

20 productions with requests -- with respect to the named

21 plaintiffs' specific RFPs and provide substantive responses on

22 these interrogatories as the parties had agreed.

23          THE COURT:  Okay.  Thank you, Mr. Margolis.

24          Mr. Conroy, let's turn to the defendants' positions on

25 each of these issues.  Let's start with the Rule 26 disclosures.

1           MR. CONROY:  Sure, Your Honor.  So for the Rule 26

2   disclosures, I mean, essentially the issue is that we know that

3   both in our office and on the client's side folks are going to

4   be out of the office that particular week between Christmas and

5   New Year's, as well as likely the week before that, and that

6   affects, you know, whether we can be able to confirm our

7   supplemental list of disclosures.  And so, you know, we didn't

8   think it an exceedingly broad request to ask for two additional

9   weeks to get beyond the holidays to be able to confirm that

10  information with our clients, and so that's really the reason

11  for the first request.

12          THE COURT:  Okay.  On that one I am going to split the

13  difference between your request -- your positions and order that

14  that Rule 26 disclosure be made by January 6th, which is, again,

15  one week later than the plaintiffs' position, one week earlier

16  than the defendants' position.  That also is, I think, an

17  appropriate date here in light of the fact that we are going to

18  have our next conference the following week, and you will be

19  submitting a joint letter that Monday, January 10th.

20          It may be that to the extent plaintiffs have any

21  concerns about the Rule 26 disclosures, it may be that you won't

22  be ready to address those in the January 10th letter, but at

23  least it's something that will have then been provided to the

24  plaintiffs in advance of our conference and may be the subject

25  of further discussion.  The point about the holiday season is a

1  fair one, and at this point I don't think the one additional

2  week beyond that deadline that plaintiffs are requesting is

3  going to make a material difference here in terms of the

4  progress of the case.

5           So the Rule 26 disclosures will be due -- supplemental

6  Rule 26 disclosures from the defendants will be due January 6.

7           On the next issue, Mr. Conroy?

8           MR. CONROY:  Thank you, Your Honor.  So on the next

9  issue, to be quite honest, I think there was -- if possibly some

10 miscommunication, and this is I think an issue that sort of --

11 late in the day on Monday as we were trying to put this joint

12 letter together before the deadline and so it was helpful to

13 hear counsel's explanation.  I think the issue from our

14 perspective is that there was sort of what seemed to us two

15 duplicatus deadlines here where we had agreed, and at

16 plaintiff's request, that we would supplement substantively our

17 responses to these four particular interrogatories that they had

18 identified as requiring some sort of substantive

19 supplementation.  So that's in our proposal, and we had agreed

20 to do that.

21           It was -- we were, I think, confused about why then

22 there was an additional deadline to respond to all of the

23 interrogatories when, you know, we had sort of already agreed to

24 supplement those four.  So I hear counsel saying that perhaps

25 they are not expecting substantive supplementation of all of the

1  other interrogatories on the deadline that they are proposing,

2  but rather they want to hear from us whether, you know, we have

3  objections that certain interrogatories are outside the scope of

4  the claims or objecting for other reasons, and that we may be

5  able to discuss providing a substantive response at a later

6  date.  And if that's the proposal, then I think we can -- I

7  think that makes sense, and that's something that we can do.

8          THE COURT:  To be fair, Mr. Conroy, that's how I

9  characterized it.  I am not sure that Mr. Margolis agreed with

10 that characterization.  That is sort of how I heard it also, but

11 when I asked Mr. Margolis that followup question, he seemed to

12 perhaps not entirely endorse that interpretation.

13         So nevertheless, well, Mr. Margolis, let me hear from

14 you on that if you wanted to add anything further to clarify

15 plaintiffs' position on that.

16         MR. MARGOLIS:  Your Honor, that's actually consistent

17 with the plaintiffs' position as well.

18         THE COURT:  Okay.

19         MR. MARGOLIS:  It was just in the vein of defendants

20 had previously responded and objected to these on the basis that

21 the discharge class issues were inappropriate, we would like to

22 hear defendants' objections now that that is not an issue.

23         THE COURT:  Right.  That's no longer a valid objection

24 given Judge Seibel's ruling on the Discharge Class Claims -- the

25 motion to dismiss the Discharge Class Claims.

1          Okay.  Well, so then the only question is whether that

2    should be done by January 31st or February 7th, and I think

3    February 7th, again, is fine.  We are going to move forward on

4    these issues earlier in January as set forth in this proposal,

5    and you are also now in addition going to have to meet and

6    confer to come up with a plan globally for discovery, which may

7    include other deadlines that come due in January, and maybe

8    there will be some horse-trading on these particular issues as

9    opposed to other outstanding issues from the earlier sets of

10   requests and earlier sets of claims.  I don't know.

11          But I will set the February 7th deadline for both the

12   responses to these particular requests for production and the

13   particular interrogatories, as well as generally supplemental

14   responses and objections to the first and second sets of

15   interrogatories that were served on defendants Annucci and

16   Sullivan to address the issue that plaintiffs have raised here.

17   Certain objections from those initial responses and objections

18   may no longer be valid in light of developments in the case, and

19   the defendants should take that into account when providing

20   those supplemental responses and objections.

21          So we will have all of that by February 7th.  Just to

22   be clear, the other dates that the parties seem to have agreed

23   on -- the other deadlines that the parties seem to have agreed

24   on for January 31st will stay in effect.  So that means

25   defendants shall serve supplemental responses and objections to

1  plaintiffs' June 21st, 2019 RFPs, that will still happen by

2  January 31st.  That seems to be agreed upon.

3          And defendants shall serve responses and objections to

4  the initial supplemental RFPs regarding the Discharge Class

5  Claims also by January 31st.

6          But as to these other issues that were teed up here,

7  the production of documents with respect to RFPs 7 and 12 for

8  the discharge class plaintiffs, supplemental responses to those

9  four interrogatories and supplemental written responses and

10  objections as needed and as appropriate for the first and second

11  sets of interrogatories on defendants Annucci and Sullivan, that

12  deadline will be February 7th.

13          Okay.  I think that addresses all three of the issues

14  that were raised in the discharge class discovery proposals.

15          Mr. Margolis, is there anything else outstanding from

16  the plaintiffs' perspective?

17          MR. MARGOLIS:  Nothing from the plaintiffs, Your

18  Honor.

19          THE COURT:  Okay.  And anything further from the

20  defendants' perspective, Mr. Conroy?

21          MR. CONROY:  Nothing further.  Thank you, Your Honor.

22          THE COURT:  Okay.  So I am not going to recap all of

23  that because I think it's fairly clear at this point, but I will

24  just reiterate the plan for our next steps.  We will reconvene,

25  if need be, on January 13th at 11 o'clock, either by telephone

1  or, if necessary, in person.  January 10th you will submit a

2  joint letter that will set forth the proposed plan forward with

3  respect to all outstanding discovery issues, and the re-

4  production of documents will take place by December 23rd.  And

5  the Rule 26 supplemental disclosure deadline will be -- for the

6  defendants will be January 6.

7          With that said, let me take this opportunity to wish

8  you all a happy, safe and healthy holiday season and a happy new

9  year.  I will look forward to speaking with you in January and

10 until then, stay safe and stay healthy, everybody.  We are

11 adjourned for today.  Take care.

12                          -o0o-

13

14

15

16

17

18

19

20

21

22

23

24

25