```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ----------------------------------x

 3   M.G., et al.,

 4              Plaintiffs,

 5         v.                                19 CV 639(CS)(AEK)

 6                                           TELEPHONE CONFERENCE

 7   ANDREW CUOMO, et al.,

 8              Defendants.

 9   ----------------------------------x

10                                       United States Courthouse
                                         White Plains, New York
11                                       February 18, 2021

12

13

14

15   Before:  THE HONORABLE ANDREW E. KRAUSE Magistrate Judge

16

17
                              APPEARANCES
18
     PAUL WEISS
19        Attorneys for Plaintiffs
     SAMUEL MARGOLIS
20

21   LETITIA JAMES
          Attorney General for the State of New York
22   JANE R. GOLDBERG
     ADAM SANSOLO
23        Assistant Attorneys General

24

25   *Proceeding recorded via digital recording device.
```

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914)390-4103

1               THE DEPUTY CLERK:  Good morning.  This is the matter
2    of MG v. Cuomo, 19 Civ. 639, the Honorable Andrew Krause
3    presiding.
4               Counsel, please state your name for the record,
5    starting with the plaintiffs.
6               MR. MARGOLIS:  Sam Margolis from Paul Weiss for
7    plaintiffs.
8               THE COURT:  Good morning, Mr. Margolis.
9               MR. MARGOLIS:  Good morning, your Honor.
10              THE COURT:  If anybody else is intending to speak on
11   behalf of plaintiffs today, why don't you identify yourselves;
12   otherwise, it's not necessary for every single person to
13   identify themselves.
14              MR. MARGOLIS:  Thank you, your Honor.
15              THE COURT:  Anybody else for plaintiffs intending to
16   speak today?
17              MR. MARGOLIS:  That should be it for plaintiffs.
18              THE COURT:  Okay.  And just in case that changes for
19   whatever reason, Mr. Margolis, if you need to check in with one
20   of your colleagues or turn a particular issue over to one of
21   your colleagues, that's, of course, fine.  In that case, then,
22   whoever is going to address that issue, just please identify
23   yourself for the record before you do so we have a clear
24   recording in case we need to create a transcript.
25              For the defendants.

1           MR. SANSOLO:  This is Adam Sansolo.

2           THE COURT:  Good morning, Mr. Sansolo.

3           MR. SANSOLO:  Good morning, your Honor.

4           THE COURT:  And anybody else speaking today on behalf
5    of the defendants?

6           MS. GOLDBERG:  Yes.  Jane Goldberg, your Honor.  Good
7    morning.

8           THE COURT:  Good morning, Ms. Goldberg.

9           Okay.  We're here for a status conference.  I know
10   the last time we were together was in December, so a belated
11   happy new year to everybody.

12          Let me start by saying I did notice that the United
13   States Attorney's Office submitted a statement of interest in
14   this case in connection with the pending motion to dismiss the
15   second amended complaint.

16          This hasn't been relevant for me to disclose up until
17   now because of the nature of this case, but I will mention
18   that, as some of you may know, prior to my beginning work as a
19   magistrate judge in October, I worked in the United States
20   Attorney's Office for the Southern District of New York, in the
21   civil division, so I know Mr. Sun, the AUSA who filed the
22   statement of interest, but I have no familiarity with this case
23   from my time in the U.S. Attorney's Office, nor would I,
24   really, given the timing of the motion to dismiss the second
25   amended complaint and the timing of the statement of interest.

1    That matter, that aspect of this matter, is before Judge
2    Seibel. Even if it were before me, I don't believe that there
3    would be any reason for any conflict or concern, but, since
4    it's not before me, there's even less of a reason for any
5    concern.
6            That said, I did just want to mention it since I saw
7    that on the docket. If anybody has any concerns about that,
8    there's no need to raise them now. You can raise them with me
9    by letter at some future point, after you've had a chance to
10   think about it and, if necessary, confer with your clients.
11   But I did just want to put that out there given that that
12   recent filing was on the docket and that I have that connection
13   to the U.S. Attorney's Office.
14           So, that said, I've had a look at the scheduling
15   order that you proposed and that I signed in December.
16           Why don't we take a moment, Mr. Margolis, and you can
17   give me an update on where things stand in terms of discovery
18   at this point.
19           MR. MARGOLIS: Thank you, your Honor.
20           The first deadline under that schedule just passed on
21   Monday, February 15th. Defendants had agreed to produce
22   documents responsive to our request for production numbers 7
23   and 12. Defendants made substantial productions for these
24   requests. They signaled that there would be further
25   productions with respect to request for production 7.

1  Defendants have not provided a date by when this production
2  will be complete.  And plaintiffs also appreciate the
3  defendants have made substantial productions as to other
4  priority discovery requests, and we don't have any issues to
5  raise regarding discovery at this time.
6              THE COURT:  Okay.  Thank you, Mr. Margolis.
7              Mr. Sansolo or Ms. Goldberg, do you have a timetable
8  by which you intend to complete the production to the
9  outstanding -- the outstanding productions that were due on
10 February 15th?
11             MS. GOLDBERG:  We are just completing the last
12 documents that would be part of that production and what I'm
13 hoping is to be able to get it out next week.  It depends on
14 putting this together with our IT people and getting it out.
15 But I'm hopeful for next week.
16             THE COURT:  Okay. Well, that sounds fine. And I'm
17 glad that there's not too much of a lag there.  And I
18 appreciate plaintiffs' patience there.  And I also appreciate
19 the comment from plaintiffs that defendants have been doing
20 substantial work to comply with these deadlines in producing
21 substantial volumes of documents.  I appreciate all the effort
22 on the part of defendants as well.  So that sounds like a plan
23 to complete those last items by next week.
24             Any other issues to address in terms of discovery
25 from the defendants' perspective, Ms. Goldberg?

1           MR. SANSOLO:  Your Honor, the only issue that we sort
2   of wanted to bring up on this call today was that we are
3   progressing with discovery and we did set these deadlines and
4   we believe that we can comply with the deadlines that we set;
5   however, in light of Judge Seibel's ruling on the first motion
6   to dismiss on the first amended complaint, at which point she
7   had -- she had really sort of pointed to the parties that she
8   believed these claims in the first amended complaint should be
9   settled.  The parties seem to somewhat be in agreement that
10  these claims should be settled.  The parties have had some
11  discussions related to that.  And we've spoken to the
12  plaintiffs a little bit in the week leading up to this
13  conference about the potential for settlement on those claims.

14          The only issue related to that is that we believe,
15  and we raised this with Magistrate Judge Smith prior to you
16  coming on the case, is that we feel that we're unable to really
17  effectively participate in settlement discussions and provide
18  answers to the questions pointed to issues that might be very
19  specific to settling those claims with the ongoing discovery
20  obligations, and we're wondering maybe what plaintiffs'
21  position would be at this time.  And we had some discussions to
22  agreeing to a stay of those discovery obligations in light of
23  the desire to try to settle those claims in the first amended
24  complaint.
25          THE COURT:  Okay.  Well, Mr. Sansolo, I appreciate

1    the difficulty from the defendants' standpoint in trying to
2    press forward with large-scale document review and production
3    and also devoting the substantial time and effort that would be
4    likely required to truly hammer out a settlement, which I'm
5    sure would involve a number of different stakeholders on the
6    defendants' side and, of course, on the plaintiffs' side as
7    well.  I do recognize that these types of agreements can take
8    real time and effort to put together.
9              That said, I'm reluctant to pause discovery for any
10   extended period of time unless there's a mutual feeling that it
11   would be beneficial and that the parties would actually use
12   that time to really try to make substantial progress on
13   settlement.
14             So let me say this.  I am open to that as a
15   possibility if the parties are interested in that as a way of
16   focusing time and attention over the next few weeks or over a
17   particular period of a few weeks, whether it's between now and
18   the next deadline of March 15th or between March 15th and April
19   15th or something like that.
20             Mr. Margolis, you're free to weigh in on that now if
21   you are prepared to weigh in on it, but I'm also perfectly
22   content to allow you to take that idea back to your clients and
23   for the parties to then raise the issue with me by letter.  We
24   could have a further conference on it, although I'm not sure
25   it's totally necessary if the parties were in agreement.

1           So where I come out on that, Mr. Sansolo, my
2  immediate reaction is that seems like a viable and reasonable
3  suggestion, but given the delays and given that we have
4  hammered out this schedule, I'm only really inclined to do that
5  if there's mutual interest.
6           So, Mr. Margolis, let me turn to you.  As I said, if
7  you're prepared to answer that question now and weigh in on it
8  now, great; if not and you would like to take some time to
9  consult with your colleagues and your clients, that's fine,
10 too.  What's your preference?
11          MR. MARGOLIS:  Thank you, your Honor.
12          Plaintiffs are prepared to address this now.
13          THE COURT:  Okay.
14          MR. MARGOLIS:  It is not our position that we are
15 ready to stay discovery at this time, and we actually believe
16 that it is in the best interest to move forward with settlement
17 and discovery discussions simultaneously.
18          Plaintiffs have been attempting to receive a limited
19 set of information requests from the defendants so that we can
20 craft meaningful settlement terms for a couple months now.
21 There was a preliminary meet and confer that we had in December
22 that plaintiffs felt was productive and we followed up by
23 e-mail in January, and we didn't receive a response to that for
24 a month, until last week.  Defendants informed us that they're
25 still waiting to hear back from their clients as to some of

1   these issues.

2   And we would also like to raise a second issue as per
3   settlement in terms of moving these discussions forward.

4   The Court has previously offered its assistance in
5   these discussions, and we think that would be beneficial in
6   terms of both setting deadlines and helping craft meaningful
7   settlement terms here.  Defendants have not advised us on their
8   position yet on this.  I think they're still waiting to hear
9   back from their clients on that as well.

10   THE COURT:  Okay.  Thank you, Mr. Margolis.

11   Mr. Sansolo and Ms. Goldberg, I'll now sort of give
12   you the same option that I just gave to Mr. Margolis.  If
13   you're prepared to address the possibility of the Court's
14   involvement in settlement negotiations now, then, fine, and I'm
15   happy to hear from you on that.  At the same time, if you would
16   like an opportunity to further consult amongst yourselves
17   and/or with your clients, that's also fine, and you could
18   follow up with me in writing about that once you've had an
19   opportunity to do so.

20   MR. SANSOLO:  Yes, your Honor.  We're ready to
21   proceed with discussion on that today.

22   Just to go back just quickly to a point that
23   Mr. Margolis made.  The delay that he was talking about in us
24   being able to get back to them regarded the specific pointed
25   questions that they've asked -- that they believe would be

1   useful to settlement.  I think that sort of highlights the
2   exact problem that we are facing in that it is extremely
3   difficult, given the current circumstances as well as the
4   circumstances with the clients, to be able to address this case
5   on two fronts, both a litigation front and a settlement front.
6           What we would like to do is be able to get
7   Mr. Margolis that information much quicker than we obviously
8   have been able to, but the problem with that is that, at the
9   same time that we are trying to address those, we are also
10  trying to contact our clients and work with our clients in
11  order to supplement and provide information to the ongoing
12  discovery obligations of which there are 30 requests for
13  production in these priority requests as well as an additional
14  somewhat -- almost 40 additional requests for production that
15  are outside of these priority requests that the client is also
16  still trying to obtain documents that are responsive to.
17          So I understand plaintiffs' position that they
18  believe it is beneficial, but, from defendants' perspective, it
19  isn't in that it completely halts our ability to continue with
20  settlement discussions.
21          As far as the Court's involvement in mediation and
22  whether or not we are able to participate in such, again, our
23  clients would like to participate in mediation; however, are
24  only able to do so if there were a possible stay of the
25  discovery -- the broad discovery obligations and, instead, more

1    specific questions, you know, related to the ongoing practice
2    that was addressed in the first amended complaint, so specific
3    questions that our clients are able to provide information to
4    that might eliminate some of these issues and how our clients
5    are handling them going forward as opposed to looking at
6    documents that go back two to three years that really are not
7    relevant to settling the injunctive relief that is sought in
8    those claims.  So I think that would be how we can respond.
9              So, at this time, we don't have the clients'
10   agreement to be able to participate in mediation unless the
11   broad discovery obligations are stayed and they are able to
12   focus on those specific questions.
13             THE COURT:  Okay.
14             Mr. Margolis, do you have anything further to add in
15   response?
16             MR. MARGOLIS:  Just one point, your Honor.
17             To the extent that Mr. Sansolo suggests that some of
18   these more historical documents might be necessary to the
19   claims, but not to settlement and any injunctive relief, it is
20   plaintiffs' position that these documents and understanding
21   these historical practices is necessary for plaintiffs and the
22   parties to craft meaningful settlement terms for injunctive
23   relief going forward.  And we first prioritized some of these
24   requests at this time last year, so to the extent that there is
25   an ongoing burden, we just think that this delay has been going

1       on for quite some time.

2               MS. GOLDBERG:  May I respond, your Honor?  This is
3       Jane Goldberg.

4               I don't know what delay Mr. Margolis is referring to.
5       We've made 36 productions, I don't know how many thousands and
6       thousands of pages of documents, historical and otherwise.
7       These particular priority requests were made -- I don't
8       remember when they were made, but sometime during last year.
9       There was a first set that was addressed.  We have supplemented
10      on those.  We have supplemented I think on one set of
11      interrogatories.  We have more supplementation to do.

12              I think -- we were originally told, and perhaps I
13      misheard, that these particular priority requests were intended
14      to help with respect to a proposed motion for class
15      certification.  That was the reason we were given as to
16      particular sets.  Certainly if we were going to reach a
17      settlement and we were able to craft terms that were acceptable
18      up and down the line on our end, as well as the plaintiffs,
19      then that would be -- you know, that would be an unnecessary
20      thing -- or that would be part of the settlement, that a class
21      would be defined.

22              So I don't really understand why all these historical
23      documents are still required if we want to really do
24      settlement.  I mean, I understand that they may give you
25      more -- a fuller -- give plaintiffs a fuller understanding of

1  past practice, but they certainly cannot possibly be helpful
2  with respect to settlement necessarily.  I mean -- and, you
3  know, it's not like we haven't produced things all the way
4  along.  I mean, sometimes there were delays.
5             And frankly, in terms of the last set of questions
6  that were posed in an e-mail that they asked the clients to
7  address with respect to settlement, I would just like to fall
8  on my sword with that one because I delayed in sending that to
9  the clients.  So I don't want to put that on them.
10            THE COURT:  Okay.
11            MS. GOLDBERG:  That's where we stand.
12            THE COURT:  Thank you, Ms. Goldberg and thank you,
13 Mr. Margolis and Mr. Sansolo.
14            Listen, from my limited involvement in this case over
15 the past couple of months, I have no reason to believe that
16 anybody here is acting in bad faith.  This seems very much like
17 a situation involving a complex set of discovery requests, a
18 voluminous set of materials for defendants to review and
19 produce.  It's a complex case.  There are multiple motions to
20 dismiss that have been briefed.  You know, there's a lot going
21 on in this case.  The defendants have understandable
22 constraints given the pandemic and it has been -- there have
23 been delays, but I don't use that word pejoratively.  It just
24 has taken time to do these things, and that's understandable in
25 a lot of ways.

1       At the same time, it's understandable that plaintiffs
2  want to push to get these documents that they have been waiting
3  for.  For whatever reason, they believe -- they, their clients,
4  their experts, whoever it might be, believe that having these
5  records is important for their settlement analysis, and the
6  defendants may not see eye to eye with the plaintiffs on that,
7  but that doesn't seem to me to be an unreasonable position,
8  either.
9       So, listen, here's what I propose.
10      It's clear that the parties don't have a meeting of
11 the minds with respect to whether a stay is a beneficial step
12 in terms of the settlement process, so, with that in mind, I am
13 not going to stay discovery as of today.  The defendants should
14 continue to work on their document productions.  They have a
15 March 15th deadline with respect to a number of additional
16 items, and that is the current scheduling order, so that's the
17 plan that we're going to stick with for now.
18      That said, I do take seriously defendants' point that
19 it is not easy in a case like this, with institutional
20 defendants, government agencies operating the way that they do.
21 It is difficult for defendants to engage in the type of
22 settlement negotiations that would be required here on this
23 dual track.  I take that point that both Mr. Sansolo and
24 Ms. Goldberg have made.  I recognize that from prior experience
25 on both sides of these issues, actually.

1                And so I encourage the plaintiffs to give that some
2    thought, too, because ultimately, if the parties have an
3    interest in settling the outstanding claims in the first
4    amended complaint, it does seem to me to be worthwhile to put
5    some energy into that and perhaps pause on some of the
6    discovery work that's being done to allow those settlement
7    negotiations some room to breathe and potentially go somewhere.
8    If that would be an efficient result in terms of litigation
9    resources and a desirable result in terms of the substantive
10   assessment of the case, then I see real value in that.  I'm not
11   going to impose that, though, at this point because, again, I
12   don't think the parties are of the same mind about that, and a
13   Court order to try to enforce settlement is -- it can be
14   effective at times, but it's more effective when the parties
15   are both on the same page about the utility of that type of
16   order.
17               So what I'm going to do is this.  We'll keep the
18   deadlines in place as they currently are constituted, but I'll
19   ask the plaintiffs to just give my words there some further
20   thought and consider whether, at some point, perhaps before the
21   completion of this discovery schedule, which has three more
22   sets of dates of deadlines, there maybe some reason to shift
23   gears and take a pause and try to pursue settlement.  And we'll
24   revisit that question.  We'll set another conference date for
25   late March and we'll revisit the question of whether, at that

1    point, after the defendants have made their March 15th
2    productions, whether there would be some value in taking a
3    pause then to consider settlement alternatives.
4            And I encourage you, of course, to continue to talk
5    in the interim about ways of approaching that question and
6    whether it would be useful to have the Court's involvement.
7    I'll tell you that, based on my calendar -- I have a trial
8    coming up and a bevy of settlement conferences in March
9    already -- I wouldn't be able to really engage in a very
10   detailed and meaningful way in the settlement conference
11   process until late March, early April anyway.  And this is the
12   kind of case where we're not just going to schedule a two-hour
13   mediation session and hope to hammer out some numbers.
14   Obviously, the settlement process here would be more involved
15   and I think more iterative given the types of issues involved.
16   So I am prepared to work on that with you if it would be
17   helpful and to think creatively about how my involvement could
18   facilitate things, but, for now, I think that's premature.
19           So we will continue on the current schedule with the
20   March 15th deadline and revisit this question about a pause in
21   discovery and setting up a structure for a settlement/mediation
22   process when we convene again in approximately a month.  So I'm
23   going to pull up the calendar and see if we can find a date
24   that works for everybody, but with the idea of specifically
25   really addressing this question a month from now or a month or

1  so from now and seeing if anything has changed from the
2  parties' perspective and what everybody's appetites might be at
3  that point.
4              Okay.  Let me look at the calendar.
5              So the deadline is March 15th.  The week of March
6  22nd is probably the best time to do this just so the
7  defendants can produce those documents, the plaintiffs can have
8  at least some brief opportunity to review some of them, get a
9  sense for what's out there, what might still be to come.  So
10 one possibility would be the morning -- an 11:00 conference on
11 Wednesday, the 24th.  Another possibility would be a 10:00
12 conference on Friday, March 26th.
13             Do either of those work for the parties?
14             Start with the plaintiff.  Mr. Margolis.
15             MR. MARGOLIS:  Either time works for the plaintiffs,
16 your Honor.
17             THE COURT:  Okay.
18             And Ms. Goldberg?  Mr. Sansolo?
19             MR. SANSOLO:  Wednesday, the 24th works for me.  I'll
20 let Ms. Goldberg answer.
21             MS. GOLDBERG:  Yes, your Honor, either date is fine
22 for me.
23             THE COURT:  Okay.  So we'll put this down for
24 Wednesday, March 24th at 11 a.m., at which point hopefully --
25 we'll use the same teleconference line that we've been using,

1  including for today, at which point hopefully the defendants
2  will have made their March 15th production, the plaintiffs will
3  have had an opportunity to review and think about that.  And
4  hopefully, between now and then, the parties will have had some
5  additional opportunity to both think internally and confer with
6  each other about settlement, how that might work, what might be
7  a reasonable approach to it and how to balance the needs, which
8  I really do recognize on defendants' end of having to try to
9  have space and time and energy to really focus resources on
10 settlement in the way that would be necessary for a case like
11 this.
12         So that is our plan.  We will discuss this all
13 further on March 24th at 11 a.m.  And, obviously, if anything
14 time sensitive comes up between now and then, feel free to
15 write me a letter and we can try to move that date, if
16 necessary, or if the parties have some sort of breakthrough and
17 decide on a different approach as they give these issues
18 further thought in light of what we discussed today, let me
19 know and we can adjust this plan as necessary.
20         So, with all that said, Mr. Margolis, anything
21 further for us to address today from the plaintiffs'
22 perspective?
23         MR. MARGOLIS:  Nothing further from plaintiffs, your
24 Honor.
25         THE COURT:  Okay.  Thank you, Mr. Margolis.

```
 1              And anything further from the defendants,
 2    Ms. Goldberg or Mr. Sansolo?
 3              MR. SANSOLO:  Nothing further, your Honor, no.
 4              THE COURT:  Okay.  Thank you both.
 5              MS. GOLDBERG:  Nothing further.
 6              THE COURT:  We will adjourn.  We will reconvene on
 7    March 24th at 11 a.m., if not before.  Stay safe and stay
 8    healthy, everybody, and I'll look forward to speaking with you
 9    in a few weeks.  Take care.
10              MS. GOLDBERG:  Thank you, your Honor.
11              MR. SANSOLO:  Thank you, your Honor.
12
13                              ----
```