STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

June 14, 2022

**By ECF**
Honorable Andrew E. Krause
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601

    Re:    *M.G. v. Cuomo*, 19-cv-0639 (CS) (AEK)

Dear Judge Krause:

    Defendants write in response to Plaintiffs' June 8, 2022 letter (Dkt. No. 220) requesting a conference regarding their anticipated motion to compel the production of unredacted names and other identifying information of non-party individuals with mental illness who have received treatment from the New York State Office of Mental Health while in the custody of the New York State Department of Corrections and Community Supervision. Defendants will oppose the motion to compel.

    New York State Mental Hygiene Law § 33.13 prohibits Defendants from disclosing identifying information of non-party patients or clients to any person except, as relevant here, "pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality . . . ." N.Y. Mental Hygiene Law § 33.13(c)(1).[1] In keeping with their obligations under this statute, Defendants have redacted the names and other identifying information of non-party patients from all documents produced to the Plaintiffs in this case.

    Plaintiffs have demanded that Defendants disclose the names and other identifying information of non-party patients referenced in various documents produced by Defendants.

---

[1] Contrary to Plaintiffs' claims, Mental Hygiene Law § 33.13 applies here, as it is a "provision of State law [that] relates to the privacy of individually identifiable health information and is more stringent than a standard, requirement, or implementation specification adopted under" the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). 45 C.F.R. § 160.203(b).

Hon. Andrew E. Krause
June 14, 2022
Page 2

Plaintiffs have argued that they need this information to establish the numerosity requirement of their forthcoming motion for class certification. *See* Dkt. No. 220.

Pursuant to Mental Hygiene Law § 33.13, Defendants cannot agree to voluntarily release non-party identifying information absent a court order finding that the interests of justice significantly outweigh the need for privacy. *See* N.Y. Mental Hygiene Law § 33.13(c)(1). Defendants do not believe that such a finding is warranted here.

In particular, Plaintiffs cannot meet their burden on a motion to compel of showing that the interests of justice significantly outweigh the privacy rights of patients who are not parties to this lawsuit and who have not consented to Defendants releasing their identifying information to Plaintiffs. Plaintiffs do not argue that the confidential identifying information they seek "will bear on the claims at issue" in this case, *see Kinlaw v. Walsh*, No. 10 CIV. 7539, 2011 WL 4620966, at *2 (S.D.N.Y. Oct. 4, 2011), only that they need the information "to most effectively demonstrate numerosity" for their forthcoming class certification motion. Dkt. 220 at 1. But, as Defendants will argue in opposition not any forthcoming class certification motion, certification of a class is not necessary where the named plaintiff seeks injunctive relief against the State. *See Brooks v. Roberts*, 251 F. Supp. 3d 401, 421 (N.D.N.Y. 2017) (where plaintiffs sought injunctive relief against commissioner of a state agency, denying class certification as "unnecessary" because "Defendant submits that he will apply any relief obtained by plaintiffs in this action across the board to all members of the proposed class, which defeats the need for formal certification") (citing, *e.g.*, *Berger v. Heckler*, 771 F.2d 1556, 1566 (2d Cir. 1985)). Accordingly, Plaintiffs do not require access to any non-party's confidential information, and they cannot meet "the interests of justice" standard set forth in Mental Hygiene Law § 33.13.

Defendants also cannot agree to the two alternatives to disclosure proposed by Plaintiffs. First, Plaintiffs proposed that Defendants assign anonymous identifiers to each non-party referenced in a list of 179 lengthy spreadsheets and other documents identified by Plaintiffs, and manually substitute those identifiers for each reference to each non-party in each document. As Defendants have explained to Plaintiffs, it is not feasible – and it would be extremely burdensome – for Defendants to perform that task. Second, Defendants cannot agree to waive any arguments in opposition to Plaintiffs' anticipated class certification motion.

Respectfully submitted,

/s/
Erin Kandel
Owen T. Conroy
Adam Sansolo
Gee Won Cha

Assistant Attorneys General
*Counsel for Defendants*

cc:     All counsel of record