STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

June 24, 2022

**By ECF**
Honorable Andrew E. Krause
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601

Re: *M.G. v. Cuomo*, 19-cv-0639 (CS) (AEK)
Defendants' Search Term Proposal

Dear Judge Krause:

The New York State Office of the Attorney General represents Defendants in the above matter. Defendants write to provide the Court with their position as to proposed search terms for the review of Defendants' electronic communications. Pursuant to the discovery schedule in this matter (ECF Nos. 211, 219), the parties have exchanged search term proposals and have met and conferred about the proposals. The parties were unable to reach agreement on search terms.

**A. The Parties' Search Term Proposals**

Defendants' search term proposal and hit count report is attached as **Exhibit A**. The proposal consists of 37 different search strings, each of which contains multiple terms. The search strings are targeted at information requested in Plaintiffs' document demands. When run across the electronic communications of the custodians agreed to by the parties, for the time period 2017 to present, these searches cumulatively result in a review universe of 210,808 documents, inclusive of family members.[1]

Plaintiffs have provided a series of competing proposals, the most recent of which is attached as **Exhibit B**. A hit count report for Plaintiffs' most recent proposal is attached as **Exhibit C**.

---

[1] As agreed to by the parties, Defendants have employed an email threading analysis to remove non-inclusive emails from the search results. Therefore, the reported hit counts include only inclusive emails. *See* https://www.relativity.com/blog/email-threading-101-an-introduction-to-an-essential-e-discovery-tool/.

Hon. Andrew E. Krause
June 24, 2022
Page 2

Plaintiffs' most recent proposal consists of 50 search strings, which cumulatively result in a review universe of 498,805 documents, inclusive of family members.[2]

### B. Justification for Defendants' Proposal

When dealing with electronic discovery, given "the substantial likelihood that the data possessed by the responding party is voluminous, stored in multiple formats and is duplicative across custodians . . . judges in this District have instructed that 'the standard [in ESI discovery] is not perfection, . . . but whether the search is reasonable and proportional.'" *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of New York Mellon*, No. 14-cv-9372, 2018 WL 2215510, at *7 (S.D.N.Y. May 15, 2018) (quoting *Hyles v. New York City*, 10-cv-3119, 2016 WL 4077114 at *3 (S.D.N.Y. Aug. 1, 2016)). A plaintiff "is not entitled to every single document that could possibly have existed. Discovery must be reasonable, not perfect." *Johnson v. L'Oreal USA*, No. 18-CV-09786, 2020 WL 5530022, at *3 (S.D.N.Y. Sept. 15, 2020).

Defendants believe their proposal is more than reasonable and proportional to the issues presented by this case. Defendants' proposal includes a voluminous set of search terms, covering all of the key subject areas implicated by Plaintiffs' document demands. And the volume of documents to be reviewed under Defendants' proposal—over 200,000 documents—will be a substantial undertaking for the case team to complete in a reasonable time frame. Defense counsel is currently seeking authority to use State funds to procure several contract attorneys for this matter to assist in the review, but that authority has not yet been granted at this time.

By contrast, Plaintiffs' proposed review universe of nearly half a million documents would represent a tremendous burden on Defendants, and would likely push the discovery schedule far beyond what would be reasonable for this matter. Furthermore, the additional search term strings proposed by Plaintiffs are unnecessary, duplicative, and overbroad. For example, Plaintiffs propose adding searches that include terms such as the "American Academy of Psychiatry," "Journal of the American Academy of Psychiatry," "Prison Rape Elimination Act," "lawsuit*," "class action," and "litigation." All of these terms needlessly add to the review universe, without specifically focusing on the claims and defenses in this matter.

### C. Defendants' Proposed Schedule

Plaintiffs have proposed a framework for a global discovery schedule moving forward. Defendants have no objection to the general framework proposed by Plaintiffs, but do oppose the specific proposed dates, which are not realistic given the scope of the document review. A comparison of Defendants' proposed schedule with Plaintiffs' proposed schedule is attached as **Exhibit D**. Defendants' proposed schedule assumes a document review universe of approximately 210,808 documents—a larger review would require more time to complete.

---

[2] Both parties' proposals include search terms related to the Named Plaintiffs' names and identification numbers. Because that identifying information is confidential, those specific terms have been redacted from Exhibits A, B, and C.

Hon. Andrew E. Krause
June 24, 2022
Page 3

      To predict the length of review time needed, Defendants use an estimated metric of 50 documents per hour per reviewer. While four Assistant Attorneys General are currently staffing this matter, each AAG is assigned to multiple other federal and state cases, and it is not feasible for counsel to spend full workdays entirely devoted to document review in this case for months at a time. In addition, this case itself will very likely present competing tasks in the coming months: Plaintiffs have indicated that they plan to file a class certification motion and begin serving deposition notices. In addition, Plaintiffs have made follow-up demands for other, non-electronic discovery and have raised objections to previously served discovery, all of which take time to review and respond to. Plaintiffs have also proposed that Defendants spend substantial time on a task of inserting anonymous identifiers into previously produced documents in place of identifying information regarding non-parties—that proposal is the subject of letters the parties previously filed with the Court. *See* ECF Nos. 220, 221.

      Generously assuming that each of four AAGs can spend an average of four hours per day devoted to reviewing documents in this case, that would result in a pace of 800 documents per day. Using Defendants' proposed review universe of 210,808 documents, a review at that pace would take 263 business days, or close to one year. However, as noted, Defendants are seeking authority to procure several contract attorneys for this matter. As a result, Defendants believe a deadline of <u>6 months</u> from the date of the upcoming June 29, 2022 conference would be a reasonable initial deadline for the completion of the review, if the Court were to adopt the review universe proposed by Defendants. If the Court were to adopt Plaintiffs' proposed universe of half a million documents, Defendants would require substantially more time to complete the review. By contrast, Plaintiffs' proposal calls for Defendants to complete a review of half a million documents in just over three months, which is not a realistic possibility.

      Thank you for your consideration of this request.

                                  Respectfully submitted,

                                  /s/ Owen T. Conroy
                                  Adam Sansolo
                                  Erin Kandel
                                  Gee Won Cha
                                  Owen T. Conroy

                                  Assistant Attorneys General
                                  *Counsel for Defendants*

cc:      All counsel of record (by ECF)