UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
M.G., P.C., C.J., M.J., J.R., and D.R., individually and on behalf of all similarly situated,

                                           Plaintiffs,

       -against-

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, and ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision,

                                           Defendants.
------------------------------------------------------------------------ x

7:19-CV-639 (CS) (AEK)

## DECLARATION OF LEIGHANN STARKEY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

I, Leighann Starkey, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, do hereby state and declare the following to be true and accurate:

1. I am the Director of Data for The Legal Aid Society (LAS) Criminal Defense Practice, and I submit this declaration in support of Plaintiffs' motion to compel discovery in the above-referenced action.

2. I am an experienced data analyst and quantitative researcher, possessing a PhD in the social sciences and having published quantitative research in multiple peer-reviewed, scholarly journals.

3. I have acted as the Director of Data at LAS since July 2020, where I supervise a team of social science researchers who analyze data relevant to both individual cases and larger advocacy

issues.

4. Plaintiffs' counsel from LAS' Prisoners' Rights Project (PRP) requested my assistance in analyzing discovery materials produced by the Defendants in this lawsuit. Among other things, PRP asked that I confirm the size of the classes and subclass, assess trends in class and subclass size over time, and identify any inconsistencies in the data that prevent me from drawing conclusions as to those issues.

5. In order to do so, PRP provided me with records to analyze including 81 "Priority Release Lists," three "DOCCS-generated census[es] of Non-SARA status individuals held in RTFs past their release dates," and three "OMH-generated census[es] of people with SMI (both SMI and SMI-V) released from incarceration to Shelter, DSS and Hotel/Motel."[1]

6. My review and analysis of these records took approximately two months.

7. The records produced to me are heavily redacted. There are no names or unique identifiers assigned to any of the persons at issue in the data sets.

8. Because the records come from overlapping time periods and different sources (DOCCS and OMH), the exclusion of any names or unique identifier prevents me from:

   a. Accurately determining the number of individuals in a class:

      i. DOCCS provided 81 Priority Release Lists (PRLs). With the exception of 14 months, lists are generated twice monthly, and certainly contain some individuals who repeat across multiple lists. Without a name or unique identifier across PRLs, it is not possible to definitively know the class size. I achieved a

---

[1] The documents that I reviewed bore Bates numbers with the prefix "MG-S," which I understand indicates that they were produced for settlement purposes only. I also understand from Plaintiffs' counsel that all of the documents I reviewed have since been reproduced for litigation purposes bearing Bates numbers with the prefix "D." With the assistance of Plaintiffs' counsel, I have referenced the documents discussed herein by the Bates number corresponding to the reproduced version. I understand that the settlement records that I reviewed have since been reproduced as D-00004173-4174, D-00004197, D-000004579-4662, D-00004699, and D-00004736.

        proxy-count by de-duplicating based on shared data across lists; however, there are occasionally individuals with identical data *within* lists, indicating that this is an imperfect method of de-duplicating.

  ii. While nine PRLs appear to be complete duplicates of each other, two files (D-00004615 and D-00004616) have identical file names in the metadata ("07132020 Priority Releases for Individuals Held Past Release Date .xlsx") but list a different number of individuals (290 vs. 277). Without a name or unique identifier, I have no way of knowing to what extent duplication has occurred between these two lists.

  iii. DOCCS provided three files of Non-SARA status individuals held in RTFs past their release date (D-00004197, D-00004660, and D-00004662), although two of these (D-00004197 and D-00004660) appear to be duplicates. Because identifying information has been redacted, it is not possible to know what, if any, records overlap between D-00004197/D-00004660 and D-00004662.

  iv. DOCCS provided two files pertaining to the "discharge" class: D-00004661 and D-00004736. D-00004736 appears to contain all individuals with SMI discharged between 2019-2020, and D-00004661 contains all individuals with SMI discharged into a status considered homeless between 2019-2021. Because identifiers are redacted, the ability to confidently match records across files is compromised.

b. Accurately comparing data from DOCCS and OMH or tracking people across systems:

  i. DOCCS and OMH provided files pertaining to the number of individuals held in RTF past their release dates (DOCCS D-00004197 and OMH D-00004699). Sixteen cases in the DOCCS-provided file D-00004197 list a "reason" that does

NOT indicate OMH level but based on "orig fac", "sched rel date", and "RTF fac" appear to have a corresponding match in OMH-provided file D-00004699. This indicates inaccurate record-keeping on DOCCS's behalf, but this cannot be confirmed without unique identifiers that are consistent across sources.

    ii. At least three records in DOCCS' D-00004197 appear to be missing from OMH's D-00004699. Without a unique identifier across files, I cannot account for this discrepancy.

9. Unredacted data would allow me to properly analyze the information. Alternatively, it is possible for Defendants to apply anonymous identifiers to allow me to analyze the information. This data is needed, among other reasons, for me to analyze the three class sizes for class certification purposes.

10. I declare under penalty of perjury that the foregoing is true and accurate.

Dated:    July 7, 2022
             New York, New York

_____
Leighann Starkey, PhD
Director of Data
Criminal Defense Practice
Legal Aid Society
199 Water Street
New York, NY 10038