UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and D.H., individually and on behalf of all similarly situated,

                              Plaintiffs,

        -against-                        7:19-cv-00639 (CS) (AEK)

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision,

                              Defendants.
------------------------------------------------------------------- X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION
OF UNREDACTED DOCUMENTS**

                      LETITIA JAMES
                      Attorney General, State of New York
                      *Attorney for Defendants*
                      28 Liberty Street
                      New York, NY 10005
                      Tel.: (212) 416-6133/6185

ADAM SANSOLO
ERIN KANDEL
GEE WON CHA
OWEN T. CONROY
Assistant Attorneys General
   <u>of</u> <u>Counsel</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................... 1

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

I.   PLAINTIFFS ARE NOT ENTITLED TO UNREDACTED THIRD-PARTY IDENTIFYING INFORMATION ............................................................................................ 3

II.  IF THE COURT GRANTS THE MOTION, IT SHOULD ISSUE AN ORDER AUTHORIZING DEFENDANTS TO RELEASE THE RECORDS PURSUANT TO FEDERAL AND STATE LAW .......................................................................................................... 6

CONCLUSION ............................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Doe v. Syracuse Univ.*,
  481 F. Supp. 3d 66 (N.D.N.Y. 2020) ........................................................................................ 4

*In re Zyprexa Prod. Liab. Litig.*,
  254 F.R.D. 50 (E.D.N.Y. 2008), *aff'd*, No. 04-MD-1596, 2008 WL 4682311
  (E.D.N.Y. Oct. 21, 2008) ...................................................................................................... 4, 6

*Nat'l Abortion Fed'n v. Ashcroft*,
  No. 03 CIV. 8695 (RCC), 2004 WL 555701 (S.D.N.Y. Mar. 19, 2004) ............................... 3-4

**FEDERAL STATUTES**

Health Insurance Portability and Accountability Act .................................................................. 3-4

**STATE STATUTES**

N.Y. Mental Hygiene Law
  § 33.13 (c) ......................................................................................................................... 2, 3, 6

**FEDERAL REGULATIONS**

45 C.F.R.
  § 164.512(e) ............................................................................................................................. 6

The New York State Office of Mental Health ("OMH"), Ann Marie T. Sullivan, in her official capacity as the Commissioner of OMH, the New York State Department of Corrections and Community Supervision ("DOCCS"), Anthony J. Annucci, in his official capacity as the Acting Commissioner of DOCCS, and Anne Marie McGrath, in her official capacity as Deputy Commissioner of DOCCS (collectively, "Defendants"), respectfully submit this memorandum of law in opposition to Plaintiffs' Motion to Compel Production of Unredacted 'Census' Documents (ECF No. 224).

## PRELIMINARY STATEMENT

Defendants provide mental health care and treatment to a wide group of individuals. The vast majority of these individuals have no knowledge of this litigation and have not consented to Defendants turning over their identifying information and highly sensitive information about their treatment and mental health status to Plaintiffs' counsel. For that reason, Defendants cannot consent to voluntarily turn over this information, absent a Court order. Moreover, none of Plaintiffs' arguments compels the conclusion that they are entitled to receive identifying information about third parties who have received mental health treatment.

## BACKGROUND

Plaintiffs in this matter are formerly incarcerated individuals with serious mental illness who claim that Defendants held them in incarcerated settings beyond their release dates due to a lack of available community-based mental health housing placements. Some of the Plaintiffs also allege that Defendants have placed them at risk of institutionalization after their release from prison by failing to provide sufficient community-based mental health housing and supportive services. While Plaintiffs have filed this litigation as a purported class action, they have not yet filed a motion to certify a class.

During discovery, in response to Plaintiffs' demands, Defendants produced various spreadsheets that contain the names and other identifying information of current and formerly incarcerated individuals who received mental health services from OMH while incarcerated. The lists generally contain information about individuals in DOCCS custody who have received mental health treatment, as well as information about individuals with serious mental illness who have been released from prison to various community settings. Defendants are also in possession of mental health clinical records, discharge planning summaries, and other sensitive medical documentation related to third party individuals who have received mental health treatment while incarcerated.

Defendants have a statutory obligation to maintain the confidentiality of mental health patient records and the identities of patients who have received mental health treatment. Defendants' obligation to maintain patient confidentiality in the normal course of business is generally governed by New York State Mental Hygiene Law § 33.13. Pursuant to that statute, "information about patients or clients . . . including the identification of patients or clients, [and] clinical records or clinical information tending to identify patients or clients . . . shall not be a public record and shall not be released by the offices or its facilities to any person or agency outside of the offices" unless certain enumerated exceptions apply, including "pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality . . . ." N.Y. Mental Hygiene Law § 33.13 (c).

Given their obligation to maintain patient confidentiality, Defendants' practice during discovery has been to redact identifying information about third-party patients from all documents prior to producing them to Plaintiffs' counsel. Plaintiffs have objected to this practice, and have demanded unredacted versions of 179 spreadsheets produced by Defendants. In the alternative,

Plaintiffs proposed that Defendants could replace any third-party identifying information in the spreadsheets with unique identifiers corresponding to each third party, and to perform that same task on some unidentified volume of documents in discovery going forward.

As requested by the Court at the discovery conference on June 29, 2022, Defendants are providing the Court with unredacted exemplars of the spreadsheets under discussion for *in camera* review, along with copies of the same spreadsheets in redacted form as they were produced to Plaintiffs. Defendants have provided one example from each of the six categories of spreadsheets listed on page 3 of Plaintiffs' memorandum of law.[1]

## ARGUMENT

### I. PLAINTIFFS ARE NOT ENTITLED TO UNREDACTED THIRD-PARTY IDENTIFYING INFORMATION

Plaintiffs' motion to compel asserts several arguments, but none supports the conclusion that Defendants must turn over unredacted identifying information about third parties who have received mental health treatment.

*First*, Plaintiffs argue that that this issue is governed by the federal Health Insurance Portability and Accountability Act ("HIPAA"), rather than the New York State Mental Hygiene Law. Defendants agree that "[i]n cases arising under federal law such as this one, privileges against disclosure are governed by principles of federal law." *Nat'l Abortion Fed'n v. Ashcroft*, No. 03 CIV. 8695 (RCC), 2004 WL 555701, at *6 (S.D.N.Y. Mar. 19, 2004). Nevertheless, there is nothing in HIPAA that *requires* a party in federal question litigation to produce unredacted identifying information about third-party patients. On the contrary, federal district courts applying HIPAA routinely craft orders that expressly call for such redactions in order to protect patient

---

[1] The exemplars being provided to the Court were previously produced to Plaintiffs in redacted form with the following Bates numbers: D-00004173, D-00004579, D-00004660, D-00004661, D-00004736, and DOCCS-00027659.

3

confidentiality, including in the very cases cited by Plaintiffs. *See Nat'l Abortion Fed'n*, 2004 WL 555701, at *7 ("In addition, the protective order calls for redaction of at least the following identifying information: '[T]he patient's name; the name of any spouse, partner, child, and emergency contact (collectively 'patient relatives'); the birth date, social security number, address, telephone number, fax number, and e-mail address of the patient and any patient relative; the patient and any patient's relative's insurance policy number or group number, and any medical record or chart number.' The Hospital must also redact any other information that might reasonably lead to individual identification as provided in the HHS regulations on de-identification of individual health records."). *See also Doe v. Syracuse Univ.*, 481 F. Supp. 3d 66, 74 (N.D.N.Y. 2020) ("where necessary to protect RP's privilege, the Court has redacted the records"); *In re Zyprexa Prod. Liab. Litig.*, 254 F.R.D. 50, 59 (E.D.N.Y. 2008), *aff'd,* No. 04-MD-1596, 2008 WL 4682311 (E.D.N.Y. Oct. 21, 2008) ("All States except Connecticut must de-identify the records in accordance with HIPAA regulations. Connecticut may redact its records if it so chooses.") (citing 42 C.F.R. § 164.514(b)(2)).

*Second*, Plaintiffs argue that they need unredacted identifying information about third parties who have received mental health treatment in order to litigate this case. That is not so. Plaintiffs have alleged that Defendants violated their rights by either holding them in incarcerated settings beyond their release dates, or by placing them at risk of institutionalization after their release from prison by failing to provide sufficient community-based mental health housing and supportive services. Whether or not the Plaintiffs prevail will depend on their own facts and circumstances. The names of third parties who have not joined this litigation are not relevant. Plaintiffs further argue that they need to view the names of the third parties to assess data quality and the size of the putative classes, but that is also not accurate. Many of the spreadsheets were

4

produced in Native Excel format with targeted redactions applied only to third party names and DOCCS Department Identification Numbers ("DINs"). Those spreadsheets contain abundant unredacted data, beyond the identifying information, that will enable Plaintiffs to advance their arguments. For example, the priority release spreadsheet with Bates number D-4579 (one of the exemplars provided to the Court) was produced with unredacted cells showing how many individuals are on the list, their release dates, DOCCS facility, and other information. Likewise, the homeless release tracker spreadsheet with Bates number D-4661 was produced with unredacted cells showing how many individuals are on the list, their facility and program, release date, release county, housing plan, and "OMH Level" indicating the level of care of mental health treatment received, among other information.[2] Given this abundant unredacted information, Plaintiffs do not *also* need the names and identification numbers of the listed individuals to advance their case.[3]

*Finally*, Plaintiffs' alternative demand that Defendants replace all third-party identifying information in each of the produced spreadsheets with unique identifiers corresponding to each third party, and to perform that same task on some unidentified volume of documents in discovery going forward, is not a practicable solution. Defendants have no practical means of accomplishing this task. There are hundreds of individuals across the nearly 200 spreadsheets identified by Plaintiffs, and the same individual might appear multiple times on different spreadsheets. Plaintiffs

---

[2] To be clear, not all spreadsheets retained all of this information post-redaction, particularly for those spreadsheets that were produced as TIFF images rather than in native Excel format. For example, the special residency conditions report with Bates number DOCCS-00027659, which is one of the exemplars provided to the Court, was produced as a TIFF image with most rows of information related to non-Plaintiff third parties fully redacted.

[3] As Defendants noted in their response to Plaintiffs' pre-motion letter, class certification is not appropriate in this matter in any event because Plaintiffs are seeking only injunctive relief against the government. *See* ECF No. 221 at 2. Defendants nevertheless agree with Plaintiffs that this argument will be more fully litigated in the briefing regarding Plaintiffs' upcoming motion for class certification. Defendants are also assessing the Court's invitation to consider whether a stipulation could obviate the need for a class certification motion.

have not proposed any method by which Defendants might accurately substitute in unique anonymous identifiers for each third-party patient, each time that same patient's name appears across the entirety of this document universe. Such a task would likely take hundreds of hours and it is very unlikely that this process would lead to a usable final product.[4]

## II. IF THE COURT GRANTS THE MOTION, IT SHOULD ISSUE AN ORDER AUTHORIZING DEFENDANTS TO RELEASE THE RECORDS PURSUANT TO FEDERAL AND STATE LAW

If the Court were to grant the motion to compel and issue a qualified protective order over Defendants' objection, Defendants respectfully request that the order contain provisions that expressly authorize Defendants to release the records pursuant to federal and state law. Specifically, Defendants respectfully request that the order contain a finding that the interests of justice significantly outweigh the need for confidentiality pursuant to N.Y. Mental Hygiene Law § 33.13 (c), thus authorizing Defendants to release the records pursuant to that statute. In addition, Defendants request that the order contain language requiring the return or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding. *See* 45 C.F.R. § 164.512(e). Plaintiffs have stated that they are also willing to add the return-or-destroy provision. *See* ECF 225 at 1 & 5 n.4.

---

[4] In *Zyprexa*, the district court ordered the State parties to produce patient medical records with unique identifiers. But in that case, the court limited the project to "a randomly selected, statistically significant sample of patient medical records . . . ." 254 F.R.D. at 59. By contrast, Plaintiffs here demanded that Defendants engage in the substantially more burdensome exercise of inserting unique identifiers for all third parties who appear anywhere in the 179 produced spreadsheets, in addition to some as-yet-unknown volume of documents produced in discovery going forward.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to compel the production of unredacted documents.

Dated: New York, New York
      July 22, 2022

                                      LETITIA JAMES
                                      Attorney General
                                      State of New York
                                      *Attorney for Defendants*

                                      By: /s/ Owen T. Conroy
                                      Adam Sansolo
                                      Erin Kandel
                                      Gee Won Cha
                                      Owen T. Conroy
                                      Assistant Attorneys General
                                      28 Liberty Street
                                      New York, New York 10005
                                      Tel.: (212) 416-6382
                                      Email: Owen.Conroy@ag.ny.gov