```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2
    ------------------------------------x
 3  M.G., P.C., C.J., M.J., J.R. and D.R.,
    individually and on behalf of all
 4  similarly situated,

 5                          Plaintiffs,

 6                          Case No. 19-cv-639(CS)(AEK)
         -vs-
 7
    ANDREW CUOMO, in his official capacity
 8  as the Governor of the State of New
    York, the NEW YORK STATE OFFICE OF MENTAL
 9  HEALTH, ANN MARIE T. SULLIVAN, et al.,

10                          Defendants.

11  ------------------------------------x

12                          United States Courthouse
                            White Plains, New York
13
                            October 24, 2022
14
                     ** VIA TELECONFERENCE **
15

16  B e f o r e :
                            HONORABLE ANDREW E. KRAUSE
17                          United States Magistrate Judge

18
    A P P E A R A N C E S :
19
    PAUL, WEISS, RIFKIND, WHARTON & GARRISON
20       Attorneys for Plaintiffs
    BY:  SAMUEL MARGOLIS
21
    NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
22       Attorneys for Defendants
    BY:  OWEN T. CONROY
23
    ALSO PRESENT:  Numerous unidentified parties
24

25  *Proceedings recorded via digital recording device*
```

102422                          Proceedings

 1          THE DEPUTY CLERK:  In the matter of M.G. versus Cuomo,
 2    Docket No. 19-cv-639.  The Honorable Andrew Krause presiding.
 3          Counsel, please note your appearance for the record,
 4    starting with the plaintiffs' counsel.
 5          MR. MARGOLIS:  Good morning, Your Honor.  This is Sam
 6    Margolis from Paul Weiss on behalf of plaintiffs.
 7          THE COURT:  Good morning, Mr. Margolis.  I know there
 8    are others on the line as well.  If anybody else needs to chime
 9    in with anything, just please identify yourselves before you do,
10    but we don't need to take the entire set of appearances now in
11    the interests of time.
12          And for the defendants, Mr. Conroy?
13          MR. CONROY:  This is Owen Conroy from the New York
14    Attorney General's Office for the defendants.  Good morning,
15    Your Honor.
16          THE COURT:  Good morning, Mr. Conroy.
17          Okay.  We are here for a status conference.  Since we
18    were last together, I did issue a decision on the motion to
19    compel with respect to certain documents that had been withheld
20    or portions of documents withheld based on privacy and HIPAA-
21    related issues, and I have before me the parties' proposed
22    revised case management plan, which was submitted on
23    October 21st at ECF No. 242.  That would be a modification of
24    the discovery order on the docket at ECF No. 229 from July 15th.
25          The schedule looks fine to me.  You obviously haven't

102422                        Proceedings

1  changed much here.  Obviously, you have changed the class

2  certification briefing deadlines.  You included the deadline to

3  produce the unredacted census documents and made a minor

4  adjustment for the completion of document production for

5  prioritized ESI search strings for classification and updated

6  non-custodial census documents.  Otherwise, the schedule remains

7  the same with respect to the overall deadlines.  So I appreciate

8  that, and I am prepared to so order that.

9          But let's just talk about where we stand and any

10 updates from either side.  I do want to talk a little bit about

11 the process for filing the class certification motion and then

12 any other items that you have on your respective agendas for

13 today.

14         So Mr. Margolis, why don't I start with you?  First

15 question being whether you received the production on

16 October 21st that you were expecting?

17         MR. MARGOLIS:  Thank you, Your Honor.  Yes.  We

18 received that production, and we have no issues with that to

19 date.  We think the proposed schedule is going to continue to

20 move the case forward at a reasonable pace and are happy for the

21 Court to so order it today.  There are no other issues I think

22 that we have that are outstanding.

23         THE COURT:  Okay.  Mr. Conroy?

24         MR. CONROY:  Thank you, Your Honor.  Same.  We have no

25 other issues to raise at this time.

1          THE COURT:  Okay.  Well, that's great.  So the one

2    other issue that I had is with respect to the timing of the

3    class certification motion.

4          I spoke with Judge Seibel earlier today, actually,

5    about this, and the question is whether the motions should be

6    served and filed in the ordinary course or whether the parties

7    might want to consider a bundled submission of the motions all

8    on the reply date.  And the reason I flagged the issue for Judge

9    Seibel is just because, for various reasons, there have been a

10   number of extensions in this case.  I know that there are a lot

11   of different moving pieces to it all, and I don't say that as a

12   criticism.  It's just been the reality that a number of

13   extensions have been necessary for various different reasons

14   along the way.

15         The bottom line is:  If everybody feels relatively

16   confident that the briefs can be submitted on the current

17   schedule -- January 18th for the plaintiffs' motion, defendants'

18   opposition February 22nd, and plaintiffs' reply on March 15th --

19   then there is no reason to bundle the submissions on March 15th.

20   That's a perfectly acceptable briefing schedule, and having

21   everything fully submitted for Judge Seibel by the 15th of March

22   gives her plenty of time to decide it.

23         Based on the current order of reference here for

24   general pretrial supervision, the motion for class certification

25   will go to Judge Seibel.  I don't have any reason to expect that

102422                         Proceedings

1  she is going to refer to motion, so if she does, she does.

2  That's fine.

3          But if the parties expect needing extensions at that

4  time, those briefing deadlines or that they have a concern that

5  that might become necessary, then the reality is that the Court

6  will be less inclined to grant extensions because, as the time

7  expands, it puts Judge Seibel in a more complicated position in

8  terms of having enough time to get the decision out within the

9  framework provided by the court for addressing these motions.

10         So I leave that to your good judgment, frankly.  It's

11  not something that I am going to require one way or the other,

12  and Judge Seibel didn't have a definitive view on it, either,

13  but I just wanted to communicate to you that if everybody is

14  confident in those deadlines holding, then we should just

15  proceed in the ordinary course.  If parties are concerned about

16  the need for extensions, then a bundling approach is probably in

17  order.  It might make things easier and make the Court more

18  amenable to extension requests.

19         The other way of going about it would be to leave it

20  as is for now, and if it turns out that extensions are necessary

21  for the first brief, then we could revisit that question.  The

22  problem is, once the first brief is filed the die is sort of

23  cast in terms of making sure that everything stays on track.  It

24  doesn't mean that we couldn't make a couple of days of

25  adjustment here and there.  Obviously, things come up, sometimes

102422                          Proceedings

1  require that kind of thing, but pushing things out by weeks or

2  months becomes much more complicated.

3         So Mr. Margolis, I know you might not have been

4  specifically prepared to address this issue today.  Do you have

5  any thoughts about it as we sit here or if you would like to

6  consider it further with your team and report back, that's also

7  fine.

8         MR. MARGOLIS:  Thank you, Your Honor.

9         While we anticipate meeting the deadlines, out of an

10 abundance of caution we are happy to agree to bundle as we have

11 done with some previous motions before Judge Seibel.

12        THE COURT:  Okay.  Mr. Conroy, any objection or

13 concern about that?

14        MR. CONROY:  No.  No concern.  I think we would be

15 perfectly happy to bundle as well.

16        THE COURT:  Okay.  Well, I think that's fine, and so

17 what I will do in the memo endorsement for the scheduling order

18 is indicate, in addition to adopting this as the schedule of

19 the -- the schedule that has been adopted by the Court

20 superseding ECF No. 229, will note that in the filing of the --

21 or in the service the motions and oppositions to class

22 certification, Items 3 and 4 on the schedule, that those briefs

23 should be served, but not filed, on those deadlines, and

24 everything should be filed at once at the time of the service of

25 the reply brief currently scheduled for March 15th.

102422                          Proceedings

1           And it's my reading and understanding from all of our

2   prior discussions in this case that this is a case where

3   discovery is going to be able to proceed while the motion for

4   class certification is pending.  There is obviously some work

5   that you are going to do before the motion is filed.  That's

6   reflected in Footnote 1.  Certain plaintiffs are going to be

7   deposed before the motion is filed.  I think that makes good

8   sense.  But you are going to be able to make it through the rest

9   of discovery even while the class certification motion is being

10  reviewed by Judge Seibel.

11          Is that a correct understanding from the plaintiffs'

12  perspective, Mr. Margolis?

13          MR. MARGOLIS:  That's correct, Your Honor.

14          THE COURT:  Okay.  Mr. Conroy, you agree?

15          MR. CONROY:  Yes.  We agree.

16          THE COURT:  Okay.  All right.  Fine.  So then we will

17  go about it that way.  We will issue the memo-endorsed order

18  today that will reflect the bundling and the adoption of the

19  schedule, and we will go from there.

20          It sounds like there is nothing else for us to

21  address.  We will put another conference date on the calendar as

22  a control date just in case there are any issues that come to

23  light between now and then.  If it turns out there is nothing

24  further for us to talk about at that time, you can always just

25  send me a short letter, and we can adjourn the conference.  I

102422                           Proceedings

1  want to keep something on the calendar as a check-in point.  We

2  will plan to have it be by telephone for now unless disputes

3  arise.  But again, let me know if everything is going according

4  to plan, and we are happy to move it out from that date to some

5  point into 2023.

6           But let me just confirm:  Is there anything else that

7  we should address today from the plaintiffs' perspective,

8  Mr. Margolis?

9           MR. MARGOLIS:  Nothing from us, Your Honor.  Thank

10 you.

11          THE COURT:  All right.  Mr. Conroy, from the

12 defendants' perspective?

13          MR. CONROY:  No.  Nothing from us.  Thank you, Judge.

14          THE COURT:  All right.  Let's look for a date in --

15 call it late December, but before the holidays.  So we could do

16 a conference, telephone conference, on either the 19th or 20th.

17 That's Monday or Tuesday.  So it looks like the 20th is looking

18 a little clearer for me.  We could do the 20th at 11:30 or we

19 could do -- actually, let's not say the 19th.  We could do the

20 20th at 11:30 or 21st, that's Wednesday, at 10:00 a.m.

21          Any preferences between those two, Mr. Margolis?

22          MR. MARGOLIS:  No.  No preferences, Your Honor.

23          THE COURT:  Okay.  Mr. Conroy?

24          MR. CONROY:  No preference, Your Honor.

25          THE COURT:  All right.  Let's say the 21st, then, at

102422                          Proceedings

1   10:00 a.m.  That's Wednesday, December 21st at 10:00 a.m. for a

2   telephone conference, assuming everything is going relatively

3   smoothly.  It would be in person if you have disputes or we

4   might adjourn it entirely if there is really nothing substantive

5   to be said.  So we will plan to reconvene then, and obviously,

6   if there is anything that requires my attention before then, you

7   know how to find me, and we can always bring you back sooner.

8              So with that said, we will stand adjourned for today.

9   Have a great Thanksgiving, everybody.  We won't speak before

10  then in all likelihood, and stay safe and stay healthy,

11  everyone.  Take care.

12             MR. MARGOLIS:  Thank you, Judge.

13             MR. CONROY:  Thank you.

14                            -o0o-

15

16

17

18

19

20

21

22

23

24

25