STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

February 15, 2023

**By ECF**
Honorable Cathy Seibel
United States District Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601

      Re:    *M.G. v. Cuomo*, **19-cv-0639 (CS) (AEK)**
              **Defendants' Request for a Pre-Motion Conference**

Dear Judge Seibel:

      The Office of the Attorney General represents Defendants in the above matter. Defendants write pursuant to the Court's Individual Rule 2.A to respectfully request a pre-motion conference. Defendants seek permission to file a motion to exclude two improper reports from previously undisclosed experts that Plaintiffs served with their motion for class certification.

    **A. Background**

      Plaintiffs filed this matter as a putative class action on behalf of individuals with serious mental illness who were convicted of crimes and incarcerated, and who thereafter sought community-based mental health housing and supportive services in New York State. Plaintiffs served their motion for class certification on February 8, 2023. Defendants' opposition is due on March 15, 2023.

      Previously, the parties had jointly requested that each side be permitted up to 40 pages for the moving and opposition briefs. The Court granted that request, but advised that "the parties are encouraged to be as concise as possible." ECF No. 253. Far from following the Court's guidance on brevity, Plaintiffs served a voluminous package totaling over *1,500 pages*. Plaintiffs' filing includes: (1) a 39-page memorandum of law; (2) 61 pages of declarations from eight of the nine Named Plaintiffs; (3) 63 pages of additional declarations from three attorneys, one law firm "E-Discovery Data Science Advisor", and two non-profit employees; (4) 1,296 pages of exhibits; and (5) 124 single-spaced pages of reports from two previously undisclosed experts.

      Among their submissions, Plaintiffs served two reports from previously undisclosed experts. The first report is by a psychiatrist named Robert Factor. Dr. Factor's report opines on two issues: (1) whether individuals with serious mental illness who receive community-based mental health housing and supportive services are less likely to decompensate in the community; and (2) whether, in his view,

Hon. Cathy Seibel
February 15, 2023
Page 2

the three Discharge Class Named Plaintiffs received "appropriate" community-based mental health housing and supportive services.

The second report is by Melodie J. Peet, M.P.H., a former mental health administrator and services provider whose CV states that she is now a professional expert witness for state Disability Rights organizations. Ms. Peet's report opines on whether, in her view, the community-based mental health housing and supportive services provided to individuals who are released from prison in New York State are "adequate."

### B. Basis for the Motion to Exclude Expert Reports

Defendants seek to exclude both expert reports at the class certification stage for two reasons.

i. <u>Plaintiffs' Use of Previously Undisclosed Experts for Class Certification is Prejudicial</u>

First, Plaintiffs have improperly sandbagged Defendants with reports from these previously undisclosed experts. The parties have been proceeding through discovery according to a case management plan and schedule negotiated by the parties and approved by Judge Krause. ECF No. 243. As part of that schedule, Plaintiffs' expert disclosures are to be served five months from now, on July 14, 2023; Defendants' rebuttal expert disclosures are to be served on August 11, 2023; and expert discovery is to be completed by September 29, 2023. Plaintiffs have never informed the parties or the Court that they intended to submit expert testimony on the class certification issues. Had they done so, Defendants would have requested that the discovery schedule be modified in order to permit the opportunity to depose these experts in advance of the class certification briefing, and to permit Defendants the opportunity to secure rebuttal expert testimony on the class certification issues.

By waiting until <u>*the day their motion was due*</u> to notify Defendants and the Court about these previously undisclosed experts, far past the time when Defendants could have deposed the experts or secured rebuttal class certification experts, Plaintiffs have attempted to gain an unfair and prejudicial advantage in the class certification process. For that reason alone, their reports should be excluded at this stage of the litigation. *See Hoeffner v. D'Amato*, No. 09-CV-3160 (PKC) (CLP), 2019 WL 1428367, at *14 n.8 (E.D.N.Y. Mar. 29, 2019) ("Named Plaintiffs' submission of portions of its expert's reports in support of their certification motion was improper, given that the admissibility of either party's expert testimony had not yet been established for class certification purposes and expert discovery had not yet closed").

ii. <u>The Reports are Not Relevant to the Class Certification Issues or Reliable</u>

Second, the Court should exclude both expert reports because they are not relevant and reliable as to the question of whether the proposed classes should be certified.

Under the *Daubert* standard, an expert's testimony must "both rest on a reliable foundation and [be] relevant to the task at hand." *Ge Dandong v. Pinnacle Performance Ltd.*, No. 10 CIV. 8086 JMF, 2013 WL 5658790, at *13 (S.D.N.Y. Oct. 17, 2013) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)). "When a motion to exclude expert testimony is made at the class certification stage, the *Daubert* standard applies, but the inquiry is limited to whether or not the expert

Hon. Cathy Seibel
February 15, 2023
Page 3

reports are admissible to establish the requirements of Rule 23." *Id.* (cleaned up). "In other words, the question is not . . . whether a jury at trial should be permitted to rely on the expert's report to find facts as to liability, but rather whether the Court may utilize it in deciding whether the requisites of Rule 23 have been met." *Id.*

Neither report is *relevant* to class certification. Neither makes even a cursory effort to address the Rule 23 issues of commonality, typicality, adequacy, or ascertainability. Instead, each is clearly an attempt to bolster the merits of Plaintiffs' ultimate claims for relief. This presentation is not relevant to the motion at hand because "a district judge 'should not assess any aspect of the merits unrelated to a Rule 23 requirement.'" *Westchester Indep. Living Ctr., Inc. v. State Univ. of New York, Purchase Coll.*, 331 F.R.D. 279, 287 (S.D.N.Y. 2019) (quoting *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)).

Further, both reports fail the *Daubert* standard because neither is *reliable*. To be admissible, expert opinion testimony must be "based on sufficient facts or data," be "the product of reliable principles and methods," and the expert must "reliably appl[y] the principles and methods to the facts of the case." Fed. R. Evid. 702. *See also Daubert,* 509 U.S. at 593–94.

Dr. Factor's report is not based on any discernable reliable methods. In order to reach his opinion that each of the three Discharge Class Named Plaintiffs was denied necessary community services, he conducted a single interview of each, reviewed their deposition transcripts, and reviewed a partial selection of mental health records provided by Plaintiffs' counsel (a list that notably omits critically material records about community treatment and housing they received). Dr. Factor does not claim to have diagnosed any of the Plaintiffs or conducted a clinical analysis of their mental illness. Rather, his report simply credits their own allegations about services they allegedly did not receive, leading him to conclusions that are in many cases demonstrably untrue. For example, he credits Plaintiff WP's claim that he "was not offered stable housing," Factor Report at 20, even though WP has in fact repeatedly rejected potential housing placements at the interview stage. Dr. Factor also acknowledges in the abstract that ACT team services are "the gold-standard of community treatment," *id.* at 6, but he inexplicably fails to credit the fact that both WP and SD received exactly that service. The Court should not rely on this deeply flawed document.

Similarly, Ms. Peet's report contains no objective methodology. She simply devises her own standard regarding the scope and breadth of community mental health services she believes New York State *should* provide, then asserts that OMH has failed to meet this standard. Ms. Peet's stated premise is that "it is OMH's responsibility to ensure that *no person* from the relevant population [of individuals released from prison] is left at *any point* without access to [the full range of permanent community mental health housing and supportive services Ms. Peet has defined as essential] at the time of their need." Peet Report at 7 (emphasis added). In other words, in her view, if just one person with mental illness leaving prison has to wait even one day for a permanent, free, supported housing placement, the State's services as a whole are not "adequate." This aspirational document is not a reliable analysis tied to any standards that actually apply in this lawsuit.

For all of these reasons, Defendants request permission to file a motion to exclude the expert reports of Dr. Factor and Ms. Peet at the class certification stage. Thank you for your consideration of this request.

Hon. Cathy Seibel
February 15, 2023
Page 4

                                          Respectfully submitted,

                                          /s/ Owen T. Conroy
                                          Adam Sansolo
                                          Erin Kandel
                                          Gee Won Cha
                                          Owen T. Conroy

                                          Assistant Attorneys General
                                          *Counsel for Defendants*

cc:      All counsel of record (by ECF)