

199 Water Street
New York, NY 10038
(212) 577-3300
www.legal-aid.org

Alan Levine
*President*

Twyla Carter
*Attorney-in-Chief*
*Chief Executive Officer*

Justine M. Luongo
*Attorney-in-Charge*
Criminal Practice

Mary Lynne Werlwas
*Director*
Prisoners' Rights Project

**VIA ECF**

February 22, 2023

Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    M.G. v. Cuomo, 19-cv-639 (CS) (AEK)
              Plaintiffs' Response to Defendants' Request for a Pre-Motion Conference

Dear Judge Seibel:

      Plaintiffs write pursuant to the Court's order of February 16, 2023 (ECF No. 257) directing a response to Defendants' February 15, 2023 letter requesting a pre-motion conference. (ECF No. 256). Defendants seek the exclusion of expert reports served with Plaintiffs' motion for class certification for "two reasons": that use of the experts is prejudicial and that the reports submitted are not relevant or reliable. Neither reason is tenable.

      First, and most importantly, Plaintiffs have not violated the existing scheduling order, which contains no deadline for expert disclosure at the class certification stage. (*See* ECF No. 243.) Defendants have identified no authority requiring Plaintiffs to disclose an expert in support of class certification before service of that motion where no deadline for such disclosure was imposed by the Court, and certainly no authority to support striking the submissions of Plaintiffs' experts in these circumstances.[1]

      Second, despite Defendants' claim that they have been "sandbagged," Defendants have not been prejudiced. Defendants retain the ability to depose Plaintiffs' experts, and secure rebuttal class certification experts, within the time frame permitted by the scheduling order. Plaintiffs are surprised Defendants sought leave to move for the exclusion of the relevant reports without first conferring with us, particularly considering the parties have a long track record of resolving scheduling issues without Court involvement. Despite this, we remain willing to work with Defendants and the Court on a workable solution. For example, if Defendants require an extension of time to depose Plaintiffs' experts or seek rebuttal experts, Plaintiffs are willing to confer with Defendants to revise the current schedule.

---

[1] In support of the drastic relief they seek, Defendants rely exclusively on the unsupported dicta presented in a single footnote from an unpublished Eastern District of New York case involving a motion to strike that was mooted on other grounds. *See Hoeffner v. D'Amato*, No. 09-CV-3160 (PKC) (CLP), 2019 WL 1428367, at *14 n.8 (E.D.N.Y. Mar. 29, 2019).

**Justice in Every Borough.**

Page 2

Defendants also seek to exclude Plaintiffs' experts on relevance and reliability grounds. Defendants' arguments are perplexing.

First, Defendants incorrectly state that Plaintiffs' experts do not "make[] even a cursory effort to address the Rule 23 issues of commonality, typicality, adequacy, or ascertainability." (ECF No. 256 at 3). To be relevant under Federal Rule of Evidence 702, expert testimony must "have a valid connection to the pertinent inquiry." *Ge Dandong v. Pinnacle Performance Ltd.*, No. 10 CIV. 8086 JMF, 2013 WL 5658790, at *14 (S.D.N.Y. Oct. 17, 2013) (quoting *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2009)). Both reports address questions that are central to Plaintiffs' commonality showing, including whether people with serious mental illness who are homeless are exposed to a serious risk of institutionalization when they are released from prison without the community-based mental health housing and supportive services for which the State has deemed them eligible, Factor Decl. Ex. 1 ("Factor Report") at 4-17, and whether there are systemic deficiencies in Defendants' community-based mental health housing and supportive services system, Peet Decl. Ex. 1 ("Peet Report") at 14-44. Plaintiffs' Memorandum of Law cites both expert reports to support Plaintiffs' Rule 23 showing. For example, Plaintiffs cite Dr. Factor's findings to establish typicality, *see, e.g.*, Pl.'s Mem. of Law at 33-34, and commonality, *see, e.g.*, *id.* at 31-33, and cite Ms. Peet's findings to support commonality, *see, e.g.*, *id.* at 28. There is thus no basis for Defendants to seek their exclusion on "relevance" grounds.

Second, Defendants cherry-pick decontextualized quotes from both reports to claim that the reports are unreliable under the *Daubert* standard. This argument is without merit. This Court has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *see Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) (noting that a "bright-line" requirement "would be at odds with the liberal admissibility standards of the federal rules and the express teachings of *Daubert*"). The reliability inquiry considers the "indicia of reliability identified in Rule 702, namely, (1) that the testimony is grounded on sufficient facts or data; (2) that the testimony 'is the product of reliable principles and methods'; and (3) that 'the witness has applied the principles and methods reliably to the facts of the case.' Fed. R. Evid. 702." *Amorgianos*, 303 F.3d at 265. "[A] trial judge should exclude expert testimony if it is speculative or conjectural or based on assumptions that are 'so unrealistic and contradictory as to suggest bad faith' or to be in essence 'an apples and oranges comparison.'" *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213-14 (2d Cir. 2009) (citation omitted). Here, the Court must determine whether the experts have employed the requisite "level of intellectual rigor," *Kumho Tire Co.*, 526 U.S. at 152, that characterizes their practice in their respective fields of mental health systems administration and psychiatry. Ms. Peet and Dr. Factor have done exactly that, and accordingly, their reports are reliable and admissible.

Contrary to Defendants' mischaracterization of the Factor Report as lacking a "discernable, reliable" methodology, Dr. Factor includes a detailed explanation of the documents he reviewed, the information upon which he relied, his experience, and the methods he employed to arrive at his conclusions. Factor Report at 1, 3-4, App. B. For example, to support his finding that members of the putative discharge class are subjected to a serious risk of institutionalization when they are released from prison without the community-based mental health housing and supportive services for which Defendants deemed them eligible, Dr. Factor conducted an exhaustive, thirteen-page literature review, *id.* at 4-17, and discussed how the literature aligned with his experience. *Id.* at 5, 9-10. Dr. Factor explains how he utilized this literature and experience to support his conclusions. *Id.* at 1-4. *See Ge Dandong*, 2013 WL 5658790, at *14 (denying defendants' motion to exclude expert declaration, reasoning that "experts are permitted to provide [] experiential testimony so long as they 'explain how [their] experience leads to the conclusions reached and how [their] experience is reliably applied to the facts'") (citations omitted). In assessing whether the claims of the putative discharge class representatives are typical of the claims of the discharge class, Dr. Factor conducted a full chart review and exhaustive interview with each putative class representative. His findings have the requisite indicia of reliability set forth in Rule 702.

Similarly, Ms. Peet conducted an exhaustive review of the relevant professional literature and standards governing the provision of community-based mental health housing and supportive services by State Mental Health Authorities. Peet Report, App. B. Far from "devising her own standard regarding the scope and breadth of community-based mental health services she believes New York State should provide," Ms. Peet bases her assessment on widely accepted standards memorialized in professional literature. *Id.* at 4, App. B. Ms. Peet reviews written standards, policies, directives, objectives and goals articulated by Defendants. *Id.* at 2, 4, 6-15, 21, 34-35, 38, 42, 46. Appx. B. Notably, many of the deficiencies Ms. Peet identifies were first identified by the Local Mental Health Authorities that Defendants oversee, and by Defendants themselves.

To the extent that Defendants perceive flaws in the methodology of Plaintiffs' experts, Defendants' arguments go to the weight that should be afforded to the evidence offered by the reports, not to the admissibility of the reports themselves. *Zerega Ave. Realty Corp.*, 571 F.3d at 214.

For the foregoing reasons, the Court should deny Defendants' request for leave to move for the exclusion of the expert reports of Ms. Peet and Dr. Factor.

Respectfully,

The LEGAL AID SOCIETY

/s/  Sophia A. Gebreselassie

Sophia A. Gebreselassie (sgebreselassie@legal-aid.org)

**Justice in Every Borough.**

Page 4

Elena Landriscina (elandriscina@legal-aid.org)
Stefen R. Short (sshort@legal-aid.org)
Robert M. Quackenbush (rquackenbush@legal-aid.org)
199 Water Street, 6th Floor
New York, New York 10038
(212) 577-3530

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
Walter Ricciardi (wricciardi@paulweiss.com)
Crystal L. Parker (cparker@paulweiss.com)
Emily Vance (evance@paulweiss.com)
Chantalle Hanna (channa@paulweiss.com)
Samuel Margolis (smargolis@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

DISABILITY RIGHTS NEW YORK
Elizabeth Woods (elizabeth.woods@drny.org)
Sabina Khan (sabina.khan@drny.org)
25 Chapel Street, Suite 1005
Brooklyn, New York 11201
(518) 432-7861
*Attorneys for Plaintiffs*

cc:   Counsel of record (via ECF)

**Justice in Every Borough.**