PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3069

WRITER'S DIRECT FACSIMILE
(212) 492-0069

WRITER'S DIRECT E-MAIL ADDRESS
cparker@paulweiss.com

September 7, 2023

**VIA ECF & ELECTRONIC MAIL**
Hon. Cathy Seibel, U.S.D.J.
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601
chambersnysdseibel@nysd.uscourts.gov

  Re: *M.G.* v. *Cuomo*, No. 7:19-CV-639 (CS) (AEK)
     **Joint Letter Motion to Seal**

Your Honor:

  Paul, Weiss, Rifkind, Wharton and Garrison LLP, along with The Legal Aid Society's Prisoners' Rights Project and Disability Rights New York, represents Plaintiffs in the above-referenced matter. The New York State Office of the Attorney General represents the Defendants in the above-referenced matter. Please accept this joint letter brief in lieu of a more formal motion requesting permission to file under seal certain documents filed in connection with Plaintiffs' Motion for Class Certification, Defendants' Motion in Opposition to Plaintiffs' Motion for Class Certification, and Plaintiffs' Reply in Support of their Motion for Class Certification.

## BACKGROUND

  On February 7, 2019, the Court granted Plaintiffs' *ex parte* motion to proceed anonymously and ordered that filings that "reveal the identities of the Plaintiffs" may be filed under seal. (Dkt. No. 35). On May 15, 2019, your Honor executed the parties' "Stipulation and Protective Order" ("Protective Order") and entered the order on the docket (Dkt. No. 42). The Protective Order states, in relevant part:

> 12. The designation of materials as Confidential Information shall not mean that any party has agreed that such materials also meet the standard for filing information under seal in a court submission. Any request seeking to file materials under judicial seal shall be

> governed by the appropriate legal standards, applicable Local Rules, and requirements of the Court.
>
> 13. Any party who seeks to file any papers that are marked "CONFIDENTIAL" or that otherwise reveal Confidential Information shall first make an application to the Court for permission to file under seal any portion of those papers that disclose Confidential Information. The filing party shall first meet and confer with the opposing parties, by telephone or otherwise, not less than three (3) business days prior to the filing thereof and, when seeking leave to file under seal, shall indicate to the Court whether any party objects to the request. If all parties agree in any instance that Confidential Information can be protected from disclosure by redaction, the use of initials, or other means, then the papers need not be filed under seal.

(Dkt. No. 42 p. 7). It also states:

> Any documents that contain Confidential Information, including but not limited to personnel records, may be publicly disclosed in the course of this litigation if the personal identifying information (including, but not limited to, mental health, psychiatric, medical, substance abuse, educational, or disability records/information) is redacted in whole, provided that documents defined in subparagraphs 2(a) and 2(c) may not be so disclosed.

(Dkt. No. 42 p. 2 n.1).

During the course of discovery to date, the parties produced documents that were designated as "CONFIDENTIAL."

On February 8, 2023, Plaintiffs served Defendants with their Motion for Class Certification and mailed the Court a courtesy hard copy of the same. On July 21, 2023, Defendants served Plaintiffs with their Opposition to Plaintiffs' motion for Class Certification and mailed the Court a courtesy hard copy of the same. On August 18, 2023, Plaintiffs served Defendants with their Reply in Support of Their Motion for Class Certification and thereafter mailed the Court a courtesy hard copy of the same. The parties marked the documents that they believed should be filed under seal as "Confidential – To Be Filed Under Seal." Out of an abundance of caution, the parties also marked certain exhibits as "Confidential Subject To Meet and Confer" because, in the designating party's view, the exhibits did not reveal "Confidential Information" as defined in Paragraph 2 of the Protective Order.

3

On August 25, 2023, the parties had a meet and confer to discuss which documents the parties believe should be filed under seal in accordance with the Protective Order.[1] After further discussions by e-mail on August 25th and September 5th, the parties reached agreement as to all documents.

The parties now move to file the following documents, which all parties agree contain Confidential Information, under seal. These documents are mental health, correctional, and parole records that contain personal identifying information about the Named Plaintiffs and other incarcerated individuals with serious mental illness:

- Exhibits 3, 4, 15, 16, 22, 41, 42, 43, 44, 45, 48, 49, 51, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 68, 74, 75, 84, 85, 91, 92, 93, 95, 96, 99, 100, 101, 102, 103, 104, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 120, 121, 122, 124, 126, and 127 to Plaintiffs' Motion for Class Certification and Plaintiffs' Reply in Support of Their Motion for Class Certification.

- Exhibits 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, and 72 to Defendants' Motion in Opposition to Plaintiffs' Motion for Class Certification.

The parties further move to file the following documents with redactions for Confidential Information (as reflected in the proposed documents filed herewith) and move to file the unredacted versions of the documents under seal. For these documents, the parties request permission to redact specific information that might enable a reader to ascertain the identities of the Named Plaintiffs. Per the Court's Individual Rule No. 11, the parties have electronically filed under seal copies of the unredacted versions of these documents, with proposed redactions highlighted.

- Exhibit 98 to Plaintiffs' Motion for Class Certification (proposed redactions appear at pages 79, 91-92, and 93-94).

- Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification (proposed redaction appears at page 17).

- Exhibits 1 (proposed redaction appears at page 1) and 71 (proposed redactions appear at pages 91-92 and 93-94) to Defendants' Motion in Opposition to Plaintiffs' Motion for Class Certification.

---

[1] For documents that did not contain Confidential Information and documents that were marked as confidential subject to a meet and confer by the parties, the parties are amenable to filing copies of these documents that properly reflect, consistent with this letter, the parties' beliefs as to whether those documents should be sealed.

4

- the Declaration of Scott Wunder (filed in connection with Defendants' Motion in Opposition to Plaintiffs' Motion for Class Certification) (proposed redactions appear at paragraphs 2-16).

## ARGUMENT

Following the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), New York federal district courts have summarized the legal standard in sealing materials as follows:

> First, a court must determine whether the documents are judicial documents. To qualify as a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process. If the documents are deemed non-judicial, then there is no presumption of public access, and the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order. If, however, the court determines that the documents are judicial in nature, there is a presumption of public access.
>
> Second, the court determines the weight of the presumption. The weight of the presumption is governed by the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts. The material at issue will fall somewhere on a continuum from matters that directly affect the adjudication to matters that come within a court's purview solely to insure their irrelevance.
>
> Finally, after the court has determined the weight of the presumption of access, the court must balance competing considerations against it. These competing considerations include, inter alia, the privacy interests of those resisting disclosure.

*Elloh v. Singh*, 531 F. Supp. 2d 552, 582-84 (S.D.N.Y. 2007) (citations and internal quotation marks omitted).

While the documents at issue here are judicial documents, it is clear that the Protective Order requires that the parties file them under seal. Among other things, these exhibits contain mental health, correctional, and parole records of the Named Plaintiffs and records that contain personal or identifying information for Named Plaintiffs and other individuals currently or formerly incarcerated by the Department of Corrections and Community Supervision. As the parties agree, these documents must be filed under seal to protect these interests.

## CONCLUSION

For the reasons set forth herein, the parties respectfully request that the Court grant the parties leave to file the above-listed documents under seal.

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

/s/ Crystal L. Parker
Crystal L. Parker (cparker@paulweiss.com)
Walter Ricciardi (wricciardi@paulweiss.com)
Emily A. Vance (evance@paulweiss.com)
Chantalle Hanna (channa@paulweiss.com)
Samuel Margolis (smargolis@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:(212) 373-3069
Email: cparker@paulweiss.com

DISABILITY RIGHTS NEW YORK
Elizabeth Woods (elizabeth.woods@drny.org)
Sabina Khan (sabina.khan@drny.org)
279 Troy Road, Ste 9
PMB 236
Rensselaer, NY 12144
(518) 432-7861

The LEGAL AID SOCIETY
Twyla Carter, Attorney-in-Charge
Elena Landriscina (elandriscina@legal-aid.org)
Stefen R. Short (sshort@legal-aid.org)
Robert M. Quackenbush (rquackenbush@legal-aid.org)
Sophia A. Gebreselassie (sgebreselassie@legal-aid.org)
199 Water Street, 6th Floor
New York, New York 10038
(212) 577-3530

*Attorneys for Plaintiffs*

/s/ Owen T. Conroy
Owen T. Conroy
Adam Sansolo
Gee Won Cha
Caroline Wallitt
Assistant Attorneys General
(212) 416-6133

*Attorneys for Defendants*

CC: Counsel of Record (via ECF)