# EXHIBIT 89

| | | | |
|---|---|---|---|
| **NEW YORK STATE** **Corrections and Community Supervision** **DIRECTIVE** | TITLE **Parole Board Imposed Special Conditions of Release Regarding Residency** | NO. 8306 DATE 12/27/2018 | |
| SUPERSEDES DIR# 8306 Dtd. 05/01/2018 | DISTRIBUTION A | PAGES PAGE 1 OF 3 | DATE LAST REVISED |
| REFERENCES (Include but are not limited to) Sexual Assault Reform Act | APPROVING AUTHORITY *[signatures]* | | |

I. **DESCRIPTION**: This policy provides instruction for staff regarding the requirements associated with requesting special conditions of release regarding residency from the Parole Board, for cases for whom residence cannot be approved prior to an inmate's scheduled release date. Such cases may include inmates with a history of sexual offending or with significant mental health needs and for whom the Department is unable to approve an appropriate residence. Furthermore, this policy addresses the continuing community preparation investigation responsibilities of staff for cases where special conditions of release regarding residency have been imposed.

II. **POLICY**: It is the policy of the Department of Corrections and Community Supervision (DOCCS) to develop a suitable release plan for all individuals being released to Community Supervision which takes into consideration the safety of the community as well as the case-specific needs of the prospective releasee (parolee).

III. **FIELD OPERATIONS**

   A. <u>Request for Special Conditions Regarding Residency</u>

   1. Where the assigned area office is unable to approve a viable residence program for an inmate and residency in a shelter situation is inappropriate or unavailable, special conditions regarding residency may be requested for the Parole Board to impose which will not allow release until a suitable residence can be approved. These special residency conditions are listed as GES 29 and 30 (CMS 67 and 68) and read as follows:

      * 29/67: "I will propose a residence to be approved by the Department of Corrections and Community Supervision and will assist the Department in any efforts it may take on my behalf to develop an approved residence." (GES SC 29); and

      * 30/68: "I will reside only in the residence approved by the Department of Corrections and Community Supervision." (GES SC 30)

   2. Assigned bureau staff must consider the following before making a request to the Board:

      a. Residency conditions are necessary to ensure public safety;

      b. The individual's crime and/or history is persistent and/or predatory in sexual offending behavior;

      c. The individual's crime and/or history of sexually deviant behavior is particularly violent and/or heinous; or

NO. 8306, Parole Board Imposed Special Conditions of Release Regarding Residency
DATE   12/27/2018                                                                                                             PAGE 2 of 3


d. If there is sexually deviant behavior, it involves particularly vulnerable populations (children, adolescents, diminished mental/intellectual capacity, physically frail, or elderly victims) and no residence program is available that limits releasee (parolee) access to these populations.

e. All applicable special conditions regarding the case (including Sexual Assault Reform Act [SARA]) have been imposed and are appropriate.

f. The individual has a DOCCS Office of Mental Health (OMH) level diagnosis of 1, 1S, or 2S and is without an approved residence and/or an OMH discharge plan that addresses the individual's current mental health treatment needs in the community.

B. Field staff must complete the following when considering a request for special residency conditions:

1. All residency proposals must be investigated by assigned field staff and outcomes/reasons for denial must be documented in the Case Management System (CMS).

2. Referral to the Regional Parole Services Program Specialist/Re-Entry Manager/Assistant Re-Entry Manager for potential program placement must be made and staff must document the status of any possible residence placements.

3. A written memorandum requesting the special residency conditions identified above (#29 and #30) must be prepared, documenting all placement efforts and reasons for finding a residence unsuitable as well as a rationale for the request. This must be submitted through the chain of command to the Regional Director.

4. The Regional Director or designee must review the request and be satisfied that the special conditions are necessary to ensure public safety.

5. The Regional Director or designee will submit the request to the Sex Offender Management Unit (SOMU) in advance of the release date but no more than two weeks prior to the scheduled release date.

Upon receipt of a request, SOMU will review the case and forward approvable submissions to the Parole Board for further action. SOMU will log all requests and track case outcomes.

## IV. FACILITY AND FIELD OPERATIONS RESPONSIBILITY FOR CASES WITH PAROLE BOARD IMPOSED SPECIAL CONDITION REGARDING RESIDENCY

A. Where the Parole Board has imposed special conditions regarding residency (special conditions 29 and 30), Supervising Offender Rehabilitation Coordinators (SORC)/Offender Rehabilitation Coordinators (ORC) are responsible for the following:

1. Upon receiving written notice (email) from Parole Board Operations that the special residency conditions were imposed, facility staff will enter special conditions 29 and 30 in GES by amending the most recent Parole Board decision.

The date the conditions were imposed and the Parole Board Member's name must also be entered. The amended copy of Form #9026, "Parole Board Release Decision Notice," is to be distributed to all recipients as soon as possible. Staff must ensure that the Inmate Records Coordinator (IRC) is provided with a copy of the amended decision immediately after the decision has been entered in GES.

| | |
|---|---|
| NO. 8306, Parole Board Imposed Special Conditions of Release Regarding Residency | |
| DATE 12/27/2018 | PAGE 3 of 3 |

NOTE: The special residency conditions are only in effect until the inmate reaches the maximum expiration date of his or her sentence; they may not hold the inmate into Post-Release Supervision.

2. The SORC or designee will meet with the inmate and present the inmate with a copy of the amended Form #9026 which includes the imposition of these two special residency conditions.

3. Facility staff must make a chronological entry into CMS detailing that they met with the inmate and advised him or her of the imposition of the special residency conditions. Facility staff must also advise the inmate that he or she should continue to provide additional addresses to be investigated for possible residence.

4. The SORC/ORC will meet with the inmate in person a minimum of every two weeks to request any updated information regarding the inmate's proposed residence. This meeting shall be documented in CMS and any new proposed residences must be entered. Facility staff must email or call the assigned field office with this information in addition to entering it into CMS.

5. The case will remain assigned to the bureau as an active community preparation assignment on Parole Access Management Information Services System (PARMIS)/CMS. Continuing efforts by the field officer and Regional Parole Services Program Specialist/Re-Entry Manager to secure placement of the inmate must occur and be documented in CMS.

6. Any inmate with special residency conditions that may have a Board appearance scheduled must be calendared for their regularly scheduled appearance.

7. SOMU will provide a monthly report to Regional Directors and others updating the status for any case where the special conditions regarding residency were imposed.

## V. BUREAU CHIEF RESPONSIBILITY

A. For any case where special conditions of release regarding residency have been imposed by the Parole Board and for whom a residence can be approved or who has reached the sentence maximum expiration date, the assigned Bureau Chief must ensure that the inmate is otherwise available to be released by checking the following with facility or SOMU staff:

1. The Article 10 Civil Management review has been completed.
2. A sex offender risk level has been imposed for all relevant indictment numbers.
3. There are no other warrants or detainers.
4. The address is in compliance with any special residency laws (SARA).

B. If deemed appropriate, the assigned Bureau Chief may make a request to have the inmate transported to a DOCCS facility closer to the area of release prior to the inmate's release date. These arrangements can be made by the Bureau Chief and the DOCCS Office of Classification and Movement. Otherwise, the Bureau Chief may seek to arrange transportation from the facility with bureau staff or staff from the Office of Special Investigations. This should be coordinated directly with the assigned facility's Deputy Superintendent of Programs.