# EXHIBIT 90

| | | TITLE | NO. |
|---|---|---|---|
| **NEW YORK STATE** | **Corrections and Community Supervision** | Parole Board Imposed Special Conditions of Release Regarding Residency | 8306 |
| | | | DATE |
| | **DIRECTIVE** | | 04/22/2022 |
| SUPERSEDES | | DISTRIBUTION | PAGES | DATE LAST REVISED |
| DIR #8306 Dtd. 11/21/19 | | A | PAGE 1 OF 4 | |
| REFERENCES (Include but are not limited to) Sexual Assault Reform Act (SARA), Directive #8305 | | APPROVING AUTHORITY | | |

I. **DESCRIPTION**: This policy provides instruction for staff respecting the requirements associated with requesting special conditions of release regarding residency from the Parole Board, for cases for whom residence cannot be approved prior to an incarcerated individual's scheduled release date. Such cases may include incarcerated individuals with a history of sexual offending or with significant mental health needs and for whom the Department is unable to approve an appropriate residence. Furthermore, this policy addresses the continuing community preparation investigation responsibilities of staff for cases where special conditions of release regarding residency have been imposed.

II. **POLICY**: It is the policy of the Department of Corrections and Community Supervision (DOCCS) to develop a suitable release plan for all individuals being released to Community Supervision which takes into consideration the safety of the community, as well as the case-specific needs of the prospective releasee.

III. **FIELD OPERATIONS**

    A. <u>Request for Special Conditions Regarding Residency</u>

        1. Where the assigned area office is unable to approve a viable residence program for an incarcerated individual and residency in a shelter situation is inappropriate or unavailable, special conditions regarding residency may be requested for the Parole Board to impose which will not allow release until a suitable residence can be approved. These special residency conditions are listed as Guidelines Entry System (GES) Special Conditions (SC) #29 and #30 (Case Management System [CMS] #67 and #68) and read as follows:

            a. #29/#67: "I will propose a residence to be approved by the Department of Corrections and Community Supervision and will assist the Department in any efforts it may take on my behalf to develop an approved residence" (GES SC #29).

            b. #30/#68: "I will reside only in the residence approved by the Department of Corrections and Community Supervision" (GES SC #30).

        2. Assigned area office staff must consider the following before making a request to the Board:

            a. Residency conditions are necessary to ensure public safety.

            b. The individual's crime and/or history is persistent and/or predatory in sexual offending behavior.

- c. The individual's crime and/or history of sexually deviant behavior is particularly violent and/or heinous.
- d. If there is sexually deviant behavior, which involves particularly vulnerable populations (children, adolescents, diminished mental/intellectual capacity, physically frail, or elderly victims) and no residence program is available that limits releasee access to these populations.
- e. All applicable special conditions regarding the case, including Sexual Assault Reform Act (SARA) in accordance with Directive #8305, "Sexual Assault Reform Act (SARA) Mandatory Condition," have been imposed and are appropriate.
- f. The individual has a DOCCS Office of Mental Health (OMH) level diagnosis of 1, 1S, or 2S and is without an approved residence and/or an OMH discharge plan that addresses the individual's current mental health treatment needs in the community.

NOTE: Incarcerated individuals who received an "open date" by the Board of Parole and still owe sentence time, who do not have an approvable residence for any reason including medical, mental health, or sex offender status do not require the imposition of special residency conditions. Residency conditions would be required for Conditional Release and Parole Violator Assessed Expiration releases with sentence time remaining.

B. Community Supervision staff must complete the following when considering a request for special residency conditions:

1. All residency proposals must be investigated by assigned area office staff and outcomes/reasons for denial must be documented in CMS.
2. Referral to the Regional Parole Services Program Specialist/Re-Entry Manager/Assistant Re-Entry Manager for potential program placement must be made and staff must document the status of any possible residence placements.
3. A written memorandum requesting the special residency conditions identified in subsection III-A-1 (GES SC #29 and #30) must be prepared, documenting all placement efforts and reasons for finding a residence unsuitable as well as a rationale for the request. This must be submitted through the chain of command to the Regional Director.
4. The Regional Director or designee must review the request and be satisfied that the special conditions are necessary to ensure public safety.
5. The Regional Director or designee will submit the request to the Sex Offender Management Unit (SOMU) in advance of the release date but no more than two weeks prior to the scheduled release date.
6. Upon receipt of a request, SOMU will review the case and forward approvable submissions to the Parole Board for further action. SOMU will log all requests and track case outcomes.

IV. **FACILITY AND COMMUNITY SUPERVISION OPERATIONS RESPONSIBILITY FOR CASES WITH PAROLE BOARD IMPOSED SPECIAL CONDITION REGARDING RESIDENCY**: Where the Parole Board has imposed special conditions regarding residency (GES SC #29 and #30), Supervising Offender Rehabilitation Coordinators (SORC)/Offender Rehabilitation Coordinators (ORC) are responsible for the following:

A. Upon receiving written notice (email) from Parole Board Operations that the special residency conditions were imposed, facility staff will enter special conditions #29 and #30 in GES by amending the most recent Parole Board decision. The date the conditions were imposed, as well as the Board Member's name must also be entered in the decision.

NOTE: If there is no Board decision in GES, staff should review the case to determine whether standard Parole Board imposed special conditions need to be made. If so, a request for the Board to impose special conditions must be made by the facility staff separately and entered accordingly.

The amended copy of Form #9026, "Parole Board Release Decision Notice," is to be distributed to all recipients as soon as possible. Staff must ensure that the Inmate Records Coordinator (IRC) is provided with a copy of the amended decision immediately after the decision has been entered in GES.

NOTE: The special residency conditions are only in effect until the incarcerated individual reaches the maximum expiration date of their sentence; the individual may not be held into Post-Release Supervision.

B. The ORC will meet with the incarcerated individual and present them with a copy of the amended Form #9026, which includes the imposition of these two special residency conditions.

C. The ORC must make a chronological entry into CMS with contact type Facility Interview (FI) detailing that they met with the incarcerated individual and advised of the imposition of the special residency conditions. The ORC must also advise the individual to continue to provide additional addresses to be investigated for possible residence.

D. The ORC will meet with the incarcerated individual in person monthly for the first six months and on a quarterly basis, in conjunction with the Case Plan interview, thereafter, to request any updated information regarding the individual's proposed residence. This meeting shall be documented in CMS using contact type FI and Activity Code Interview for Address (IA). Any new proposed residences must be entered into the CMS Residential Address section. Facility staff must email or call the assigned area office with this information in addition to entering it into CMS.

E. The case will remain assigned to the area office as an active community preparation assignment on Parole Access Management Information Services System (PARMIS)/CMS. Continuing efforts by the Parole Officer and Regional Parole Services Program Specialist/Re-Entry Manager to secure placement of the incarcerated individual must occur and be documented in CMS.

F. Any incarcerated individual with special residency conditions that may have a Board appearance scheduled must be calendared for their regularly scheduled appearance.

G. SOMU will provide a monthly report to Regional Directors and others updating the status for any case where the special conditions regarding residency were imposed.

MG-Class00039522

| | |
|---|---|
| | NO. **8306, Parole Board Imposed Special Conditions of Release Regarding Residency** |
| DATE 04/22/2022 | PAGE 4 of 4 |

## V. BUREAU CHIEF RESPONSIBILITY

A. For any case where special conditions of release regarding residency have been imposed by the Parole Board and for whom a residence can be approved or who has reached the sentence maximum expiration date, the assigned Bureau Chief must ensure that the incarcerated individual is otherwise available to be released by checking the following with facility or SOMU staff:

   1. The Article 10 Civil Management review has been completed.
   2. A sex offender risk level has been imposed for all relevant indictment numbers.
   3. There are no other warrants or detainers.
   4. The address is in compliance with any special residency laws (SARA).

B. If deemed appropriate, the assigned Bureau Chief may make a request to have the incarcerated individual transported to a DOCCS facility closer to the area of release prior to the individual's release date. These arrangements can be made by the Bureau Chief and the DOCCS Office of Classification and Movement. Otherwise, the Bureau Chief may seek to arrange transportation from the facility with area office staff or staff from the Office of Special Investigations. This should be coordinated directly with the assigned facility's Deputy Superintendent of Programs.

MG-Class00039523