UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and D.H., individually and on behalf of all similarly situated,

                                  Plaintiffs,

        -against-

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision,

                                  Defendants.

------------------------------------------------------------------------ x

No. 7:19-CV-639 (CS) (AEK)

## DECLARATION OF STEFEN R. SHORT IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Stefen R. Short, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am the Acting Deputy Director of The Legal Aid Society's Prisoners' Rights Project ("PRP") and among co-counsel for Plaintiffs M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and D.H. (collectively, "Plaintiffs"), and all others similarly situated (together, the "Putative Plaintiff Classes"). I make this declaration in support of Plaintiffs' Motion for Class Certification.

2.     The Legal Aid Society will provide and has provided adequate representation to

Plaintiffs and the Putative Plaintiff Classes in this litigation. Attorneys with The Legal Aid Society's Criminal Defense Practice, specifically PRP and the Law Reform and Special Litigation Unit ("SLU"), are representing Plaintiffs and the Putative Plaintiff Classes in this action.

## CLASS COUNSEL

3.  The Legal Aid Society seeks appointment as co-class counsel—with Disability Rights New York ("DRNY") and Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss")—for Plaintiffs and the Putative Plaintiff Classes in this action under Rule 23(g) of the Federal Rules of Civil Procedure. The Legal Aid Society possesses the requisite class action experience, knowledge of the relevant substantive areas of law, and resources necessary to adequately represent the interests of Plaintiffs and the Putative Plaintiff Classes.

4.  PRP has engaged exclusively in the representation of incarcerated people in class action and test case litigation since 1971. PRP has extensive experience litigating complex lawsuits, including class actions, involving the rights of incarcerated people.

5.  PRP's active complex civil rights lawsuits include *Nunez v. City of New York*, No. 11-CV-5845 (S.D.N.Y.) (class action lawsuit challenging systemic officer-on-incarcerated person brutality in the New York City jails); *Benjamin v. City of New York*, No. 75-CV-3073 (S.D.N.Y.) (class action lawsuit challenging conditions—including ventilation, heating, cooling, lighting, and fire safety—in the New York City jails); *Handberry v. Thompson*, No. 96-CV-6161 (S.D.N.Y.) (class action lawsuit challenging the City of New York's failure to provide general and special education to students in its custody); *Clarkson v. Annucci*, 91-CV-1792 (S.D.N.Y.) (class action lawsuit challenging the State of New York's failure to accommodate the needs of people in its custody with hearing disabilities); *Suarez v. Sullivan*, 20-CV-7133 (S.D.N.Y.)

(lawsuit challenging plaintiff's receipt of inadequate mental health treatment and placement in solitary confinement at Downstate Correctional Facility); *Munoz v. City of New York*, 17-CV-4407 (S.D.N.Y.) (lawsuit seeking damages for decedent's suicide at Manhattan Detention Complex); and *Agnew v. City of New York*, 813431/2021E (Sup. Ct., Bronx County) (class action lawsuit challenging the City of New York's failure to fulfill its ministerial duty to provide detainees with access to medical care).

6. Over the last several years, PRP has resolved several complex civil rights cases, including *Harper v. Cuomo* 21-CV-19 (N.D.N.Y.) (class action lawsuit challenging COVID-19-related conditions at Adirondack Correctional Facility); *Jones v. Annucci*, 16-CV-1473 (S.D.N.Y.) (class action lawsuit challenging systemic sexual abuse and harassment of women prisoners in New York); *Medina v. Fischer*, 11-CV- 176 (S.D.N.Y.) (class action lawsuit challenging the State of New York's failure to accommodate the needs of people in its custody with vision disabilities); *Teixeira v. Lovell*, 2022-52572 (Sup. Ct., Dutchess County) (lawsuit seeking the release of Petitioner who was incarcerated for over one year beyond his medical parole date); *Frateschi v. Fennessy*, KAH 20-01420 (App. Div., 4th Dept.) (lawsuit challenging COVID-19-related conditions at Marcy, Mid-State, and Mohawk Correctional Facilities); *MacKenzie v. Tedford*, CV20-0499 (Sup. Ct., Essex Cnty.) (lawsuit that led to first-in-the-state COVID-19 vaccination order for an incarcerated person); and *Woods v. Zucker*, 902450-21 (Sup. Ct., Albany County) and *Holden v. Zucker*, 801592/2021E (Sup. Ct., Bronx. County) (companion lawsuits that secured an order requiring the State of New York to offer the COVID-19 vaccination to incarcerated people).

7. PRP has extensive experience working with co-counsel from Disability Rights New York. With Disability Rights New York, PRP litigated *Disability Advocates, Inc. v. New*

3

*York State Office of Mental Health* 02-CV-4002 (S.D.N.Y.) (lawsuit challenging the adequacy of New York's prison mental health care system). PRP has built an excellent working relationship with Disability Rights New York. This relationship will benefit Plaintiffs and the Putative Plaintiff Classes.

8.      PRP also has extensive experience working with attorneys from Paul, Weiss. With Paul, Weiss, PRP litigated *Handberry* and *Teixeira*. PRP has built an excellent working relationship with Paul Weiss. This relationship will benefit Plaintiffs and the Putative Plaintiff Classes.

9.      SLU addresses systemic legal issues affecting the rights of The Legal Aid Society's public defense clients, from police misconduct, to bail reform, to parole reform. The Unit's practice includes both individual and class action litigation designed to remedy systemic problems in the criminal punishment system. Recent examples include *Davis v. New York City Housing Authority*, No. 10-CV-699 (S.D.N.Y.) (class action challenging the New York City Police Department's racially discriminatory stops, searches, and arrests in public housing); *Roberson v. Cuomo*, No. 20-CV-2817 (S.D.N.Y.) (class action challenging the State's policy of holding people accused of parole violations in jail while they await a hearing to determine their guilt or innocence); *Medina v. City of New York*, No. 19-CV-9412 (S.D.N.Y.) (class action challenging the New York City Police Department's use of chokeholds and misuse of tasers); *Belle v. City of New York*, No. 19-CV-2673 (S.D.N.Y.) (challenging the New York City Police Department's use of digital stop and frisk); *Holden v. The Port Authority of New York and New Jersey*, No. 17-CV-2192 (S.D.N.Y.) (challenging the Port Authority Police's practice of using plainclothes police officers in men's bathrooms to target men they perceive to be attracted to other men); *Payne v. Adams*, No. 20-CV-8924 (S.D.N.Y.) (challenging the New York City

Police Department's indiscriminate brutalizing and unlawful arrest of peaceful protestors following the police killing of George Floyd); and *Alcantara v. Annucci*, 2019-531036 (Sup. Ct., Albany County) (class action challenging the State's practice of holding people with sex offense convictions beyond the maximum expiration dates of their sentences).

10. The Legal Aid Society first appeared in this action on January 23, 2019.

11. The Legal Aid Society has committed, and will continue to commit, substantial resources to represent the Plaintiffs and the Putative Plaintiff Classes in this case. The current Legal Aid Society team consists of PRP's Acting Deputy Director, two PRP Staff Attorneys, and one SLU Staff Attorney.

12. For the foregoing reasons, The Legal Aid Society will bring, and has brought to this litigation sufficient experience, specialized expertise, and resources to provide adequate representation to Plaintiffs and the Putative Plaintiff Classes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2023  /s/ *Stefen R. Short*
New York, New York  Stefen R. Short