UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and D.H., individually and on behalf of all similarly situated,

                              Plaintiffs,

      -against-

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision,

                              Defendants.

7:19-cv-0639 (CS) (AEK)

------------------------------------------------------------------------ x

# DECLARATION OF P.C. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, P.C., being competent to make this declaration and having personal knowledge of the matters stated herein, hereby declare pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am 52 years of age, and I was born in Queens, New York. I was first incarcerated when I was a teenager and remained in prison until I was 50 years old.

2. I was given an open parole date of December 19, 2017, but was not released to parole until April 28, 2020.

3. I have a diagnosis of schizophrenia and mild intellectual disability.

4. My current mental health treatment involves speaking with a therapist and psychiatrist and taking prescription mental health medications, which are Haldol and Cogentin. I take one medication orally, which I hold and take in my bedroom. The other medication I receive as an injection from a nurse. Sometimes I hear voices and get very depressed. My treatment helps me feel better. When I refused to take medications in the past, I got sick and was hospitalized. Since the summer of 2021, I have attended a Personalized Recovery Oriented Services (PROS) program in Plainview, NY. PROS is a support program for those with mental health diagnoses. PROS offers group activities over the phone and in person including therapy, relapse prevention, and movie screenings.

5. I received mental health treatment while incarcerated. The Office of Mental Health (OMH) classified me as "1-SV," which indicated that I had serious mental illness and a history of violence, specifically a past conviction for a violent felony. I was in the Special Needs Unit while I was incarcerated at multiple prisons including Wende Correctional Facility and Sullivan Correctional Facility. Immediately before I was released from state prison, I was in Sullivan Correctional Facility's SNU.

6. The SNU is for people with intellectual and developmental disabilities, but some people in the SNU, like me, also have a serious mental illness diagnosis. Everyone in the program is assigned to the same housing unit in the prison and is expected to participate in group education programs. This means that I spent most of my time with other people with serious mental illness and intellectual and/or developmental disabilities.

7. When my open parole date passed, I remained in prison and none of my living conditions changed. I stayed in a prison cell continued to be in the SNU program and was subject to all the same prison rules that I was subject to during my incarceration.

8. I wanted to reside and receive programs and services in integrated settings in the community after my release date.

9. Prior to my open parole date, I told OMH staff that I would be homeless after my release from prison and I needed help getting housing. I understand that OMH submitted applications for community-based mental health housing and supportive services for me.

10. When I reached my open parole date, OMH staff told me that I was being held in prison because of a need for mental health housing and a lack of available beds in Nassau County. DOCCS and OMH staff did not give me an estimate of when I would be released from prison.

11. I had a housing interview over video teleconference soon after my open parole date. The interview was confusing and the housing placement did not work out.

12. In November 2018, I was told that my OMH discharge planner, Ms. Herbert, put in a housing request for me. I understood at the time that OMH was searching for housing in Suffolk County because OMH was unable to find housing for me in Nassau County.

13. I understand that OMH looked for a placement in a 24-hour supervised community residence, but there were no placements available, so I was forced to stay in prison.

14. I became a Named Plaintiff in this lawsuit on January 23, 2019.

15. In May 2019, OMH told me that they had found housing for me and that I'd have a housing interview. I was interviewed in May 2019 by a temporary housing provider in Suffolk County. I was told that I would be living with a number of other people for approximately three to six months until permanent housing in Nassau County could be found.

16. On April 28, 2020, I was transported to a state-operated community residence ("SOCR") facility in West Brentwood, New York, in Suffolk County. The SOCR is a congregate

living facility that is operated by OMH and is on the campus of the Pilgrim Psychiatric Center. Meals are provided, residents spend time together in the recreation room and laundry area, medication is administered on site, and residents share bathrooms.

17. I did not hear from my case manager or know the agency providing case management until after my discharge from prison, despite being told that my case manager would be responsible for securing permanent housing and benefits.

18. In June 2020, I was transferred to Oceanside SOCR in Oceanside, New York, where I reside now. In the SORC, 12 people share two living rooms, a kitchen, and a dining space. We take turns cooking meals with staff assistance. I share a bedroom with a roommate.

19. In early 2021, the Oceanside SOCR staff told me they would help me find an apartment in the community and that it would take about a year. In early 2022, staff told me they would not be able to find me an apartment that will accept me until after I complete parole in April 2023. I look forward to completing parole and having my own apartment.

20. I want to reside and receive programs and services in integrated settings in the community.

21. I understand that I am a part of a class action lawsuit, and this lawsuit is not only for my benefit, but for the benefit of other class members as well.

22. I understand the responsibilities of being a class representative, including that I am seeking to represent all members of a proposed class of people with serious mental illness, who are housed or who will be housed in a state prison, whose open dates for parole release, approved conditional release dates, or maximum expiration dates have passed, and who are appropriate for community-based mental health housing and supportive services upon their release from prison.

23. I understand that this case is also being brought on behalf of individuals who were harmed by DOCCS's and OMH's failure to provide adequate community-based mental health housing and supportive services. As a result of this failure, DOCCS and OMH discharged people to segregated and/or inappropriate settings, such as halfway houses.

24. I understand that the goal of this lawsuit is to require DOCCS and OMH to take certain actions to stop their harmful practices and to provide care and treatment in the most integrated setting appropriate to the needs of individuals with serious mental illness who are discharged from prison.

25. I do not have interests that are inconsistent with the interests of the class members I seek to represent. I will adequately represent those class members.

26. As a class representative, I will always consider the interests of class members just as I would consider my own interests, and in some cases I understand I must put the interests of class members before my own interests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2 day of Jan, 2023 in Oceanside, NY.

_____
P C