UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and D.H., individually and on behalf of all similarly situated,

                                                    Plaintiffs,

            -against-                                      7:19-cv-00639 (CS) (AEK)

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision,

                                                    Defendants.
-------------------------------------------------------------------------x

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants write to respectfully notify the Court of the attached opinion and order of the United States Court of Appeals for the Second Circuit in *Elisa W. v. City of New York*, 22-7-cv (2d Cir. Sept. 19, 2023) ("*Elisa W.*"). The Second Circuit's order vacates and remands a District Court decision that was cited in Defendants' memorandum of law in opposition to Plaintiffs' motion for class certification. *See* ECF No. 291 at 22-23, 26, 31.

In *Elisa W.*, a group of children in New York City's foster care system allege the existence of certain practices by City and State agencies that allegedly violate their rights. The *Elisa W.* plaintiffs seek to certify a class of foster children in New York City only, not Statewide. In 2021, the District Court denied Plaintiffs' motion for class certification. *Elisa W. v. City of New York*, No. 15-CV-5273

(KMW), 2021 WL 4027013 (S.D.N.Y. Sept. 3, 2021). Earlier today, the Second Circuit issued an opinion and order vacating the District Court's decision and remanding the case for further class certification proceedings. The Second Circuit held that the district court erred because it "did not determine whether commonality and typicality exist with respect to each of plaintiffs' claims. Instead, it concluded that commonality was lacking as to all alleged harms because 'Plaintiffs' allegations do not flow from unitary, non-discretionary policies . . . .'" *Elisa W.* at 14. The Second Circuit reiterated the standard that a party moving for class certification must establish by a preponderance of the evidence that each of Rule 23's requirements have been met, and remanded the case with instructions to the District Court to "address the particular evidence relating to each of the proposed common practices." *Id.* at 24-25. The Second Circuit also noted that "terms like 'adequate,' 'meaningful,' and 'robust' are somewhat vague and left undefined in plaintiffs' renewed motion for class certification" and invited the District Court "to consider on remand whether the vagueness of the plaintiffs' allegations constitutes a barrier to class certification." *Id.* at 20 n.6.

Dated: New York, New York
      September 19, 2023

    LETITIA JAMES
    Attorney General
    State of New York
    *Attorney for Defendants*

    By: /s/ Owen T. Conroy
    Gee Won Cha
    Adam Sansolo
    Caroline Wallitt
    Owen T. Conroy
    Assistant Attorneys General
    28 Liberty Street
    New York, New York 10005
    Tel.: (212) 416-6382
    Email: Owen.Conroy@ag.ny.gov