# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and
D.H., individually and on behalf of all similarly
situated,

*Plaintiffs*,

-against-

ANDREW CUOMO, in his official capacity as the
Governor of the State of New York, the NEW YORK
STATE OFFICE OF MENTAL HEALTH,
ANN MARIE T. SULLIVAN, in her official capacity
as the Commissioner of the New York State Office of
Mental Health, the NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, ANTHONY J.
ANNUCCI, in his official capacity as the Acting
Commissioner of the New York State Department of
Corrections and Community Supervision, ANNE
MARIE MCGRATH, in her official capacity as
Deputy Commissioner of the New York State
Department of Corrections and Community
Supervision,

*Defendants*.

7:19-CV-00639 (CS) (AEK)

## DEFENDANTS' RESPONSES TO PLAINTIFFS' THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil

Rules for the Southern District of New York, Defendants New York State Office of Mental Health

("OMH"), OMH Commissioner Ann Marie T. Sullivan, in her official capacity, New York State

Department of Corrections and Community Supervision ("DOCCS"), DOCCS Acting

Commissioner Anthony J. Annucci, in his official capacity, and DOCCS Deputy Commissioner

Anne Marie McGrath, in her official capacity, (collectively, "Defendants"), by their attorney,

LETITIA JAMES, the Attorney General of the State of New York, respond to Plaintiffs' Third Set of Document Requests dated October 17, 2023, as follows:

<strong>PRELIMINARY STATEMENT</strong>

1.     The responses set forth herein constitute the best information presently available to Defendants based on reasonable searches proportional to the needs of the litigation. Defendants reserve the right to supplement the responses with additional information should such information or documents become available to counsel for Defendants. Defendants also reserve the right to object to the further disclosure of any such information.

2.     By providing the information below, Defendants do not in any way waive, or intend to waive and are preserving, (a) all objections to competency, relevance, materiality and admissibility of the responses or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden; (c) all rights to object on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and (d) all right to object on any ground to any request for further responses to these or any discovery requests involving or relating to the subject matter of the request.

3.     By referring Plaintiffs to documents, Defendants do not concede the admissibility or relevance of any document produced or referred to or that the document is original, true, accurate, complete, or authentic. Defendants reserve the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

4.     The inadvertent disclosure of any information that is privileged, was prepared in anticipation of litigation, or is otherwise excludable from discovery, shall not constitute a waiver

of any privilege or of any other ground for objecting to discovery with respect to that information, or any document, its subject matter, the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

### REQUESTS FOR PRODUCTION

100. All Documents in DOCCS's possession, custody, or control concerning all persons identified in Appendix A and Appendix B relating to crime and sentence information; legal date computations; chronological histories; transfer histories; chronological entry sheets; Parole Board decisions; parolee chrono or progress reports; community prep investigation reports; memoranda regarding Special Condition 37 pursuant to Penal Law 70.45; RTF Continuation Designations pursuant to Correction Law 73(10); all documents related to Parole Board special conditions, including underlying documents, requests, and Offender Rehabilitation Coordinator recommendations; all documents from prior incarceration(s); probation, parole, and legal documents; MHCRP documents; case plans; risk assessments; special conditions of release; special conditions of community supervision; classification documents; mental health referrals; health screening forms; and documents related to screening, referrals, and evaluations for special programs, including but not limited to the Intermediate Care Program, Transitional Intermediate Care Program, Residential Mental Health Treatment Unit, Enhanced Intermediate Care Program, and Discharge Intermediate Care Program, for the period beginning one year prior to the release date indicated in D-01685103 through to that release date.

**RESPONSE:** Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents.

3

Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands. Defendants further object that the request is at odds with the parties' prior agreements regarding the scope of discovery in this case, given that Plaintiffs failed to identify this additional significant category of documents for potential production either during the 2021 global negotiations regarding the scope of discovery in this matter, or shortly after receiving the original production of unredacted censuses in October 2022.

Defendants further object that the request seeks the production of documents that do not pertain to the claims in this action and are thus not relevant to any party's claims or defenses. If a class is certified, Plaintiffs are not entitled to the requested discovery because the point of the class action vehicle is that the Named Plaintiffs' claims are typical of the class and stand in for all class members, thus "achiev[ing] significant economies of 'time, effort and expense[.]'" *In re US FoodServ. Inc. Pricing Litig.*, 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23 advisory committee's notes). To the extent "mini-trials" regarding each class member's individual circumstances is required, "a class action is not a feasible, let alone superior, method[.]" *Dunnigan v. Metro. Life Ins. Co.*, 214 F.R.D. 125, 142 (S.D.N.Y. 2003). On the other hand, if Defendants are correct that Plaintiffs have failed to meet their Rule 23 burden, then there is no class action and the litigation involves only the specific circumstances and claims of the Named Plaintiffs themselves. In that case, the psychiatric and criminal justice records of absent third parties will be wholly irrelevant to resolution of the case.

Pursuant to these objections, Defendants will not conduct a search for documents in response to this request.

101. All Documents in DOCCS's possession, custody, or control concerning all persons identified in Appendix A and Appendix B relating to incarceration(s) subsequent to the release date indicated in D-01685103, including crime and sentence information; legal date computations; chronological histories; transfer histories; chronological entry sheets; Parole Board decisions; parolee chrono or progress reports; community prep investigation reports; probation, parole, and legal documents; MHCRP documents; case plans; risk assessments; special conditions of release; special conditions of community supervision; and documents related to screening, referrals, and evaluations for special programs, including but not limited to Special Needs Unit, Intermediate Care Program, Transitional Intermediate Care Program, Residential Mental Health Treatment Unit, Enhanced Intermediate Care Program, and Discharge Intermediate Care Program.

**RESPONSE:** Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents. Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands. Defendants further object that the request is at odds with the parties' prior agreements regarding the scope of discovery in this case, given that Plaintiffs failed to identify this additional significant category of documents for potential

production either during the 2021 global negotiations regarding the scope of discovery in this matter, or shortly after receiving the original production of unredacted censuses in October 2022.

Defendants further object that the request seeks the production of documents that do not pertain to the claims in this action and are thus not relevant to any party's claims or defenses. If a class is certified, Plaintiffs are not entitled to the requested discovery because the point of the class action vehicle is that the Named Plaintiffs' claims are typical of the class and stand in for all class members, thus "achiev[ing] significant economies of 'time, effort and expense[.]'" *In re US FoodServ. Inc. Pricing Litig.*, 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23 advisory committee's notes). To the extent "mini-trials" regarding each class member's individual circumstances is required, "a class action is not a feasible, let alone superior, method[.]" *Dunnigan v. Metro. Life Ins. Co.*, 214 F.R.D. 125, 142 (S.D.N.Y. 2003). On the other hand, if Defendants are correct that Plaintiffs have failed to meet their Rule 23 burden, then there is no class action and the litigation involves only the specific circumstances and claims of the Named Plaintiffs themselves. In that case, the psychiatric and criminal justice records of absent third parties will be wholly irrelevant to resolution of the case.

Pursuant to these objections, Defendants will not conduct a search for documents in response to this request.

102. All Documents in OMH's possession, custody, or control concerning all persons identified in Appendix A and Appendix B relating to treatment needs and mental health service level designations; admission and screening forms; diagnosis record; core history (including but not limited to history of treatment, education, and employment); psychiatric evaluations; RCTP admission and discharge notes; comprehensive suicide risk assessments; transfer documents (including but not limited to termination transfer notes); medication administration record;

discharge planning documents; pre-release evaluations; SMI Summary Notes; SPOA Applications; documents generated or relied upon in preparing SPOA Applications; responses to SPOA Applications from county agencies; responses to SPOA Applications from Service Providers, including denials and acceptances; CNYPC CBO Chronological Records; chronological history reports; all CNYPC and OMH inpatient admission and discharge summaries, evaluations, and medication administration records; mental health reports for parole; and all discharge recommendations, for the period beginning one year prior to the release date indicated in D-01685103 through to that release date.

**RESPONSE:** Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents. Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands. Defendants further object that the request is at odds with the parties' prior agreements regarding the scope of discovery in this case, given that Plaintiffs failed to identify this additional significant category of documents for potential production either during the 2021 global negotiations regarding the scope of discovery in this matter, or shortly after receiving the original production of unredacted censuses in October 2022.

Defendants further object that the request seeks the production of documents that do not pertain to the claims in this action and are thus not relevant to any party's claims or defenses. If a class is certified, Plaintiffs are not entitled to the requested discovery because the point of the class

action vehicle is that the Named Plaintiffs' claims are typical of the class and stand in for all class members, thus "achiev[ing] significant economies of 'time, effort and expense[.]'" *In re US FoodServ. Inc. Pricing Litig.*, 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23 advisory committee's notes). To the extent "mini-trials" regarding each class member's individual circumstances is required, "a class action is not a feasible, let alone superior, method[.]" *Dunnigan v. Metro. Life Ins. Co.*, 214 F.R.D. 125, 142 (S.D.N.Y. 2003). On the other hand, if Defendants are correct that Plaintiffs have failed to meet their Rule 23 burden, then there is no class action and the litigation involves only the specific circumstances and claims of the Named Plaintiffs themselves. In that case, the psychiatric and criminal justice records of absent third parties will be wholly irrelevant to resolution of the case.

Pursuant to these objections, Defendants will not conduct a search for documents in response to this request.

103. All Communications in OMH's possession, custody, or control concerning all persons identified in Appendix A and Appendix B relating to SPOA Applications; responses to SPOA Applications from county agencies; and responses to SPOA Applications from Service Providers, including denials and acceptances, for the period beginning one year prior to the release date indicated in D-01685103 through to that release date.

**RESPONSE:** Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents. Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also

takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands. Defendants further object that the request is at odds with the parties' prior agreements regarding the scope of discovery in this case, given that Plaintiffs failed to identify this additional significant category of documents for potential production either during the 2021 global negotiations regarding the scope of discovery in this matter, or shortly after receiving the original production of unredacted censuses in October 2022.

Defendants further object that the request seeks the production of documents that do not pertain to the claims in this action and are thus not relevant to any party's claims or defenses. If a class is certified, Plaintiffs are not entitled to the requested discovery because the point of the class action vehicle is that the Named Plaintiffs' claims are typical of the class and stand in for all class members, thus "achiev[ing] significant economies of 'time, effort and expense[.]'" *In re US FoodServ. Inc. Pricing Litig*., 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23 advisory committee's notes). To the extent "mini-trials" regarding each class member's individual circumstances is required, "a class action is not a feasible, let alone superior, method[.]" *Dunnigan v. Metro. Life Ins. Co*., 214 F.R.D. 125, 142 (S.D.N.Y. 2003). On the other hand, if Defendants are correct that Plaintiffs have failed to meet their Rule 23 burden, then there is no class action and the litigation involves only the specific circumstances and claims of the Named Plaintiffs themselves. In that case, the psychiatric and criminal justice records of absent third parties will be wholly irrelevant to resolution of the case.

Pursuant to these objections, Defendants will not conduct a search for documents in response to this request.

104. All Documents in OMH's possession, custody, or control concerning all persons identified in Appendix A and Appendix B relating to OMH's PSYCKES database five-year

Clinical Summary and any keys and/or definitions for terms used in the Clinical Summary; for all psychiatric hospitalizations occurring within eighteen months of the release date indicated in D-01685103, admission and screening forms, psychiatric evaluations, and admission and discharge summaries.

**RESPONSE:** Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents. Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands. Defendants further object that the request is at odds with the parties' prior agreements regarding the scope of discovery in this case, given that Plaintiffs failed to identify this additional significant category of documents for potential production either during the 2021 global negotiations regarding the scope of discovery in this matter, or shortly after receiving the original production of unredacted censuses in October 2022.

Defendants further object that the request seeks the production of documents that do not pertain to the claims in this action and are thus not relevant to any party's claims or defenses. If a class is certified, Plaintiffs are not entitled to the requested discovery because the point of the class action vehicle is that the Named Plaintiffs' claims are typical of the class and stand in for all class members, thus "achiev[ing] significant economies of 'time, effort and expense[.]'" *In re US FoodServ. Inc. Pricing Litig.*, 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23 advisory committee's notes). To the extent "mini-trials" regarding each class member's individual

circumstances is required, "a class action is not a feasible, let alone superior, method[.]" *Dunnigan v. Metro. Life Ins. Co.*, 214 F.R.D. 125, 142 (S.D.N.Y. 2003). On the other hand, if Defendants are correct that Plaintiffs have failed to meet their Rule 23 burden, then there is no class action and the litigation involves only the specific circumstances and claims of the Named Plaintiffs themselves. In that case, the psychiatric and criminal justice records of absent third parties will be wholly irrelevant to resolution of the case.

Pursuant to these objections, Defendants will not conduct a search for documents in response to this request.

105. All data in OMH's "re-entry database" concerning persons identified in Appendix A and Appendix B related to their legal system involvement (crime description, arrest date, conviction date, sentence date); FACT referral; discharge placement; housing location; homeless; county upon release; care coordination type; program; and mental health clinic.

**RESPONSE:** Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents. Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands. Defendants further object that the request is at odds with the parties' prior agreements regarding the scope of discovery in this case, given that Plaintiffs failed to identify this additional significant category of documents for potential

production either during the 2021 global negotiations regarding the scope of discovery in this matter, or shortly after receiving the original production of unredacted censuses in October 2022.

Defendants further object that the request seeks the production of documents that do not pertain to the claims in this action and are thus not relevant to any party's claims or defenses. If a class is certified, Plaintiffs are not entitled to the requested discovery because the point of the class action vehicle is that the Named Plaintiffs' claims are typical of the class and stand in for all class members, thus "achiev[ing] significant economies of 'time, effort and expense[.]'" *In re US FoodServ. Inc. Pricing Litig*., 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23 advisory committee's notes). To the extent "mini-trials" regarding each class member's individual circumstances is required, "a class action is not a feasible, let alone superior, method[.]" *Dunnigan v. Metro. Life Ins. Co*., 214 F.R.D. 125, 142 (S.D.N.Y. 2003). On the other hand, if Defendants are correct that Plaintiffs have failed to meet their Rule 23 burden, then there is no class action and the litigation involves only the specific circumstances and claims of the Named Plaintiffs themselves. In that case, the psychiatric and criminal justice records of absent third parties will be wholly irrelevant to resolution of the case.

Pursuant to these objections, Defendants will not conduct a search for documents in response to this request.

106. All Documents in OMH's possession, custody, or control concerning all persons identified in Appendix A and Appendix B relating to OMH's PSYCKES database reports concerning Health Home and Health Home Plus care management programs; housing programs; Assertive Community Treatment programs; Forensic Assertive Community Treatment programs; Assisted Outpatient Treatment programs; suicide attempt incidents; Intensive Mobile Treatment

programs; intensive case management programs; and homeless shelter programs, for the eighteen-month period following the release date indicated in D-01685103.

**RESPONSE:** Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents. Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands. Defendants further object that the request is at odds with the parties' prior agreements regarding the scope of discovery in this case, given that Plaintiffs failed to identify this additional significant category of documents for potential production either during the 2021 global negotiations regarding the scope of discovery in this matter, or shortly after receiving the original production of unredacted censuses in October 2022.

Defendants further object that the request seeks the production of documents that do not pertain to the claims in this action and are thus not relevant to any party's claims or defenses. If a class is certified, Plaintiffs are not entitled to the requested discovery because the point of the class action vehicle is that the Named Plaintiffs' claims are typical of the class and stand in for all class members, thus "achiev[ing] significant economies of 'time, effort and expense[.]'" *In re US FoodServ. Inc. Pricing Litig.*, 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23 advisory committee's notes). To the extent "mini-trials" regarding each class member's individual circumstances is required, "a class action is not a feasible, let alone superior, method[.]" *Dunnigan v. Metro. Life Ins. Co.*, 214 F.R.D. 125, 142 (S.D.N.Y. 2003). On the other hand, if Defendants are

correct that Plaintiffs have failed to meet their Rule 23 burden, then there is no class action and the litigation involves only the specific circumstances and claims of the Named Plaintiffs themselves. In that case, the psychiatric and criminal justice records of absent third parties will be wholly irrelevant to resolution of the case.

Pursuant to these objections, Defendants will not conduct a search for documents in response to this request.

107. All Documents in DOCCS's and OMH's possession, custody, or control concerning all persons identified in Appendix A and Appendix B relating to contact information following the release date indicated in D-01685103.

**RESPONSE:** Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents. Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands. Defendants further object that the request is at odds with the parties' prior agreements regarding the scope of discovery in this case, given that Plaintiffs failed to identify this additional significant category of documents for potential production either during the 2021 global negotiations regarding the scope of discovery in this matter, or shortly after receiving the original production of unredacted censuses in October 2022.

Defendants further object that the request seeks the production of documents that do not pertain to the claims in this action and are thus not relevant to any party's claims or defenses. If a

14

class is certified, Plaintiffs are not entitled to the requested discovery because the point of the class action vehicle is that the Named Plaintiffs' claims are typical of the class and stand in for all class members, thus "achiev[ing] significant economies of 'time, effort and expense[.]'" *In re US FoodServ. Inc. Pricing Litig.*, 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23 advisory committee's notes). To the extent "mini-trials" regarding each class member's individual circumstances is required, "a class action is not a feasible, let alone superior, method[.]" *Dunnigan v. Metro. Life Ins. Co.*, 214 F.R.D. 125, 142 (S.D.N.Y. 2003). On the other hand, if Defendants are correct that Plaintiffs have failed to meet their Rule 23 burden, then there is no class action and the litigation involves only the specific circumstances and claims of the Named Plaintiffs themselves. In that case, the psychiatric and criminal justice records of absent third parties will be wholly irrelevant to resolution of the case.

Pursuant to these objections, Defendants will not conduct a search for documents in response to this request.

Dated: New York, New York
        November 16, 2023

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By: *Owen T. Conroy*
Adam Sansolo
Gee Won Cha
Owen T. Conroy
Caroline Wallitt
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-6382
Email: Owen.Conroy@ag.ny.gov

To: All counsel of record