# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and D.H., individually and on behalf of all similarly situated,

                                                           Plaintiffs,

                     -against-                                7:19-cv-00639 (CS) (AEK)

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision,

                                                       Defendants.

------------------------------------------------------------------ X

## DECLARATION OF BRYAN G. HILTON

**BRYAN G. HILTON** declares the following to be true and correct under penalty of perjury, pursuant to 28 U.S.C. § 1746:

      1.      I am the Superintendent of the New York State Department of Corrections and Community Supervision ("DOCCS") Mid-State Correctional Facility. Previously, I held the title of DOCCS Associate Commissioner for Mental Health. DOCCS currently operates its correctional facilities and supervision offices with the mission of improving public safety by providing a continuity of appropriate treatment services in safe and secure facilities where the needs of the incarcerated population are addressed and where individuals under custody are successfully prepared for release

1

and parolees under community supervision receive supportive services that facilitate the successful completion of their sentence.

2. I have reviewed the Plaintiffs' requests for production of documents and communications related to 143 previously incarcerated individuals. I have been asked to explain to the Court how DOCCS records are maintained and what would be required to search for the records requested by Plaintiffs.

3. The various categories of records requested by Plaintiffs are maintained by DOCCS in various locations and in various formats. DOCCS does not have a fully electronic record system to search and retrieve all the information being sought. For example, parolee chrono and progress reports, and basic crime and sentence information are in electronic format. Several other forms of records are maintained in hard copy, such as documents from prior incarceration(s), probation, parole, and legal documents, MHCRP documents, case plans, risk assessments, special conditions of release, and special conditions of release to community supervision.

4. These records are not maintained or stored in a manner which permits practical retrieval. In order to retrieve the physical records, DOCCS would have to first determine where the individual is currently housed or, if the individual was no longer in DOCCS' custody, the facility where that individual was last housed. If the latter facility was one of the facilities that has closed, DOCCS has to determine where the records from the closed facility were sent.

5. The physical location of individual hard copy files also varies depending on the individual's history and the categories of documents at issue. Certain files stay at the individual's last facility after the individual is released to community supervision. At a certain point, certain files are transferred to central DOCCS files or to off-site archives. Records needed for supervision are transferred to the area office supervising the individual are maintained in the area office where the releasee is supervised.

6. As the foregoing illustrates, fulfilling Plaintiffs' request would require an extraordinary amount of time, resources and coordination among different internal custodians and locations. Depending on the status and correctional and treatment history of each one of the 143 individuals, the records requested by Plaintiffs may be located in a combination of electronic storage, hard copy storage at correctional facilities throughout the State, community supervision area offices, central office, and off-site archives.

Dated: 12, 12, 2023
Marcy, New York

_____
BRYAN G. HILTON

3