*M.G. v. Cuomo*, 19-cv-0639 (CS) (AEK)

**Defendants' December 12, 2023 Letter – Exhibit 4**
**Status of Rule 30(b)(6) Topics**

A. **OMH Topics – Parties in Agreement**

| Topic No. | Topic |
|---|---|
| 1 | Your policies and practices concerning the assessment--as part of the pre-release planning process--of the mental health treatment and services needs of Persons with Serious Mental Illness, as well as policies and practices regarding any additional post-release assessments by OMH for individuals in the community who are under DOCCS supervision. |
| 2 | Your policies and practices concerning the provision of mental health treatment to Persons with Serious Mental Illness leading up to their release from DOCCS custody, as well as policies and practices regarding the provision of mental health treatment to individuals in the community who are under DOCCS supervision. |
| 3 | The types of community-based mental health housing currently available to individuals with Serious Mental Illness who are released from prison in New York State, including any OMH licensing and regulatory requirements and the OMH Supportive Housing Guidelines regarding the placement process, admission, and eligibility criteria for such housing, and OMH systems in place that monitor compliance and reduce noncompliance with these requirements, and how OMH responds, in general, to instances of noncompliance with these requirements. |
| 4 | Your policies and practices regarding the provision, development, and oversight of community-based mental health housing currently available to individuals with Serious Mental Illness who are released from prison in New York State. |
| 5 | The types of State-Operated community-based mental health housing (including State-Operated Community Residences, Transitional Living Residences, and state-operated Crisis Residences) currently available to individuals with Serious Mental Illness who are released from prison in New York State, including any OMH policies and practices regarding the placement process, admission, and eligibility criteria for such housing, and OMH systems in place that monitor compliance and reduce noncompliance with those policies, and how OMH responds, in general, to instances of noncompliance with those policies. |
| 6 | Your policies and practices related to the operation and development of State-Operated community-based mental health housing (including State-Operated Community Residences, Transitional Living Residences, and state-operated Crisis Residences), and OMH systems in place that monitor compliance with operations policies and reduce noncompliance with such |

|    | |
|----|---|
|    | policies, and how OMH responds, in general, to instances of noncompliance. |
| 7  | The types of community- based supportive services currently available to individuals with Serious Mental Illness who are released from prison in New York State, and any OMH licensing and regulatory requirements regarding eligibility criteria and discharge criteria, for such services, and OMH systems in place that monitor compliance and reduce noncompliance with these requirements, and how OMH responds, in general, to instances of noncompliance with these requirements. |
| 8  | OMH policies and practices related to the provision, operation, development, and oversight of community- based supportive services currently available to individuals with Serious Mental Illness who are released from prison in New York State. |
| 9  | The current OMH budget for residential and community services, including OMH-funded housing programs and State-Operated community residences, the forensics services budget, as well as the current OMH budget for Corrections-Based operations. |
| 10 | OMH policies and practices regarding the development and implementation of the current OMH budget for residential and community services, including OMH-funded housing programs and State-Operated community residences and the forensics services program budget, as well as the current OMH budget for Corrections-Based operations. |
| 11 | Current OMH policies, practices, and procedures concerning applications for individuals with Serious Mental Illness being released from prison under New York's Single Point of Access program. |
| 12 | Current OMH policies and practices concerning contracting and coordination with Local Governments regarding applications for individuals with Serious Mental Illness being released from prison under New York's Single Point of Access program. |
| 13 | Current OMH policies and practices concerning oversight of Local Governments regarding the SPOA program for individuals with Serious Mental Illness being released from prison. |
| 14 | Current OMH policies and procedures, if any, regarding OMH waitlists for community-based mental health housing and supportive services, including State-Operated community residences, as well as maintenance and oversight of such waitlists. |

| 15 | OMH policies and practices produced in discovery related to OMH's role in the pre-release process for individuals with Serious Mental Illness being released from prison. |
|---|---|
| 16 | Current OMH training for OMH employees regarding OMH's role in the pre-release process for individuals with Serious Mental Illness being released from prison. |
| 17 | The medical and mental health history and/or mental health treatment of Named Plaintiffs S.D., D.H., and W.P. that was considered by OMH during the pre-release planning process for each. |
| 18 | The mental health treatment, services, and programming provided to Named Plaintiffs S.D., D.H., and W.P. during their incarceration that was considered by OMH during the pre-release planning process for each. |
| 19 | The mental health treatment, services, and programming provided to Named Plaintiffs S.D., D.H., and W.P. upon and following their release from DOCCS custody as part of the pre-release planning process for each. |
| 20 | The pre-release planning process for Named Plaintiffs S.D., D.H., and W.P. leading up to their release from DOCCS custody in 2018- 2020. |
| 21 | OMH's completion of housing referrals, care coordination referrals, and Single Point of Access applications for Named Plaintiffs S.D., D.H., and W.P. as part of the pre-release planning process for each. |
| 22 | Any responses to housing referrals, care coordination referrals, and Single Point of Access applications received by OMH for Named Plaintiffs S.D., D.H., and W.P. as part of the pre-release planning process for each. |
| 23 | The locations to which Named Plaintiffs S.D., D.H., and W.P. were released from DOCCS custody in 2018-2020, as reflected in their Central New York Psychiatric Center Discharge Summaries. |
| 25 | The housing, mental health treatment and services placements for Named Plaintiffs S.D., D.H., and W.P. upon their release from DOCCS custody in 2018-2020, as reflected in their Central New York Psychiatric Center Discharge Summaries. |
| 26 | OMH's involvement in New York State's Olmstead plan, as outlined in the Report and Recommendations of the Olmstead Cabinet: A Comprehensive Plan for Serving New Yorkers with Disabilities in the Most Integrated Setting dated October 2013. |
| 28 | OMH's involvement, if any, in DOCCS's issuance of the December 16, 2019 DOCCS memorandum. |

| | |
|---|---|
| 29 | Your policies and practices, if any, related to data collection and analysis for the population of Persons with Serious Mental Illness in DOCCS custody or Community Supervision. |

B. **OMH Topics – In Dispute**

| Topic No. | Plaintiffs' Proposed Topic | Defendants' Position |
|---|---|---|
| 24 | Original noticed topic: "All facts and circumstances regarding the hospitalization, detention, and/or incarceration of Named Plaintiffs S.D., D.H., and W.P. following their release from DOCCS custody."<br><br>Plaintiffs' revised proposal: "OMH's involvement in the post-release care, custody and treatment of Named Plaintiffs S.D., D.H., and W.P. following their release from DOCCS custody." | Defendants object. |
| 27 | All facts and circumstances regarding Your response, if any, to reports and/or complaints from people in DOCCS custody regarding DOCCS's and OMH's holding Persons with Serious Mental Illness in prison past their Open Parole Date, Approved Conditional Release Date, or Maximum Expiration Date. | Defendants object. |
| 30 | Your policies and practices related to risk management and quality assurance concerning Persons with Serious Mental Illness with histories of incarceration. | Defendants object. |

*M.G. v. Cuomo*, 19-cv-0639 (CS) (AEK)

C. **DOCCS Topics – Parties in Agreement**

| Topic No. | Topic |
|---|---|
| 1 | DOCCS' coordination with OMH related to pre-release planning and the release process for Persons with Serious Mental Illness in DOCCS custody, as well as DOCCS' coordination with OMH related to mental health services for people with SMI on RTF status. |
| 2 | DOCCS practice, prior to December 2019, regarding retention of some individuals with Serious Mental Illness in Residential Treatment Facilities past their Maximum Expiration Date, and change in practice since December 2019. |
| 3 | Whether the location and settings of individuals on RTF status are distinguishable from individuals in prison facilities. |
| 4 | Whether the conditions for people on RTF status are distinguishable from conditions of individuals in prison facilities and individuals living in the community. |
| 5 | Whether the schedules for people on RTF status are distinguishable from schedules of individuals held in prison facilities and individuals living in the community. |
| 6 | Whether the rules of conduct for people on RTF status are distinguishable from the rules of conduct that apply to individuals held in prison facilities and individuals living in the community. |
| 7 | Whether the DOCCS disciplinary process that applies to people on RTF status is distinguishable from the process that applies to individuals held in prison facilities, including with respect to the use of segregated confinement. |
| 8 | Whether the conditions for people in prison held past an Open Date for Parole Release or an Approved Conditional Release Date are distinguishable from conditions for other people in prison facilities and individuals living in the community. |
| 10 | Whether the rules of conduct for people in prison held past an Open Date for Parole Release or an Approved Conditional Release Date are distinguishable from the rules for other people in prison facilities and individuals living in the community. |
| 11 | Whether the DOCCS disciplinary process that applies to people held in prison past an Open Date for Parole Release or an Approved Conditional Release Date is distinguishable from the process that applies to other |

*M.G. v. Cuomo*, 19-cv-0639 (CS) (AEK)

| | |
|---|---|
| | people in prison facilities, including with respect to the use of segregated confinement. |
| 12 | DOCCS policies and practices regarding DOCCS assessments of the mental health treatment and services needs of persons with SMI during the pre-release planning process that is separate from the assessment of OMH staff, if any. |
| 13 | DOCCS policies and practices regarding what mental health treatment and services are mandatory under the terms of DOCCS community supervision for individuals with SMI released from prison, as well as how DOCCS monitors receipt of such treatment and services. |
| 14 | DOCCS policies and practices regarding Community-Based Residential Programs. |
| 15 | DOCCS policies and practices, if any, regarding site locations for CBRPs. |
| 16 | DOCCS policies and practices, if any, regarding conditions for people who reside in CBRPs. |
| 17 | DOCCS policies and practices, if any, regarding resident rules and rights in CBRPs. |
| 18 | DOCCS policies and practices, if any, regarding schedules for residents of CBRPs. |
| 19 | DOCCS policies and practices, if any, regarding medical and mental health services provided in CBRPs. |
| 21-22 (consolidated) | DOCCS policies and practices, if any, regarding CBRP reporting of data regarding resident length of stay and locations to which CBRP residents are discharged. |
| 26 | DOCCS' role in the pre-release planning process for Named Plaintiffs M.J., P.C., C.J., J.R., D.R., S.D., W.P, and D.H., including DOCCS' role and involvement in the pre-release process for said Named Plaintiffs and investigation related to community placement and risk assessments, to the extent memorialized in discharge plans. |
| 27 | Information in DOCCS' control and custody about the locations to which Named Plaintiffs M.J., P.C., C.J., J.R., D.R., S.D., W.P, and D.H. were released from DOCCS custody and DOCCS' role in approving the release location. |
| 31 | Non-privileged information about the December 16, 2019 memorandum from Ana Enright, DOCCS Deputy Commissioner of Community |

|  |  |
|---|---|
|  | Supervision, and Bryan Hilton, DOCCS Associate Commissioner of Mental Health, to all DOCCS Superintendents and Community Supervision Bureau Chiefs regarding the "Release of Non-SARA SMI incarcerated individuals." |

D.  **DOCCS Topics – In Dispute**

| Topic No. | Plaintiffs' Proposal | Defendants' Position |
|---|---|---|
| 23 | Your policies, procedures, guidelines, manuals, or other writings, including any directives, policy and procedure manual provisions, and institutional orders, that were applicable between 2019 and the present, setting forth:<br><br>a.   Classification of Persons with Serious Mental Illness, including the SMI-V classification;<br><br>b.   Program assignments of Persons with Serious Mental Illness, including the Intermediate Care Program, Discharge and Enhanced Intermediate Care Programs, and Special Needs Unit;<br><br>c.   Risk assessment of Persons with Serious Mental Illness;<br><br>d.   Recommendations related to conditions and special conditions of release for Persons with Serious Mental Illness;<br><br>e.   Discharge planning for people in DOCCS custody, including the documents and information available to You and Your employees while conducting discharge planning;<br><br>f.   Community Supervision of Persons with Serious Mental Illness;<br><br>g.   Waivers of release to Community Supervision. | Defendants are willing to designate a witness to testify about DOCCS policies and procedures related to pre-release planning for incarcerated individuals with Serious Mental Illness, as well as policies and procedures related to RTF status. |

| 24 | Your training of Your employees, between 2019 and the present, on:<br><br>a. Classification of Persons with Serious Mental Illness, including the SMI-V classification;<br><br>b. Program assignments of Persons with Serious Mental Illness, including the Intermediate Care Program, Discharge and Enhanced Intermediate Care Programs, and Special Needs Unit;<br><br>c. Risk assessment of Persons with Serious Mental Illness;<br><br>d. Recommendations related to conditions and special conditions of release for Persons with Serious Mental Illness;<br><br>e. Discharge planning for people in DOCCS custody, including the documents and information available to You and Your employees while conducting discharge planning;<br><br>f. Community Supervision of Persons with Serious Mental Illness;<br><br>g. Waivers of release to Community Supervision. | Defendants are willing to designate a witness to testify about DOCCS training related to pre-release planning for incarcerated individuals with Serious Mental Illness, as well as training related to RTF status. |
| --- | --- | --- |
| 25 | The mental health treatment, services, and programming provided to Named Plaintiffs M.J., P.C., C.J., J.R., D.R., S.D., W.P, and D.H. during their incarceration. | Defendants object. |
| 28 | Information in DOCCS' control and custody about hospitalization, detention, and/or incarceration of Named Plaintiffs S.D., W.P, and D.H. following their release from DOCCS custody, <u>including but not limited to the information reflected</u> | Information in DOCCS' control and custody about hospitalization, detention, and/or incarceration of Named Plaintiffs S.D., W.P, and D.H. following their release from DOCCS custody, ~~including but not limited to the information reflected~~ |

*M.G. v. Cuomo*, 19-cv-0639 (CS) (AEK)

|    |    |    |
|----|----|----|
|    | <u>in DOCCS community supervision parolee chrono reports</u>. | ~~in~~ <u>to the extent such information is reflected in their</u> DOCCS community supervision parolee chrono reports. |
| 29 | Information in DOCCS' control and custody about community-based mental health housing and supportive services provided to Named Plaintiffs S.D., W.P, and D.H. following their release from DOCCS custody, <u>including but not limited to the information reflected in DOCCS community supervision parolee chrono reports</u>. | Information in DOCCS' control and custody about community-based mental health housing and supportive services provided to Named Plaintiffs S.D., W.P, and D.H. following their release from DOCCS custody, ~~including but not limited to the information reflected in~~ <u>to the extent such information is reflected in their</u> DOCCS community supervision parolee chrono reports. |
| 30 | All fact and circumstances regarding Your response, if any, to reports and/or complaints from people in DOCCS custody regarding DOCCS's and OMH's practice of Prolonged Confinement. | Defendants object. |
| 32 | DOCCS's budget, including the budget for CBRPs, from 2019 to present. | Defendants object. |
| 33 | Your policies and practices related to the development and implementation of the DOCCS's budget, from 2019 to present. | Defendants object. |
| 34 | Your policies and practices related to data collection and analysis for the population of Persons with Serious Mental Illness in DOCCS custody or Community Supervision. | Defendants object. |

9

*M.G. v. Cuomo*, 19-cv-0639 (CS) (AEK)

### E. DOCCS Topics Withdrawn by Plaintiffs

| Topic No. | Plaintiffs' Proposal |
|---|---|
| 9 | Whether the schedules for people in prison held past an Open Date for Parole Release or an Approved Conditional Release Date are distinguishable from schedules for other people in prison facilities and individuals living in the community. |
| 20 | The demographics of residents in CBRPs, including the percentage of Persons with Serious Mental Illness and other disabilities. |