# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
M.G., P.C., C.J., M.J., J.R., and D.R., individually
and on behalf of all similarly situated,

                Plaintiffs,

                -against-

ANDREW CUOMO, in his official capacity as the
Governor of the State of New York, the NEW YORK
STATE OFFICE OF MENTAL HEALTH,
ANN MARIE T. SULLIVAN, in her official capacity
as the Commissioner of the New York State Office of
Mental Health, the NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, ANTHONY J.
ANNUCCI, in his official capacity as the Acting
Commissioner of the New York State Department of
Corrections and Community Supervision, ANNE
MARIE MCGRATH, in her official capacity as
Associate Commissioner of the New York State
Department of Corrections and Community
Supervision,

                Defendants.
-------------------------------------------------------------- X

**DEFENDANTS'
RULE 26(a)(1)
DISCLOSURES**
19-cv-00639 (CS) (LMS)

Defendants ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision, by their attorney LETITIA JAMES, Attorney General of the State of New York, provide the following initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

1

## GENERAL STATEMENT

By providing the disclosures set forth herein, Defendants do not concede the materiality of the subjects to which they refer. These disclosures are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information disclosed, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding. Accordingly, Defendants reserve the right to object to the use of any such information during this litigation or for any other purpose.

The disclosures set forth herein constitute the best information presently available to Defendants. Defendants are continuing their investigation and discovery of the facts underlying the matters alleged in Plaintiff's Amended Complaint and have not yet completed their preparation of this matter for trial. Accordingly, Defendants reserve the right to amend, supplement or change these disclosures as necessary and to the degree not supplemented or amended by subsequent discovery responses and communications should additional, supplemental, or more accurate information become available. Defendants may also rely upon witnesses and documents identified by Plaintiff in her initial disclosures or otherwise during the course of this action.

The inadvertent disclosure of any information and/or document that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute

a waiver of any privilege or of any other ground for objecting to discovery with respect to that information, document or any other document, its subject matter, the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

### Rule 26(a)(1)(A)(i) Disclosure Provision:

[T]he name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless solely for impeachment[.]

### Response to Rule 26(a)(1)(A)(i) Disclosure Provision:

Subject to the reservation of all rights and privileges described above, the following individuals are likely to have discoverable information that Defendants may use to support their defenses:

(1) The Plaintiffs.

(2)    Defendant Anne Marie McGrath, Deputy Commissioner for Strategic Planning and Population Management New York State Department of Corrections and Community Supervision ("DOCCS"), named in Plaintiffs' First Amended Class Action Complaint (ECF 47), regardless of whether some or all of the claims asserted against her are dismissed.

c/o Jane R. Goldberg and Jeb Harben, AAGs
New York State Office of the Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6133

Subjects: Deputy Commissioner McGrath is believed to have information about DOCCS's pre-release policies, procedures, and planning for inmates with serious mental illness who are being released into the community, data that DOCCS collects concerning re-entry, and the RTF process by which individuals are placed on RTF status.

(3)     Bryon Hilton, Associate Commissioner for Mental Health, DOCCS.

   c/o Jane R. Goldberg and Jeb Harben, AAGs
   New York State Office of the Attorney General
   28 Liberty Street
   New York, New York 10005
   (212) 416-6133

   Subjects: Associate Commissioner Hilton is believed to have information about pre-release/discharge planning for inmates with serious mental illness and the regulations and policies concerning same.

(4) Douglas Botsford, Director of Class and Movement, DOCCS.

   c/o Jane R. Goldberg and Jeb Harben, AAGs
   New York State Office of the Attorney General
   28 Liberty Street
   New York, New York 10005
   (212) 416-6133

   Subjects: Mr. Botsford is believed to have information about the classification and movement of inmates.

(5)     Christina Hernandez, Director of Re-Entry Services, Community Supervision, DOCCS.

   c/o Jane R. Goldberg and Jeb Harben, AAGs
   New York State Office of the Attorney General
   28 Liberty Street
   New York, New York 10005
   (212) 416-6133

   Subjects: Ms. Hernandez is believed to have information about housing and services for individuals with serious mental illness, DOCCS's policies and practices about the release of inmates with serious mental illness who are on parole, conditional release, or post-release supervision.

(6)     Melissa Perrotty-McLaughlin, Director of Budget and Finance, DOCCS

   c/o Jane R. Goldberg and Jeb Harben, AAGs
   New York State Office of the Attorney General
   28 Liberty Street
   New York, New York 10005
   (212) 416-6133

   Subjects: Ms. Perrotty-McLaughlin is believed to have information about the cost of developing and providing housing and services for individuals with serious mental illness who are being released into the community, and the costs associated with RTF status.

(7) Wendy Vogel, Director, Pre-Release Services, New York State Office of Mental Health ("OMH")

    c/o Jane R. Goldberg and Jeb Harben, AAGs
    New York State Office of the Attorney General
    28 Liberty Street
    New York, New York 10005
    (212) 416-6133

    Subjects: Ms. Vogel is believed to have information concerning OMH's policies, procedures, and practices concerning discharge planning for individuals with serious mental illness who are on the OMH caseload in prison, and data concerning these individuals.

(8) Donna Hall, Ph.D., Associate Commissioner, OMH Division of Forensics Services

    c/o Jane R. Goldberg and Jeb Harben, AAGs
    New York State Office of the Attorney General
    28 Liberty Street
    New York, New York 10005
    (212) 416-6133

    Subjects: Associate Commissioner Hall is believed to have information concerning OMH's policies and procedures concerning re-entry into the community for individuals with serious mental illness who are leaving prison.

(9) Lori Schatzel, Director, Corrections-Based Operations, CNYPC

    c/o Jane R. Goldberg and Jeb Harben, AAGs
    New York State Office of the Attorney General
    28 Liberty Street
    New York, New York 10005
    (212) 416-6133

    Subjects: Ms. Schatzel is believed to have information about OMH's policies and procedures concerning discharge planning for individuals with serious mental illness who are leaving prison.

(10)   April Wojkiewicz, Director of Community Budget, OMH

      c/o Jane R. Goldberg and Jeb Harben, AAGs
      New York State Office of the Attorney General
      28 Liberty Street
      New York, New York 10005
      (212) 416-6133

      <u>Subjects</u>:  Ms. Wojkiewicz is believed to have information concerning the budget for the development of housing and community services for individuals with serious mental illness.

(11)   Li-Wen Lee, M.D., Medical Director, OMH Division of Forensic Services

      c/o Jane R. Goldberg and Jeb Harben, AAGs
      New York State Office of the Attorney General
      28 Liberty Street
      New York, New York 10005
      (212) 416-6133

      <u>Subjects</u>: Dr. Lee is believed to have information concerning OMH's clinical evaluations of individuals with serious mental illness who are on the OMH caseload and leaving prison to determine the appropriate level of care needed in the community and whether mental health housing is required.

(12)   Jonathan Kaplan, M.D., Clinical Director, Corrections-Based Operations, CNYPC

      c/o Jane R. Goldberg and Jeb Harben, AAGs
      New York State Office of the Attorney General
      28 Liberty Street
      New York, New York 10005
      (212) 416-6133

      <u>Subjects</u>: Dr. Kaplan is believed to have information concerning OMH's clinical evaluations of individuals with serious mental illness who are on the OMH caseload and leaving prison to determine the appropriate level of care needed in the community and whether mental health housing is required.

(13)   Igor Kashtan, M.D., Regional Clinical Director, Corrections-Based Operations, CNYPC

      c/o Jane R. Goldberg and Jeb Harben, AAGs
      New York State Office of the Attorney General
      28 Liberty Street
      New York, New York 10005
      (212) 416-6133

Subjects: Dr. Kashtan is believed to have information concerning OMH's clinical evaluations of individuals with serious mental illness who are on the OMH caseload and leaving prison to determine the appropriate level of care needed in the community and whether mental health housing is required.

(14)   Brandon Reynolds, M.D., Regional Clinical Director, Corrections-Based Operations, CNYPC

c/o Jane R. Goldberg and Jeb Harben, AAGs
New York State Office of the Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6133

Subjects: Dr. Reynolds is believed to have information concerning OMH's clinical evaluations of individuals with serious mental illness who are on the OMH caseload and leaving prison to determine the appropriate level of care needed in the community and whether mental health housing is required.

(15)   Laila Yasmin, M.D., Regional Clinical Director, Corrections-Based Operations, CNYPC

c/o Jane R. Goldberg and Jeb Harben, AAGs
New York State Office of the Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6133

Subjects: Dr. Yasmin is believed to have information concerning OMH's clinical evaluations of individuals with serious mental illness who are on the OMH caseload and leaving prison to determine the appropriate level of care needed in the community and whether mental health housing is required.

(16)   Brett Hebner, Director of Housing, OMH

c/o Jane R. Goldberg and Jeb Harben, AAGs
New York State Office of the Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6133

Subjects: Mr. Hebner is believed to have information concerning the provision of housing for individuals with serious mental illness.

(17)   Moira Tashjian, Associate Commissioner for Adult Community Care Group, OMH

c/o Jane R. Goldberg and Jeb Harben, AAGs

New York State Office of the Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6133

<u>Subjects</u>: Associate Commissioner Tashjian is believed to have information concerning adult housing and community services for individuals with serious mental illness.

### Rule 26(a)(1)(A)(ii) Disclosure Provision:

[A] copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]

### Response to Rule 26(a)(1)(A)(ii) Disclosure Provision:

The following documents or categories of documents may be used by Defendants to support their defenses:

(1)　OMH Pre-Release Policies;

(2)　County-Based SPOA Application Documents;

(3)　DOCCS's Notification of Special Residency Condition and RTF Holds;

(4)　OMH documents to DOCCS showing approved release for all S-Designated and OMH Level 1 cases;

(5)　OMH and DOCCS documents about the cost of developing/providing housing for individuals with serious mental illness who are being released from prison into the community;

(6)　Documents about the costs of maintaining individuals on RTF status;

(7)　Documents about the development of housing for individuals with serious mental illness who are leaving prison;

(8)　DOCCS's documents about discharge planning for individuals with serious mental illness;

(9)　Memorandum of Understanding between DOCCS and OMH.

(10) OMH and DOCCS documents concerning the named Plaintiffs.

(11) OMH Supportive Housing Guidelines.

(12) Requests for Proposals ("RFPs") relevant to housing for the forensic population.

**Rule 26(a)(1)(A)(iii) Disclosure Provision:**

[A] computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

**Response to Rule 26(a)(1)(A)(iii) Disclosure Provision:**

Defendants have asserted no claims against Plaintiff. Therefore, no disclosures under Rule 26(a)(1)(A)(iii) are made.

**Rule 26(a)(1)(A)(iv) Disclosure Provision:**

[F]or inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response to Rule 26(a)(1)(A)(iv) Disclosure Provision:**

The information described in Rule 26(a)(1)(A)(iv) is inapplicable to the present action, and, thus, no disclosures under Rule 26(a)(1)(A)(iv) are made.

Dated: New York, New York
June 24, 2019

                                        LETITIA JAMES
                                        Attorney General of the
                                         State of New York
                                        Attorney for Defendants
                                        By:

                                        */s/ Jane R. Goldberg*
                                        Jane R. Goldberg
                                        Jeb Harben
                                        Assistant Attorneys General
                                        28 Liberty Street,
                                        New York, New York 10005
                                        (212) 416-6133

To:    Walter G. Ricciardi, Esq.
          Emily A. Vance, Esq.
          Paul, Weiss, Rifkind, Wharton & Garrison, LLP
          1285 Avenue of the Americas
          New York, NY 10019
          (via electronic mail)