# DEFENDANTS' EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and D.H., individually and on behalf of all similarly situated,

                                     Plaintiffs,

            -against-

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, and ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision,

                                    Defendants.

7:19-CV-639 (CS) (AEK)

------------------------------------------------------------------------ x

## **PLAINTIFFS' FOURTH REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2, 26.3, and 26.4 of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), and in accordance with the definitions and instructions set forth below, Plaintiffs P.C., C.J., M.J., D.R., S.D., W.P., and D.H., individually and on behalf of all those similarly situated, hereby request that each and every Defendant produce for inspection and copying all documents and things designated below within their possession, custody, or control, no later than thirty (30) days after service of these requests. Production of these Documents and things shall be at the offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of

the Americas, New York, New York 10019-6064, or at another time and place as may be mutually agreed upon by counsel for the parties.

## DEFINITIONS

Plaintiffs hereby incorporate the Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules in addition to the following definitions:

1. "ACT" and "Assertive Community Treatment" means the program as defined in N.Y. Comp. Codes R. & Regs. tit. 14 § 508.4.

2. "And" or "or" shall be construed conjunctively or disjunctively, whichever makes the Request more inclusive.

3. "Communication" means any disclosure, transfer, or exchange of information or opinion, in the form of facts, ideas, inquiries, or otherwise, in any form, written or oral, including but not limited to notes, correspondence, memos, letters, emails, calendar and meeting invitations, appointment books, audio recordings of telephone calls, voicemails, instant messages, text messages, SMS messages, diaries, messages, posts, or other communications via chat messenger, WhatsApp messages, and messages and posts to Twitter, Facebook, Instagram, and any other online forum or platform, or any other similar physical or electronic information.

4. "Community-Based Mental Health Housing" means programs that provide housing and care to Persons With Serious Mental Illness pursuant to a license, authorization, or operating certificate issued by OMH, pursuant to a contract with OMH, or pursuant to a contract with a local government using OMH funding, including but not limited to scattered-site supportive housing, apartment programs, single room occupancy residences, and community residences. This term does not mean a Transitional Living Residence or Crisis Residence.

5. "Concerning," "referring to," "reflecting," "regarding," and "relating to" mean describing, discussing, comprising, constituting, containing, considering, disclosing, embodying, evaluating, evidencing, explaining, mentioning, memorializing, summarizing, supporting, collaborating, demonstrating, providing, setting forth, showing, refuting, disputing, rebutting, controverting, contracting, made in connection with, by reason of, or arising therefrom, directly or indirectly.

6. "Crisis Residence" means a short-term residential program designed to provide residential and support services to persons with symptoms of mental illness who are at risk of or experiencing a psychiatric crisis, as defined by N.Y. Comp. Codes R. & Regs. tit. 14 § 589.4(e).

7. "Document" shall be interpreted in conformity with Federal Rule of Civil Procedure 34(a), and includes all emails, instant messages, writings, drawings, graphs, charts, analyses, projections, calculations, photographs, sound recordings, images, documents, memoranda, notes, calendar entries, phone records, and other data or data compilations in either electronic or written form. The term "Document" also includes all Drafts of Documents.

8. "DOCCS" means Defendant New York State Department of Corrections and Community Supervision, and each of its current or former officers, directors, employees, staff members, agents, representatives, attorneys, advisors, affiliates, divisions, successors, predecessors, and any other related entities, departments, and all persons and entities acting or purporting to act on its behalf.

9. "ESSHI" means the Empire State Supportive Housing Initiative.

10. "FACT" and "Forensic Assertive Community Treatment" refer to an Assertive Community Treatment program that is adapted for and serves individuals with Serious Mental Illness who are or were involved with the criminal justice system.

11. "Health Home" means New York State's comprehensive care management program for Medicaid recipients with Serious Mental Illness, two or more chronic conditions, HIV/AIDS, or sickle cell disease.

12. "Health Home Plus" means the intensive Health Home Care Management service established for defined populations with Serious Mental Illness who are enrolled in a Health Home, as referred to in the memorandum "Health Home Plus Guidance for High-Need Individuals with Serious Mental Illness" reissued in September 2021by OMH and the New York State Department of Health.

13. The terms "including," "include," or "includes" are used in their broadest sense and are not meant to be limiting. Any list following these terms contains illustrative examples, but such lists are without limitation and do not constitute exclusive, all-encompassing, or exhaustive listings.

14. "OMH" means Defendant New York State Office of Mental Health, and each of its current or former officers, directors, employees, staff members, agents, representatives, attorneys, advisors, affiliates, divisions, successors, predecessors, and any other related entities, departments, and all persons and entities acting or purporting to act on its behalf.

15. Person with Serious Mental Illness means "Persons with Serious Mental Illness" as defined in N.Y. Mental Hyg. Law § 1.03(52).

16. "Residency Agreement" means any documents that explain conditions or terms of residency, including those approved by OMH in accordance with N.Y. Comp. Codes R. & Regs. tit. 14 § 595.8(a).

17. "SPACT" and "Sheltered Partner ACT" is a form of Assertive Community Treatment available to people with serious mental illness who are eligible for ACT and reside in an NYC mental health shelter.

18. "State Operated Community Residence" means a licensed residential program designed to provide a therapeutic living environment for residents with mental illness. Supportive Services" means clinical, social, and rehabilitative programs and services for Persons With Serious Mental Illness pursuant to a license, authorization, or operating certificate issued by OMH, pursuant to a contract with OMH, or pursuant to a contract with a local government using OMH funding, including but not limited to ACT, FACT, SPACT, clinic treatment, care coordination, on-site rehabilitation, crisis services, outreach, screening, and prevention, and consultation and education related to mental health needs.

19. "Transitional Placement Program" means the program as referenced in the Declaration of Wendy Vogel, filed on December 16, 2019 as Docket Number 91 in the above-captioned action.

20. "Transitional Living Residence" means a residential program for individuals with serious mental illness licensed by OMH and located on a psychiatric center campus.

21. "You" and "Your" refer to Defendants and all of Defendants' predecessors in interest, successors in interest, divisions, departments, subsidiaries, branches, affiliates, and its present and former officers, directors, executives, employees, partners, agents, principals, attorneys, trustees, representatives, contractors, and subcontractors, and other persons acting or purporting to act on his, her, or its behalf, unless otherwise specified.

**INSTRUCTIONS**

1. Unless otherwise stated, these requests seek responsive information, Documents, and things authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed, for the period of 1/1/2020 through the present.

2. In responding to these requests, You shall produce all responsive Documents and things which are in Your possession, custody, or control or the possession, custody, or control of Your employees, agents, attorneys, representatives, affiliates, or any other person acting under Your control or on Your behalf. A Document or thing shall be deemed to be within Your control if You have the right to secure the Document or thing or a copy of the Document or thing from another person having possession, custody, or control of the Document or thing.

3. These requests are continuing in nature under Federal Rule of Civil Procedure 26(e). Any Document or thing created or identified after service of any response to these requests that would have been produced in response had the Document or thing then existed or been identified shall promptly be produced whenever You or those in privity with You find, locate, acquire, create, or become aware of such Documents or things, up until the resolution of this action.

4. In accordance with Federal Rule of Civil Procedure 26 and Local Rule 26.2, where a claim of privilege is asserted in objecting to any request or part thereof and information is not provided on the basis of such assertion, the following information should be provided in a privilege log served with the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information: (a) the type of Document or thing for which the privilege is claimed; (b) the date of the Document or thing; (c) the author(s), addressee(s), custodian(s), and any other recipient of the Document or thing, and, where not apparent, the relationships of the author(s), addressee(s), custodian(s), and any other recipient to

each other; (d) the subject matter of the information requested or the Document withheld; and (e) the nature of the privilege asserted and the basis upon which it is claimed. In all other respects, all claims of privilege (including the attorney-client privilege and the attorney work-product doctrine) must conform to the requirements of Local Rule 26.2 and Federal Rule of Civil Procedure 26(b)(5).

5. To the extent a requested Document or thing contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the Document or thing produced.

6. The Documents or things produced shall be produced as they are kept in the usual course of business.

7. In accordance with Federal Rule of Civil Procedure 34(b)(2), each request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity, and the objection must state whether any responsive materials are being withheld on the basis of that objection. If an objection pertains only to a portion of a request, or to a word, phrase, or clause contained in a request, You shall state Your objection to that portion only and respond to the remainder of the request.

8. Each requested Document or thing shall be produced in its entirety, along with any attachments, drafts, and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings. If a Document or thing responsive to these requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such Documents are to be produced intact together with such file folders, loose-leaf binders, or notebooks. All labels identifying such

Documents, files, folders, or binders shall be copied. Documents attached to each other should not be separated, and all such attached Documents shall be produced.

9. Any ambiguity as to any request shall be construed to require the production of the greater number of Documents or things.

10. If, in responding to these requests, You claim any ambiguity in interpreting a request, or any applicable definition or instruction, You may not use that claim as a basis for refusing to respond. Rather, You shall set forth as part of Your response the language deemed ambiguous and the interpretation You used in responding to that request.

11. If any Documents or things are no longer in Your possession, custody, or control, or otherwise are not available or accessible to the full extent requested, state whether the Documents were lost, destroyed, or otherwise disposed of.

12. If any Document or thing in response to these requests has been destroyed, discarded, or lost, or is otherwise not capable of being produced, identify each such Document or thing and set forth the following information: (a) the date of the Document or thing; (b) a description of the subject matter of the Document or thing; (c) the name and address of each person who prepared, received, viewed, or had possession, custody, or control of the Document or thing; (d) the date when the Document or thing was destroyed, discarded, or lost; (e) the identity of the person who directed that the Document or thing be destroyed, who directed that the Document or thing be discarded, or who lost the Document or thing; and (f) a statement of the reasons for and circumstances under which the Document or thing was destroyed, discarded, or lost.

13. If no Documents or things exist that are responsive to a particular paragraph of these requests, You shall so state in writing.

14. No request shall be read as limiting any other request.

## REQUESTS FOR PRODUCTION

108.   OMH Documents sufficient to show the number and percentage of beds in OMH-funded housing programs and ESSHI housing programs that receive capital funding from the New York City Department of Housing Preservation and Development, from 2022 to present.

109.   For the years 2022-2024, Documents sufficient to show written residency agreements, written notices of resident responsibilities and the conditions of residency, and resident grievance procedures for any Community-Based Residential Programs (or "Parole Housing") that any person listed on Appendix B was discharged to as listed in D-01685103.

110.   For the years 2022-2024, documents sufficient to show the written residency agreements, written notices of resident responsibilities and the conditions of residency, and resident grievance procedures for the Transitional Living Residences, Transitional Placement Programs, Crisis Residences and State Operated Community Residences that any person listed on Appendix A was discharged to as listed on D-01685103.

111.   If Defendant DOCCS's response to Request for Admission 1, 2, 25, 26, 27, 28, or 29 was anything other than an unqualified admission, produce all non-privileged Documents that Defendant DOCCS used in formulating its response to those Requests for Admission.

112.   If Defendant OMH's response to Request for Admission 13, 14, 15, 16, 17, 18, 19, 20, 21, or 22 was anything other than an unqualified admission, produce all non-privileged Documents that Defendant OMH used in formulating its response to those Requests for Admission.

Dated: January 19, 2024
New York, New York

                              DISABILITY RIGHTS NEW YORK
Elizabeth Woods (elizabeth.woods@drny.org)
Sabina Khan (sabina.khan@drny.org)
278 Troy Road, Ste 9
Rensselaer, New York 12144
(518) 432-7861

THE LEGAL AID SOCIETY
Twyla Carter, Attorney-in-Charge

Elena Landriscina (elandriscina@legal-aid.org)
Stefen R. Short (sshort@legal-aid.org)
Robert M. Quackenbush (rquackenbush@legal-aid.org)
Sophia A. Gebreselassie (sgebreselassie@legal-aid.org)
Veronica Vela (vvela@legal-aid.org)
49 Thomas Street, 10th Floor
New York, New York 10013
(212) 577-3530

PAUL, WEISS, RIFKIND,
 WHARTON & GARRISON LLP

/s/ Samuel Margolis
Walter Ricciardi (wricciardi@paulweiss.com)
Crystal L. Parker (cparker@paulweiss.com)
Emily Vance (evance@paulweiss.com)
Samuel Margolis (smargolis@paulweiss.com)
Brian Erickson (berickson@paulweiss.com)
Michael Dauber (mdauber@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Samuel Margolis, hereby certify that copies of the foregoing PLAINTIFFS' FOURTH REQUEST FOR THE PRODUCTION OF DOCUMENTS was caused to be served on January 19, 2024, on Owen Conroy via electronic mail.

/s/ Samuel Margolis
Samuel Margolis