# DEFENDANTS' EXHIBIT 6

```
                                                            Page 1
 1
 2        UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF NEW YORK
 3        _____
 4        M.G., P.C., C.J., J.J., J.R., D.R., S.D.,
          W.P., and D.H., individually and on behalf
 5        of all similarly situated,
 6                    Plaintiffs,
 7           -against-      Case No.:
                            7:19-cv-0639 (CS) (AEK)
 8
          ANDREW CUOMO, in his official capacity as the
 9        Governor of the State of New York,
          the NEW YORK STATE OFFICE OF MENTAL HEALTH,
10        ANN MARIE T. SULLIVAN, in her official capacity
          as the Commissioner of the New York State Office
11        of Mental Health, the NEW YORK STATE DEPARTMENT
          OF CORRECTIONS AND COMMUNITY SUPERVISION,
12        ANTHONY J. ANNUCCI, in his official capacity as
          the Acting Commissioner of the New York State
13        Department of Corrections and Community
          Supervision, ANNE MARIE MCGRATH, in her official
14        capacity as Deputy Commissioner of the New York
          State Department of Corrections and Community
15        Supervision,
                        Defendants.
16        _____
17        Deposition Of Defendant Agent:
18                WENDY VOGEL
19
          DATE:     November 14, 2023
20        TIME:     9:35 a.m. - 6:13 p.m.
21        HELD:     NYS OFFICE OF ATTORNEY GENERAL
                    The Capitol
22                  Albany, New York 12224
23
          Reported By:  Brenda J. O'Connor-Marello, CSR
24                      Notary Public in and for the
                        State of New York
25
```

| | |
|---|---|
| Page 2 | Page 4 |
| 1  - Wendy Vogel - | 1  - Wendy Vogel - |
| 2  A P P E A R A N C E S: | 2  A witness called on behalf of the Plaintiffs, |
| 3  APPEARING FOR THE PLAINTIFF(S): | 3  here comes before you: |
| 4  THE LEGAL AID SOCIETY | 4  WENDY VOGEL |
| 5  49 Thomas Street, 10th Floor | 5  75 New Scotland Avenue |
| 6  New York, New York 10013 | 6  Albany, New York 12208 |
| 7  212-577-3530 | 7  being first duly cautioned and sworn or affirmed |
| 8  BY: ELENA LANDRISCINA, ESQ. | 8  by BRENDA J. O'CONNOR-MARELLO, a Certified |
| 9     elandriscina@legal-aid.org | 9  Shorthand Reporter and Notary Public in and for |
| 10       -and- | 10  the State of New York, Qualified in Saratoga |
| 11  BY: STEFEN R. SHORT, ESQ. | 11  County, herein to tell the truth, the whole |
| 12     sshort@legal-aid.org | 12  truth, and nothing but the truth, was examined |
| 13 | 13  and testified as follows: |
| 14 | 14      EXAMINATION |
| 15  APPEARING FOR THE DEFENDANT(S): | 15  BY MS. LANDRISCINA: |
| 16  LETITIA JAMES | 16  Q. Good morning, Ms. Vogel. |
| 17  NEW YORK STATE ATTORNEY GENERAL | 17  A. Good morning. |
| 18  NEW YORK STATE OFFICE OF ATTORNEY GENERAL | 18  Q. My name is Elena Landriscina. I'm |
| 19  The Capitol | 19     counsel for the plaintiffs and the |
| 20  Albany, New York 12224 | 20     punitive class and M.G. v. Cuomo. |
| 21  BY: OWEN CONROY, ESQ. | 21      You've been sworn in by the court |
| 22     owen.conroy@ag.ny.gov | 22     reporter. Do you understand that you've |
| 23     212-416-6382 - Direct | 23     just taken an oath to tell the truth |
| 24 | 24     under penalty of perjury? |
| 25 | 25  A. Yes. |
| Page 3 | Page 5 |
| 1  - Wendy Vogel - | 1  - Wendy Vogel - |
| 2  FEDERAL STIPULATIONS | 2  Q. And that, although we're not in a |
| 3  | 3     courtroom, you must answer truthfully as |
| 4   IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties hereto that this deposition may be taken by the | 4     if we were in court. |
| 5  Plaintiff at this time pursuant to notice; | 5  A. Yes. |
| 6   IT IS FURTHER STIPULATED, that all objections except as to the form of the | 6  Q. Is there anything, medical conditions, |
| 7  questions and responsiveness of the answers be reserved until the time of the trial; | 7     treatment issues, that would prevent you |
| 8 | 8     from testifying truthfully today? |
| 9   IT IS FURTHER STIPULATED, that pursuant to Federal Rules of Civil Procedure 30(e)(1) the | 9  A. No. |
| 10  witness requests to review the transcript and make any corrections to same before any Notary | 10  Q. Have you been deposed before? |
| 11  Public; | 11  A. No. |
| 12   IT IS FURTHER STIPULATED, that if the original deposition has not been duly signed by | 12  Q. So I'm going to ask you questions |
| 13  the witness and returned to the attorney taking the deposition by the time of trial or any | 13     throughout the day. If you don't |
| 14  hearing in this cause, a certified transcript of the deposition may be used as though it were the | 14     understand a question, please let me |
| 15  original; | 15     know. Unless you say that you don't |
| 16   IT IS FURTHER STIPULATED, that the attorneys for the parties are individually responsible for | 16     understand, I will understand that you |
| 17  their certified transcript charge, including any expedite or other related production charges. | 17     did understand the question. |
| 18 | 18      So will you let me know if you |
| 19 | 19     don't understand any of my questions |
| 20 | 20     today? |
| 21 | 21  A. Yes. |
| 22 | 22  Q. The court reporter is taking down |
| 23 | 23     everything we say. Please give a verbal |
| 24 | 24     reply. So no head shakes or hum-hum, so |
| 25 | 25     that she can note down what you're |

2 (Pages 2 - 5)

Page 190

1  - Wendy Vogel -
2  available in that county, then they
3  would be homeless. If there's no FACT
4  available or they had FACT but there's
5  no slot, then they would get another
6  form of care coordination: Mental
7  health, care management, et cetera.
8  Q. I think we're done with that exhibit.
9      MS. LANDRISCINA: Did you note
10     the time we started that last
11     section?
12     MR. CONROY: About 2:45.
13     MS. LANDRISCINA: Can you
14     please mark this as Plaintiff's
15     Exhibit 6.
16         * * *
17     (Plaintiff's Exhibit 6 herein
18     marked for identification.)
19         * * *
20 BY MS. LANDRISCINA:
21 Q. The exhibit you've been handed is a
22    six-page document that the defendants
23    submitted in connection with the court
24    filing.
25       Do you recognize this document?

Page 191

1  - Wendy Vogel -
2  A. Yes, I do.
3  Q. What is Exhibit 6?
4  A. So this is a declaration prepared and
5     signed by myself on July 3rd, 2023.
6  Q. Okay. And is this a true and accurate
7     copy of your declaration?
8  A. Yes.
9  Q. And does the last page of the exhibit
10    reflect your signature?
11 A. Yes.
12 Q. Let's turn to paragraph 5 first. It
13    reads, "In some cases, where an OMH
14    clinical professional has determined
15    that an incarcerated individual has a
16    history of violence or is otherwise
17    deemed high risk due to history of
18    psychiatric hospitalization and
19    decompensation in the community, the
20    incarcerated individual's discharge
21    plans may be further reviewed by an OMH
22    specialized review committee, consisting
23    of the Pre-release Services unit chief,
24    the CNYPC clinical director or designee,
25    and the medical director of the division

Page 192

1  - Wendy Vogel -
2  of forensic services."
3      Did I read that correctly?
4  A. Yes.
5  Q. And the Pre-release Services unit chief
6     is Pamela Stowater?
7  A. Yes.
8  Q. And the CNYPC clinical director, who's
9     that?
10 A. Dr. Jonathan Kaplan.
11 Q. And the medical director?
12 A. Is Dr. Abhishek Jain.
13 Q. What does the specialized review
14    committee do?
15 A. So the specialized review committee is
16    part of that Albany Pre-release Services
17    who conducts a centralized clinical
18    review of all high-risk SMI releases.
19 Q. Do they provide an opinion about an
20    individual's psychiatric stability?
21 A. No. They will defer to the treatment
22    team to provide opinions about
23    somebody's psychiatric stability, but
24    what they're doing is they're looking at
25    the whole history and asking questions

Page 193

1  - Wendy Vogel -
2  of the treatment team to help support
3  them and provide information to them
4  regarding each individual case.
5  Q. Okay. And then do they provide an
6     opinion about where an individual should
7     be released to in the community?
8  A. From a housing standpoint?
9  Q. Yeah, from a housing perspective.
10 A. So did you ask me if they provide an
11    opinion about it?
12 Q. Yeah, as part of the feedback that
13    they're --
14 A. So they would ask questions of the
15    treatment team, again, to, you know,
16    suggest -- to facilitate them thinking
17    about what, you know, services in the
18    community they're recommending.
19 Q. So they ask questions to kind of push
20    the treatment team, but they don't make
21    recommendations?
22 A. I'm not aware of --
23       I don't think it's a
24    recommendation. They might even call
25    prescribers to discuss the case to help,

49 (Pages 190 - 193)