UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and D.H., individually and on behalf of all similarly situated,

                              Plaintiffs,

        -against-                                  7:19-cv-00639 (CS) (AEK)

ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision,

                              Defendants.
------------------------------------------------------------------------x

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants write to respectfully notify the Court of the attached Opinion and Order issued yesterday by The Honorable Mary Kay Vyskocil of the United States District Court for the Southern District of New York in *T.C., et al. v. New York State Department of Health, et al.*, No. 1:22-CV-05045-MKV (S.D.N.Y.) ("*T.C.* Op."). Judge Vyskocil's opinion provides additional authority supporting Defendants' opposition to Plaintiffs' motion for class certification. Like this case, *T.C.* was a putative *Olmstead* class action brought by Disability Rights New York and other counsel. In *T.C.*, the named plaintiffs were individuals with development disabilities who sought a federal court injunction mandating their immediate placements in community residences certified by the New York State Office for Persons With Developmental Disabilities.

On February 20, 2024, Judge Vyskocil issued an opinion and order dismissing the *T.C.* matter and denying intervention by a group of proposed intervenor plaintiffs, in part because all named plaintiffs' claims became moot when they received community placements. In reaching that result, Judge Vyskocil noted that the *T.C.* plaintiffs erroneously presumed that a class should be certified. That assumption was incorrect because, as Judge Vyskocil explained: "[T]his case is unlikely to meet the requirements for class certification. The proposed intervenors, like the plaintiffs, have different sets of diagnoses, behavioral challenges, staffing requirements, and preferences. They are screened by different sets of decisionmakers. All of these factors bear on the time it takes to place individuals in residential facilities. There is likely no 'classwide resolution' available." *T.C.* Op. at 15-16 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Judge Vyskocil further explained: "[I]t is not enough for class certification that a purported class raise common questions (*e.g.* why are these placements taking so long?); rather, the 'class-wide proceeding' must be able 'to generate common *answers* apt to drive the resolution of the litigation.'" *Id.* at 21 (quoting *Wal-Mart*, 564 U.S. at 350) (emphasis in original). Judge Vyskocil found that the *T.C.* plaintiffs had not posed the requisite common answers because: "[W]hen these individuals are grouped together, the only relief they can seek is an order instructing Defendants to 'promptly' find an appropriate placement for each individual[,]" which "arguably is tantamount to 'a simple command that the defendant obey the law,' which would violate the specificity and clarity requirements for injunctions set forth in Rule 65(d) of the Federal Rules of Civil Procedure." *Id.* (internal citations omitted). Judge Vyskocil also noted that, to the extent the *T.C.* plaintiffs sought an injunction "overrid[ing] the clinical judgment of residential facilities and compelling them to accept residents those facilities represent they cannot safely serve," such an order "clearly would require fundamentally altering the nature of the State program," which is not permitted by *Olmstead*. *Id.* at 16 n. 3 (internal citations omitted). Judge Vyskocil concluded that, given the individualized nature of the claims, individuals "who have not yet been placed [in community

residences] might be better served by filing individual lawsuits," and they would not be prejudiced by dismissal of the purported class action. *Id.* at 21.

Dated: New York, New York
      February 21, 2024

                                           LETITIA JAMES
                                           Attorney General
                                           State of New York
                                           *Attorney for Defendants*

                                           By: /s/ Owen T. Conroy
                                           Gee Won Cha
                                           Adam Sansolo
                                           Caroline Wallitt
                                           Owen T. Conroy
                                           Assistant Attorneys General
                                           28 Liberty Street
                                           New York, New York 10005
                                           Tel.: (212) 416-6382
                                           Email: Owen.Conroy@ag.ny.gov