**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

February 23, 2024

**By ECF**
Honorable Andrew E. Krause
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601

    Re:   *M.G. v. Cuomo*, 19-cv-0639 (CS) (AEK)
            Joint Status Update and Proposed Revised Discovery Schedule

Dear Judge Krause:

    Pursuant to the Court's order at the February 5, 2024 conference, the parties write jointly to provide their respective positions on a revised schedule for completion of discovery, as well as to provide a brief status update.

    **A. Status Update**

    The parties have an update on Plaintiffs' request for records from the New York State Psychiatric Services and Clinical Knowledge Enhancement System ("PSYCKES") database. On February 9, 2024, Plaintiffs served a third party subpoena on the New York State Department of Health ("DOH"). Subsequently, DOH and the New York State Office of Mental Health ("OMH") communicated about the request and reached an understanding that will permit OMH staff to access, download, and produce to Plaintiffs' counsel records from the PSYCKES database related to the sample of 45 individuals. As a result, at this time, there is no need to modify the previously entered protective order or inform DOH staff of the identities of the 45 individuals. The parties will promptly advise the Court should any additional disputes arise regarding the PSYCKES database production that require the Court's intervention.

    **B. Proposed Schedule to Complete Discovery**

    The parties have met and conferred regarding a revised schedule for completion of discovery. The parties have reached agreement on many elements of a proposed schedule, but have differing views on the proposed schedule for some aspects of expert discovery.

    The parties' proposed revised schedule is set forth below. The parties jointly agree on the proposed deadlines set forth in item numbers 1, 2, 3, and 4. The parties have differing positions

Hon. Andrew E. Krause
February 23, 2024
Page 2

regarding item numbers 5, 6, and 7. For item numbers 8, 9, and 10, the parties are in conceptual agreement on how the deadlines should be calculated, but reach different dates based on their positions on the earlier items.

1. The deadline for service of interrogatories, requests for production, and requests to admit has expired.

2. All fact depositions completed, except for the Rule 30(b)(6) deposition of OMH designee April Wojtkiewicz: March 15, 2024

3. Rule 30(b)(6) deposition of OMH designee April Wojtkiewicz completed: April 5, 2024

4. All fact discovery completed, including Defendants' productions of documents in response to Plaintiffs' Third and Fourth Requests for the Production of Documents: April 5, 2024

5. Plaintiffs' merits expert disclosures, including service of expert reports:

    a. Plaintiffs' position: October 3, 2024
    b. Defendants' position: July 8, 2024

6. Defendants' merits expert disclosures, including service of expert reports:

    a. Plaintiffs' position: November 4, 2024
    b. Defendants' position: September 9, 2024

7. All rebuttal expert reports:

    a. Plaintiffs' position: December 4, 2024
    b. Defendants' position: Defendants do not believe an additional rebuttal round of expert reports is warranted.

8. All expert discovery, including expert depositions: The parties agree that this deadline should be six weeks after service of the last expert report disclosures. Under Plaintiffs' proposal, this date is January 15, 2025. Under Defendants' proposal, this date is October 21, 2024.

9. All discovery must be completed: The parties agree that this deadline should be the same as item number 8. Under Plaintiffs' proposal, this date is January 15, 2025. Under Defendants' proposal, this date is October 21, 2024.

10. Should either party wish to file a summary judgment motion, that party must submit a pre-motion conference letter in accordance with Judge Seibel's Individual Practices no later than 14 days after the close of all discovery.

Hon. Andrew E. Krause
February 23, 2024
Page 3

### C. Explanation of Parties' Positions

The parties provide the following further explanation of their positions on the disputed deadlines:

<u>Plaintiffs' position:</u>

Plaintiffs request that the deadline for Plaintiffs' merits expert disclosures, including service of expert reports, be set six months after the deadline for the completion of fact discovery. This is the minimum length of time Plaintiffs' experts need to properly complete the review and draft the report, and even at six months it will be very challenging. This schedule will allow Plaintiffs' experts sufficient time to (1) review Defendants' forthcoming productions, (2) conduct interviews with the sampled class members based on these records, and (3) draft reports based on the experts' findings from the records and interviews. Given that most members of the sample were released into homelessness and have very limited means, Plaintiffs believe that six months is necessary to account for anticipated difficulties obtaining current contact information for the class members identified in the sample, making contact, and arranging interviews with Plaintiffs' experts. In Plaintiffs' counsel's experience, homeless formerly incarcerated people with serious mental illness not only struggle to meet their basic needs in the shelter, but they also rarely have cell phones, and shelter providers are generally unavailable to assist with contact or decline to do so for privacy reasons. These circumstances will make the process of locating and connecting with putative class members enormously challenging.

In contrast, Defendants' proposed schedule provides Plaintiffs' experts with only three months from Plaintiffs' receipt of what Defendants have represented is a sizeable production (ECF No. 313) to conduct a substantial and essential piece of Plaintiffs' expert analysis and reports. Plaintiffs are eager to complete discovery as expeditiously as possible, but a three-month deadline will not allow Plaintiffs' experts to conduct their work in a manner that allows Plaintiffs to properly pursue this case.

Defendants articulate no prejudice to their clients from Plaintiffs' proposed schedule. Defendants have no basis to assert that three months for Plaintiffs' expert reports is "ample time." In contrast, inadequate time for Plaintiffs' experts to conduct their review of the sample and draft reports will substantially harm the Plaintiffs' and putative class members' ability to prosecute the claims. This is a large-scale state-wide class action to enforce the rights of multiply marginalized people with disabilities upon their release from prison to the community. There is a significant public interest in the merits of this case being properly developed for adjudication. Six months for expert reports is not unreasonable for a case of this magnitude with such critical public importance.

Plaintiffs have explained in prior submissions how the timing of the sample and related discovery came about. ECF No. 320. Plaintiffs have spent the last five months endeavoring to obtain records for this merits report, including contact information for putative class members (which may or may not still be accurate), which is solely in Defendants' possession. Plaintiffs certainly understand that the process of resolving the discovery disputes takes time, but Plaintiffs could not utilize the last five months for outreach without the last known contact information and an agreed upon sample set.

Defendants rehash their arguments about their position on the merits to support their stance that Plaintiffs should not have the minimum time their experts need for a critical merits report.

Hon. Andrew E. Krause
February 23, 2024
Page 4

Defendants' opinion on the merits does not create any articulable basis for prejudice to their clients from Plaintiffs having six months instead of three months for their merits reports. Nor does it undermine the public interest of this case that has serious implications not only for the wellbeing of putative class members but also for public safety.[1]

Plaintiffs note that, while Defendants object to Plaintiffs' request for a six-month window in which to complete and submit their merits expert reports, Defendants ask for two months from Plaintiffs' merits expert reports to submit their own merits expert reports. In the original schedule (ECF No. 324), Defendants were required to submit their merits expert reports just one month after Plaintiffs' reports.

Finally, Plaintiffs believe that rebuttal expert reports are necessary for Plaintiffs' experts to address any misstatements or falsities offered by Defendants' experts. This will be even more imperative if Defendants intend to proffer a fundamental alteration defense under *Olmstead*. Defendants' representation that they do not believe "an *additional* round of rebuttal expert reports is warranted" is misleading, as Plaintiffs' proposal only allows for one round of rebuttal expert reports.

Defendants' position:

Defendants oppose Plaintiffs' request for a lengthy period of expert discovery that would prolong discovery in this matter through early 2025. Defendants instead propose a reasonable alternative that provides ample time for Plaintiffs' experts to conduct their work, while taking into account the substantial amount of time and resources spent on discovery already and the need to bring this matter to its conclusion.

In prior iterations of the jointly agreed-to case schedule, Plaintiffs' expert disclosures were due at approximately the same time as the end of fact discovery. *See* ECF No. 324 at 2. As the parties and Court discussed at the February 5, 2024 discovery conference, Plaintiffs subsequently notified Defendants that they believed their experts would require an additional nine months following fact discovery to conduct individualized case studies and surveys of the non-party previously incarcerated individuals in Plaintiffs' sample. At the February 5 conference, the Court stated its dismay at that prediction and instructed Plaintiffs to dramatically reduce their proposed expert timeline.

While Plaintiffs have reduced their original ask by one-third, their proposal is still much too long, given the years of discovery that have taken place. And Plaintiffs already served a first round of expert reports with their motion for class certification—*see* ECF Nos. 286 & 287—which is all the

---

[1] Defendants seek to litigate the merits about Plaintiffs' claims and request for relief in this letter. We note that Defendants' view that people with serious mental illness and felony history should not receive CBMHHSS promptly upon release is in tension with their own witnesses who testified that such individuals are at risk and that the period immediately following release from prison is very critical. Defendants' argument that public interest does not support their demand is also at odds with recent New York Times in-depth coverage of the dangers of failing to provide adequate services to homeless people with serious mental illness. *See* Amy Julia Harris and Jan Ransom, Behind 94 Acts of Shocking Violence, Years of Glaring Mistakes, N.Y. Times, Nov. 22, 2023.

Hon. Andrew E. Krause
February 23, 2024
Page 5

more reason why this second round of expert discovery should not take nearly a full year to complete. Defendants propose that Plaintiffs' experts receive a generous three months after the end of fact discovery to complete their work and serve reports. Defendants would then have two months to prepare and serve their own expert reports, and the parties would have six weeks to complete expert depositions. Previous schedules in this matter did not call for a further rebuttal round of expert reports, and Defendants do not believe that addition to the schedule will be necessary or productive.

Plaintiffs' request that the Court indulge them a prolonged period of expert review at this late stage of the case rests on the claim that they must have this time to complete allegedly essential studies, which will purportedly vindicate issues of "critical public importance." There are at least two problems with this argument. First, this case was filed in 2019, and the Second Amended Complaint introducing the Discharge Class was filed in 2020. That pleading alleged, incorrectly, that Defendants purportedly fail to provide community housing and services to individuals in the relevant population. The parties have spent the subsequent years in discovery. It is *very* late in the day for Plaintiffs to just now be *starting* the process of conducting basic preliminary studies, including "locating and connecting with putative class members" to ask what community housing and services they received. There is no reason why such basic and purportedly critical fact-finding was not accomplished years ago. Second, the public interest does not support their demand. To be clear, the relief Plaintiffs seek in this case is for a federal District Court to issue an unprecedented injunction ordering New York State to reallocate its resources in order to guarantee permanent supportive housing to anyone in New York State who has committed a felony and has a serious mental illness (and who has pled or been found guilty, but has *not* been found not responsible by reason of mental disease or defect), immediately upon each such person's release from prison, with no wait time. *See* ECF No. 291 at 34-35. In the *last* round of expert discovery, Plaintiffs' own expert conceded that there is no jurisdiction in the world that has implemented this highly idiosyncratic policy proposal, nor any mental health resource that recommends it. *See* ECF No. 294 at 3-5. The equities do not call for delaying resolution of this matter for six months of additional fact-finding.

\*   \*   \*

The parties thank the Court for its time and consideration of their requests.

Respectfully submitted,

/s/ Owen T. Conroy
Adam Sansolo
Caroline Wallitt
Gee Won Cha
Owen T. Conroy

Assistant Attorneys General
*Counsel for Defendants*

Hon. Andrew E. Krause
February 23, 2024
Page 6

DISABILITY RIGHTS NEW YORK

/s/ Elizabeth Woods
Elizabeth Woods (elizabeth.woods@drny.org)
Sabina Khan (sabina.khan@drny.org)
279 Troy Road, Ste 9
PMB 236
Rensselaer, NY 12144
(518) 432-7861


THE LEGAL AID SOCIETY
Twyla Carter, Attorney-in-Charge

_____
Elena Landriscina (elandriscina@legal-aid.org)
Stefen R. Short (sshort@legal-aid.org)
Robert M. Quackenbush (rquackenbush@legal-aid.org)
Sophia A. Gebreselassie (sgebreselassie@legal-aid.org)
Veronica Vela (vvela@legal-aid.org)
199 Water Street, 6th Floor
New York, New York 10038
(212) 577-3530


PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

_____
Walter Ricciardi (wricciardi@paulweiss.com)
Crystal L. Parker (cparker@paulweiss.com)
Emily Vance (evance@paulweiss.com)
Samuel Margolis (smargolis@paulweiss.com)
Brian Erickson (berickson@paulweiss.com)
Michael Dauber (mdauber@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Plaintiffs*

cc: All counsel of record (via ECF)