PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO

TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

DIRECT DIAL: (212) 373-3069
EMAIL: CPARKER@PAULWEISS.COM

April 1, 2024

**VIA ECF & ELECTRONIC MAIL**

Hon. Cathy Seibel, U.S.D.J.
United States District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601
chambersnysdseibel@nysd.uscourts.gov

   Re: *M.G.* v. *Cuomo*, No. 7:19-CV-639 (CS) (AEK):
      **Response to Defendants' Notice of Supplemental Authority**

Your Honor:

  Plaintiffs, by and through their undersigned attorneys, respectfully submit this letter in response to Defendants' Notice of Supplemental Authority dated February 21, 2024 (ECF No. 343), regarding Judge Vyskocil's recent decision in *T.C.* v. *New York State Dep't of Health*, No. 1:22-CV-5045-MVK, 2024 WL 689503 (S.D.N.Y. Feb. 20, 2024), *appeal filed*, No. 24-728 (2d Cir. 2024). As explained below, *T.C.* does not support denying Plaintiffs' motion for class certification here for at least two reasons.

  *First*, *T.C.* is not a class certification decision. Rather, *T.C.* addresses the defendants' motion to dismiss and the plaintiffs' counsel's motion to intervene. Because no class certification motion had even been filed, class certification issues were not briefed and thus were not before the court. Accordingly, the court's commentary that the *T.C.* plaintiffs were "unlikely to meet the requirements for class certification," 2024 WL 689503, at *8, is dicta and therefore not persuasive. *See Redhead v. Conf. of Seventh-Day Adventists*, 360 F. App'x 232, 234 n.1 (2d Cir. 2010) (statements "unnecessary to the decision on the motion to dismiss" are dicta and therefore "not binding"); *Laborers Loc. 17 Health & Benefit Fund v. Philip Morris, Inc*., 191 F.3d 229, 242 (2d Cir. 1999), as amended (Aug. 18, 1999) (rejecting "cases plaintiffs cite to support their argument [as] not persuasive. . . because their discussion . . . is *dicta*"); *see also Wigand v. Flo-Tek, Inc.*, 609 F.2d 1028, 1038 (2d Cir. 1979) (reasoning that "[i]n light of the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

undesirability of resolving the difficult issues referred to above in a case in which they were unbriefed" the court declined to reach that issue).[1]

*Second*, the dicta should be rejected for the additional reason that it is inconsistent with Second Circuit precedent, including *Elisa W. v. City of New York*, 82 F.4th 115 (2d Cir. 2023).[2] In particular, in stating that individualized differences between the plaintiffs and proposed intervenors meant that the case was unlikely to meet the requirements for class certification, *T.C.*, 2024 WL 689503, at *6, Judge Vyskocil—again, without the benefit of any briefing on class certification—repeated the very logic that the Second Circuit rejected in *Elisa W.*, which vacated the district court's holding that "commonality could not exist because plaintiffs alleged 'departures from ACS policy' that were 'case-specific.'" 82 F.4th at 123 (citation omitted).

For the foregoing reasons, Plaintiffs respectfully submit that the Court should not consider *T.C.* as supplemental authority in this case.

We welcome any questions that the Court may have regarding the above.

---

[1] Plaintiffs note that this is the *second* time that Defendants have submitted "supplemental" authority that does not concern a class certification motion. On September 21, 2023, Defendants alerted this Court to *United States v. Mississippi*, 82 F.4th 387 (5th Cir. 2023), an out-of-circuit decision reversing the district court's entry of judgment following a trial on the merits. ECF No. 315. In their notice, Defendants suggested that the Fifth Circuit had rejected the testimony of one of Plaintiffs' experts, Melodie Peet, when, in truth, nothing in the Fifth Circuit's decision addresses the validity of Peet's conclusions. Moreover, the Fifth Circuit's reasoning is concededly at odds with the Second Circuit's reasoning in *Davis v. Shah*, 821, F.3d 231 (2d Cir. 2016), which is controlling, and further hinged in large measure on the fact that it was "brought by the federal government," *Mississippi*, 82 F.4th at 393 & n.7, 396, which is not the case here.

[2] *Elisa W.* was the subject of Defendants' first notice of supplemental authority, in which Defendants notified this Court that the Second Circuit had vacated the district court's decision denying class certification in *Elisa W.*, *see* ECF No. 314, which Defendants cited repeatedly in their opposition to Plaintiffs' motion for class certification, *see* ECF No. 291 at 22, 23, 26, 31.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Crystal Parker*

Crystal L. Parker (cparker@paulweiss.com)
Walter Ricciardi (wricciardi@paulweiss.com)
Emily A. Vance (evance@paulweiss.com)
Brian Erickson (berickson@paulweiss.com)
Michael Dauber (mdauber@paulweiss.com)
Claire Abbadi (cabbadi@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3736
Fax: (212) 492-0736

DISABILITY RIGHTS NEW YORK
Elizabeth Woods (elizabeth.woods@drny.org)
Sabina Khan (sabina.khan@drny.org)
279 Troy Road, Ste 9
PMB 236
Rensselaer, NY 12144
(518) 432-7861

THE LEGAL AID SOCIETY
Elena Landriscina (elandriscina@legal-aid.org)
Stefen R. Short (sshort@legal-aid.org)
Robert M. Quackenbush (rquackenbush@legal-aid.org)
Sophia A. Gebreselassie (sgebreselassie@legal-aid.org)
Veronica Vela (vvela@legal-aid.org)
199 Water Street, 6th Floor
New York, New York 10038
(212) 577-3530

*Attorneys for Plaintiffs*