PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

BEIJING
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO

TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

Direct Dial: (212) 373-3069

Email: cparker@paulweiss.com

April 10, 2024

By ECF

The Honorable Andrew E. Krause
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601

Re: *M.G.* v. *Cuomo*, 19-cv-0639 (CS) (AEK)
Joint Discovery Status Report

Dear Judge Krause:

      Pursuant to the Court's instructions in its February 26, 2024 Order (ECF No. 345), the parties write jointly to provide their respective positions regarding the status of the close of fact discovery.

      <u>Plaintiffs' Position:</u>

      Two issues pertaining to fact discovery remain outstanding at this stage: first, Defendants' refusal to respond to a timely served Request for Production; and second, Defendants' proposal to dismiss three Named Plaintiffs from this action. Plaintiffs address these issues in turn.

      *Plaintiffs' RFP 110*

      Plaintiffs received all documents in response to Plaintiffs' Third Request for the Production of Documents but have not received any documents in response to the Fourth Request for Production. Plaintiffs have dropped all requests in the Fourth Request for Production except for a very small category of documents that remains in dispute and are exclusively in the possession of Defendants. Plaintiffs anticipate the size of this request is approximately 9 to 12 documents. Plaintiffs' Request for Production 110 ("RFP 110") requests:

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Andrew E. Krause
April 10, 2024                                                                                                                    2

> For the years 2022-2024, documents sufficient to show the written residency agreements, written notices of resident responsibilities and the conditions of residency, and resident grievance procedures for the Transitional Living Residences, Transitional Placement Programs, Crisis Residences and State Operated Community Residences that any person listed on Appendix A was discharged to as listed on D-01685103.

ECF No. 336-1 at 10. On February 20, 2024, Defendants served objections to RFP 110, claiming that it would be highly burdensome to produce documents in response to it (as well as all of the other timely served requests in Defendants' Fourth Set of Requests for Production). Later, on March 17, 2024, Defendants produced parolee chrono reports for the sample of forty-five individuals. Based on these reports, Plaintiffs discerned that there are only three OMH locations to which sample members were sent, limiting the scope of RFP 110 significantly.

This request now only requires Defendants to produce a very limited set of specific documents from three OMH locations, as opposed to the dozens of locations originally contemplated. It is Plaintiffs' understanding that producing documents responsive to RFP 110 would not require any manual file review, as Plaintiffs do not need the exact copy of the resident rules and procedures signed by the sample members. Additionally, if the rules are the same for all residents at these facilities, an unsigned copy of these basic residency documents will satisfy RFP 110. Plaintiffs' understanding is that every resident receives these basic residency documents at the time of admission, and that they are readily available and printable.

Furthermore, Defendants' production reveals that one of the sample members discharged to an OMH Transitional Living Residence is recently deceased, making it more important that these documents be produced, as he cannot be interviewed about his experiences there.

Plaintiffs communicated these new considerations and requested documents responsive to RFP 110 from Defendants on March 29, 2024, shortly after completing review of Defendants' March 17, 2024 production. Ex. A, Email from Elizabeth Woods to Owen Conroy et al. Re: M.G. v. Cuomo - RFP 110 (Mar. 29, 2024). On April 1, 2024, Defendants responded that "Defendants are not able to expand the scope of the previously ordered and agreed-to document collection to add additional categories of documents related to the 45 individuals." Ex. A. Plaintiffs are willing to meet and confer on this issue, though Defendants have made clear, both in their initial response to Plaintiffs and in this letter, that they do not intend to revise their position.

For the reasons stated above, Plaintiffs respectfully request that this Court grant this limited additional discovery, first requested in January 2024, that will pose a very limited burden on Defendants and that Plaintiffs believe will be highly relevant to their claims.

*Plaintiffs JR, CJ, and MJ*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Andrew E. Krause
April 10, 2024								3

      As of now, Named Plaintiffs JR, CJ, and MJ have not been deposed.  On April 9, 2024—one day before this letter was due to the Court—Defendants proposed, for the first time, that Plaintiffs' counsel stipulate to dismiss these three Named Plaintiffs.

      Plaintiffs will not agree to stipulate to dismiss Named Plaintiffs CJ and MJ from the case.  Plaintiffs set forth their position at the November 1, 2023 conference, explaining that, while depositions had previously been scheduled for both MJ and CJ, their psychiatric conditions had since worsened and rendered them incapable of sitting for deposition.  Plaintiffs committed to apprise Defendants as their circumstances evolved.  *See* Nov. 1, 2023 Tr. At 25:24–26:02.  This Court acknowledged the situation and explicitly recognized that the deadline for deposing the Named Plaintiffs may need to be extended "if they're not in a position psychiatrically to sit for their depositions within the window that we establish."  *Id*. At 38:03–11.

      As promised, Plaintiffs have been diligent in apprising Defendants of CJ's and MJ's psychiatric conditions and the extent to which they are able to sit for deposition.  Most recently, at the parties' January 23, 2024 meet and confer, Plaintiffs provided Defendants with an update on CJ and advised that he is still not stable enough to be deposed.  Plaintiffs have been in regular communication with CJ and MJ as well as their care teams, notwithstanding challenges inherent to maintaining such contact (including privileged contact) in light of CJ's current incarcerated status and the fact that MJ is currently experiencing street homelessness.

      Notwithstanding Defendants' suggestion—set forth for the first time in this letter—that Plaintiffs were somehow obligated to affirmatively request an extension of the fact discovery deadline on Defendants' behalf in order to allow them to take their depositions, Plaintiffs will continue to cooperate with any effort to take CJ and MJ's depositions as soon as practicable.[1]

      Plaintiffs also note that Defendants have not inquired about CJ or MJ at any point since the January 23 meet and confer, re-noticed their depositions, or articulated any way in which they would be prejudiced if, consistent with this Court's prediction at the November 1 conference, CJ's and MJ's depositions needed to be taken at a later date.  Indeed, this is the first time Defendants have ever suggested to Plaintiffs the severe sanction of having CJ and MJ dismissed from this case.  *See Romandette* v. *Weetabix Co.*, 807 F.2d 309, 312 (2d Cir. 1986) (quoting *Theilmann* v. *Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)) ("[D]ismissal is 'a harsh remedy to be utilized only in extreme situations.'").  Had Defendants inquired, Plaintiffs' counsel would have informed them that several weeks ago we scheduled a meeting with CJ for today, April 10, 2024.  Having now had that meeting, Plaintiffs can report that his condition has stabilized such that he is capable of sitting for deposition, which can now be scheduled at Defendants' convenience at the facility where CJ is currently located.  Counsel has continued to speak with MJ's treatment team, who has communicated—most recently on April 8, 2024—that MJ remains unstable at this time.

---

[1] Plaintiffs also object to Defendants' assertion that CJ has received "community mental health housing and services."  Defendants' refusal to provide CJ with community-based mental health housing and supportive services is well documented.  *See* ECF 272 at 16–17.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Andrew E. Krause
April 10, 2024                                                                                                                          4

With respect to Named Plaintiff JR, Plaintiffs communicated to Defendants on October 6, 2023 (nearly a month before the November 1, 2023 conference where these issues were raised before this Court) that Plaintiffs' counsel would not oppose a motion by Defendants for failure to prosecute. This remains Plaintiffs' position.

Defendants' Position:

Defendants' position is that fact discovery has been completed. Pursuant to the parties' agreements and the Court's instructions, Plaintiffs have completed Rule 30(b)(6) depositions of all five designated witnesses from the New York State Office of Mental Health ("OMH") and one designated witness from the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiffs also took their final Rule 30(b)(1) deposition, of Dr. Mary Colavita. Defendants have provided supplemental productions with all categories of documents regarding Plaintiffs' sample of 45 individuals that were outlined in Defendants' letter to the Court dated February 12, 2024. (ECF No. 340). On April 5, 2024, the fact discovery deadline agreed to by the parties and endorsed by the Court passed. (ECF No. 349).

*Plaintiffs' RFP No. 110*

The Court should deny Plaintiffs' belated attempt to reopen fact discovery in order to move to compel additional, not centrally-available documents regarding their sample of third-party individuals.

On January 19, 2024, Plaintiffs served their Fourth Requests for Production, which included RFP No. 110. At that time, the parties and the Court were in the midst of discussions regarding Plaintiffs' Third Requests for Production, which sought a vast assortment of categories of documents related to Plaintiffs' sample of third-party individuals. Despite the fact that the Court had instructed the parties to compromise on this dispute at the December 15, 2023 conference, Plaintiffs' RFP No. 110 sought even more categories of documents related to the 143 individuals. Then, at the February 5, 2024 discovery conference, the Court issued orders limiting discovery regarding Plaintiffs' proposed sample to documents that could be retrieved from a centralized, electronic repository or database. In a letter to the Court dated February 12, 2024, Defendants confirmed which categories of documents regarding the sample individuals were centrally available and would be produced. (ECF No. 340).

Defendants did not "refus[e] to respond" to RFP No 110. On February 20, 2024, Defendants served timely responses and objections to the Fourth Requests for Production. **Ex. B**. In response to RFP No. 110, Defendants objected, *inter alia*, that Plaintiffs' request for additional, *not* centrally available documents regarding the sample individuals was contrary to the Court's orders at the February 5, 2024 conference. *Id*.

Prior to March 29, 2024, Plaintiffs had not responded to Defendants' objections or requested to meet and confer. On March 29, 2024, one week prior to the fact discovery deadline, Plaintiffs sent the email attached as **Ex. A**, again requesting the documents listed in RFP No. 110. On April 1, 2024, Defendants responded that they could not agree to expand the scope of the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Andrew E. Krause
April 10, 2024                                                                                                                     5

previously ordered and agreed-to discovery regarding the sample individuals, particularly considering the existing burden on Defendants to complete their collection, review, and production of centrally available documents by the April 5, 2024 fact discovery deadline, in addition to the burden of preparing for and appearing at the final OMH Rule 30(b)(6) deposition, which took place on April 4, 2024.

Plaintiffs declined to respond to Defendants' April 1, 2024 email during the remainder of the fact discovery period. They have never requested to meet and confer on this issue. Earlier today, Plaintiffs provided Defendants with a draft of their position for this joint discovery status report, which is the very first time Plaintiffs have indicated that they intended to seek Court intervention on this issue. Because Plaintiffs' request is at odds with the Court's orders at the February 5, 2024 conference, and because this dispute was never appropriately raised prior to the fact discovery deadline, the Court should not grant Plaintiffs' request to reopen discovery to move to compel these additional documents.

*Plaintiffs JR, CJ, and MJ*

Defendants were unable to depose Plaintiffs JR, CJ, or MJ during the fact discovery period. Defendants inquired if Plaintiffs will stipulate to dismiss those three Plaintiffs from the case, but Plaintiffs have declined to do so.

With respect to JR, Plaintiffs have informed Defendants that they will not oppose a motion by Defendants to dismiss JR for failure to prosecute.

With respect to CJ and MJ, Plaintiffs' counsel have communicated that they each remain psychiatrically unable to attend a deposition.[2] While Defendants are sympathetic to the clinical status of these individuals and appreciate the updates provided by counsel, Defendants were entitled to take depositions of the plaintiffs during the fact discovery period. A plaintiff who wishes to pursue a lawsuit is obligated to participate in the discovery process.

Defendants first asked Plaintiffs for deposition dates for CJ and MJ by email dated August 2, 2023. On September 13, 2023, Defendants served a notice of CJ's deposition. On October 11, 2023, Defendants served a notice of MJ's deposition. In the subsequent six months, CJ and MJ have not attended their depositions. Although Plaintiffs provided periodic updates on their

---

[2] In emails exchanged as recently as 9:38 AM today, Plaintiffs continued to take the position that CJ and MJ are unable to be deposed. In a revised draft of this letter sent at 8:48 PM this evening, Plaintiffs informed Defendants for the first time that CJ has stabilized and is capable of sitting for a deposition. Plaintiffs state that they learned this information at a meeting today, which although scheduled "several weeks ago," took place days after the close of fact discovery. Plaintiffs state that they would have provided Defendants with an update earlier, "[h]ad Defendants inquired[.]" Defendants are baffled as to why Plaintiffs declined to provide an earlier update, given their assurances to Defendants and the Court that they would keep Defendants apprised of changes, and their knowledge that Defendants had been seeking for months to take these depositions during the fact discovery period.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Andrew E. Krause
April 10, 2024                                                                                                                                  6

unavailability, they have not proposed alternative options that might have been appropriate if CJ and MJ were not competent to proceed, such as appointing a Next Friend who could have been deposed on their behalf during the fact discovery period.

At the November 1, 2023 conference, the parties discussed options with respect to these three plaintiffs. The Court noted the possibility that the fact discovery period might be subject to a limited extension for purposes of taking CJ, MJ, and JR's depositions. **Ex. C** (Nov. 1, 2023 Tr. at 38:3-17). However, during subsequent negotiations regarding the fact discovery deadline, Plaintiffs never requested such an extension. At the November 1, 2023 conference, the Court also noted, speaking of JR, that while "there's no harm, necessarily, to waiting until the end of the deposition window. If that person is not present and able to sit . . . [f]or his deposition within that window, then you can take the appropriate steps to dismiss him from the case. . . . Hopefully he will be in a position where he can participate in a deposition from a psychiatric standpoint and he can continue to be part of the case. But if not, we have a road map for what to do when we get to that point." **Ex. C** at 40:20-41:16.

If CJ and MJ intended to pursue this lawsuit, it was important for Defendants to have the opportunity to take their depositions during the fact discovery period, in part because it is unclear what relief CJ and MJ seek in this matter. Both were released from prison and received community mental health housing and services. CJ refused to cooperate with the mental health housing placement process, refused community mental health treatment, and absconded from parole. ECF No. 291 at 18-19. MJ assaulted a nurse at his substance abuse treatment program, causing him to lose his community mental health residential placement. *Id*. at 19-20. Defendants cannot reasonably defend against claims by these plaintiffs without knowing what they have to say about these material events, or their views on what additional housing or services they believe they should have, but did not, receive.

Defendants are considering their options regarding requesting a conference on a motion to dismiss JR, CJ, and MJ for failure to prosecute.

\*      \*      \*

The parties jointly request that the Court resolve these remaining discovery disputes.

Respectfully submitted,

*/s/ Crystal L. Parker*

PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
Crystal L. Parker (cparker@paulweiss.com)
Walter Ricciardi (wricciardi@paulweiss.com)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Andrew E. Krause
April 10, 2024                                                                                                                            7

                        Emily Vance (evance@paulweiss.com)
                        Brian Erickson (berickson@paulweiss.com)
                        Michael Dauber (mdauber@paulweiss.com)
                        Claire Abbadi (cabbadi@paulweiss.com)
                        1285 Avenue of the Americas
                        New York, New York 10019-6064
                        (212) 373-3000

                        DISABILITY RIGHTS NEW YORK
                        Elizabeth Woods (elizabeth.woods@drny.org)
                        Sabina Khan (sabina.khan@drny.org)
                        279 Troy Road, Ste 9
                        PMB 236
                        Rensselaer, NY 12144
                        (518) 432-7861

                        THE LEGAL AID SOCIETY
                        Elena Landriscina (elandriscina@legal-aid.org)
                        Stefen R. Short (sshort@legal-aid.org)
                        Robert M. Quackenbush (rquackenbush@legal-aid.org)
                        Sophia A. Gebreselassie (sgebreselassie@legal-aid.org)
                        Veronica Vela (vvela@legal-aid.org)
                        199 Water Street, 6th Floor
                        New York, New York 10038
                        (212) 577-3530

                        *Attorneys for Plaintiffs*


                        */s/ Owen T. Conroy*

                        NYS OFFICE OF THE ATTORNEY GENERAL
                        Adam Sansolo (adam.sansolo@ag.ny.gov)
                        Gee Won Cha (geewon.cha@ag.ny.gov)
                        Owen T. Conroy (owen.conroy@ag.ny.gov)
                        28 Liberty Street
                        New York, NY 10005
                        (212) 416-6382

                        *Attorneys for Defendants*


cc: All counsel of record (via ECF)