# **<u>Exhibit B</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.G., P.C., C.J., M.J., J.R., D.R., S.D., W.P., and D.H., individually and on behalf of all similarly situated,<br><br>*Plaintiffs*,<br><br>-against-<br><br>ANDREW CUOMO, in his official capacity as the Governor of the State of New York, the NEW YORK STATE OFFICE OF MENTAL HEALTH, ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health, the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, ANNE MARIE MCGRATH, in her official capacity as Deputy Commissioner of the New York State Department of Corrections and Community Supervision,<br><br>*Defendants*. | 7:19-CV-00639 (CS) (AEK) |

**DEFENDANTS' RESPONSES TO PLAINTIFFS' FOURTH REQUEST FOR THE
PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern District of New York, Defendants New York State Office of Mental Health ("OMH"), OMH Commissioner Ann Marie T. Sullivan, in her official capacity, New York State Department of Corrections and Community Supervision ("DOCCS"), DOCCS Acting Commissioner Anthony J. Annucci, in his official capacity, and DOCCS Deputy Commissioner Anne Marie McGrath, in her official capacity, (collectively, "Defendants"), by their attorney,

LETITIA JAMES, the Attorney General of the State of New York, respond to Plaintiffs' Fourth Set of Document Requests dated January 19, 2024, as follows:

## PRELIMINARY STATEMENT

1. The responses set forth herein constitute the best information presently available to Defendants based on reasonable searches proportional to the needs of the litigation. Defendants reserve the right to supplement the responses with additional information should such information or documents become available to counsel for Defendants. Defendants also reserve the right to object to the further disclosure of any such information.

2. By providing the information below, Defendants do not in any way waive, or intend to waive and are preserving, (a) all objections to competency, relevance, materiality and admissibility of the responses or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden; (c) all rights to object on any ground to the use of any of said responses or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and (d) all right to object on any ground to any request for further responses to these or any discovery requests involving or relating to the subject matter of the request.

3. By referring Plaintiffs to documents, Defendants do not concede the admissibility or relevance of any document produced or referred to or that the document is original, true, accurate, complete, or authentic. Defendants reserve the right to challenge the competency, relevance, materiality, and admissibility of, or to object on any ground to the use of, any information set forth herein or documents produced in any subsequent proceeding or the trial of this or any other action.

4. The inadvertent disclosure of any information that is privileged, was prepared in anticipation of litigation, or is otherwise excludable from discovery, shall not constitute a waiver

of any privilege or of any other ground for objecting to discovery with respect to that information, or any document, its subject matter, the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## REQUESTS FOR PRODUCTION

108. OMH Documents sufficient to show the number and percentage of beds in OMH funded housing programs and ESSHI housing programs that receive capital funding from the New York City Department of Housing Preservation and Development, from 2022 to present.

**RESPONSE:** Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents. Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands.

Without waiving these objections, Defendants have not identified an OMH document or documents showing the number and percentage of beds in OMH funded housing programs and ESSHI housing programs that receive capital funding from the New York City Department of Housing Preservation and Development, from 2022 to present.

To the extent Plaintiffs interpret this Request as demanding that Defendants conduct a search for documents showing capital funding sources for every OMH-funded housing program

3

and ESSHI housing program, Defendants object that the request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants will not conduct such a search.

109. For the years 2022-2024, Documents sufficient to show written residency agreements, written notices of resident responsibilities and the conditions of residency, and resident grievance procedures for any Community-Based Residential Programs (or "Parole Housing") that any person listed on Appendix B was discharged to as listed in D-01685103.

**RESPONSE**: Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents. Defendants further object that the request is contrary to the Court's discovery rulings at the February 5, 2024 conference, at which the Court limited discovery regarding Plaintiffs' proposed sample set to documents that may be retrieved from a centralized, electronic repository or database.

Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands.

Defendants further object that the request seeks documents that are in the possession or control of providers that operate Community-Based Residential Programs, rather than in the possession or control of Defendants. Defendants intend to produce DOCCS contracts with CBRP providers in an upcoming supplemental production.

Pursuant to these objections, Defendants will not conduct a search for documents in response to this request.

4

110. For the years 2022-2024, documents sufficient to show the written residency agreements, written notices of resident responsibilities and the conditions of residency, and resident grievance procedures for the Transitional Living Residences, Transitional Placement Programs, Crisis Residences and State Operated Community Residences that any person listed on Appendix A was discharged to as listed on D-01685103.

**RESPONSE**: Defendants object to this request on the grounds that the request is overbroad and not proportional to the needs of the case, given that the burden on Defendants to identify and produce responsive documents outweighs the likely benefit of the documents. Defendants further object that the request is contrary to the Court's discovery rulings at the February 5, 2024 conference, at which the Court limited discovery regarding Plaintiffs' proposed sample set to documents that may be retrieved from a centralized, electronic repository or database.

Defendants' objection as to burden and proportionality takes into account the fact that this case has been pending for nearly five years, during which time Defendants have invested substantial time, resources, and effort responding to Plaintiffs' numerous prior demands. This objection also takes into account the extreme volume of discovery Defendants have provided to Plaintiffs in response to Plaintiffs' numerous prior demands. Pursuant to these objections, Defendants will not conduct a search for documents in response to this request.

111. If Defendant DOCCS's response to Request for Admission 1, 2, 25, 26, 27, 28, or 29 was anything other than an unqualified admission, produce all non-privileged Documents that Defendant DOCCS used in formulating its response to those Requests for Admission.

**RESPONSE**: At this time, DOCCS has not used any non-privileged documents in formulating its responses to the cited Requests for Admission. Defendants will supplement this

response, in the event that the response changes prior to service of DOCCS's response to the Requests for Admission pursuant to the agreed-upon extended deadline.

112. If Defendant OMH's response to Request for Admission 13, 14, 15, 16, 17, 18, 19, 20, 21, or 22 was anything other than an unqualified admission, produce all non-privileged Documents that Defendant OMH used in formulating its response to those Requests for Admission.

**RESPONSE**: OMH did not use any non-privileged documents in formulating its responses to the cited Requests for Admission.

Dated: New York, New York
       February 20, 2024

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By: *Owen T. Conroy*
Adam Sansolo
Gee Won Cha
Owen T. Conroy
Caroline Wallitt
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-6382
Email: Owen.Conroy@ag.ny.gov

To: All counsel of record