```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
```
M.G., *et al.*,

                        Plaintiffs,                    **ORDER**

        -against-                                    19 Civ. 639 (CS) (AEK)

ANDREW CUOMO, *et al.*,

                        Defendants.
```
---------------------------------------------------------------X
```

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      The Court has reviewed the parties' April 10, 2024 status report.  ECF No. 355.

    **A.**      **Plaintiffs C.J., M.J., and J.R.**

      Plaintiffs seek to extend the deadline for fact discovery to allow for the deposition of C.J., and to potentially allow for the deposition of M.J. in the future should his condition stabilize.  As for J.R., Plaintiffs' counsel would not oppose a motion to dismiss by Defendants for failure to prosecute.

      With respect to C.J., the Court hereby extends the fact discovery deadline until May 10, 2024 to complete C.J.'s deposition.  Because Plaintiffs' counsel reported that as of April 10, 2024, C.J.'s "condition has stabilized such that he is capable of sitting for deposition," this deposition should be scheduled and conducted promptly.  There has been considerable discussion at prior court conferences regarding the challenges associated with the depositions of certain named plaintiffs, and flexibility to account for these challenges is particularly warranted in this case.  Moreover, the Court does not see any prejudice to Defendants in allowing a brief extension to facilitate the deposition of C.J. now that he is able to be deposed.  The Court's flexibility, however, is not limitless.  In advance of the next conference (and as close to the date

of the conference as possible), Plaintiffs' counsel must have a further discussion with M.J.'s treatment team regarding his availability for a deposition so that there can be an informed discussion at the conference about next steps. Defendants also should be prepared to address the possibility of filing a motion to dismiss the claims of J.R. for failure to prosecute.

### B. Plaintiffs' Request for Production ("RFP") No. 110

At the last discovery hearing on February 5, 2024, there was no discussion of any disputes arising from Plaintiffs' timely-served fourth request for production of documents because Defendants had not yet had the opportunity to respond and object to those demands. The Court ruled on outstanding issues at that conference in a manner that further narrowed the scope of certain disputed items from Plaintiffs' third request for production of documents, with a focus on categories of documents that could be produced by Defendants from centrally available repositories.

Plaintiffs' RFP No. 110 is a broad demand, which understandably drew a sweeping objection from Defendants. As Plaintiffs assert in the April 10, 2024 letter, however, the scope of RFP No. 110 at this point is considerably narrower—Plaintiffs estimate that a complete production would consist of only three or four documents from each of three specific locations. Indeed, Defendants do not suggest in their portion of the April 10, 2024 letter that it would be unduly burdensome or not proportional to the needs of the case to produce this small additional volume of documents. Rather, Defendants contend that the Court's February 5, 2024 orders regarding Plaintiffs' third request for production must necessarily apply to RFP No. 110 even though that RFP was not before the Court at the February 5 hearing, and take issue with the fact that Plaintiffs raised this issue with the Court only after the fact discovery deadline.

Defendants' first objection is without merit.  Although the February 5, 2024 orders set certain parameters for Plaintiffs' document demands, they were not intended as blanket rulings regarding any and all future disputes about the scope of Defendants' responses to other requests for production.  The second objection is a valid one.  In the Court's February 26, 2024 order, the parties were instructed to submit a status report on April 10, 2024 "which should confirm that fact discovery has been completed," and were directed to "promptly notify the Court" if they had "any issues that require Court intervention prior to the completion of fact discovery."  ECF No. 345.  By waiting until April 10, 2024 to raise this issue, Plaintiffs plainly failed to follow the February 26, 2024 order.

The Court will excuse Plaintiffs' failure here only because (i) Plaintiffs did identify the dramatically narrowed scope of RFP No. 110 in an email to Defendants on March 29, 2024, prior to the fact discovery deadline; (ii) Defendants' response to that overture was an outright refusal to conduct a search; (iii) the remaining scope of RFP No. 110 does appear quite narrow; and (iv) the Court already is extending the fact discovery deadline for a brief period to allow for the deposition of C.J.  Given the remaining scope of RFP No. 110, which appears to call for a limited set of materials from only three facilities, the Court is inclined to order the production of these documents.  At the same time, the Court will allow Defendants one final opportunity to argue that it would be unduly burdensome and not proportional to the needs of the case to search for and produce the small volume of documents that Plaintiffs maintain are at issue for RFP No. 110.  Should they choose to, Defendants may submit a letter, not to exceed two pages, by April 26, 2024.  Plaintiffs may not submit a response unless specifically requested to do so by the Court.  If Defendants elect not to further contest this point, Defendants must produce the small

volume of documents responsive to RFP No. 110, as articulated by Plaintiffs in the April 10, 2024 letter, by May 10, 2024.

### C. Next Conference

An in-person conference is hereby scheduled for Thursday, May 16, 2024 at 10:30 a.m. in Courtroom 250 in the White Plains federal courthouse.

Dated: April 19, 2024
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

4