**THE LEGAL AID SOCIETY CRIMINAL DEFENSE**

49 THOMAS STREET  NEW YORK, NY 10013  TEL: 212-577-3300   http://www.legalaidnyc.org

**Alan Levine**
*President*

**Twyla Carter**
*Attorney-in-Chief*

**Justine M. Luongo**
*Chief Attorney*
Criminal Practice

**Philip Desgranges**
*Attorney-in-Charge*
Law Reform and Special Litigation

**Via ECF**

May 20, 2024

Honorable Andrew E. Krause
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601

    Re:    M.G. v. Cuomo, 19-cv-0639 (CS) (AEK) – Joint Status Update

Dear Judge Krause:

    In advance of the May 21, 2024 conference, the parties jointly write to provide updates related to the Court's Order (ECF 356). Below, Plaintiffs provide an update regarding Named Plaintiff M.J.'s status and proposed next steps related to Defendants' deposition of M.J. This letter also addresses the parties' positions related to the dismissal of Named Plaintiff J.R. from this action, and the status of Plaintiff C.J.'s deposition.

    <u>Plaintiffs' Update on M.J.'s Status</u>

    Consistent with the Court's Order (ECF 356), Plaintiffs' counsel have had several conversations with M.J.'s Intensive Mobile Treatment (IMT) team regarding his availability for a deposition. M.J. is being followed by the Center for Urban and Community Service's IMT team, which "helps individuals with untreated mental illnesses that move frequently across the behavioral health, homeless services, and judicial systems."[1] Plaintiffs' counsel spoke with several members of M.J.'s IMT team about his current condition, including the assistant program director in late April 2024; social worker, Maxwell Ross, on May 1, 2024; psychiatrist, Dr. Justin Kung, on May 8, 2024; and a case manager on May 13, 2024. Plaintiffs' counsel also requested that his treatment team provide letters addressing M.J.'s continued psychiatric instability. Letters from Dr. Kung and Mr. Ross are exhibited as attachments to this letter.

---

[1] *See* Center for Urban and Community Services, Wellness, https://www.cucs.org/wellness/ (last visited May 20, 2024).

Additionally, in May 2024, a state court judge mandated M.J. to programming; while there is no guarantee, it is possible that the programming may stabilize M.J. in the next several months.

Joint Proposed Amendment to the Discovery Schedule

Plaintiffs have discussed M.J.'s current status with Defendants and the parties jointly propose that the discovery schedule be amended to permit Defendants to take the deposition of M.J. or M.J.'s next friend, if it becomes necessary to appoint one, by August 16, 2024.

*Plaintiffs' Additional Statement Regarding Proposed Amendment to Schedule*

Plaintiffs wish to reserve their right to seek additional appropriate accommodations on behalf of M.J. regarding his deposition. During the parties' meet and confer on May 17, 2024, Plaintiffs raised, for example, the possibility of Defendants' service of interrogatories, in lieu of his deposition, given difficulties in concentration reported by M.J.'s treatment team to Plaintiffs' counsel, and the discrete set of topics that Defendants previously identified as areas of inquiry in M.J.'s deposition (ECF 355 at pg. 6). Plaintiffs are aware they would have a "heavy burden of demonstrating good cause" for a protective order under Rule 26(c) providing for this accommodation. *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18CV1781PGGBCM, 2020 WL 4041058, at *2 (S.D.N.Y. July 17, 2020), *objections overruled*, No. 18 CIV. 1781 (PGG), 2021 WL 568124 (S.D.N.Y. Feb. 16, 2021) (citations and quotations omitted). Nonetheless, the court may issue a protective order where the deposition poses a risk to the witness's health,[2] and there is precedent for Plaintiffs' proposed accommodation. *See Sondey v. Wolowiec*, No. 14-13808, 2016 WL 759340, at *2 (E.D. Mich. 2016) (granting protective order where Defendants "furnished sufficient medical evidence" that a deposition would pose a health risk to the witness, and ordering interrogatories as a reasonable accommodation). If accommodations are necessary in the future, Plaintiffs will bring the matter to the attention of Defendants and, if necessary, the Court. Accommodations may not be necessary if, as noted above, Plaintiffs move for appointment of a next friend.

*Defendants' Additional Statement Regarding Proposed Amendment to Schedule*

Given the additional information Plaintiffs have provided about M.J.'s current condition, Defendants can agree to an extension of the deadline for Defendants to take the deposition by oral examination of M.J. or a next friend. Defendants write separately to make their position clear as to two points.

First, Defendants' agreement to a substantial extension of time until August 16, 2024, is contingent on this being the final extension of this deadline. Given the length of time the parties

---

[2] Defendants' proposal that Plaintiffs accept interrogatories for 30(b)(6) noticed topics was not presented as an accommodation for a serious health risk to a witness. Further, the authority cited by Defendants involved factually distinct circumstances, as the plaintiffs did not provide a "persuasive reason why the presumption in favor of oral depositions should be disregarded." *See Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397 (S.D.N.Y. 2006).

have spent in discovery to date, Defendants do not believe that the current deadlines for completion of expert discovery and summary judgment practice should be extended. Currently, Plaintiffs' expert reports are due on August 16, 2024, with Defendants' expert reports due on October 4, 2024. *See* ECF No. 349. If Defendants are unable to depose all plaintiffs by August 16, Defendants will be prejudiced in their ability to prepare their own expert reports and summary judgment papers. If M.J. or a duly appointed next friend is not available to sit for an oral examination by August 16, 2024, Defendants intend to request permission to file a motion to dismiss for failure to prosecute.

Second, Defendants cannot accept Plaintiffs' reservation of the option to ask Defendants to accept responses to written interrogatories in lieu of a deposition by oral examination. Written questions "are rarely an adequate substitute for oral depositions both because it is difficult to pose follow-up questions and because the involvement of counsel in the drafting process prevents the spontaneity of direct interrogation." *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397 (S.D.N.Y. 2006). For just that reason, earlier in discovery Plaintiffs rejected Defendants' proposal that Plaintiffs accept written interrogatory responses from Defendants as an alternative to some of the noticed Rule 30(b)(6) topics. Plaintiffs should be held to the same standard they set for Defendants. If M.J.'s condition prevents him from fully participating in discovery, the appropriate alternative is for Plaintiffs to seek appointment of a next friend pursuant to Federal Rule of Civil Procedure 17(c). *See Ad Hoc Comm. of Concerned Tchrs. on Behalf of Minor & Under-Age Students Attending Greenburgh Eleven Union Free Sch. Dist. v. Greenburgh No. 11 Union Free Sch. Dist.*, 873 F.2d 25, 30 (2d Cir. 1989) (next friend standard). The next friend would then sit for an oral deposition on M.J.'s behalf. In addition, while the topics mentioned at ECF No. 355 are among the most critical fact questions to be explored at M.J.'s deposition, Defendants have never stated that those topics represent the entire scope of questions for M.J.

<u>Plaintiff J.R.</u>

Plaintiffs' position remains the same regarding Plaintiff J.R. Plaintiffs will not oppose a motion by Defendants to dismiss J.R. from the case.

<u>Plaintiff C.J.</u>

Defendants took C.J.'s deposition on April 29, 2024.

Respectfully,

The LEGAL AID SOCIETY

/s/ Elena Landriscina

_____

Elena Landriscina (elandriscina@legal-aid.org)
Stefen R. Short, Of Counsel (sshort@legal-aid.org)
Robert M. Quackenbush (rquackenbush@legal-aid.org)
Lauren Nakamura (lnakamura@legal-aid.org)

3

>Veronica Vela (vvela@legal-aid.org)
>49 Thomas Street, 10th Floor
>New York, New York 10013
>(212) 577-3530
>
>PAUL, WEISS, RIFKIND, WHARTON
>& GARRISON LLP
>Walter Ricciardi (wricciardi@paulweiss.com)
>Crystal L. Parker (cparker@paulweiss.com)
>Emily Vance (evance@paulweiss.com)
>Michael Dauber (mdauber@paulweiss.com)
>Claire Abbadi (cabbadi@paulweiss.com)
>1285 Avenue of the Americas
>New York, New York 10019-6064
>(212) 373-3000
>
>DISABILITY RIGHTS NEW YORK
>Elizabeth Woods (elizabeth.woods@drny.org)
>Sabina Khan (sabina.khan@drny.org)
>279 Troy Road, Ste 9
>PMB 236
>Rensselaer, NY 12144
>*Attorneys for Plaintiffs*
>
>
>/s/  Owen T. Conroy
>_____
>
>NYS OFFICE OF THE ATTORNEY GENERAL
>Adam Sansolo (adam.sansolo@ag.ny.gov)
>Gee Won Cha (geewon.cha@ag.ny.gov)
>Owen T. Conroy (owen.conroy@ag.ny.gov)
>28 Liberty Street
>New York, NY 10005
>(212) 416-6382
>*Attorneys for Defendants*

cc:     Counsel of record (via ECF)

4