STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

June 18, 2024

**By ECF**
Honorable Cathy Seibel
United States District Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601

Re: *M.G. v. Cuomo*, 19-cv-0639 (CS) (AEK)
**Defendants' Request for Pre-Motion Conference**

Dear Judge Seibel:

The Office of the Attorney General represents the Defendants in the above-captioned matter. Defendants write to request a pre-motion conference on Defendants' proposed motion to dismiss Plaintiff JR for failure to prosecute. For well over a year, JR has apparently ceased communicating with his counsel regarding this matter. He failed to attend a noticed deposition after multiple attempts by Defendants to schedule one. The parties have discussed this issue with Judge Krause, and he instructed Defendants to file a pre-motion letter with Your Honor, after giving JR one last chance to attend a deposition. Plaintiffs' counsel do not oppose this motion.

**A. Background**

As the Court knows, this matter is a purported class action brought by several individuals with serious mental illness who were convicted of or pled guilty to felony crimes and incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* ECF No. 134 (Second Amended Complaint). Plaintiffs challenged a since-terminated DOCCS practice of holding certain individuals in prison beyond their eligible release dates until an appropriate housing placement could be identified. They also allege that Defendants "fail" to facilitate community-based mental health housing and treatment services for individuals leaving prison. *Id.* at ¶ 13. Plaintiffs' motion for class certification is currently pending.

The parties have been engaged in discovery overseen by Judge Krause, and have nearly completed fact discovery. The deadline for completion of most fact discovery was April 5, 2024. ECF No. 349 (so-ordered schedule). Judge Krause has issued orders permitting some limited additional fact discovery to continue beyond that deadline. *See* ECF No. 356; minute entry dated May 21, 2024. Pursuant to the scheduling order, the parties are currently proceeding to expert discovery.

Hon. Cathy Seibel
June 18, 2024
Page 2

JR, proceeding anonymously, is one of nine Named Plaintiffs listed in the Second Amended Complaint. ECF No. 134 at ¶¶ 156-184. JR was released from DOCCS custody on March 18, 2019 and received a placement in community mental health housing operated by the New York State Office of Mental Health ("OMH") at the Rockland Psychiatric Center Alliance House in Poughkeepsie, New York. *See* ECF No. 291 at 21 (Defendants' class certification opposition). On or around April 9, 2019, JR received a placement in community apartment housing operated by provider PEOPLE, Inc. *Id.* As of September 2021, JR left the residence and did not return. *Id.*

In Plaintiffs' motion for class certification dated February 8, 2023, Plaintiffs' counsel reported that they were unable to contact JR about the motion in spite of substantial efforts to do so. ECF No. 272 at 16 n.83. Subsequently, Defendants attempted to take JR's deposition during the fact discovery period, but JR declined to cooperate. On August 2, 2023, Defendants asked Plaintiffs' counsel for deposition dates for all of the General Class and RTF Subclass Named Plaintiffs, including JR. Defendants followed up on October 3, 2023, to again request deposition dates for JR. On October 6, 2023, Plaintiffs' counsel responded: "J.R. will not be attending a noticed deposition. Should Defendants make a motion for failure to prosecute, Plaintiffs' counsel would not oppose."

The parties discussed JR's status at multiple discovery conferences with Judge Krause, most recently at a conference held on May 21, 2024. At the May 21, 2024 conference, Judge Krause instructed Defendants to notice JR's deposition for June 7, 2024. Plaintiffs' counsel accepted service of the notice on May 22, 2024. *See* **Exhibit 1** (notice of JR deposition). On June 7, 2024, JR failed to attend the noticed deposition. Judge Krause instructed that Defendants could file this pre-motion letter if JR failed to attend the deposition.

**B. Grounds for Motion**

Pursuant to Federal Rule of Civil Procedure 37(d), the Court may "order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition[.]." Sanctions may include "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Second Circuit has instructed that "a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (cleaned up).

Here, JR has fully ceased participating in this action. It appears that JR has refused contact with Plaintiffs' counsel since at least February of 2023, and he declined to attend his noticed deposition. It would be highly prejudicial to Defendants to permit him to proceed as a plaintiff under these circumstances, as Defendants have been unable to question JR about his allegations and fact discovery has now largely ended. This dismissal will not affect the rights of the remaining individual Plaintiffs, who may continue to prosecute the action.

Hon. Cathy Seibel
June 18, 2024
Page 3

       Plaintiffs' counsel has informed Defendants that they do not oppose the proposed motion.

       For all of these reasons, Defendants request permission to file a motion to dismiss JR for failure to prosecute. Thank you for your consideration of this request.

                                               Respectfully submitted,

                                               /s/ Owen T. Conroy
                                               Adam Sansolo
                                               Caroline Wallitt
                                               Gee Won Cha
                                               Owen T. Conroy

                                               Assistant Attorneys General
                                               *Counsel for Defendants*

cc: All counsel of record (via ECF)