UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.G., *et al.*, <br><br> Plaintiffs, <br><br> - against - <br><br> ANDREW CUOMO, *et al.*, <br><br> Defendants. | No. 19-CV-639 (CS-AEK) |

# [PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Upon consideration of Plaintiffs' Motion for Class Certification, the responses thereto and for other good cause known to the Court,

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' Motion as to the General Class and the RTF Subclass is GRANTED. The Court finds that the Class and Subclass certified herein satisfy the requirements of Rules 23(a) and (b)(2), in that: (i) the members of the Class and Subclass are so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law or fact common to the Class and Subclass; (iii) the claims of the Class and Subclass Representatives are typical of the claims of the other members of the Class and Subclass, respectively; (iv) the Class and Subclass Representatives will fairly and adequately represent the interests of the Class and Subclass, respectively; (v) the members of the Class and Subclass are sufficiently ascertainable; and (vi) Defendants have acted on grounds that apply generally to the Class and Subclass such that final injunctive relief or declaratory relief is appropriate respecting the class as a whole.

2. Accordingly, pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, the following Class and Subclass are certified:

> General Class: All persons (i) housed or who will be housed in a state prison, (ii) with serious mental illness, (iii) whose open dates for parole release, approved conditional release dates, or maximum expiration dates have passed, (iv) who have not been released on their open dates for parole release, approved conditional release dates, or maximum expiration dates because of the unavailability of community-based mental health housing and/or supportive services, (v) who are not subject to residency restrictions under the Sexual Assault Reform Act, and (vi) who are eligible and appropriate for community-based mental health housing and supportive services ("CBMHHSS").

> RTF Subclass: All persons (i) housed or who will be housed in a state prison pursuant to Penal Law § 70.45 or Correction Law § 73, (ii) who have serious mental illness, (iii) whose maximum expiration dates have passed, (iv) who have not been released on their maximum expiration dates because of the unavailability of community-based mental health housing and/or supportive services, (v) who are not subject to residency restrictions under the Sexual Assault Reform Act, and (vi) who are eligible and appropriate for CBMHHSS.

3. Lead Plaintiffs satisfy the requirements under Rule 23(a) and are appointed as Class and Subclass Representatives.

4. Lead Counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Disability Rights New York, and The Legal Aid Society satisfy the requirements of Rule 23(g) and are appointed Lead Counsel for the General Class and RTF Subclass.

5. Plaintiffs' Motion as to the Discharge Class is DENIED. The Court finds that the Discharge Class satisfies the numerosity and adequacy of representation requirements of Rule 23(a), in that the members of the Discharge Class are so numerous that joinder of all members thereof is impracticable and the Discharge Class Representatives will fairly and adequately represent the interests of the Discharge Class. However, the Court finds that Plaintiffs have not shown that the Discharge Class satisfies the other requirements of Rules 23(a), that: (i) there are questions of law or fact common to the Discharge Class; (ii) the claims of the Discharge Class

3

Representatives are typical of the claims of the other members of the Discharge Class; and (iii) the members of the Discharge Class are sufficiently ascertainable.

 IT IS SO ORDERED.

DATE: _____

_____
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE