STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

August 2, 2024

**By ECF**
Honorable Andrew E. Krause
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601

    Re:    *M.G. v. Cuomo*, 19-cv-0639 (CS) (AEK)
           **Defendants' Response to Plaintiffs' Extension Request**

Dear Judge Krause:

    Defendants write in response to Plaintiffs' request for an extension of the August 16, 2024 deadline for Plaintiffs to serve their merits expert disclosures. While Defendants would normally be amenable to a reasonable request for a courtesy extension of case deadlines, and the one additional week Plaintiffs request is not itself an overly lengthy extension, Defendants must nevertheless oppose this request for two reasons.

    *First*, the deadlines for completing discovery and moving to summary judgment practice were set following extensive deliberation between the parties and the Court. The Court previously expressed its disapproval of Plaintiffs' stated intention to take many months to complete expert discovery and instructed Plaintiffs to dramatically reduce their proposed expert timeline. *See* ECF No. 344 at 4. Following further discussions, the Court rejected Plaintiffs' proposed October 3, 2024 deadline, as well as Defendants' competing proposal for a faster timetable, and set the August 16 deadline. ECF No. 345. Plaintiffs have had months following the end of fact discovery to work with their experts and have not provided any compelling reason why these hard-won deadlines should be altered.

    *Second*, Judge Seibel recently issued a bench ruling on Plaintiffs' motion for class certification that substantially narrows the issues to be resolved in this case. *See* Exhibit A. Judge Seibel denied certification of the proposed "Discharge Class." This was the class of plaintiffs who had demanded an unprecedented injunction requiring that the State of New York reallocate its mental health resources to ensure that every person with serious mental illness who has been convicted of or pled guilty to a felony is guaranteed a permanent mental health housing placement and a wide array of community services demanded by Plaintiffs, immediately upon release from prison, with no wait time. Judge Seibel granted certification only as to the original "General Class" and "RTF Subclass" of plaintiffs who alleged that they were held in DOCCS custody past their scheduled release dates. In short, Judge Seibel's ruling substantially narrowed and restored the case to its original scope as filed

Hon. Andrew E. Krause
August 2, 2024
Page 2

in 2019, focusing on the claims of individuals allegedly held in DOCCS custody past their release dates due to a determination that the individual could not safely be released to the community without a mental health housing placement.[1]

Judge Seibel's ruling (which Plaintiffs declined to appeal) should make it much easier, not harder, to complete discovery on time. However, Plaintiffs' response to that ruling in recent discussions with Defendants has been to refuse to concede that the case has been narrowed in any way. Plaintiffs have informed Defendants of their intent to file a <u>second, do-over motion for class certification</u> as to the same Discharge Class that Judge Seibel just denied. While Plaintiffs' extension request letter submits a proposed revised schedule with deadlines just one week off the current schedule, Plaintiffs informed Defendants of their belief that their effort to relitigate Judge Seibel's class certification ruling may require further upending the case management deadlines. For this reason, Defendants are concerned that the one-week extension requested now is a precursor to a bid at a much broader disruption of the case schedule.

Plaintiffs have additionally stated their intent to continue to pursue other relief on behalf of the rejected Discharge Class, a strategy that ignores Judge Seibel's ruling and appears now to be leading to a series of unnecessary conflicts affecting discovery and settlement, in addition to case management. As to discovery, Plaintiffs recently demanded that Defendants produce additional supplemental data regarding housing placements for all individuals with serious mental illness released from DOCCS custody to the community—e.g., the Discharge Class. The parties met and conferred on July 29, 2024, but were unable to reach agreement. It remains to be seen whether Plaintiffs will file a motion to compel Defendants to produce supplemental data regarding the rejected Discharge Class. As to settlement, even though the case has been *narrowed*, Plaintiffs recently stated their intention to serve a new series of *expanded* settlement demands asking for relief on behalf of the Discharge Class, even though the proposed Discharge Class fails to meet the requirements of Rule 23, which are also applicable to class action settlements. As Defendants have informed Plaintiffs, this position is not conducive to a productive settlement discussion focused on resolving the remaining General Class and RTF Subclass claims.

For all these reasons, Defendants have concerns about the prospects of completing discovery as ordered and promptly moving to long-awaited summary judgment practice. Defendants respectfully request that the Court deny Plaintiffs' request for an extension of the expert discovery deadlines and continue moving this case—which has been substantially narrowed by Judge Seibel's thorough opinion—toward its just and speedy conclusion.

Thank you for your time and consideration of this matter.

---

[1] DOCCS ended the challenged practice as of December 2019, and no such individuals are currently being held. Additionally, although the three individual plaintiffs who unsuccessfully sought to represent the Discharge Class may, for now, proceed on their individual claims, Judge Seibel's ruling found that the evidence shows each of their individual claims are subject to specific factual defenses. *See* Ex. A at 23-26, 54. The claims of WP, SD, and DH will therefore fail at summary judgment.

Hon. Andrew E. Krause
August 2, 2024
Page 3

                                        Respectfully submitted,

                                        /s/ Owen T. Conroy
                                        Adam Sansolo
                                        Caroline Wallitt
                                        Gee Won Cha
                                        Owen T. Conroy

                                        Assistant Attorneys General
                                        *Counsel for Defendants*

cc: All counsel of record (via ECF)