

August 5, 2024

<u>By ECF</u>

Honorable Andrew E. Krause
United States Magistrate Judge
United States District Court
300 Quarropas Street
White Plains, NY 10601

<b>Re: M.G. v. Cuomo, 19-cv-0639 (CS) (AEK)</b>

Dear Judge Krause:

      Plaintiffs write to address certain inaccuracies in Defendants' letter dated August 2, 2024. Neither Plaintiffs' intent to seek leave to file a renewed motion for class certification—as is common in these types of cases [1]—nor Defendants' rank speculation about discovery relief that Plaintiffs' may seek has any bearing on Plaintiffs' request for a modest one-week extension of the expert discovery schedule. Although not relevant to the request before the Court, Plaintiffs are compelled to note that Defendants mischaracterized (i) Plaintiffs' settlement proposal and (ii) Plaintiffs' relief sought since 2019 and the discovery from Defendants that remains outstanding.

      First, Defendants mischaracterized the contents of Plaintiffs' settlement proposal before they even had the opportunity to review it. The parties met and conferred on July 29, 2024. Plaintiffs informed Defendants that they would be sending a letter with a settlement proposal at the end of the week and inquired as to whether Defendants are amenable to discussing a global settlement of all claims that might potentially obviate the need for further briefing on a renewed class certification motion. Defendants informed Plaintiffs that they are likely not going to be amenable to a global settlement. Plaintiffs expressed willingness to discuss settlement only as to the General Class and RTF subclass if that is all that Defendants are willing to discuss, but Plaintiffs also noted the downsides of this approach, which include potentially bifurcating the case and adding more complexity to the schedule, including delays. Without waiting to receive Plaintiffs' settlement proposal, Defendants filed their letter on Friday in opposition to Plaintiffs' letter motion for a one-week extension of expert discovery and incorrectly asserted that Plaintiffs

---

[1] *See, e.g.*, *Kenneth R. v. Hassan*, 293 F.R.D. 254 (D.N.H. 2013) (granting in part and denying in part plaintiffs' renewed motion for class certification in *Olmstead* case); *Thorpe v. District of Columbia*, 303 F.R.D. 120 (D.D.C. 2014) (granting plaintiffs' renewed motion for class certification in *Olmstead* case); *Fitzmorris v. New Hampshire Dep't of Health & Human Servs. Comm'r Lori Weaver*, 2023 WL 8188770 (D.N.H. Nov. 27, 2023) (same).

 

are adding relief for the Discharge Class claims to the settlement proposal. Later that day, Plaintiffs served a letter with a settlement proposal exclusively for the General Class and RTF subclass.

Second, Defendants mischaracterize Plaintiffs' relief for the now-certified General Class and RTF subclass and the supplemental discovery they sought for the General Class. Consistent with Plaintiffs' position since the beginning of this lawsuit, Plaintiffs' settlement proposal outlined terms related to a build-out of supportive housing and mental health services, along with other protections. This proposed relief is for the certified General Class and RTF subclass, not the Discharge Class. Defendants' representations to the contrary are wrong. Plaintiffs have repeatedly conveyed this proposed relief for the General Class and RTF subclass to Defendants in numerous court filings, letters, and other discussions over the course of this multi-year litigation. *See, e.g.*, Compl., ECF No. 1 at 48.

Defendants also incorrectly assert that Plaintiffs are seeking discovery for the uncertified Discharge Class. Plaintiffs stated their position in email correspondence and at the meet and confer that the supplemental discovery Plaintiffs requested is related to previously served requests for the General Class claims. Plaintiffs discussed this at length and in detail with Defendants during the July 29, 2024 meet and confer and made abundantly clear that the information sought is for the General Class. Defendants disagree as to the appropriate scope of General Class discovery. However, by failing to acknowledge a genuine dispute between the parties as to whether the supplemental productions sought are applicable to the General Class, Defendants mischaracterize Plaintiffs' request as an endeavor to seek discovery for an uncertified Discharge Class with no regard for the Court's June 24, 2024 bench ruling denying certification. This is wholly inaccurate.

\*     \*     \*

Plaintiffs respectfully submit that the inaccurate and extraneous information presented in Defendants' August 2 Letter should have no bearing on Plaintiffs' request for a modest, one-week extension of the expert discovery deadlines, and respectfully request that their extension request be granted.

While the Court awaits an update by August 21, 2024 as to whether the parties wish to seek Your Honor's assistance in negotiating a settlement, Plaintiffs have already expressed to Defendants that they would like to resume settlement discussions with the Court's assistance. Plaintiffs await both a response from Defendants as to their willingness to reengage in settlement, and a response to our August 2, 2024 settlement proposal letter.



279 Troy Road, Ste 9
PMB 236
Rensselaer, NY 12144



DRNY has office locations in
Albany | Brooklyn | Rochester

| Phone | TTY | Fax |
|---|---|---|
| 518-432-7861 | 518-512-3448 | 518-427-6561 |

Plaintiffs remain open to either discussing a settlement of just the General and RTF subclass claims, or if Defendants are amenable, exploring a global settlement to hopefully bring a full and expeditious resolution to all claims in this case.

Respectfully,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Walter Ricciardi (wricciardi@paulweiss.com)
Emily Vance (evance@paulweiss.com)
Michael Dauber (mdauber@paulweiss.com)
Claire Abbadi (cabbadi@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

/s/ Elizabeth S. Woods
DISABILITY RIGHTS NEW YORK
Elizabeth Woods (elizabeth.woods@drny.org)
Sabina Khan (sabina.khan@drny.org)
279 Troy Road, Ste 9
PMB 236
Rensselaer, NY 12144
(518) 432-7861

The LEGAL AID SOCIETY
Elena Landriscina (elandriscina@legal-aid.org)
Stefen R. Short, Of Counsel (sshort@legal-aid.org)
Robert M. Quackenbush (rquackenbush@legal-aid.org)
Lauren Nakamura (lnakamura@legal-aid.org)
Veronica Vela (vvela@legal-aid.org)
Philip L. Desgranges (pdesgranges@legal-aid.org)




279 Troy Road, Ste 9
PMB 236
Rensselaer, NY 12144

DRNY has office locations in
Albany | Brooklyn | Rochester

Phone
518-432-7861

TTY
518-512-3448

Fax
518-427-6561

49 Thomas Street, 10th Floor  
New York, New York 10013  
(212) 577-3530

cc: Counsel of Record (via ECF




279 Troy Road, Ste 9  
PMB 236  
Rensselaer, NY 12144

DRNY has office locations in  
**Albany | Brooklyn | Rochester**

Phone  
518-432-7861

TTY  
518-512-3448

Fax  
518-427-6561